IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **Plaintiffs Fund Texas Choice, The North Texas Equal Access Fund, The Lilith Fund for Reproductive Equity, Frontera Fund, The Afiya Center, West Fund, Jane's Due Process, Clinic Access Support Network, and Dr. Ghazaleh Moayedi, DO, MPH, FACOG,**<br><br>Plaintiffs,<br><br>v.<br><br>**KEN PAXTON, in his Official Capacity as Attorney General; et al.,**<br><br>Defendants. | **Civil Case No. 1:22-cv-00859-RP** |

### PLAINTIFFS' SUPPLEMENT TO MOTION FOR TEMPORARY RESTRAINING ORDER AND CERTIFICATION OF NOTICE ATTEMPTS

Plaintiffs Fund Texas Choice, The North Texas Equal Access Fund, The Lilith Fund for Reproductive Equity, Frontera Fund, The Afiya Center, West Fund, Jane's Due Process, Clinic Access Support Network, and Dr. Ghazaleh Moayedi, DO, MPH, FACOG ("Plaintiffs") respectfully submit the following supplement to their Motion for Temporary Restraining Order and Preliminary Injunction and Memorandum of Law in Support [Dkt. 6] and would show the Court as follows:

1. On August 23, 2022, Plaintiffs filed suit for declaratory relief seeking an order finding that the criminal abortion laws in TEX. HEALTH & SAFETY CODE § 170A.001 (the "Trigger Ban") and West's Texas Civil Statutes 4512.1. 4512.2, 4512.3, 4512.4, and 4512.6 ("Pre-*Roe* Statutes"), of the State of Texas are unconstitutional and cannot lawfully be enforced against Plaintiffs, and to issue injunctive relief. [Dkt. 1]

**PLAINTIFFS' SUPPLEMENT TO MOTION FOR TEMPORARY RESTRAINING ORDER AND CERTIFICATION OF NOTICE ATTEMPTS – PAGE 1**

2. Immediately after filing, Plaintiffs' counsel began the process of requesting summons and otherwise communicating with representatives of the Office of the Attorney General to facilitate service. Specifically, Plaintiffs' counsel sent an email to Christopher Hilton, Deputy Chief, General Litigation Division, at 2:18 p.m. on August 23, 2022 to alert him to the filing of the lawsuit and to confer regarding service. A true and correct copy of the email communications between Plaintiffs' counsel and Mr. Hilton (without the referenced attachments) is attached as Exhibit A.

3. Because the Texas Trigger Ban is effective on August 25, 2022, Plaintiffs also requested both a Temporary Restraining Order, and following a hearing, the entry of a Preliminary Injunction ("Motion"). [Dkt. 6], which was also filed on August 23, 2022. Plaintiffs filed an Appendix of Exhibits in support of their Motion on the same day. [Dkt. 4].

4. This matter was assigned to the Honorable Robert Pitman on August 24, 2022, and immediately upon learning that the case had been assigned, Plaintiffs' counsel e-mailed Mr. Hilton again to follow up regarding service of the Complaint and to alert Mr. Hilton that the Motion for Temporary Restraining Order has been filed. Exhibit A.

5. Mr. Hilton responded via email to indicate that he did not believe a summons would be necessary and that a phone call could be scheduled for the afternoon of August 24, 2022, but as of the filing of this Supplement, Plaintiffs' counsel has not been able to reach Mr. Hilton by phone, despite a follow up email and phone call made to his direct number.

6. Mr. Hilton also requested a courtesy copy of the Motion for Temporary Restraining Order and Preliminary Injunction. Plaintiffs' counsel provided a copy of the Motion for Temporary Restraining Order and Preliminary Injunction, along with the related Appendix of Exhibits, at 11:23 am on August 24, 2022. Exhibit A.

7. In addition to communicating with Mr. Hilton, Plaintiffs' counsel has spoken to and communicated by email with the Travis County Attorney's Office, who generally represents the Travis County District Attorney in litigation matters. Plaintiffs' counsel also provided copies of the Complaint and the Motion for Temporary Restraining Order and Preliminary Injunction, along with the related Appendix of Exhibits to Leslie Dippel, Director, Civil Litigation Division of Travis County Attorney's Office on August 24, 2022. A true and correct copy of the email communications between Plaintiffs' counsel and Ms. Dippel (without the referenced attachments) is attached as Exhibit B.

