IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **Plaintiffs Fund Texas Choice, The North Texas Equal Access Fund, The Lilith Fund for Reproductive Equity, Frontera Fund, The Afiya Center, West Fund, Jane's Due Process, Clinic Access Support Network, and Dr. Ghazaleh Moayedi, DO, MPH, FACOG,**<br><br>      **Plaintiffs,**<br>v.<br><br>**KEN PAXTON, in his Official Capacity as Attorney General; et al.,**<br><br>      **Defendants.** | **Civil Case No. 1:22-cv-00859-RP** |

## [PROPOSED] ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiffs Fund Texas Choice, The North Texas Equal Access Fund, The Lilith Fund for Reproductive Equity, Frontera Fund, The Afiya Center, West Fund, Jane's Due Process, Clinic Access Support Network, and Dr. Ghazaleh Moayedi, DO, MPH, FACOG ("Plaintiffs") have filed a Motion for Temporary Restraining Order and Preliminary Injunction and Memorandum of Law in Support (Dkt. 6) ("Motion"), a related Appendix of Exhibits (Dkt. 4), and a Supplement to the Motion (Dkt. __). After consideration of Plaintiffs' Motion, Appendix, and Supplement, the other pleadings on file, and the evidence on file, the Court finds as follows:

1. Based on the facts as pleaded, which are supported by the declarations included in the Appendix of Exhibits, Plaintiffs have demonstrated a substantial likelihood of success on the merits of their claims.

2. Unless a Temporary Restraining Order is entered immediately, Plaintiffs will be irreparably harmed, as Plaintiffs are currently being denied the ability to exercise the constitutional

rights and operate in a manner free from threat of prosecution or enforcement of civil penalties by Defendants.

3. The harm faced by Plaintiffs if this request is not granted outweighs the harm, if any, that would be sustained by Defendants.

4. The temporary injunctive relief sought will further, rather than disserve, the public interest.

5. Defendants Attorney General Paxton and Defendant District Attorney Jose Garza have received notice of the filing of Plaintiffs' lawsuit and Motion.

6. The change in Texas law that will occur on August 25, 2022, when the criminal abortion laws in TEX. HEALTH & SAFETY CODE § 170A.001 (the "Trigger Ban") take effect do allow time to proceed on the basis of further notice to Defendants.

7. Plaintiffs have demonstrated compliance with the requirements for issuance of an ex parte TRO under Rule 65(b)(1).

**Temporary Restraining Order**

IT IS THEREFORE ORDERED that, pursuant to Rule 65 of the Federal Rules of Civil Procedure, upon the posting of a bond in the amount of $_____ in a form satisfactory to the Clerk of the Court, Defendants and all persons acting on behalf of or in concert with them from criminally prosecuting under, or otherwise seeking to enforce against, Plaintiffs, or any of their staff, volunteers, or donors, the Pre-*Roe* Statutes and/or the Trigger Ban for any behavior undertaken by Plaintiffs in connection with any abortion that occurs outside the State of Texas;

**Preliminary Injunction Hearing**

IT IS FURTHER ORDERED that the Court hereby sets this matter for preliminary injunction hearing on _____ day of _____, 2022, at ___:___ __.m., in Courtroom _____ of the Austin U.S. Courthouse, located at 501 West 5th Street, Austin, Texas 78701

IT IS FURTHER ORDERED that the Clerk of this Court issue notice for service on Morales and Watkins notifying them of the time and place of the hearing and commanding them to appear and show cause why the preliminary injunction prayed for in Plaintiffs' Motion should not be granted.

SIGNED on this _____ day of August, 2022 at ____:____ __.m.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE