IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FUND TEXAS CHOICE, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:22-CV-859-RP |
| KEN PAXTON, in his official capacity of Attorney General, et al., | § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is Plaintiffs Fund Texas Choice, The North Texas Equal Access Fund, The Lilith Fund for Reproductive Equity, Frontera Fund, The Afiya Center, West Fund, Jane's Due Process, CASN, and Dr. Ghazaleh Moayed, DO, MPH, FACOG's ("Plaintiffs") Supplement to Motion for Temporary Restraining Order and Certification of Notice Attempts. (Dkt. 9). Plaintiffs filed the Supplement after the Court denied Plaintiffs' request for an ex parte TRO, (Dkt. 6), because Plaintiffs did not certify in writing any efforts to give notice to Defendants or why notice should not be required, (Dkt. 8). In the Supplement, Plaintiffs explain their efforts to comply with the Rule 65 notice requirement and ask the Court to reconsider its denial of Plaintiffs' request for an ex parte TRO. (Dkt. 9). Having reviewed the Supplement, the Court finds that Plaintiffs' request for reconsideration should be denied.

## I. BACKGROUND

Plaintiffs are a collection of non-profit organizations that provide support to people who "may become pregnant and need or choose to consider abortion" services, (Compl., Dkt. 1, at 9), and a board-certified OB/GYN who has provided abortion care to patients in Texas in the past and wishes to "resume all of her constitutionally protected activity" related to that care, (*id.* at 14). Plaintiffs challenge several Texas laws that restrict abortion care in the state, including S.B. 8, pre-*Roe*

1

statutes that restricted abortions, and a "Trigger Ban" automatically prohibiting abortion 30 days after *Roe* was overturned. (TRO Mot., Dkt. 6, at 16–22). In short, Plaintiffs argue that these laws are unconstitutional because they hinder the rights to interstate travel and freedom of speech. In addition, Plaintiffs contend that application of the statutes would violate the Constitution's Ex Post Facto clause and that some are unconstitutionally vague. They have asked the Court to enjoin Defendants, who are various government officials, from enforcing the statutes against activity related to out-of-state abortions and to declare the enforcement of the pre-*Roe* statutes, Trigger Ban, and fee-shifting provisions of S.B. 8 unconstitutional. (Compl., Dkt. 1, at 50–53).

## II. LEGAL STANDARD

"[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration." *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). Instead, Rule 54(b) governs reconsideration of a TRO. "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision that does not end the action." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (cleaned up) (citing Fed. R. Civ. P. 54(b)). "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Id.* (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)).

### III. DISCUSSION

In their Supplement, Plaintiffs request that this Court reconsider its denial of Plaintiffs' request for an ex parte TRO, impliedly because they have now shown in their Supplement that they provided notice of their request to two of the defendants and have begun efforts to serve the other defendants. (Supplement, Dkt. 9, at 2–3). Under Federal Rule of Civil Procedure 65, a court may issue a TRO without written or oral notice to the adverse party only if both of the following requirements are met:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Based on the Supplement, the Court is not convinced that Plaintiffs have complied with the notice requirement of Rule 65. Plaintiffs still have not documented efforts to give notice to some of the Defendants or why notice should not be required as to those Defendants. *See* Fed. R. Civ. P. 65(b)(1)(B). Thus, Plaintiffs have not cured the notice problem that doomed their request for an ex parte TRO.

Moreover, while Plaintiffs allege serious constitutional injuries, the public interest would not be served in this case by an immediate ruling on an important constitutional issue without hearing from the opposing parties.[1] *See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). Plaintiffs have been aware of the threat of enforcement since *Dobbs* but requested an ex parte TRO the day before the Trigger Ban took effect.

---

[1] A movant for a temporary restraining order must show: (1) a substantial likelihood that the movant will prevail on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the restraining order is not granted, that is, there is no adequate remedy at law, such as monetary damages; (3) the movant's threatened injury outweighs the threatened harm to the party whom the movant seeks to enjoin; and (4) that granting the request for a temporary restraining order will not disserve the public interest. *PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005); *see also Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

Based on the unique and specific facts and complex legal questions presented by this case, Defendants should be allowed to submit briefing before the Court issues a ruling.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiffs' Supplement and request for reconsideration, (Dkt. 9), is **DENIED**. **IT IS FURTHER ORDERED** that Plaintiffs immediately serve all Defendants and that the parties then meaningfully confer to reach an agreement on an expedited briefing schedule for Plaintiffs' remaining motion for preliminary injunction, (Dkt. 6).

**SIGNED** on August 26, 2022.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE