**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| Plaintiffs Fund Texas Choice, The North Texas Equal Access Fund, The Lilith Fund for Reproductive Equity, Frontera Fund, The Afiya Center, West Fund, Jane's Due Process, Clinic Access Support Network, and Dr. Ghazaleh Moayedi, DO, MPH, FACOG, | § § § § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | **CASE NO. 1:22-cv-00859-RP** |
| KEN PAXTON, in his Official Capacity as Attorney General; et al., | § § § | |
| Defendants. | § § § | |

## AGREED STIPULATION

Defendants (1) Susan R. Deski, in her official capacity as Burleson County Attorney; (2) Julie Renken, in her official capacity as Washington County District Attorney; (3) Wiley B. "Sonny" McAfee in his official capacity as District Attorney for Blanco, Burnet, Llano, and San Saba Counties; and (4) Fred Weber in his official capacity as Caldwell County District Attorney (collectively the "the Prosecutor Defendants"), and Plaintiffs agree and stipulate as follows:

1.     Each Prosecutor Defendant stipulates that the provisions of 1925 Tex. Penal Code arts. 1191-1194, 1196, which were re-codified as Revised Civil Statutes 4512.1 through 4512.4 and 4512.6 (the "Pre-*Roe* Statutes"), as well as the provisions of Texas Senate Bill 8 ("SB8") and Texas House Bill 1280 (the "Texas Trigger Ban") are the subject of significant controversy and pending litigation regarding their constitutionality, scope, and potential invalidity.

2.      Each Prosecutor Defendant stipulates that she or he is authorized by Texas law to pursue criminal charges under the Pre-*Roe* Statutes and the Texas Trigger Ban, subject to their potential invalidity, any constitutional limits that constrain them, and the proper scope of the statutes as written.  Plaintiffs and the Prosecutor Defendants stipulate that both state and federal courts recognize that within the bounds and limits imposed by the U.S. Constitution, the Texas Constitution, and other applicable state and federal law, the Prosecutor Defendants have broad discretion to determine which criminal matters to pursue within their respective jurisdictions.

3.      Each Prosecutor Defendant stipulates that if the factual allegations in Plaintiffs' Original Complaint [ECF 1] are proven to the appropriate legal standard, the Plaintiffs would experience irreparable injury to their expressive, associational, and other constitutional rights because (a) the Plaintiffs would like to engage in the conduct described in the Original Complaint, and (b) the Plaintiffs could face criminal prosecution under the laws of Texas as a result of their desired behavior.

4.      Each Prosecutor Defendant stipulates that the injuries alleged in Plaintiffs' Original Complaint would be redressed by an order from this Court defining the constitutionality and scope of the challenged laws.  Such an order would also provide clarity to prosecutors, like the Prosecutor Defendants, about the appropriate scope of their own enforcement powers.

5.      The Prosecutor Defendants and the Plaintiffs assume that the Texas Attorney General will fully defend the constitutionality of the laws challenged in Plaintiffs' Original Complaint.  Plaintiffs and the Prosecutor Defendants agree that each

Prosecutor Defendant is a proper Defendant in this lawsuit because of her or his authority to prosecute under the challenged statutes as stated in the Original Complaint.  Plaintiffs and the Prosecutor Defendants also agree that: (1) none of the Prosecutor Defendants need to file an answer or other pleading (and Plaintiffs agree that they will not take a default judgment against any of them); and (2) none of the Prosecutor Defendants is required to separately participate in this lawsuit or respond to any motions filed by Plaintiffs' in this lawsuit, unless ordered to do so by the Court.  If the status of any Prosecutor Defendant in this lawsuit changes in any way, voluntarily or by Court Order, this Stipulation will be modified accordingly.

6.      Plaintiffs and the Prosecutor Defendants agree that because the Prosecutor Defendants will remain parties to this lawsuit, each Prosecutor Defendant and her or his office, respectively, will be bound by (1) any preliminary injunctive relief; and (2) any final judgment entered  by the Court.

7.      Each Prosecutor Defendant agrees not to enforce the statutory provisions challenged in this lawsuit unless and until such time as a final and unappealable order has been issued by the Court.  The Prosecutor Defendants' agreement not to enforce preserves prosecutorial and judicial resources while the Court resolves the constitutionality, validity, and scope of the challenged statutes.

8.      The Plaintiffs and the Prosecutor Defendants agree that this Stipulation shall not prohibit Plaintiffs from seeking to certify any Defendant Class or Subclass in this lawsuit.

9.     Plaintiffs agree not to seek attorneys' fees, penalties, damages, expert fees, court costs, or other costs or expenses of any kind, from any Prosecutor Defendant or from her or his employees, agents, attorneys, and successors for the claims asserted against the Prosecutor Defendants in this lawsuit.

10.    These agreements and stipulations are made without prejudice to any claim or defense that Plaintiffs or the Prosecutor Defendants may assert against each other in any matter other than in this lawsuit.

11.    This document may be executed in counterparts.

**AGREED AS TO FORM AND SUBSTANCE:**

*/s/ Jennifer R. Ecklund*_____

Jennifer R. Ecklund
Texas Bar No. 24045626
jecklund@thompsoncoburn.com
Elizabeth G. Myers
Texas Bar No. 24047767
emyers@thompsoncoburn.com
Allyn Jaqua Lowell
Texas Bar No. 24064143
alowell@thompsoncoburn.com
John Atkins
Texas Bar No. 24097326
jatkins@thompsoncoburn.com
Elizabeth Rocha
Texas Bar No. 24127242
erocha@thompsoncoburn.com
2100 Ross Avenue, Suite 3200
Dallas, TX 75201
(972) 629-7100
(972) 629-7171 (facsimile)

**THOMPSON COBURN, LLP**
***Counsel for Plaintiffs***

Alexandra Wilson Albright
Texas Bar No. 21723500
aalbright@adjtlaw.com
Marcy Hogan Greer
Texas Bar No. 08417560
mgreer@adjtlaw.com

515 Congress Ave., Suite 2350
Austin, TX 78701-3562
Telephone: 512/482-9300
Facsimile: 512/482-9303

Kevin Dubose
Texas Bar No. 06150500
kdubose@adjtlaw.com
1844 Harvard Street
Houston, TX 77008
Telephone: 713/523-2358
Facsimile: 713/522-4553

Kirsten M. Castañeda
Texas Bar No. 00792401
kcastaneda@adjtlaw.com
8144 Walnut Hill Lane, Suite 1000
Dallas, TX 75231-4388
Telephone: 214/369-2358
Facsimile: 214/369-2359

**ALEXANDER DUBOSE &
JEFFERSON, LLP**

**AGREED AS TO FORM AND SUBSTANCE:**

*/s/ J. Eric Magee_____*
J. Eric Magee
SBN: 24007585
e.magee@allison-bass.com
**ALLISON, BASS & MAGEE, L.L.P.**
A.O. Watson House
402 W. 12th Street
Austin, Texas 78701
(512) 482-0701 telephone
(512) 480-0902 facsimile
***Counsel for Defendants Deski, Renken, McAfee and Weber***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 19, 2022, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.

*/s/ Elizabeth G. Myers*
Elizabeth G. Myers