**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| FUND TEXAS CHOICE, et al., | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Civil Action No. 1-22-CV-859-RP |
| | § | |
| KEN PAXTON, in his official capacity | § | |
| of Attorney General, et al. | § | |
| | § | |
| *Defendants*. | § | |

## Paxton's Motion to Quash Subpoenas

The Plaintiffs demand that the sitting Attorney General of Texas appear at a hearing to testify at their behest. None of the requisites for making, let alone enforcing, such a demand have been satisfied. Their subpoenas should be quashed.

### Argument

The Plaintiffs have issued subpoenas to Ken Paxton in both his individual capacity and his official capacity as Attorney General. Neither subpoena has been effectively served,[1] but more importantly, neither subpoena is proper. Both should be quashed.

### I.   As a high-ranking government official, Paxton is not subject to the Plaintiffs' subpoena.

Top executive officials should not be called to testify absent extraordinary circumstances. *In re FDIC*, 58 F.3d 1055, 1060 (5th Cir. 1995). The "'practice of calling high officials as witnesses should be discouraged,'" *id.* (quoting *In re United States*, 985 F.2d 510, 512 (11th Cir.)), or else litigation would swallow the time available for the official to perform the duties he was actually

---

[1] Plaintiffs purport to have served Ken Paxton. ECF No. 41 at 2 n.1. They have thus far offered no evidence that they have done so. Defendant does not concede that service has been effectuated, and reserves the right to supplement or amend this motion in light of new evidence from Plaintiffs.

elected to perform. *See League of United Latin Am. Citizens v. Abbott*, No. 3:21-cv-259, 2022 WL 2866673, at \*2 (W.D. Tex. July 6, 2022).

The Plaintiffs are not entitled to demand Paxton's testimony unless he "has first-hand knowledge of the claims being litigated and other persons cannot provide the necessary information." *LULAC*, 2022 WL 2866673, at \*1 (quoting *Freedom From Religion Found. v. Abbott*, No. 1:16-cv-233, 2017 WL 4582804, at \*11 (W.D. Tex. Oct. 13, 2017)). Determining whether that is so requires looking at (1) the witness's high-ranking status, (2) the potential burden the testimony would impose on the witness, and (3) the substantive reasons for the testimony. *In re Bryant*, 745 Fed. Appx. 215, 220 (5th Cir. 2018).

### A.   Paxton is a high-ranking government official.

Paxton is the Attorney General of Texas. The entire reason he is named as a defendant in his official capacity is that he is a high-ranking government official. The Plaintiffs cannot reasonably dispute this factor.

### B.   Furnishing testimony would be burdensome.

The only ground upon which the Plaintiffs have attempted to justify calling Paxton as a witness is that he is the policymaker for the Office of the Attorney General. But that is the case any time a government agency is sued. Paxton's status as a policymaker, that is, is not an *exceptional* circumstance, but the *ordinary* circumstance. Requiring his testimony in the ordinary course of a case challenging the enforcement of Texas laws would transform him from a policymaker into an evidence-giver—"his time would be monopolized by preparing and giving testimony in such cases." *In re United States*, 985 F.2d at 512. Preventing this swallowing of his official duties is the very reason that the "exceptional circumstances" exists. *See Bryant*, 745 F. App'x at 220–21. Accordingly, regardless of whether Paxton is a policymaker, the burden of imposing upon the Attorney General the singular duty of justifying a state policy at a litigant's whim cannot be overstated.

**C. The substantive reasons for the testimony do not justify the burden.**

The Plaintiffs have given no reason to believe that this case presents a "a special need or situation compelling [high-ranking official] testimony." *In re United States*, 985 F.2d at 512. They have given no explanation of efforts they have taken to obtain purportedly relevant information from elsewhere. They have given no explanation of why the information they seek is available only from the Attorney General. They have given no explanation of why the Attorney General possesses unique and superior information the equivalent of which could not be obtained elsewhere. That "the head of an agency would be involved in agency decision-making . . . is unexceptional." *Ctr. for Juvenile Mgmt. v. Williams*, No. 5:15-cv-640, 2016 WL 8904968, at *5 (W.D. Tex. Sep. 22, 2016).

"'[I]t will be the rarest of cases" in which suitable testimony is not available from an alternate witness," *Ctr. for Juvenile Mgmt.*, 2016 WL 8904968 at *6 (quoting *In re FDIC*, 58 F.3d at 1062), and there is no suggestion that this case qualifies. Indeed, every indication is that the Plaintiffs seek Paxton's testimony solely for the newsworthiness of Paxton's being placed on the stand to testify. But if "the purpose of the" exceptional-circumstances rule "is to avoid '[interrogating] high-level government officials in a plethora of cases in order to probe their decision-making processes,'" *id.* (quoting *In re FDIC*, 58 F.3d at 1061), how much more so where the purpose of the interrogation is not to obtain information, but to trumpet the interrogation itself?

