# UNITED STATES DISTRICT COURT
## for the
## WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| FUND TEXAS CHOICE, et al., § § § | |
| Plaintiff(s), § vs. § | Civil Action No. <u>1-22-CV-859-RP</u> |
| § § | |
| KEN PAXTON, et al., § § | |
| Defendant(s). § | |

## RETURN OF SERVICE

Came to my hand on **Monday, September 26, 2022 at 8:06 AM,**
Executed at: **5613 S WOODCREEK CIRCLE, MCKINNEY, TX 75071**
at **9:50 AM, on Monday, September 26, 2022**, by personally delivering to the within named:

**TEXAS ATTORNEY GENERAL WARREN KENNETH
"KEN" PAXTON JR., IN HIS OFFICIAL CAPACITY**

a true copy of this

### SUBPOENA TO APPEAR AND TESTIFY AT A
### HEARING OR TRIAL IN A CIVIL ACTION

By placing said documents on the ground in front of the Witness, after he came out running from inside his garage and after I stated to him that I was attempting service of legal court documents and he refused to accept them from my hand. I knew the subject to be the Witness by identifying him from pictures readily available online, when searching for Texas Attorney General Warren Kenneth "Ken" Paxton, Jr., Having first endorsed thereon the date of the delivery.

And tendered a **Witness Fee of $60.00** in Cash for one day's attendance and mileage allowed by law, per FRCP 45(b)(1).

**BEFORE ME,** the undersigned authority, on this day personally appeared Ernesto Martin Herrera who after being duly sworn on oath states: "My name is Ernesto Martin Herrera. I am a person not less than eighteen (18) years of age and I am competent to make this oath. I am a resident of the State of Texas. I have personal knowledge of the facts and statements contained herein and aver that each is true and correct. I am not a party to nor related or affiliated with any party to this suit. I have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving

moral turpitude. I am familiar with the Texas Rules of Civil Procedure, and the Texas Civil Practice and Remedies Codes as they apply to service of process. I am certified by the Judicial Branch Certification Commission to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas in compliance with rule 103 and 501.2 of the TRCP.

By: 

Ernesto Martin Herrera - PSC 4418 - Exp 11/30/23
served@specialdelivery.com

Subscribed and Sworn to by Ernesto Martin Herrera, Before Me, the undersigned authority, on this 26th day of September, 2022.

MICHAEL S HARP
Notary Public
STATE OF TEXAS
ID# 12499806-6
My Comm. Exp. July 23, 2024

Notary Public in and for the State of Texas

AO 88 (Rev. 06/09) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Texas ▼

| Fund Texas Choice, et al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1-22-CV-859-RP |
| Ken Paxton et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Texas Attorney General Warren Kenneth "Ken" Paxton Jr., in his official capacity, by personal service, wherever he may be found.

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: United States Courthouse 501 West Fifth Street Austin, TX 78701 | Courtroom No.: 4 |
|---|---|
| | Date and Time: 09/27/2022 10:30 am |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Fed. R. Civ. P. 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 09/23/2022

*CLERK OF COURT*                                     OR     [signature]

_____                                  _____
*Signature of Clerk or Deputy Clerk*                             *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* __Plaintiffs__
Fund Texas Choice, et al._____, who issues or requests this subpoena, are:

Jennifer R. Ecklund, Thompson Coburn LLP, 2100 Ross Ave, Suite 3200, Dallas, Texas 75201, jecklund@thompsoncoburn.com (972) 629-7100

AO 88 (Rev.06/09) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 1-22-CV-859-RP

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

**RETURN / AFFIDAVIT PROOF / ATTACHED**

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# UNITED STATES DISTRICT COURT

## for the

## WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| FUND TEXAS CHOICE, et al., | § § § § | |
| Plaintiffs, | § | Civil Action No. <u>1-22-CV-859-RP</u> |
| v. | § § | |
| KEN PAXTON, et al., | § § | |
| Defendants. | § | |

## <u>AFFIDAVIT OF ERNESTO MARTIN HERRERA REGARDING SERVICE OF SUBPOENAS TO KENNETH "KEN" PAXTON, JR.</u>

On this day, before me the undersigned authority, personally appeared **Ernesto Martin Herrera**, known to me to be the person whose name is subscribed hereto and under oath states:

"My name is **Ernesto Martin Herrera**. I am over the age of eighteen (18) years, of sound mind, and am not party to or interested in the above styled and numbered cause. I have personal knowledge of the facts and statements contained in this affidavit and aver that each is true and correct.

Monday, September 26, 2022, 8:06 AM – Two Subpoenas to Appear and Testify At A Hearing Or Trial In A Civil Action came to my hand. One addressed to Texas Attorney General Warren Kenneth "Ken" Paxton, JR., In His Official Capacity and another addressed to Warren Kenneth "Ken Paxton, JR., Individually.

I served said documents upon Warren Kenneth "Ken Paxton, JR via personal delivery at 5613 S WOODCREEK CIRCLE, MCKINNEY, TX 75071 on Monday September 26, 200 at 9;50 am.

Monday September 26, 2022. - I arrived at 5613 Woodcreek Circle, McKinney, Texas 75071 at 8:28 am and parked on the street in front of the residence. I could see a silhouette of a man walking in the living room area. I knocked on the front door. The door had clear glass in it and I could clearly see inside the house. A female got up from the couch and started walking to the door. I saw Mr. Paxton enter the room behind her. When he saw me, he turned around and went back to where he came from. I recognized him as Ken Paxton from the many pictures available on the internet. The female opened the door and I explained to her that I was trying to deliver important legal documents to Mr. Paxton. She went back towards the area where Mr. Paxton had gone and she came back telling me that he was on the phone. I offered to wait for him to be off the phone. She said that he was in a hurry to leave. I left my business card with her. She identified herself as Angela. I observed a Black Chevrolet truck parked in the driveway, Texas plate # S-38A.

I went back to my car and waited per my client's instructions. At approximately 9:20 am, I observed a black Tahoe, Texas plate RPM-4440 arrive at the home. The vehicle backed into the driveway and the driver stayed inside.
At approximately 9:40 am the garage door opened up and I saw Mr. Paxton exiting the garage. He was wearing a white shirt and dark pants and carrying a suit jacket in his hands. I walked up the driveway approaching Mr. Paxton and called him by his name. As

soon as he saw me and heard me call his name out, he turned around and **RAN** back inside the house through the same door in the garage.

At approximately 9:47 am, Angela came out and opened the driver side and rear side door behind the driver of the truck. She then got inside the truck and started it, leaving the rear door behind the driver side open. A few minutes later I saw Mr. Paxton **RAN** from the door inside the garage towards the rear door behind the driver side. I approached the truck, and loudly called him by his name and stated that I had court documents for him. Mr. Paxton ignored me and kept heading for the truck. After determining that Mr. Paxton was not going to take the Subpoenas from my hand, I stated that I was serving him with legal documents and was leaving them on the ground where he could get them. I then placed the documents on the ground beside the truck. Service was completed at 9:50 am. He got in the truck leaving the documents on the ground, and then both vehicles left.

By: _____
Ernesto Martin Herrera - PSC 4418 - Exp 11/30/23
served@specialdelivery.com

Subscribed and Sworn to by Ernesto Martin Herrera, Before Me, the undersigned authority, on this 26th day of September, 2022.

GREG BENEFIELD
Notary Public
STATE OF TEXAS
ID#1102758-7
My Comm. Exp. Dec. 27, 2025

_____
Notary Public in and for the State of Texas