# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

**Fund Texas Choice, *et al.*,**

    *Plaintiffs,*

v.

**Ken Paxton, in his official capacity as Attorney General, *et al.***

    *Defendants.*

No. 1-22-CV-859-RP

## DEFENDANT PAXTON'S EMERGENCY MOTION TO SEAL

Plaintiffs' actions have caused a serious security risk for the Attorney General. Without first advising the Attorney General's Office, Plaintiffs' counsel sent an unidentified process server to Attorney General Paxton's personal residence. The process server loitered at the Attorney General's home for over an hour, repeatedly shouted at him, and accosted both the Attorney General and his wife, a Senator in the Texas Legislature. Because the Attorney General did not know the process server—again, because Plaintiffs' counsel failed to identify him or warn the Attorney General's Office in advance—the Attorney General justifiably feared for his personal safety and refused to engage with the strange man who was lurking outside of his home and repeatedly shouting at him.

To make matters worse, Plaintiffs have recklessly and dangerously filed returns of service containing Attorney General Paxton's home address, presenting a serious security risk to the Attorney General and his family. *See* ECF Nos. 59, 60. Violent criminals could now find him with

1

ease, a risk that is tragically all too real. *See, e.g.*, Mark Sherman et al., "Armed man arrested for threat to kill Justice Kavanaugh," AP News (June 8, 2022), *available at* https://apnews.com/article/us-supreme-court-brett-kavanaugh-district-of-columbia-maryland-government-and-politics-179d18e7f933b3decbaddb542ceb0b29 (last visited Sept. 27, 2022). Accordingly, this information must be concealed from the public record immediately.

## BACKGROUND

Plaintiffs have sued the Attorney General in his official capacity—in other words, they have attempted to state a claim against the State of Texas under the legal fiction of *Ex Parte Young*—but have not made any case that the Attorney General's personal participation in this lawsuit is necessary. *See, e.g.*, Defendant's Motion to Quash, ECF No. 44. Nonetheless, in a misguided attempt to obtain his testimony, Plaintiffs attempted service on the Attorney General in his personal capacity on Friday, September 23, 2022, only two business days before the preliminary injunction hearing in this matter.

On Sunday, September 25, 2022, counsel for Defendant advised Plaintiffs' counsel that their attempted service on Ken Paxton was ineffective for the purpose of obtaining his personal testimony at the hearing. Although Plaintiffs' counsel stated that they would attempt service on the Attorney General in his official capacity again on Monday, counsel did not advise the Attorney General's Office that they intended to attempt personal service on Ken Paxton at his private residence.

On the morning of Monday, September 26, 2022, at 9:13 AM, counsel for Plaintiffs advised undersigned counsel for the first time that a process server was at the Attorney General's personal residence. Counsel for Plaintiffs never provided the name of the process server or any other identifying information, even though he had already been lurking outside of the Attorney General's

house for 45 minutes. The process server spoke to Mrs. Paxton—a Senator in the Texas Legislature—explaining only that he was "trying to deliver important legal documents." ECF No. 59 at 7. The stranger then proceeded to loiter outside of the home for an hour before approaching the Attorney General and shouting at him when he tried to leave, causing the Attorney General to return inside. When the Attorney General again tried to leave, the stranger continued shouting at him, approached his vehicle, and left documents on the ground outside the Attorney General's home as he drove away.

Plaintiffs did not provide undersigned counsel with any of the details of this purported service until they publicly filed the Attorney General's home address on the eve of the preliminary injunction hearing in this matter.

## **ARGUMENT & AUTHORITIES**

Publicly releasing the home address of the sitting Attorney General of Texas is, at best, reckless and irresponsible. By releasing this information, Plaintiffs have placed the personal safety of the Attorney General and his family at risk. The privacy and security interests favoring nondisclosure clearly heavily outweigh the public's interest in the disclosure of the Attorney General's home address, and the documents containing that information should be immediately stricken from the record or sealed.

While "[c]ourts have recognized that the public has a common law right to inspect and copy judicial records," "the public's common law right is not absolute." *SEC v. Van Wayenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the

interests favoring nondisclosure." *Bradley ex rel. AJW v. Ackal*, 954 F.3d 216, 225 (5th Cir. 2020) (quoting *Van Wayenberghe*, 990 F.2d at 848)).

