UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| FUND TEXAS CHOICE, *et al.*, § § *Plaintiffs*, § § v. § § KEN PAXTON, in his official capacity § of Attorney General, *et al.* § § *Defendants*. § | No. 1-22-CV-859-RP |

RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION
AND MOTION TO EXCLUDE

Plaintiffs should not be allowed to continue with their political stunt. Nothing about this lawsuit requires Ken Paxton's personal testimony. But rather than focus on litigating their meritless claims, Plaintiffs have instead abused the subpoena power to harass and endanger the sitting Attorney General of Texas.

Nothing the Attorney General could say would make one iota of difference to the merits of Plaintiffs' claims. And Plaintiffs have not attempted any other means of finding out more about the Office of the Attorney General's policies and practices. Instead, Plaintiffs have insisted exclusively on the personal testimony of Ken Paxton, failed to warn him or his office that they intended to accost him at his personal residence, and then publicized his personal address with callous disregard for the security threats that the Attorney General faces on a daily basis because of his work on behalf of Texans.

Plaintiffs have failed to explain why they ever believed it proper to serve an official capacity defendant—*i.e.*, the State of Texas—at someone's personal residence, and their gamesmanship and carelessness threatened the safety of the Attorney General and his family. Instead, Plaintiffs'

motion for reconsideration is a last-ditch effort to overcome their own pleading deficiencies, and it illustrates just how slender is the reed on which their claims rest. But the facts and law make clear that Plaintiffs have not and cannot demonstrate that they are entitled to the extraordinary demand that they have made.

The Court's decision on Defendant's motion to quash was correct, and Plaintiffs' motion for reconsideration should be denied.

## Background

The Plaintiffs' complaint failed to plead any threat of imminent prosecution or enforcement actions by the Office of Attorney General. Defendant's Motion to Dismiss and Response to Plaintiffs' Motion for Preliminary Injunction (ECF No. 33) highlights this abject pleading failure and demonstrates that Plaintiffs' purported threat of irreparable harm is wholly unfounded. But this fatal blow to Plaintiffs' Motion—and, in fact, their entire lawsuit—does not entitle them to testimony from the Attorney General himself. Plaintiffs' deficient claims are theirs to own, and it not incumbent on the Attorney General to appear personally before this Court to give them an opportunity to score political points and social media cachet.

Plaintiffs named the Attorney General in his official capacity as the defendant in this lawsuit. They apparently believed that entitled them to the testimony of the Attorney General as an individual. That is clearly not the law. A suit against a state official is a suit against the State—not against the individual.

Plaintiffs were never entitled to the Attorney General's *individual* testimony. Beyond that, counsel for Defendant—*i.e.*, the State of Texas—do not represent the Attorney General here in his individual capacity and are not authorized to accept service of any pleading or subpoena on behalf of the Attorney General in his individual capacity. When counsel made Plaintiffs aware of this fact, Plaintiffs' counsel said they would reissue the subpoena to the Attorney General in his *official* capacity, as the named party to this lawsuit. Plaintiffs' counsel confirmed this in writing: "We're also ready to serve another subpoena specifically directed to General Paxton *in his official*

*capacity. . . . [W]e'll get it served *through the process as the OAG*.*" ECF No. 67-1 at 16 (emphasis added). Plaintiffs' counsel did not inform Defendant's counsel that they intended to serve the subpoena to the Attorney General in his *official* capacity at his *personal* residence hundreds of miles away from where the Office of Attorney General is located.

Undersigned counsel first became aware of Plaintiffs' attempted service at 9:13 AM on Monday, September 26—roughly 24 hours before the hearing on Plaintiffs' Motion for Preliminary Injunction, and 45 minutes *after* the unidentified process server had been dispatched to the Attorney General's house. Even if that information could have been communicated to the Attorney General in real time—which it could not have been, as Ken Paxton was occupied with personal and campaign-related matters—nothing about Plaintiffs' case justifies this unwarranted intrusion at his home, the needless and dangerous publicization of his personal address, or the personal testimony of a statewide officer elected by the people of Texas.

## Argument

### I.  Plaintiffs are Not Entitled to the Attorney General's Testimony

Plaintiffs tendered at the preliminary-injunction hearing hours of testimony from multiple witnesses from across the State. Not one of them could support the allegations that they are threatened with imminent enforcement action by the Office of Attorney General. That failure is Plaintiffs' own; it is not an extraordinary circumstance warranting the testimony of the Attorney General.

"[T]op executive department officials should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions." *In re Off. of Inspector Gen., R.R. Ret. Bd.*, 933 F.2d 276, 278 (5th Cir. 1991) (quoting *Simplex Time Recorder Co. v. Sec'y of Labor*, 766 F.2d 575, 586 (D.C. Cir. 1985)). To "protect officials from the constant distraction of testifying in lawsuits, courts have required that [plaintiffs] show a special need or situation compelling such testimony." *In re United States*, 985 F.2d 510, 512 (11th Cir. 1993). The Fifth Circuit has cautioned district courts to "remain mindful of the fact that exceptional circumstances must exist before ethe

involuntary depositions of high agency officials are permitted." *Off. of Inspector Gen.*, 933 F.2d at 278. "[I]t is normally inappropriate to 'probe the mental processes and motives of the individual decision-maker, rather than to question the objective legal validity of the institutional decision. *Id.* (quoting *Kent Corp. v. NLRB*, 530 F.2d 612, 620 (5th Cir. 1976)).

