UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FUND TEXAS CHOICE, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | No. 1-22-CV-859-RP |
| | § | |
| KEN PAXTON, in his official capacity of Attorney General, *et al.* | § | |
| | § | |
| Defendants. | § | |

### ATTORNEY GENERAL PAXTON'S MOTION TO STAY

Defendant Ken Paxton in his official capacity as Attorney General respectfully requests that the Court stay its Order requiring testimony from the Attorney General pending the Attorney General's request for relief from the Fifth Circuit. In support of this motion, the Attorney General shows as follows:

1. On October 4, 2022, this Court issued an Order granting Plaintiffs' Motion for Reconsideration and denying the Attorney General's Motion to Quash. Dkt. #83. The Court vacated its previous order granting the Attorney General's Motion to Quash and ordered the Attorney General to provide testimony by deposition or evidentiary hearing so that the Court may determine whether Plaintiffs are entitled to the relief they seek. *Id.* at 8–9, 13.

2. The Attorney General intends to seek relief from that Order from the Fifth Circuit by no later than Friday, October 7, 2022.

3. "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997). The purpose of such a stay is to ensure "economy of time and effort for [the court], for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 255 (1936). Accordingly, the Attorney General requests that the Court stay the order pending resolution of his request for relief from the Fifth Circuit.

4. In addition, the Court should stay the Order because it may have been based on Plaintiffs' incomplete recitation of events in their Motion for Reconsideration. Less than 90 minutes after Plaintiffs first raised the issue of the Attorney General's testifying at the Preliminary Injunction hearing, Defendant's counsel responded, "[W]e don't believe there's been a showing that entitles plaintiffs to apex testimony." Ex. A at 3–4. From the beginning, Plaintiffs were aware of Defendant's position on this issue, but this correspondence was not included in the Motion for Reconsideration. *Compare* Dkt. #67-1 at 6–7, *with* Ex. A at 3–4.

## Conclusion

The Attorney General respectfully requests that the Court stay its Order (Dkt. #83) until disposition of his request for relief from the Fifth Circuit.

| | |
|---|---|
| Dated October 5, 2022. | Respectfully submitted, |
| | |
| **KEN PAXTON** | **CHRISTOPHER D. HILTON** |
| Attorney General of Texas | Chief, General Litigation Division |
| | |
| **BRENT WEBSTER** | */s/ Amy S. Hilton* |
| First Assistant Attorney General | **AMY SNOW HILTON** |
| | Assistant Attorney General |
| **GRANT DORFMAN** | Texas Bar No. 24097834 |
| Deputy First Assistant Attorney General | Amy.Hilton@oag.texas.gov |
| | |
| **SHAWN E. COWLES** | **LEIF OLSON** |
| Deputy Attorney General for Civil Litigation | Special Counsel |
| | Texas Bar No. 24032801 |
| | Leif.Olson@oag.texas.gov |
| | |
| | **WILLIAM D. WASSDORF** |
| | Assistant Attorney General |
| | Texas Bar No. 24103022 |
| | Will.Wassdorf@oag.texas.gov |
| | |
| | Office of the Attorney General of Texas |
| | General Litigation Division |
| | P.O. Box 12548, Capitol Station |
| | Austin, Texas 78711-2548 |
| | |
| | **Counsel for Attorney General** |
| | **Ken Paxton** |

### CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2022, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/Amy S. Hilton*