IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Plaintiffs Fund Texas Choice, The North Texas Equal Access Fund, The Lilith Fund for Reproductive Equity, Frontera Fund, The Afiya Center, West Fund, Jane's Due Process, Clinic Access Support Network, and Dr. Ghazaleh Moayedi, DO, MPH, FACOG,<br><br> Plaintiffs,<br><br>vs.<br><br>KEN PAXTON, in his Official Capacity as Attorney General; et al.,<br><br> Defendants. | § § § § § § § § § § § § § § § | CIVIL CAUSE NO. 1:22-cv-859-RP |

## PLAINTIFFS' RESPONSE TO
## DEFENDANT ATTORNEY GENERAL PAXTON'S MOTION TO STAY

In his Motion to Stay (ECF 84), Defendant Attorney General Paxton does not meet the standard for this Court to exercise its discretionary, non-statutory, inherent power to stay proceedings as a docket-control measure. Among other things, the standard imposes a heavy burden to show "something close to necessity" for a stay. *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co., Inc.*, 761 F.2d 198, 203 n.6 (5th Cir. 1985). General Paxton does not provide argument or evidence to support a finding that such a necessity exists. ECF 84 (Stay Motion) at 1-2.

General Paxton also asserts that the Court did not have before it the substance or timing of his "apex doctrine" assertion when considering Plaintiffs' motion to reconsider. *Id.* at 2 ¶4. On the contrary, Plaintiffs discussed both the substance and timing of General Paxton's "apex" assertion—as well as the e-mail containing that assertion—at the preliminary-injunction hearing. **Exhibit A** at 31-32. General Paxton has not provided this Court with a record that would support the requested stay. The Stay Motion should be denied.

A.    **General Paxton has not met the requirements for issuing a stay.**

Although General Paxton mentions the standard applicable to a stay pursuant to the Court's inherent power, he offers only a single sentence in support of his request for a stay, stating his intent to seek appellate review of the Court's order granting reconsideration, vacating its order quashing Plaintiffs' subpoena, and denying General Paxton's motion to quash (the "Order"). ECF 84 (Stay Motion) at 1-2 ¶¶2-3. There are no grounds presented in the Stay Motion—nor any evidence attached—to suggest any harm, prejudice, burden, or other detriment to General Paxton in the absence of a stay. *Id.* at 1-2. There are no grounds or evidence presented in the Stay Motion to suggest any exigency that would make a stay necessary. *Id.* Instead, General Paxton argues that the purpose of the stay he seeks is "to ensure 'economy of time and effort for [the court], for counsel, and for litigants.'"[1] *Id.* at 2 ¶3 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).

Plaintiffs agree that a district court has the inherent authority to manage its docket, including the power to stay proceedings. *Landis*, 299 U.S. at 254; *Taylor Lohmeyer Law Firm PLLC v. United States*, No. SA-18-CV-1161-XR, 2019 WL 5694116, at *1 (W.D. Tex. Oct. 3, 2019). However, generally in seeking such a stay, "the moving party bears a heavy burden to show why a stay should be granted absent statutory authorization…." *Coastal*, 761 F.2d at 203 n.6; *see also Taylor*, 2019 WL 5694116, at *1 (quoting *Coastal*). Even when a movant makes this showing, the district "court should tailor its stay so as not to prejudice other litigants unduly." *Coastal*, 761 F.2d at 203 n.6.

General Paxton represents to the Court in the Stay Motion that he intends to seek relief from the Fifth Circuit "by no later than Friday, October 7, 2022." ECF 84 (Stay Motion) at 1 ¶2.

---

[1] Any attempt to raise new grounds or arguments for the first time in a reply would be untimely. *See Perez v. Stephens*, No. A–14–CA–880–SS, 2015 WL 5159394, at *2 n.1 (W.D. Tex. Sept. 2, 2015); *Staton Holdings, Inc. v. First Data Corp.*, No. Civ.A. 304CV2321P, 2005 WL 2219249, at *4 n.1 (N.D. Tex. Sept. 9, 2005).

