**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **Plaintiffs Fund Texas Choice, et. al,** | |
|      **Plaintiffs,** | |
| **v.** | |
| **KEN PAXTON, in his Official Capacity of Attorney General, et. al,** | **Civil Case No. 1:22-cv-859** |
|      **Defendants.** | |

**PLAINTIFFS' EXPEDITED MOTION FOR CERTIFICATION OF DEFENDANT
CLASS AND APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS
<u>COUNSEL, AND BRIEF IN SUPPORT</u>**

Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs Fund Texas Choice, The North Texas Equal Access Fund, The Lilith Fund for Reproductive Equity, Frontera Fund, The Afiya Center, West Fund, Jane's Due Process, Clinic Access Support Network, and Dr. Ghazaleh Moayed, DO, MPH, and FACOG (collectively "<u>Plaintiffs</u>") file this Expedited Motion for Certification of Defendant Class (as defined below and including subclasses, if necessary) and Appointment of Class Representatives and Class Counsel and Brief in Support.

Plaintiffs respectfully request that this Court order expedited briefing and issue an expedited ruling on this motion. Because substantive matters are already proceeding in this Court, expedited briefing and ruling are needed to determine promptly whether a Defendant Class should be certified. If the Court certifies a class, all Defendant Class members will receive notice of the substantive matters proceeding in this Court with class representation and any substantive rulings will apply to the Defendant Class. Further, as the Court is aware from Plaintiffs' testimony at the preliminary injunction hearing on September 27, 2022, they are suffering irreparable injuries to their constitutional rights and expedited consideration to remedy those injuries is appropriate.

## <u>TABLE OF CONTENTS</u>

<b>Page</b>

I.      INTRODUCTION AND BACKGROUND ................................................................. 1

II.     LOCAL RULE CV-23 REQUIREMENTS .......................................................... 3

      A.      Brief Statement of the Case (Item 1) ...................................................... 3

      B.      Definition of Class to Be Certified (Item 2) ............................................ 3

      C.      Statement Regarding Plaintiffs' Particular Grievance (Item 3) ............................. 4

      D.      Statement Regarding Basis for Class Treatment (Item 4) ....................................... 4

      E.      Statement Regarding the Four Prerequisites of Federal Rule of Civil
             Procedure 23(a) (Item 5) ........................................................... 4

      F.      Statement Regarding Other Pending Actions (Item 6) ........................................ 4

      G.      Statement Regarding Class Action Versus Individual Claims (Item 7) ................ 4

      H.      Statement of the Proposed Notices to the Members of the Class and How
             and When the Notice Will Be Given (Item 8) ........................................... 5

      I.      Statement Regarding Settlement Negotiations and Possibility of Individual
             Settlement (Item 9) .................................................................. 5

III.    ARGUMENT AND AUTHORITIES .................................................................. 5

      A.      Plaintiffs seek to certify an ascertainable Defendant Class and, if necessary,
             two ascertainable Defendant Subclasses ............................................... 5

      B.      The requirements for class certification are met. ...................................... 6

            1.      The proposed Defendant Class satisfies Rule 23(a)'s requirements........... 7

                  a.      Numerosity............................................................ 7

                  b.      Commonality and typicality............................................ 9

                    c.      Adequacy of representation. ......................................... 12

            2.      The Defendant Class satisfies the requirements of at least one
                 subsection of Rule 23(b). ......................................... 14

                  a.      Rule 23(b)(1)(A) ................................................... 15

                    b.      Rule 23(b)(2)...................................................... 16

C.    The Court should appoint the Prosecutor Defendants as Class Representatives. ................................................................................................ 18

D.    The Court should appoint counsel of record for the Prosecutor Defendants as Class Counsel. ............................................................................................... 19

IV.    NO PRIOR REQUEST ................................................................................................... 20

V.    PRAYER........................................................................................................................... 20

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Akron Ctr. for Reprod. Health v. Rosen*, 110 F.R.D. 576 (N.D. Ohio 1986) ...................12, 14, 18

*Alaska Elec. Pension Fund v. Flowserve Corp.*, 572 F.3d 221 (5th Cir. 2009) ............................6

*Allison v. Citgo Petroleum Corp.*, 151 F.3d 402 (5th Cir. 1998).....................................17

*Boles v. Moss Codilis, LLP*, No. SA-10-CV-1003-XR, 2012 WL 12861080 (W.D. Tex. Jan. 17, 2012).....................................................................................6, 7

*Castro v. Collecto, Inc.*, 256 F.R.D. 534 (W.D. Tex. 2009).........................................13

*Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473 (2d Cir. 1995) .........................7

*Dobbs v. Jackson Women's Health Org.*, 213 L. Ed. 2d 545 (2022)................................1

*Dockery v. Fischer*, 253 F. Supp. 3d 832 (S.D. Miss. 2015)......................................17

*Doe v. Miller*, 216 F.R.D. 462 (S.D. Iowa 2003)......................................9, 14, 16, 19

*Ernst & Ernst v. U.S. Dist. Ct. for S. Dist. of Tex.*, 457 F.2d 1399 (5th Cir. 1972).....................19

*First Fed. of Mich. v. Barrow*, 878 F.2d 912 (6th Cir. 1989) .......................................16

*Gen. Telephone Co. of Southwest v. Falcon*, 457 U.S. 147 (1982) ...........................8, 9

*In re Deepwater Horizon*, 785 F.3d 1003 (5th Cir. 2015) ............................................12

*In re Dell Inc.*, A-06-CA-726-SS, 2010 WL 2371834 (W.D. Tex. June 11, 2010), *aff'd, appeal dism'd sub nom.*, *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632 (5th Cir. 2012) ....................................................................10

*In re Enron Corp. Sec. Deriv. & "ERISA" Litig.*, 529 F. Supp. 2d 644 (S.D. Tex. 2006) ............................................................................................................6

*In re Nat'l Football League Players Concussion Inj. Litig.*, 821 F.3d 410 (3d Cir. 2016) ...........................................................................................................14

*In re Seitel, Inc. Sec. Litig.*, 245 F.R.D. 263 (S.D. Tex. 2007).....................................19

*In re TWL Corp.*, 712 F.3d 886 (5th Cir. 2013).......................................................8