8. Plaintiffs' counsel, Elizabeth Myers, had the phone conversations detailed herein and her declaration attesting to that is attached as Exhibit C.

9. Plaintiffs' counsel also obtained summons for the remaining named defendants and have been making diligent efforts to serve those defendants.

10. As demonstrated in Plaintiffs' Motion and the related Appendix, Plaintiffs have demonstrated irreparable injury in each of their declarations, which will worsen on August 25, 2022, when the Trigger Ban takes effect. They are each unable to proceed with mission-critical activities until such time as the Court may render a decision on certain aspects of the constitutionality of that law. The Temporary Restraining Order sought by Plaintiffs is needed to prevent additional threats of or attempts at prosecution for First Amendment activities of the organizations in the interim, which would maintain the status quo and provide a measure of protection for the constitutional conduct of Plaintiffs.

11. The adverse parties, the Texas Attorney General and the District Attorneys of Texas, will not be impacted by the delay of their abilities to enforce the Trigger Ban until such time as a preliminary injunction hearing can be held. Plaintiffs respectfully request a Temporary

Restraining Order in the form proposed with this Supplement, preventing enforcement of the Pre-*Roe* Statutes and Trigger Ban against them for abortions outside of Texas until such time as the Preliminary Injunction Hearing can take place.

12. Plaintiffs' counsel inadvertently omitted the required certification under Federal Rule of Civil Procedure 65 when the Motion was filed, and respectfully requests that the Court reconsider its denial of Plaintiffs' request for an ex parte Temporary Restraining Order in light of the filing of this Supplement.

<u>CERTIFICATION OF COUNSEL</u>

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, undersigned counsel for Plaintiffs respectfully certifies to the Court that the foregoing description of notice to Defendants Attorney General Ken Paxton and District Attorney Jose Garza were made. Because there is no time to proceed on the basis of further notice and opportunity to be heard, Plaintiffs' respectfully submit that no further notice or hearing be required with respect to the issuance of a Temporary Restraining Order.

Dated: August 24, 2022                    Respectfully submitted,

By: /s/ Jennifer R. Ecklund
   Jennifer R. Ecklund
   Texas Bar No. 24045626
   jecklund@thompsoncoburn.com

   Elizabeth G. Myers
   Texas Bar No. 24047767
   emyers@thompsoncoburn.com

   Allyn Jaqua Lowell
   Texas Bar No. 24064143
   alowell@thompsoncoburn.com

   John Atkins
   Texas Bar No. 24097326
   jatkins@thompsoncoburn.com

   Elizabeth Rocha
   Texas Bar No. 24127242
   erocha@thompsoncoburn.com

   **THOMPSON COBURN LLP**
   2100 Ross Avenue, Suite 3200
   Dallas, Texas 75201
   Telephone: 972/629-7100
   Facsimile: 972/629-7171


   Alexandra Wilson Albright
   Texas Bar No. 21723500
   aalbright@adjtlaw.com

   Marcy Hogan Greer
   Texas Bar No. 08417560
   mgreer@adjtlaw.com

   515 Congress Ave., Suite 2350
   Austin, TX 78701-3562
   Telephone: 512/482-9300
   Facsimile: 512/482-9303


   Kevin Dubose
   Texas Bar No. 06150500

**PLAINTIFFS' SUPPLEMENT TO MOTION FOR TEMPORARY RESTRAINING ORDER AND CERTIFICATION OF NOTICE ATTEMPTS – PAGE 5**

kdubose@adjtlaw.com
1844 Harvard Street
Houston, TX 77008
Telephone: 713/523-2358
Facsimile: 713/522-4553

Kirsten M. Castañeda
Texas Bar No. 00792401
kcastaneda@adjtlaw.com
8144 Walnut Hill Lane, Suite 1000
Dallas, TX 75231-4388
Telephone: 214/369-2358
Facsimile: 214/369-2359

**ALEXANDER DUBOSE & JEFFERSON, LLP**

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

This document was filed electronically on August 24, 2022, and, in compliance with Local per Local Court Rule CV-5 and CR-49, a copy of this document has been served on all counsel of record.

*/s/ Jennifer R. Ecklund*
Jennifer R. Ecklund