**II. THE PLAINTIFFS ARE NOT ENTITLED TO AN ELEVENTH-HOUR RENOVATION OF THEIR DEMAND.**

Paxton has already explained why the Plaintiffs' delay defeats their claim of irreparable harm and thus their claim to injunctive relief. Dkt. 33 at 33–34. Their similar delay in attempting to garner evidence to support the existence of that harm defeats any request that the Court ignore their actual subpoena and instead construe it as a request for agency-representative testimony.

The Plaintiffs' painting themselves into a corner here resembles the same predicament by the plaintiff in *Texas Entertainment Association v. Hegar*, No. 1:17-cv-594, 2019 WL 13080576 (W.D. Tex. Oct. 18, 2019). The plaintiff there issued on October 9 a subpoena demanding that

Texas Comptroller Glenn Hegar appear to testify at an October 22 bench trial. *Id.* at *1. Magistrate Judge Lane quashed that subpoena as unjustified by exceptional circumstances, *id.* at *2, and further rejected the request to recharacterize the subpoena as requiring the Comptroller "to produce a corporate representative with authority to testify on behalf of his office at trial." *Id.* The plaintiff, as Judge Lane recognized, "did not seek to identify a corporate representative at any point," "served no discovery device seeking to identify a corporate representative, nor sought to depose any corporate representative under Rule 30(b)(6)." *Id.* The plaintiff might have made those decision "for a tactical purpose," but in doing so, "it missed its lengthy opportunity to search and identify a corporate representative[.]" *Id.* Judge Lane therefore refused to order the "Comptroller to designate a representative for the first time on the eve of trial." *Id.*

*Texas Entertainment Association* is dispositive. The law has not changed from the time the Plaintiffs contemplated this suit until now; they have always been required to show exceptional circumstances justifying the Attorney General's attendance at a preliminary-injunction hearing, and they sat on their hands rather than attempt to build a case for doing so—or even secure some alternative. Unlike the metaphorical "eve of trial" that Judge Lane faced in *Texas Entertainment*, it is now the *literal* eve of trial—and the Plaintiffs did not even bother trying to obtain testimony until mere days ago. "Adopting Texas Entertainment's modification of the subpoena proposed three days before trial" in that case would have "'fail[ed] to allow . . . reasonable time to comply'" and subjected the "Comptroller 'to undue burden.'" *Tex. Entmt.*, 2019 WL 13080576, at *2 (quoting Fed. R. Civ. P. 45(d)). So too here, where the Court will consider the merits in less than 24 hours.

## III. PAXTON IN HIS INDIVIDUAL CAPACITY HAS NO RELEVANT TESTIMONY.

The Plaintiffs have sued Paxton in his official capacity as Attorney General to attempt to prohibit the enforcement of Texas statutes. Paxton, as an individual, has no connection to that dispute. It is only through his authority as Attorney General of Texas that Paxton is connected to the enforcement (or defense) of Texas law. In his individual capacity, Paxton has no information

relevant to this dispute—no information that makes it more or less likely that any material fact is likely to be true. *See* Fed. R. Evid. 401–402. Forcing him to testify, then, is a pure imposition of cost with no countervailing benefit to the case—a purely undue burden. *See* Fed. R. Civ. P. 45(a)(3)(A)(iv). The subpoena to Paxton in his individual capacity should be quashed.

## Conclusion

For the foregoing reasons, and without conceding that Plaintiffs have effected service, Ken Paxton respectfully requests that the Court quash the subpoenas directed to him.

Dated September 26, 2022.                    Respectfully submitted,

**Ken Paxton**                              **Christopher D. Hilton**
Attorney General of Texas                   Chief, General Litigation Division

**Brent Webster**                           */s/Amy S. Hilton*
First Assistant Attorney General            **Amy Snow Hilton**
                                            Assistant Attorney General
**Grant Dorfman**                           Texas Bar No. 24097834
Deputy First Assistant Attorney General     Amy.Hilton@oag.texas.gov

**Shawn E. Cowles**                         **Leif Olson**
Deputy Attorney General for Civil Litigation  Special Counsel
                                            Texas Bar No. 24032801
                                            Leif.Olson@oag.texas.gov

                                            **William D. Wassdorf**
                                            Assistant Attorney General
                                            Texas Bar No. 24103022
                                            Will.Wassdorf@oag.texas.gov

                                            Office of the Attorney General of Texas
                                            General Litigation Division
                                            P.O. Box 12548, Capitol Station
                                            Austin, Texas 78711-2548

                                            **Counsel for Attorney General
                                            Ken Paxton**

## CERTIFICATE OF SERVICE

I certify that on September 26, 2022, this motion to quash was served via the Court's ECF system to all counsel of record.

/s/Amy S. Hilton