While federal law governs, federal courts "consider state policies supporting a privilege in weighing the government's interest in confidentiality." *Walter v. Breaux*, 946 F.2d 1152, 1159 (5th Cir. 1991). The home address of elected public officers is made confidential under state law. *See, e.g.*, Tex. Gov't Code 552.1175(a)(17). "It should surprise nobody that district courts across the nation routinely permit the sealing of personal identifying information, such as home addresses." *Martinez v. Tex. Dep't of Crim. Just.*, No. 3:21-CV-00258, 2022 WL 2834294, at *1 (S.D. Tex. July 20, 2022). "There is rarely a compelling justification for requiring the disclosure of home addresses, especially in a case like this where . . . home addresses have nothing to do with the ultimate issues." *Id.* Accordingly, "the interest in protecting the private information of [] individuals . . . far outweighs the public's interest in in their home addresses" and good cause exists to grant a motion to seal. *Id.*

"Online harassment and the weaponization of social media have been on the rise in recent years." *Friends of Animals v. Bernhardt*, 15 F.4th 1254, 1277 (10th Cir. 2021). "Doxxing, or the 'use of the internet to search for and publish identifying information about a particular individual, typically with malicious intent,' is no exception." *Id.*; *see also Guffey v. Mauskopf*, 45 F.4th 442, 457 (D.C. Cir. 2022) (noting the increased use of doxxing to publicly identify and publish private information about individuals as a form of punishment or revenge). Plaintiffs' filings containing General Paxton's home address is no different. Publishing that information served no legitimate litigation purpose, and it is wholly irrelevant to the substantive issues before the Court.

Plaintiffs well know the history of violence in this country surrounding the abortion debate. *See United States v. Dillard*, 795 F.3d 1191, 1201 (10th Cir. 2015) (discussing an incident of abortion violence); *United States v. Pendergraft*, 297 F.3d 1198, 1201 (11th Cir. 2002) (same); *United States v. Hart,* 212 F.3d 1067 (8th Cir. 2000) (same); *United States v. Dinwiddie,* 76 F.3d 913, 925 (8th Cir. 1996) (same). Personally identifying information is routinely protected from disclosure in abortion cases. And Justice Kavanaugh was recently the target of a murder plot over his perceived stance on abortion issues. *See, e.g.*, Mark Sherman et al., "Armed man arrested for threat to kill Justice Kavanaugh," AP News (June 8, 2022), *available at* https://apnews.com/article/us-supreme-court-brett-kavanaugh-district-of-columbia-maryland-government-and-politics-179d18e7f933b3decbaddb542ceb0b29 (last visited Sept. 27, 2022).

Furthermore, the Attorney General's duties range far beyond contentious political issues such as abortion. The Attorney General and his Assistant Attorneys General prosecute violent crime in partnership with district attorneys all over Texas, combat human traffickers through both criminal prosecutions and civil enforcement actions, and defend and protect the rights of Texans in myriad other ways. In a very real sense, Plaintiffs' unconscionable exposure of the Attorney General's home address has placed him and his family in harm's way from violent criminals. There can be no "compelling justification" for endangering an elected official in this way. *Cf. Martinez*, 2022 WL 2834294, at *1. The Attorney General's home address must be immediately removed from the public record in this case.

## CONCLUSION

For the foregoing reasons, this Court should immediately strike from the record or seal Docket Numbers 59 and 60.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN E. COWLES**
Deputy Attorney General for Civil Litigation

*/s/ Christopher D. Hilton*
**CHRISTOPHER D. HILTON**
Chief, General Litigation Division
Texas Bar No. 24087727
Christopher.Hilton@oag.texas.gov

**AMY SNOW HILTON**
Assistant Attorney General
Texas Bar No. 24097834
Amy.Hilton@oag.texas.gov

**WILLIAM D. WASSDORF**
Assistant Attorney General
Texas Bar No. 24103022
Will.Wassdorf@oag.texas.gov

**LEIF OLSON**
Special Counsel
Texas Bar No. 24032801
Leif.Olson@oag.texas.gov

Office of the Attorney General of Texas
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

**COUNSEL FOR ATTORNEY GENERAL KEN PAXTON**

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Defendant Paxton has conferred with counsel for Plaintiffs, Jennifer Ecklund, and she stated that she is opposed to the relief requested in this Motion. Although counsel for Plaintiffs have stated they will contact the clerk's office asking that their previous unredacted filings be withdrawn, Defendant Paxton files this motion out of an abundance of caution.

*/s/ Christopher D. Hilton*
**CHRISTOPHER D. HILTON**

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2022, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/ Christopher D. Hilton*
**CHRISTOPHER D. HILTON**