The questions before the Court in a preliminary-injunction proceeding are whether Plaintiffs are likely to succeed on the merits of their claims and whether they are suffering irreparable injury. Here, Plaintiffs' claims are barred by lack of standing, and Plaintiffs cannot overcome sovereign immunity. *See* ECF No. 33. Plaintiff's failure to demonstrate that the Office of Attorney General has taken affirmative steps to enforce the law against them in the way they theorize is enough to deny the injunction they request, just as their failure to plead that such steps were taken warrants granting Defendant's motion to dismiss. But even if Plaintiffs were entitled to probe the Office of Attorney General's policies and practices, that information is not solely in the Attorney General's possession; it is available from the Office.

To be entitled to the testimony of the Attorney General himself, Plaintiffs are required to establish, among other things, that he "has firsthand knowledge of the claims being litigated and other persons cannot provide the necessary information." *League of United Latin Am. Citizens v. Abbott*, No. 3:21-cv-259, 2022 WL 2866673, at *1 (W.D. Tex. July 6, 2022). They have not met this burden. How the Office of Attorney General enforces the law is not solely within the knowledge of the Attorney General himself. To the extent Plaintiffs want to know whether their interpretation of Tweets of less than 250 characters accurately represents the enforcement policies of the Office of Attorney General, they can get that information through the Office of Attorney General. ECF No. 37 at 4–5. That is the capacity in which Plaintiffs sued the Attorney General, and that is the only capacity in which any statement by anyone has any bearing on the issues in this case. Likewise, to the extent that the Attorney General's own public statements have any bearing on the issues in this litigation, his subjective intent and state of mind when he made them are wholly irrelevant. The Attorney General's explanation of his statements is utterly irrelevant to Plaintiffs' theory of injury (namely, whether *they* were subjectively chilled by those statements and whether

that chill was *objectively* reasonable), and the connection between the Attorney General's statements and the official policy of his Office is readily explained by his Assistant Attorneys General.

Plaintiffs have had ample opportunity to obtain the information they seek, either through questions directed at counsel in Court or through the testimony of a representative. But that is not what they wanted, which is why they never even attempted to get it; Plaintiffs never asked Defendant for discovery or to provide an appropriate representative to testify at the hearing. As they demonstrated with their needless invasion of Ken Paxton's personal residence, what they want is a spectacle—the publicity generated by the political stunt of putting the sitting Attorney General of Texas on the witness stand. Their attempts to engineer that show are the only explanation for their eight-person trial team's deliberate disregard of decades of clear law requiring an extraordinary showing of need to obtain the testimony they now pretend to have thought was theirs as of right. The order quashing the subpoenas correctly rejected Plaintiffs' attempt to transform the Court from adjudicator into circus ringmaster. Plaintiffs' request to reconsider that ruling should be denied.

## II. Plaintiffs are not entitled to exclude Defendants' evidence or argument

Plaintiffs' failure to request appropriate discovery to support their preliminary injunction request should not bar the consideration of the Office of Attorney General's statements and arguments in its pleadings and to the Court. *See* ECF No. 67 at 1. It is Plaintiffs' missteps, not Defendants' refusal to help remedy those missteps, that have affected their case. Whatever prejudice Plaintiffs may have suffered by failing to obtain evidence from the Office of the Attorney General is their own doing, not a reason to prevent Defendant from defending itself. Plaintiffs' alternative motion to exclude is meritless and should be denied.

## Conclusion

For these reasons, Plaintiffs' Motion for Reconsideration and Motion to Exclude should be denied.

*Defendant's Response to Motion for Reconsideration*                                                                 5

| | |
|---|---|
| Dated September 28, 2022. | Respectfully submitted. |
| | |
| **KEN PAXTON** | */s/ Christopher D. Hilton* |
| Attorney General of Texas | **CHRISTOPHER D. HILTON** |
| | Chief, General Litigation Division |
| **BRENT WEBSTER** | Texas Bar No. 24087727 |
| First Assistant Attorney General | Christopher.Hilton@oag.texas.gov |
| | |
| **GRANT DORFMAN** | **AMY SNOW HILTON** |
| Deputy First Assistant Attorney General | Assistant Attorney General |
| | Texas Bar No. 24097834 |
| **SHAWN E. COWLES** | Amy.Hilton@oag.texas.gov |
| Deputy Attorney General for Civil Litigation | |
| | **LEIF OLSON** |
| | Special Counsel |
| | Texas Bar No. 24032801 |
| | Leif.Olson@oag.texas.gov |
| | |
| | **WILLIAM D. WASSDORF** |
| | Assistant Attorney General |
| | Texas Bar No. 24103022 |
| | Will.Wassdorf@oag.texas.gov |
| | |
| | Office of the Attorney General of Texas |
| | General Litigation Division |
| | P.O. Box 12548, Capitol Station |
| | Austin, Texas 78711-2548 |
| | |
| | **Counsel for Attorney General Ken Paxton** |

### CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2022, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/ Christopher D. Hilton*