There is no motion pending before the Court in which Plaintiffs seek to compel immediate compliance with the Order. On the contrary, as part of the e-mail string in which counsel conferred on the Stay Motion, Plaintiffs' counsel suggested that the testimony required by the Order "is most efficiently obtained in an evidentiary hearing" and offered to contact the Court for available dates. **Exhibit B** (counsel's e-mail string conferring on Stay Motion) at 4 (e-mail from Ms. Ecklund to General Paxton's counsel on October 5, 2022 at 12:43 p.m.). Alternatively, Plaintiffs' counsel offered two sets of dates if General Paxton preferred to testify by deposition: October 17-21 and October 27-28. *Id.*

"Where a discretionary stay is proposed, something close to genuine necessity should be the mother of its invocation." *Coastal*, 761 F.2d at 203 n.6. General Paxton has not provided the Court with any argument or evidence to support a conclusion that any exigency exists to support a stay at this time. *See* ECF 84 (Stay Motion) at 1-2. The facts that he did not disclose—showing that Plaintiffs suggested setting a hearing date or deposition dates later in October—confirm that there is no such exigency. **Ex. B** at 4. The dates provided by Plaintiffs' counsel afford General Paxton time to seek further review from the Fifth Circuit without the necessity for a stay. *See Coastal*, 761 F.2d at 203 n.6.

Furthermore, the testimony at the preliminary-injunction hearing supports a conclusion that the requested stay would unduly prejudice Plaintiffs. Each Plaintiff, directly or through a representative, testified about the harm they already are experiencing as a result of the conduct sought to be enjoined. *See, e.g.*, **Ex. A** at 11-16, 42-44, 47 (Ms. Rupani); *id.* at 54-58, 60-63, 71 (Ms. Davé); *id.* at 84-87, 114-18, 120-21, 126-30 (Ms. Mariappuram); *id.* at 153-54, 164-65, 168-69 (Ms. Schilling); *id.* at 189-94, 197, 199-208, 210-12 (Dr. Moayedi). That harm remains ongoing because, as the Court concluded, General "Paxton alone can testify" about issues "directly

related to whether Plaintiffs' conduct has been chilled" so as to support injunctive relief. *See* ECF 83 (Order) at 10. On this record, issuing a stay of the order compelling General Paxton's testimony without a showing of necessity would unduly prejudice Plaintiffs. *See Coastal*, 761 F.2d at 203 n.6.

General Paxton has not met the standard to obtain a stay of the Order. The Court should deny the Stay Motion.

**B.   Plaintiffs discussed the timing and substance of General Paxton's assertion of the "apex doctrine" at the preliminary-injunction hearing.**

General Paxton also asserts that the Court should grant a stay based on "Plaintiffs' incomplete recitation of events in their Motion for Reconsideration." ECF 84 (Stay Motion) at 2 ¶4. He contends that Plaintiffs did not disclose to the Court that, on September 22, 2022, General Paxton took the position that Plaintiffs were required to show entitlement to his "apex testimony." *Id.* But at the preliminary-injunction hearing, Plaintiffs disclosed these facts to the Court.

During argument on the Motion for Reconsideration, Plaintiffs' counsel discussed "whether the timing of the subpoena would support the quashing" General Paxton requested. **Ex. A** at 30. Plaintiffs' counsel opened this discussion by stating:

> We've provided in our response and motions an Exhibit A, which provides communications by e-mail and information about communications that happen by phone to show that plaintiffs very promptly sought to subpoena General Paxton when he put this matter at issue and made it relevant.

*Id.* at 31.

After discussing General Paxton's preliminary-injunction response filed September 19, and Plaintiffs' counsel's belief on September 19-21 that General Paxton was required by court order to attend the preliminary-injunction hearing, Plaintiffs' counsel discussed General Paxton's assertion of the "apex doctrine" in the September 22, 2022, e-mail included in Reconsideration

Exhibit A:

> ***On September 22nd***, as is illuminated in the declaration ***and supporting e-mails in Exhibit A***, we became aware that at the very least, there was some ambiguity about whether General Paxton would appear.  Counsel would not confirm or deny whether he would appear, ***but they did raise a slightly different doctrine, not the Morgan doctrine, but the Texas state*** <u>***apex doctrine***</u> ***indicating their position that we did not have the basis to compel General Paxton to testify here.***

*Id.* at 31-32 (emphasis added).