*Jenkins v. Raymark Indus., Inc.*, 782 F.2d 468 (5th Cir. 1986) .......................................8

*John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443 (5th Cir. 2007) .................................................. 6

*Lightbourn v. Cnty. of El Paso*, 118 F.3d 421 (5th Cir. 1997) ....................................................... 9

*M.D. v. Perry*, 294 F.R.D. 7 (S.D. Tex. 2013) ............................................................................ 17

*Mary Kay Inc. v. Reibel*, 327 F.R.D. 127 (N.D. Tex. 2018) ........................................................ 7

*Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620 (5th Cir. 1999) .................................... 9, 10

*Nelson v. Warner*, 336 F.R.D. 118 (S.D. W. Va. 2020) ....................................................... *passim*

*Planned Parenthood of Wisconsin, Inc. v. Van Hollen*, No. 13-CV-465-WMC,
    2013 WL 3989238 (W.D. Wis. Aug. 2, 2013), *aff'd*, 738 F.3d 786 (7th Cir.
    2013) ....................................................................................................................... 9, 18

*Serna v. Transport Workers Union of Am., AFL-CIO*, No. 3:13-CV-2469-N, 2014
    WL 7721824 (N.D. Tex. Dec. 3, 2014) ..................................................................... 13

*Smith v. Crystian*, 91 F. App'x 952 (5th Cir. 2004) .................................................................. 16

*Stewart v. Winter*, 669 F.2d 328 (5th Cir. 1982) ...................................................................... 15

*Stirman v. Exxon Corp.*, 280 F.3d 554 (5th Cir. 2002) ............................................................. 10

*Stott v. Capital Fin. Servs., Inc.*, 277 F.R.D. 316 (N.D. Tex. 2011) ........................................ 13

*Texas Med. Providers Performing Abortion Servs. v. Lakey*, 806 F. Supp. 2d 942
    (W.D. Tex. 2011), *vacated in part on other grounds*, 667 F.3d 570 (5th Cir.
    2012) ................................................................................................................ *passim*

*Torres v. S.G.E. Mgmt., L.L.C.*, 838 F.3d 629 (5th Cir. 2016) (en banc) ................................... 7

*United States v. Rainbow Family*, 695 F. Supp. 314 (E.D. Tex. 1988) .................................... 18

*Vine v. PLS Fin. Services, Inc.*, 331 F.R.D. 325 (E.D. Tex. 2019), *aff'd*, 807 F.
    App'x 320 (5th Cir. 2020) ............................................................................................ 8

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) ...................................................... 9, 10, 17

*Watson v. Shell Oil Co.*, 979 F.2d 1014 (5th Cir. 1992), *reh'g granted*, 990 F.2d
    805 (5th Cir. 1993), *appeal dism'd by agreement*, 53 F.3d 663 (5th Cir. 1994) ..................... 8

## Statutes and Constitutional Provisions

42 U.S.C. § 1988 ............................................................................................................... 2

TEX. HEALTH & SAFETY CODE § 170A.001, *et seq* ................................................................... 1

TEX. REV. CIV. STATS. ANN. art. 4512.1, 4512.2, 4512.3, 4512.4, 4512.6 ......................................1

**Rules**

Federal Rule of Civil Procedure 23 ........................................................................... *passim*

Local Rule CV-23 ..............................................................................................................3

Plaintiffs request, pursuant to Federal Rule of Civil Procedure 23, that the Court: (1) certify the Defendant Class (including subclasses if necessary) set forth in this motion and in Plaintiffs' First Amended Class Action Complaint for Declaratory and Injunctive Relief (ECF No. 90) ("FAC"); (2) appoint the Prosecutor Defendants (as defined herein) as class representatives; and (3) appoint counsel for the Prosecutor Defendants as class counsel. Because certification of the Defendant Class is necessary to fully enact the relief requested in the FAC and Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 6) ("P.I. Motion") and because Plaintiffs are suffering irreparable harm to their constitutional rights, Plaintiffs request expedited consideration of this motion.

## I.   INTRODUCTION AND BACKGROUND

Plaintiffs are eight Texas-based non-profit abortion funds and practical support networks and an OB-GYN and abortion provider who resides in Texas. FAC, ¶¶ 20-44. In the wake of *Dobbs v. Jackson Women's Health Organization*,[1] and because of the credible threat of enforcement by state actors of the Texas Trigger Ban[2] and the Pre-*Roe* Statutes[3] against them, Plaintiffs have ceased constitutionally protected activities that they wish to resume, including:

(1) paying for abortions that occur outside the State of Texas where those abortions are legal;

(2) paying for or otherwise helping Texans access travel support to allow them to obtain abortion care outside the State of Texas where it is legal;

(3) paying for or otherwise helping Texans access practical support—like childcare—to allow them to obtain abortion care where it is legal;

(4) traveling with Texans who leave the state to obtain legal abortion care; and

---

[1] 142 S. Ct. 2228 (2022).

[2] TEX. HEALTH & SAFETY CODE § 170A.001, *et seq*.

[3] TEX. REV. CIV. STATS. ANN. arts. 4512.1, 4512.2, 4512.3, 4512.4, 4512.6.

(5) in the case of Dr. Moayedi, traveling to states in which she is licensed to perform abortion care for Texans, and providing telemedicine abortion care from her home state of Texas in states where such care is legal.

*Id.* Plaintiffs also seek to freely associate and speak about these activities. *See id.*, ¶¶ 12, 23-28.

Defendants are Texas Attorney General, Ken Paxton, in his official capacity; and four District Attorneys of the State of Texas and the Burleson County Attorney (collectively "Prosecutor Defendants"). *Id.*, ¶¶ 45-50. Each of the Prosecutor Defendants has the authority within his or her respective districts to file and pursue criminal cases, including any cases charging a violation of the Trigger Ban or Pre-*Roe* Statutes. *Id.*, ¶¶ 51-52.

Plaintiffs seeks declaratory and injunctive relief to prevent General Paxton and the Prosecutor Defendants from punishing Plaintiffs for facilitating or performing abortion care outside the State of Texas. The FAC includes eleven counts brought against General Paxton and the Prosecutor Defendants, who are the state actors authorized to enforce the challenged laws, and also names a putative defendant class of other state actors authorized to criminally enforce the challenged statutes. *Id.*, ¶¶ 118-230.[4] Plaintiffs requested a preliminary injunction, the Court has held an initial hearing, and the briefing is ongoing. *See* ECF Nos. 6, 24.