Thus, the Court's Order is not based on an incomplete recitation of events.  Plaintiffs disclosed both the substance and the timing of General Paxton's assertion of the "apex doctrine" for the Court to consider in deciding the Reconsideration Motion.  *See id.*  Indeed, Plaintiffs were the only parties discussing General Paxton's assertion of the apex doctrine and other events leading to the service of subpoenas on him, since General Paxton had omitted these facts from his motion to quash.  *See* ECF 44 (Motion to Quash) at 1-5.  Moreover, General Paxton made no mention of his September 22 "apex" assertion (or Plaintiffs' September 23 rejection of it) in his counsel's argument at the preliminary-injunction hearing or in his Response to the Motion for Reconsideration filed the day after the hearing.  *See* **Ex. A** at 38-41; ECF 77 (Reconsideration Response) at 1-5.  But because Plaintiffs had discussed the "apex" assertion with the Court for its consideration in determining the Reconsideration Motion, General Paxton's assertion does not provide support for a stay.

Nevertheless, General Paxton is correct that, unbeknownst to Plaintiffs' counsel, the page of the September 22-23, 2022 e-mail chain documenting his assertion of the apex doctrine was inadvertently omitted from Reconsideration Exhibit A-1.  This page also contained Plaintiffs' response, promptly putting General Paxton on notice that Plaintiffs disputed his position that the apex doctrine applied.  **Exhibit C** to this Response contains the omitted page.  *Compare* ECF 67-

1 (Reconsideration Ex. A-1) at 6-7 (e-mail pages 1 and 3) *with* **Ex. C** (e-mail page 2).

This filing mistake first came to Plaintiffs' counsel's attention last night (October 5, 2022) at approximately 7:32 p.m., during the e-mail conference on General Paxton's Stay Motion. *See* **Ex. B** at 3. Plaintiffs' counsel promptly reviewed the filed Reconsideration Exhibits and discovered that page 2 of Reconsideration Exhibit A-1 had been inadvertently omitted when assembling the various e-mail chains as exhibits.[2] *See* ECF 67-1 at 6-7 (jumping from page 1 to page 3). At approximately 8:47 p.m. last night, Plaintiffs' counsel alerted General Paxton's counsel to the mistake, informed them that Plaintiffs' counsel did not object to the Court's consideration of the page, and offered to confer on next steps. **Ex. B** at 2. General Paxton's counsel responded that this information "doesn't change the basis of our motion so we're going to go ahead and file." *Id.* The Stay Motion was filed at approximately 10:02 p.m. ECF 84.

While these details of counsel's pre-filing conference normally would not be pertinent, General Paxton's attempt in the Stay Motion to characterize Plaintiffs' counsel's inadvertent omission as an "incomplete recitation of events" (*id.* at 2 ¶4) necessitates their discussion. Before last night, Plaintiffs' counsel believed the missing page had been included in their filing. *See* **Ex.**

---

[2] Plaintiffs' counsel prepared and filed the Reconsideration Exhibits under the significant time pressure created by General Paxton's Monday afternoon (September 26, 2022) filing of his motion to quash, less than 24 hours before the preliminary-injunction hearing. As Plaintiffs' counsel discussed at the hearing (**Ex. A** at 31-32), and as General Paxton's counsel confirms in the Stay Motion (ECF 84 (Stay Motion) at 2 ¶4; ECF 84-1 (Stay Motion Ex. A) at 2-3), General Paxton's counsel was aware as of 9:03 a.m. on Friday, September 23, 2022, that: (1) they intended to assert an "apex" defense to the subpoena; *and* (2) Plaintiffs did not believe the apex doctrine applied. **Ex. C**; *see also* ECF 84-1 (Stay Motion Ex. A) at 2-3. The first subpoena was served on General Paxton on Friday afternoon through the procedure he established at his office. ECF 67-1 (Reconsideration Ex. A-3) at 12. As General Paxton's counsel acknowledged at the preliminary-injunction hearing, "It was incumbent on all of us to move fast….." **Ex. A** at 38. Had General Paxton filed the motion to quash upon service of the first subpoena on Friday, September 23 (or even over the weekend), the additional time to respond might have averted the severe time constraints that produced the inadvertent omission.