This case and the relief sought present a scenario in which it is classically appropriate to certify a defendant class under Rule 23—declaratory and injunctive relief sought against public officials because a state statute is unconstitutional and enforcement should be enjoined. The putative Defendant Class includes all state actors with authority to criminally enforce the Pre-*Roe* Statutes and Trigger Ban (with proposed subclasses to account for any conflicts of interest, although Plaintiffs are not aware of any at this time). This Defendant Class meets Rule 23(a)'s

---

[4] The FAC seeks solely declaratory and injunctive relief, aside from a request for costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988. *See* FAC, pp. 57-61.

requirements of numerosity, commonality, typicality, and adequacy of representation. It also satisfies Rule 23(b)(1)(A) or 23(b)(2) because: (1) the relief sought is primarily declaratory and injunctive and sought against the entire Defendant Class; and (2) separate suits present the risk of inconsistent or varying adjudications establishing incompatible standards of conduct for the Defendant Class members.

## II.    LOCAL RULE CV-23 REQUIREMENTS

### A.    Brief Statement of the Case (Item 1)

This case is about the constitutionality of the Pre-*Roe* Statutes and Trigger Ban, and particularly whether they violate First Amendment Constitutional rights and the well-established interstate right to travel. Plaintiffs also challenge these laws for vagueness and improper retroactive application. Plaintiffs seek primarily declaratory and injunctive relief.

### B.    Definition of Class to Be Certified (Item 2)

Plaintiffs propose a Defendant Class of "[a]ll elected District Attorneys and County Attorneys in the State of Texas who have the authority within their jurisdictions to enforce through criminal prosecutions the Pre-*Roe* Statutes and the Trigger Ban" ("Defendant Class"). Alternatively, and if necessary to meet the requirements of Rule 23(a), Plaintiffs also define Defendant Subclasses of each of the following:

1. District Attorneys and County Attorneys who do not oppose the declaratory and injunctive relief sought by Plaintiffs in the FAC regarding the unconstitutionality of the Pre-*Roe* Statutes and the Trigger Ban ("Non-Opposition Subclass"); and

2. District Attorneys and County Attorneys who do oppose the declaratory and injunctive relief sought by Plaintiffs in the FAC regarding the unconstitutionality of the Pre-*Roe* Statutes and the Trigger Ban ("Opposition Subclass").

*See also* Section III.B.1.c, *infra*. Collectively, these two subclasses are referred to as the "Defendant Subclasses" or "Subclasses."

C.      **Statement Regarding Plaintiffs' Particular Grievance (Item 3)**

Plaintiffs' grievance is the same against each member of the putative Defendant Class. Plaintiffs assert that the Pre-*Roe* Statutes and Trigger Ban cannot be enforced against them for facilitating—by providing funds, travel support, other practical or logistical support, or in the case of Dr. Moayedi, performing—abortion care for Texans outside the State of Texas where such abortion care is legal. In such situations, enforcement of the Trigger Ban and Pre-*Roe* Statutes violates the U.S. Constitution. Plaintiffs are entitled to declaratory and injunctive relief declaring those laws unconstitutional and unenforceable with respect to these activities, including those detailed in Section I. A defendant class is suitable to address this grievance, as detailed in Section III.B, *infra*.

D.      **Statement Regarding Basis for Class Treatment (Item 4)**

Plaintiffs seek defendant class treatment under Rule 23(b)(1)(A) and Rule 23(b)(2).

E.      **Statement Regarding the Four Prerequisites of Federal Rule of Civil Procedure 23(a) (Item 5)**

The putative Defendant Class meets each of the requirements of Rule 23(a). Section III.B.1, *infra*, details how the requirements of Rule 23(a) are met in this case.

F.      **Statement Regarding Other Pending Actions (Item 6)**

Plaintiffs are unaware of any other pending actions in any court against the Defendants, or members of the putative Defendant Class, alleging the same or similar causes of action against these Defendants or members of the putative Defendant Class.

G.      **Statement Regarding Class Action Versus Individual Claims (Item 7)**

Plaintiffs' counsel explained to Plaintiffs the nature of a defendant class action and the potential advantages and disadvantages of attempting to pursue their claims in this way.

### H.    Statement of the Proposed Notices to the Members of the Class and How and When the Notice Will Be Given (Item 8)

For a class certified pursuant to Rule 23(b)(1) or 23(b)(2), the Court "may direct appropriate notice to the class." FED. R. CIV. P. 23(c)(2)(A). Upon certification of the Defendant Class, Plaintiffs propose notice be given to each of the Defendant Class members directly by first class mail to the address of their public office. Because each member of the Defendant Class (and any Subclasses) is identifiable and known, and the addresses of each of their offices is identifiable and known, notice can be effectively given. Plaintiffs are prepared to pay reasonable costs associated with printing and mailing this notice and estimate it would cost less than $1,000.

### I.    Statement Regarding Settlement Negotiations and Possibility of Individual Settlement (Item 9)

Plaintiffs have not yet engaged in settlement negotiations with the named Defendants or with anyone on behalf of the putative Defendant Class. As part of the preparation for the hearing on the P.I. Motion, the Prosecutor Defendants entered into Stipulations with the Plaintiffs agreeing "not to enforce the statutory provisions challenged in this lawsuit unless and until such time as a final and unappealable order has been issued." *See* ECF Nos. 31, 32. The stipulations do not resolve the ultimate issues in this case. Because the issues in this case relate to constitutional rights and statewide government action, and Plaintiffs' operations span more than one county in Texas, pursuing settlements with individual Defendants is not a practical or effective remedy. Therefore, Plaintiffs do not intend or expect to settle this case on an individual, county-by-county basis.

### III.    ARGUMENT AND AUTHORITIES

### A.    Plaintiffs seek to certify an ascertainable Defendant Class and, if necessary, two ascertainable Defendant Subclasses.