**B** at 2.  This belief is reflected in Plaintiffs' counsel's discussion at the preliminary-injunction hearing of the e-mail in Reconsideration Exhibit A as documenting General Paxton's assertion of the apex doctrine.  **Ex. A** at 31-32. When the filing mistake was brought to Plaintiffs' counsel's attention last night, Plaintiffs' counsel promptly offered to correct the mistake. **Ex. B** at 2.  General Paxton's counsel were within their rights to reject this offer and proceed with filing the Stay Motion. But in submitting the Stay Motion, General Paxton's counsel disclosed only the part of the facts that favored General Paxton's position.  *See* ECF 84 (Stay Motion) at 2 ¶4.[3]

The Court's inherent power to control its docket, on which General Paxton grounds his request for a stay, is a power in equity.  *In the Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1146 n.3 (5th Cir. 1987) (discussing the inherent power of courts under their general equity powers and in the efficient management of their dockets to grant a stay); *Castleberry v. A.T.F.*, 530 F.2d 672, 677 (5th Cir. 1976) (discussing the equitable powers of the district court necessarily inherent in the court's supervision of its own docket).  He who seeks equity must do equity.  *See Ramirez v. Collier*, 142 S. Ct. 1264, 1282 (2022) (discussing principle that a party's inequitable conduct can make equitable relief, such as a stay, inappropriate); *Winston v. Brown,* 247 F. 948, 949 (5th Cir. 1918) (setting forth equitable maxim).  Plaintiffs respectfully submit that General Paxton's violation of this maxim by, *inter alia*, omitting facts from the Stay Motion that are material to the requested relief would preclude an award of equitable relief, even if Plaintiffs had not already made the Court aware of the "apex" issue at the preliminary-injunction hearing.

---

[3] In addition to the Stay Motion, General Paxton had the opportunity to disclose the material facts in the Certificate of Conference he filed separately.  ECF 85.  Instead, the Certificate references only Ms. Myers' e-mail "indicat[ing] Plaintiffs are opposed to the Attorney General's Motion to Stay" and omits any reference to Ms. Ecklund's e-mail regarding the inadvertent mistake and offer to correct it.  *Id.* at 1; **Ex. B** at 2 (portion of conference e-mail string setting forth Ms. Ecklund's e-mail and Mr. Hilton's response).

## CONCLUSION

The Court should deny Attorney General Paxton's Motion to Stay.

Dated: October 6, 2022                                  Respectfully submitted,

*s/ Kirsten M. Castañeda*
Kirsten M. Castañeda
Texas Bar No. 00792401
kcastaneda@adjtlaw.com
**ALEXANDER DUBOSE & JEFFERSON LLP**
8144 Walnut Hill Lane, Suite 1000
Dallas, TX 75231-4388
Telephone: 214/369-2358
Facsimile: 214/369-2359

Jennifer R. Ecklund
Texas Bar No. 24045626
Elizabeth G. Myers
Texas Bar No. 24047767
Allyn Jaqua Lowell
Texas Bar No. 24064143
John Atkins
Texas Bar No. 24097326
Elizabeth Rocha
Texas Bar No. 24127242
**THOMPSON COBURN, LLP**
2100 Ross Avenue, Suite 3200
Dallas, TX 75201
(972) 629-7100
(972) 629-7171 (facsimile)
jecklund@thompsoncoburn.com
emyers@thompsoncoburn.com
alowell@thompsoncoburn.com
jatkins@thompsoncoburn.com
erocha@thompsoncoburn.com

Alexandra Wilson Albright
Texas Bar No. 21723500
aalbright@adjtlaw.com
Marcy Hogan Greer
Texas Bar No. 08417560
mgreer@adjtlaw.com

- 9 -

            **ALEXANDER DUBOSE & JEFFERSON LLP**
            515 Congress Ave., Suite 2350
            Austin, TX 78701-3562
            Telephone: 512/482-9300
            Facsimile: 512/482-9303

            Kevin Dubose
            Texas Bar No. 06150500
            kdubose@adjtlaw.com
            **ALEXANDER DUBOSE & JEFFERSON LLP**
            1844 Harvard Street
            Houston, TX 77008
            Telephone: 713/523-2358
            Facsimile: 713/522-4553

            *Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on October 6, 2022, a true and correct copy of the foregoing document, with any and all attachments, was filed electronically with the Clerk of Court using the CM/ECF system, which provided service to all parties through their counsel of record.

            *s/ Kirsten M. Castañeda*
            Kirsten M. Castañeda