Plaintiffs request that the Court certify a Defendant Class and, if necessary, two Defendant Subclasses, with the Prosecutor Defendants as class representatives. The Defendant Class consists

of all elected District Attorneys and County Attorneys in the State of Texas who have the authority within their jurisdictions to enforce the Pre-*Roe* Statutes and the Trigger Ban through criminal prosecutions. The County Attorney class members are those with felony criminal enforcement authority within their jurisdictions due to the absence of a District Attorney in those counties.

The Fifth Circuit has interpreted Rule 23 to include an implied prerequisite that the proposed class members must be ascertainable. *See John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007). All members of the Defendant Class are ascertainable by public records as they each hold public office.[5] Because each member of the Defendant Class is ascertainable, and the address of their office is identifiable and known, notice can be effectively given.

### B.   The requirements for class certification are met.

In certifying a class, "the question is not whether the plaintiff or plaintiffs . . . will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Alaska Elec. Pension Fund v. Flowserve Corp.*, 572 F.3d 221, 229 (5th Cir. 2009). "Rule 23 is a remedial rule which should be construed liberally to permit class actions. . . ." *In re Enron Corp. Sec. Deriv. & "ERISA" Litig.*, 529 F. Supp. 2d 644, 670 (S.D. Tex. 2006). The Court has broad discretion to decide issues relating to class certification. *Boles v. Moss Codilis, LLP*, No. SA-10-CV-1003-XR, 2012 WL 12861080, at *8 (W.D. Tex. Jan. 17, 2012).

A class of defendants is appropriate where a plaintiff can satisfy the four prerequisites in

---

[5] If necessary to meet the requirements of Rule 23(a), as discussed in Section III.B.1.c, *supra*, Plaintiffs also seek to certify the Defendant Subclasses, including the Non-Opposition Subclass and the Opposition Subclass. A class member's position in this case—Non-Opposition or Opposition—also is ascertainable and can be determined for each through the positions they take in this case and any public statements made by them. The specific position for each class member does not need to be known at this time because each will fall into one of the represented Defendant Subclasses, and the relief in this case is not dependent upon, and will not be different for, any Defendant Class member.

Rule 23(a)—numerosity, commonality, typicality, and adequacy—as well as one of the three provisions of Rule 23(b). Rule 23 expressly authorizes defendant classes where these requirements are met, as they are here. *See* FED. R. CIV. P. 23(a) ("One or more members of a class may sue **or be sued** as representative parties on behalf of all members….") and 23(b)(1) (referring to "prosecuting separate actions by **or against** individual class members") (emphasis added); (emphasis added); *Torres v. S.G.E. Mgmt., L.L.C.*, 838 F.3d 629, 635 (5th Cir. 2016) (en banc).[6]

In this case, Plaintiffs request certification under:

- Rule 23(b)(1)(A), which requires "[the prosecution of] separate actions by or against individual class members [to] create a risk of [] inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class;" and

- Rule 23(b)(2), which requires seeking declaratory or injunctive relief "appropriately respecting the class as a whole."

FED. R. CIV. P. 23(b)(1)-(2). These requirements are met.[7]

### 1. The proposed Defendant Class satisfies Rule 23(a)'s requirements. [8]

a. <u>Numerosity.</u>

Rule 23(a)(1) is satisfied when a class is "so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). Relevant factors are the size of the class, judicial economy, the nature of the action, geographical location of class members, and the ease of

---

[6] *See also Nelson v. Warner*, 336 F.R.D. 118, 122 (S.D. W. Va. 2020) ("Defendant class actions, like plaintiff class actions, must comply with Federal Rule of Civil Procedure 23."); *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[W]e have held that the [Rule 23] requirements apply equally to plaintiff and defendant classes.").

[7] Plaintiffs—the party seeking certification of the Defendant Class—bear the burden of establishing the elements of class certification. *Mary Kay Inc. v. Reibel*, 327 F.R.D. 127, 129 (N.D. Tex. 2018); *Boles*, 2012 WL 12861080, at *8.

[8] As noted, the relief sought is not dependent on whether a Defendant is in a single class or one of two subclasses. Thus, this discussion also applies to and justifies the Defendant Subclasses if they become necessary.

identifying class members. *In re TWL Corp.*, 712 F.3d 886, 893-95 (5th Cir. 2013). These factors weigh in favor of certifying the Defendant Class.

    *Size of the Class*. There are more than 160 members of the proposed Defendant Class. Generally, "when a class consists of more than 40 members," joinder is impracticable. *Vine v. PLS Fin. Servs., Inc.*, 331 F.R.D. 325, 332 (E.D. Tex. 2019), *aff'd*, 807 F. App'x 320 (5th Cir. 2020). Although the exact number of members of each Defendant Subclass (if needed) is unknown at this time, that should not weigh against certification because of the size of the overall Defendant Class and the other relevant factors for the Rule 23(a)(1) analysis. *See Watson v. Shell Oil Co.*, 979 F.2d 1014, 1022 (5th Cir. 1992), *reh'g granted*, 990 F.2d 805 (5th Cir. 1993), *appeal dism'd by agreement*, 53 F.3d 663 (5th Cir. 1994) (affirming certification of subclass with 16 members contained within larger class and considering other factors such as "the nature of the action").

    *Judicial Economy / Nature of the Action*. These factors are related, and both favor certification in this case. Plaintiffs seek declaratory and injunctive relief against the Defendant Class regarding the constitutionality and enforceability of the Pre-*Roe* Statutes and Trigger Ban. Not only does the nature of the action lend itself to a defendant class action, but it would be a waste of judicial resources to require multiple, duplicative actions to litigate the same issues against different enforcement agents. Multiple, duplicative actions also would require putative class members to be named, served, and personally appear and have their own counsel; and certification of the Defendant Class will save these resources. *See Jenkins v. Raymark Indus., Inc.*, 782 F.2d 468, 471 (5th Cir. 1986) (the purpose of class actions is to conserve "the resources of both the courts and the parties by permitting an issue potentially affecting every [class member] to be litigated in an economical fashion") (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 155 (1982)).

*Geography*. The members of the Defendant Class are dispersed throughout the State of Texas. *Texas Med. Providers Performing Abortion Servs. v. Lakey*, 806 F. Supp. 2d 942, 955 (W.D. Tex. 2011), *vacated in part on other grounds*, 667 F.3d 570 (5th Cir. 2012) (certifying defendant class of all county and district attorneys in Texas with authority to prosecute misdemeanors); *see also Planned Parenthood of Wisconsin, Inc. v. Van Hollen*, No. 13-CV-465-WMC, 2013 WL 3989238, at *2 (W.D. Wis. Aug. 2, 2013), *aff'd*, 738 F.3d 786 (7th Cir. 2013) (certifying defendant class of district attorneys in Wisconsin); *Doe v. Miller*, 216 F.R.D. 462, 466 (S.D. Iowa 2003) (certifying defendant class of "all County Attorneys in the State of Iowa" and finding "with ninety-nine counties in Iowa, joinder of each individual County Attorney is impracticable").

*Identifying Class Members*. All members of the putative Defendant Class are identifiable and known because they are public officials. *Lakey*, 806 F. Supp. 2d at 955 (certifying defendant class of all county and district attorneys in Texas with authority to prosecute misdemeanors).

Therefore, Rule 23(a)(1) is met for the Defendant Class.

b. <u>Commonality and typicality.</u>[9]

Rule 23(a)(2) is satisfied when "there are questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2). This "commonality" threshold is not high. *See Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625 (5th Cir. 1999); *Lightbourn v. Cnty. of El Paso, Tex.*, 118 F.3d 421, 426 (5th Cir. 1997). Commonality is satisfied "when there is at least one issue, the resolution of which will affect all or a significant number of the putative class members." *Id.*; *see also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011).

---

[9] The U.S. Supreme Court has recognized that the "commonality and typicality requirements of Rule 23(a) tend to merge." *Falcon*, 457 U.S. at 157 n.13.

"Like commonality, the test for typicality is not demanding." *Mullen*, 186 F.3d at 625 (5th Cir. 1999). Typicality "is satisfied when the named plaintiffs' claims for relief arise from the same common nucleus of operative facts as the claims of absent class members." *In re Dell Inc.*, A-06-CA-726-SS, 2010 WL 2371834, at *4 (W.D. Tex. June 11, 2010) (quoting *Mullen*, 186 F.3d at 625), *aff'd, appeal dism'd sub nom.*, *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632 (5th Cir. 2012). Typicality "does not require a complete identity of claims," but instead examines "whether the class representative's claims have the same essential characteristics of those of the putative class." *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002).

The Defendant Class satisfies commonality and typicality prerequisites because the Court's resolution of the issues will apply equally across the Defendant Class. Plaintiffs' claims and requests for declaratory and injunctive relief against all of the putative Defendant Class members arise from the same set of operative facts and implicate the same legal theories because they address the exact same Texas laws that each putative Defendant Class member has the power to criminally enforce.

The following legal questions (at least) are common to the entire Defendant Class, and if answered for one putative class member are answered for all of them:

- Does the enforcement of the Pre-*Roe* Statutes against the Plaintiffs or any of their staff or volunteers for paying for abortions that occur outside the State of Texas where those abortions are legal violate the First Amendment or the right to interstate travel?

- Does the enforcement of the Trigger Ban through criminal prosecutions against the Plaintiffs or any of their staff or volunteers for paying for abortions that occur outside the State of Texas where those abortions are legal violate the First Amendment or the right to interstate travel?

- Does the enforcement of the Pre-*Roe* Statutes against the Plaintiffs or any of their staff or volunteers for paying for or otherwise helping Texans access travel support to allow them to obtain abortion care outside the State of Texas where it is legal violate the First Amendment or the right to interstate travel?

- Does the enforcement of the Trigger Ban through criminal prosecutions against the Plaintiffs or any of their staff or volunteers for paying for or otherwise helping Texans access travel support to allow them to obtain abortion care outside the State of Texas where it is legal violate the First Amendment or the right to interstate travel?

- Does the enforcement of the Pre-*Roe* Statutes against the Plaintiffs or any of their staff or volunteers for paying for or otherwise helping Texans access practical support—like childcare—to allow them to obtain abortion care where it is legal violate the First Amendment or the right to interstate travel?

- Does the enforcement of the Trigger Ban through criminal prosecutions against the Plaintiffs or any of their staff or volunteers for paying for or otherwise helping Texans access practical support—like childcare—to allow them to obtain abortion care where it is legal violate the First Amendment or the right to interstate travel?

- Does the enforcement of the Pre-*Roe* Statutes against the Plaintiffs or any of their staff or volunteers for traveling with Texans who leave the state to obtain legal abortion care violate the First Amendment or the right to interstate travel?

- Does the enforcement of the Trigger Ban through criminal prosecutions against the Plaintiffs or any of their staff or volunteers for traveling with Texans who leave the state to obtain legal abortion care violate the First Amendment or the right to interstate travel?

- Does the enforcement of the Pre-*Roe* Statutes against Dr. Moayedi for traveling to states in which she is licensed to perform abortion care for Texans, and providing telemedicine abortion care from her home state of Texas in states where such care is legal violate the First Amendment or the right to interstate travel?[10]

- Does the enforcement of the Trigger Ban through a criminal prosecution against Dr. Moayedi for traveling to states in which she is licensed to perform abortion care for Texans, and providing telemedicine abortion care from her home state of Texas in states where such care is legal violate the First Amendment or the right to interstate travel?

- Is retroactive application of the Pre-*Roe* Statutes unconstitutional?

- Is Section 30.022 of the Texas Civil Practices and Remedies Code unconstitutional because it violates the First Amendment?

- Is Section 30.022 of the Texas Civil Practices and Remedies Code preempted under the Supremacy Clause by 42 U.S.C. § 1988?

---

[10] Dr. Moayedi's claims based on federal preemption pose similar and identical questions. *See* ECF No. 6 at pp. 3-4.

Adjudication of any one of these common questions of law would lead to a resolution applicable to every single member of the Defendant Class. *See*, *e.g.*, *Nelson*, 336 F.R.D. at 123 (commonality element met because "every ballot commissioner would face the same exact legal questions" and "deciding these common issues will result in a classwide resolution").

Further, Plaintiffs' claims against the Prosecutor Defendants, and the Prosecutor Defendants' anticipated defenses, are typical of the claims and anticipated defenses of each member of the Defendant Class because they are all based on the same laws of the State of Texas and the same enforcement powers of each putative Defendant Class member. *See Nelson*, 336 F.R.D. at 123 (finding typicality element met because "every ballot commissioner would be a defendant based solely on his or her statutory obligation to implement the challenged [] statute. The same constitutional claims apply to each proposed class member, and the legal defenses available to them are identical."); *Akron Ctr. for Reprod. Health v. Rosen*, 110 F.R.D. 576, 580 (N.D. Ohio 1986) ("Since the same constitutional issue is applicable to each proposed class member, each has the same legal defenses to the facial challenge to the statute.").

Therefore, Rules 23(a)(2) and 23(a)(3) are met for the Defendant Class.

        c.    <u>Adequacy of representation.</u>

Rule 23(a)(4) requires that "the class representatives . . . fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). The central purpose of the inquiry regarding the adequacy of a proposed class representative is whether they are "part of the class and possess the same interest and suffer the same injury as the class members" and whether they have any interests that are antagonistic to the rest of the class. *In re Deepwater Horizon*, 785 F.3d 1003, 1015 (5th Cir. 2015) (quoting *Amchem Prods. Inc. v. Windsor,* 521 U.S. 591, 594-95 (1997)). The Fifth Circuit's "generic standard" notes that class representatives must "possess a sufficient level of

knowledge and understanding to be controlling [] the litigation" and not have conflicts of interest with the absent class members. *Castro v. Collecto, Inc.*, 256 F.R.D. 534, 538 (W.D. Tex. 2009); *Stott v. Capital Fin. Servs., Inc.*, 277 F.R.D. 316, 324 (N.D. Tex. 2011).

The Prosecutor Defendants, sued individually (in their official capacities) and as representatives of the Defendant Class, are each part of the Defendant Class of state actors authorized to enforce the criminal laws at issue in this case and whose enforcement powers are the subject of the declaratory and injunctive relief sought by Plaintiffs. As such, each has the same interests. And because each of the Prosecutor Defendants is themselves an attorney, they have a sufficient level of knowledge and understanding of this litigation. Further, each has already engaged counsel and appeared in this case. *See* ECF Nos. 26, 29. The proposed class counsel for the Defendant Class are very experienced in representing local governments in complex litigation and well-suited to represent the Defendant Class members. *See* Section III.D, *infra*.

To the extent there could be any conflicts of interest with absent class members, it would only be due to a particular class member's position regarding the relief sought by Plaintiffs and whether that class member agrees or disagrees with constitutional limitations on their enforcement power. Plaintiffs believe that those positions do not affect the certification of a class because they do not present actual, known conflicts of interests. "Speculation is insufficient to establish a conflict of interest for adequacy purposes." *Serna v. Transport Workers Union of Am., AFL-CIO*, No. 3:13-CV-2469-N, 2014 WL 7721824, at *8 n.2 (N.D. Tex. Dec. 3, 2014).

Judge Sparks previously considered and rejected a similar argument regarding supposed conflicts of interest, finding that "all Texas prosecutors with the authority to prosecute misdemeanors *could* enforce the Act. . . . The Court thinks Plaintiffs are entitled to rely on the assumption that, as a general matter and in the absence of evidence to the contrary, Texas

prosecutors will enforce Texas law." *Lakey*, 806 F. Supp. 2d at 955. The district court in *Nelson* also rejected an adequacy argument based upon political affiliations:

> [Defendant] argues a conflict exists because partisan ballot commissioners have conflicting interests given this case's political ramifications. This argument, however, is only speculative, and a conflict must be more than merely speculative or hypothetical to defeat the adequacy requirement. More fundamentally, there is always the possibility that some members of the class will take a position different from that of those who have assumed the laboring oar in a litigation. But such differences of opinion do not preclude a class action.

336 F.R.D. at 124 (internal quotations and citations omitted).[11]

Thus, there is no present conflict of interest, and if one appears in the future, it can be resolved by certification of the Defendant Subclasses. "To overcome a conflict of interest within a proposed class, there must be structural protections to assure that differently situated plaintiffs negotiate for their own unique interests. A common structural protection is the creation of discrete subclasses, each with its own independent representation." *In re Nat'l Football League Players Concussion Inj. Litig.*, 821 F.3d 410, 432 (3d Cir. 2016), as amended (May 2, 2016) (internal citations omitted).

Therefore, Rule 23(a)(4) is met for the Defendant Class.

**2.      *The Defendant Class satisfies the requirements of at least one subsection of Rule 23(b).***

Because all of the prerequisites of Rule 23(a) are satisfied, the Court should certify the

---

[11] *See also Doe*, 216 F.R.D. at 467 ("As a County Attorney has a duty to enforce, or cause to be enforced, the laws of the State, it follows that this duty must extend to defending the constitutionality of the same laws. . . . The Court, therefore, has no reason to believe that either party intends to forgo his duty to diligently enforce or cause to be enforced the laws of the State. Accordingly, the Court finds that the Johnson and Clinton County Attorneys will fairly and adequately protect the interests of the Defendant class of County Attorneys."); *Rosen*, 110 F.R.D. at 582 (finding "there is no reason to believe that there is a conflict among the potential defendants" because "[a]ll potential defendants are charged with enforcement of [the challenged law] and the 'common interests' test is met").

Defendant Class if it fits into one or more of the categories described in Rule 23(b). Here, the

Defendant Class can be certified under both Rule 23(b)(1)(A) and Rule 23(b)(2).

a.   Rule 23(b)(1)(A)

Rule 23(b)(1)(A) provides:

A class action may be maintained if Rule 23(a) is satisfied and if: (1) prosecuting separate actions by or against individual class members would create a risk of (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class. . . .

The Advisory Committee for the Federal Rules of Civil Procedure noted that one of the

general purposes of Rule 23(b)(1)(A) is to ensure "[a]ctions by *or against* a class provide a ready

and fair means of achieving unitary adjudication." FED. R. CIV. P. 23, advisory committee's note

(1966) (emphasis added). "It is undisputed that the purpose of Rule 23 is to prevent piecemeal

litigation—to avoid (i) a multiplicity of suits on common claims resulting in inconsistent

adjudications and (ii) the difficulties in determining the res judicata effects of a judgment." *Stewart*

*v. Winter*, 669 F.2d 328, 338 (5th Cir. 1982) (internal citations omitted).

Here, there is significant risk of inconsistent adjudications if Plaintiffs are forced to file

suit in numerous counties (or federal districts) throughout Texas to obtain relief. Despite the same

underlying facts and legal theories, outcomes would vary, and Plaintiffs and Defendant Class

members would be subject to different standards based simply on geography. That scenario is

precisely why Rule 23(b)(1)(A) was adopted, and it is compelling when such important legal issues

are at stake.

As Judge Sparks recognized when he certified a defendant class of District Attorneys and

County Attorneys in Texas with prosecutorial power:

[I]f the Act is deemed entirely constitutional in some lawsuits, and partially or wholly unconstitutional in others, people in Texas – abortion providers, pregnant women, and prosecutors alike – will be subject to inconsistent standards of conduct.

> In some parts of Texas, physicians and pregnant women may be free to disregard the Act, while similarly situated people in other parts of Texas may be subject to serious penalties for do so. Likewise, some Texas prosecutors might be forbidden from enforcing the Act, while others might be allowed or required to do so. ***Rule 23(b)(1)(A) exists precisely to prevent such disparate results to identical legal claims.***

*Lakey*, 806 F. Supp. 2d at 954 (emphasis added).[12] Here, certification of the Defendant Classes will provide a ready and fair means of achieving unitary adjudication and fulfill the purpose of Rule 23(b)(1)(A).

Another example is *Nelson v. Warner*, where the district court granted certification of a defendant class of ballot commissioners in a suit challenging the constitutionality of a West Virginia state law, based in part on Rule 23(b)(1)(A). 336 F.R.D. at 123, 125 ("Certifying the proposed class is an effective means for ensuring statewide relief if the Court finds the Statute is unconstitutional."). And in *Doe v. Miller*, the district court used Rule 23(b)(1)(A) to grant certification of a defendant class of county attorneys in a suit challenging the constitutionality of state laws. 216 F.R.D. at 467.

Because separate actions against each member of the Defendant Class would create a risk of inconsistent or varying adjudications, the putative Defendant Class satisfies Rule 23(b)(1)(A).

> b.    Rule 23(b)(2)

Rule 23(b)(2) provides:

> A class action may be maintained if Rule 23(a) is satisfied and if: (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

---

[12] *See also First Fed. of Mich. v. Barrow*, 878 F.2d 912, 920 (6th Cir. 1989) (Rule 23(b)(1) satisfied where there is a risk of inconsistent adjudication of the common issues that will lead to differing interpretations of law); *Smith v. Crystian*, 91 F. App'x 952, 954 (5th Cir. 2004) (certification of mandatory class under Rule 23(b)(1)(A) appropriate where lawsuit challenged lending and business practices and sought an injunction).

"The key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted – the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Dukes*, 564 U.S. at 360 (internal quotations omitted). "Actions for class-wide injunctive or declaratory relief are intended for (b)(2) certification precisely because they involve uniform group remedies." *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 414 (5th Cir. 1998). The requested relief also must be specific; while "[t]he precise terms of the injunction need not be decided at class certification," it must be possible "that a sufficiently specific injunction can be conceived." *Dockery v. Fischer*, 253 F. Supp. 3d 832, 851 (S.D. Miss. 2015); *see also M.D. v. Perry*, 294 F.R.D. 7, 30 (S.D. Tex. 2013).

All the requirements of Rule 23(b)(2) are met. Plaintiffs seek a declaratory judgment and injunction to declare null and void the application of the Pre-*Roe* Statutes and the criminal provisions of the Trigger Ban because their threatened criminal enforcement impermissibly infringes on First Amendment Constitutional rights and the well-established right to travel interstate. *See* FAC at pp. 57-61. Plaintiffs also challenge these laws as unconstitutionally vague, improperly retroactive, and involving unlawful fee-shifting applications. *Id.* Injunctive and declaratory relief is the primary relief requested. Although Plaintiffs also seek to recover their attorneys' fees in bringing this action, "[p]otential liability for attorney's fees alone is not sufficient to stop the certification in a defendant class, especially in a paradigmatic defendant class action like this challenging the constitutionality of a state law." *Nelson*, 336 F.R.D. at 125.[13]

Other courts have certified a Rule 23(b)(2) defendant class in similar situations. For example, in *Nelson*, when the court certified a proposed defendant class of ballot commissioners

---

[13] Plaintiff also stipulated that they would not seek attorneys' fees from the Prosecutor Defendants. *See* ECF Nos. 31, 32.

in a suit challenging the constitutionality of a West Virginia state law related to ballots, it relied on both Rule 23(b)(2) and Rule 23(b)(1)(A). 336 F.R.D. at 125. In *Akron Center for Reproductive Health v. Rosen*, the court certified a defendant class under Rule 23(b)(2) for a constitutional challenge to a state law related to abortion, stating that "the only appropriate remedy in this case is a permanent injunction of all Ohio prosecutors charged with enforcement of H.B. 319, and since all potential defendants are required to enforce the unconstitutional statute, certification of the defendant class is warranted." 110 F.R.D. 576, 583 (N.D. Ohio 1986); *see also Van Hollen*, 2013 WL 3989238, at *2, n.2 (certifying class of elected district attorneys in Wisconsin under Rule 23(b)(2)); *United States v. Rainbow Family*, 695 F. Supp. 314, 320 (E.D. Tex. 1988) (certifying a defendant class under Rule 23(b)(2) "where the uniform conduct of multiple defendants is challenged and solely injunctive relief is requested" (collecting cases)).

Because classwide injunctive and declaratory relief is sought, the putative Defendant Class satisfies Rule 23(b)(2).

### C.   The Court should appoint the Prosecutor Defendants as Class Representatives.

Each of the Prosecutor Defendants is an adequate class representative as set forth in Section B.1.c, *supra*. Plaintiffs request that the Court appoint each of the Prosecutor Defendants as a class representative of the Defendant Class.[14] The Court can appoint the Prosecutor Defendants as representatives of the Defendant Class as a whole and revisit the issue of class representatives (and whether the Defendant Subclasses are needed) at a later date. "The Court has within its power the ability to replace class representatives with other class members or to increase the number of class

---

[14] The proposed class representatives have not agreed to this representative status, but this does not prevent their appointment as such. *Lakey*, 806 F. Supp. 2d at 954.

representatives." *Doe*, 216 F.R.D. at 467; *see also Ernst & Ernst v. U.S. Dist. Ct. for S. Dist. of Tex.*, 457 F.2d 1399, 1400 (5th Cir. 1972) (directing district court to designate an additional class representative); *Lakey*, 806 F. Supp. 2d at 955 (noting that appointment of class representatives could be revisited if any evidence of actual conflicts of interest arose). Or, if necessary to address any existing concerns the Court may have with possible conflicts of interest, Plaintiffs alternatively request that the Court appoint each Prosecutor Defendant as a class representative of the applicable Defendant Subclass. Each of the Prosecutor Defendants' position on the relief sought in this case can be determined for purposes of assigning them to either the Opposition Subclass or the Non-Opposition Subclass.

> **D.      The Court should appoint counsel of record for the Prosecutor Defendants as Class Counsel.**

Unless a statute provides otherwise, a court that certifies a class must appoint class counsel. FED. R. CIV. P. 23(g). The appointed class counsel must fairly and adequately represent the interest of the class. FED. R. CIV. P. 23(g)(4). In appointing class counsel, a court must consider "the work counsel has done in identifying or investigating potential claims in the action," counsel's relevant experience and knowledge of the applicable law, and counsel's resources to represent the class. FED. R. CIV. P. 23(g)(1)(A). "Absent specific proof to the contrary, the adequacy of class counsel is presumed." *In re Seitel, Inc. Sec. Litig.*, 245 F.R.D. 263, 271 (S.D. Tex. 2007).

Each of the Prosecutor Defendants has appeared and is represented by counsel, either J. Eric Magee of Allison, Bass & Magee, LLP or Leslie W. Dippel of the Travis County Attorney's Office. ECF Nos. 26, 29. Allison, Bass & Magee LLP is a "full service law firm, concentrating upon the representation of local governments" that has "represented Texas local governments in voting rights, civil rights, tort, contract and construction litigation" and is "involved in continuing

education of elected officials regarding their statutory duties and responsibilities."[15] Mr. Magee has been practicing law for over 20 years and was previously an Assistant Attorney General in the Law Enforcement Defense Division.[16] Ms. Dippel is the Director of the Civil Litigation Division of the Travis County Attorney's Office,[17] who has "experience in the unique aspects of management as a public governmental employer such as sovereign immunity, the Texas Whistleblower Act, due process, [and] constitutional law. . . ."[18] She has been practicing law for over 25 years and has been with the Travis County Attorney's Office for over 17 years.[19]

Therefore, the Court should appoint J. Eric Magee of Allison, Bass & Magee, LLP and/or Leslie W. Dippel of the Travis County Attorney's Office as Class Counsel for the Defendant Class.

## IV.    NO PRIOR REQUEST

Plaintiffs certify that they have made no prior request for the relief requested in this Motion.

## V.    PRAYER

Plaintiffs request that the Court enter an Order that (i) certifies the Defendant Class, and, if necessary, the Defendant Subclasses pursuant to Rule 23(b)(1)(A) and 23(b)(2), (ii) appoints the Prosecutor Defendants as class representatives, and (iii) appoints J. Eric Magee and Leslie W. Dippel as class counsel.

---

[15] *See* http://www.allison-bass.com/ (last visited October 14, 2022).

[16] *See* http://www.allison-bass.com/about/ (last visited October 14, 2022).

[17] *See* https://www.traviscountytx.gov/county-attorney/civil-litigation (last visited October 14, 2022).

[18] *See* https://www.linkedin.com/in/leslie-dippel-57838a4/ (last visited October 14, 2022).

[19] *See* https://www.linkedin.com/in/leslie-dippel-57838a4/ (last visited October 14, 2022).

Dated: November 1, 2022         Respectfully submitted

By: */s/ Jennifer R. Ecklund*
    Jennifer R. Ecklund
    Texas Bar No. 24045626
    jecklund@thompsoncoburn.com

    Elizabeth G. Myers
    Texas Bar No. 24047767
    emyers@thompsoncoburn.com

    Nicole L. Williams
    Texas Bar No. 24041784
    nwilliams@thompsoncoburn.com

    Allyn Jaqua Lowell
    Texas Bar No. 24064143
    alowell@thompsoncoburn.com

    John Atkins
    Texas Bar No. 24097326
    jatkins@thompsoncoburn.com

    Elizabeth Rocha
    Texas Bar No. 24127242
    erocha@thompsoncoburn.com

**THOMPSON COBURN LLP**
2100 Ross Avenue, Suite 3200
Dallas, Texas 75201
Telephone: 972/629-7100
Facsimile: 972/629-7171

    Alexandra Wilson Albright
    Texas Bar No. 21723500
    aalbright@adjtlaw.com

    Marcy Hogan Greer
    Texas Bar No. 08417560
    mgreer@adjtlaw.com

    515 Congress Ave., Suite 2350
    Austin, TX 78701-3562
    Telephone: 512/482-9300

Facsimile: 512/482-9303

Kevin Dubose
Texas Bar No. 06150500
kdubose@adjtlaw.com
1844 Harvard Street
Houston, TX 77008
Telephone: 713/523-2358
Facsimile: 713/522-4553

Kirsten M. Castañeda
Texas Bar No. 00792401
kcastaneda@adjtlaw.com
8144 Walnut Hill Lane, Suite 1000
Dallas, TX 75231-4388
Telephone: 214/369-2358
Facsimile: 214/369-2359

**ALEXANDER DUBOSE &
JEFFERSON, LLP**

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred via telephone and e-mail with counsel for the Prosecutor Defendants and counsel for each has stated that they are opposed to the relief requested in the foregoing Motion.  I also conferred with Defendant Paxton via e-mail who stated that General Paxton is opposed to the relief requested in the foregoing Motion.

*/s/ Elizabeth G. Myers*

## CERTIFICATE OF SERVICE

I hereby certify that, on November 1, 2022, a true and correct copy of the foregoing pleading has been served via electronic service through the CM/ECF system.

*/s/Jennifer R. Ecklund*