**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **Plaintiffs Fund Texas Choice, The North Texas Equal Access Fund, The Lilith Fund for Reproductive Equity, Frontera Fund, The Afiya Center, West Fund, Jane's Due Process, Clinic Access Support Network, and Dr. Ghazaleh Moayedi, DO, MPH, FACOG,** | |
| **Plaintiffs,** | **Civil Case No. 1:22-cv-859-RP** |
| **v.** | |
| **KEN PAXTON, in his Official Capacity as Attorney General; et al.,** | |
| **Defendants.** | |

## Notice of New Authority

Plaintiffs Fund Texas Choice, The North Texas Equal Access Fund, The Lilith Fund for Reproductive Equity, Frontera Fund, The Afiya Center, West Fund, Jane's Due Process, Clinic Access Support Network, and Dr. Ghazaleh Moayedi, DO, MPH, FACOG ("Plaintiffs") advise the Court of recently decided persuasive authority in *Miller v. Bonta*, No. 22CV1446-BEN (JLB) (S.D. Cal.), in the United States District Court for the Southern District of California, related to Plaintiffs' claims and arguments in Counts VIII, IX, and XI of their First Amended Complaint [Dkt. 90, pp. 54, 56, and 57 respectively] and Section B.4 (pp. 26-7) of their Response to Paxton's Motion to Dismiss [Dkt. 112] .

California recently passed a law similar in most relevant respects to SB8, but allowing private citizens to enforce gun laws as opposed to abortion prohibitions.  On December 1, 2022, Judge Roger Benitez ruled that plaintiffs challenging the California civil enforcement statute modeled on Texas Senate Bill 8 had standing to bring their claims. A copy of the order is attached

- 1 -

as **Exhibit A** (the "Standing Order"). On December 19, 2022, Judge Benitez issued an injunction against enforcement of the California law, which is attached as **Exhibit B** (the "Injunction Order"). The Standing and Injunction Orders support the Plaintiffs' standing in this case against Defendants Paxton and others, and their argument that the fee-shifting provision of SB8 is unconstitutional.

In the Standing Order, Judge Benitez explains that the plaintiffs had standing, in part, because the law specifically subjects challenges to the California gun regulation to a one-sided joint-and-several attorney fees provision that is designed to prevent challenges to the law (and judicial review), thereby chilling individuals and organizations from engaging in constitutionally protected conduct. See Ex. A at 1-2, 5-6 He further explained that representations by a statutory enforcer that it will not enforce the statute were insufficient to moot a challenge to that statute. Ex. A, pp. 6-8.

In the Injunction Order, Judge Benitez found that the fee-shifting provisions in the California statute violated the First Amendment and were unconstitutional. Ex. B at 17. He explained that the purpose and effect of the law was to undermine the First Amendment right to petition by "ensur[ing] the citizen cannot win and may be forced to pay for the government's attorney's fees" in challenges to firearm-regulating laws, a disincentive "exacerbate[d] . . . by threatening plaintiffs' lawyers with joint and several liability" for those fees. Ex. B at 4-5.

The California provision invalidated by Judge Benitez is nearly identical to the fee-shifting provision of Texas Health & Safety Code § 30.022 (SB8) (except that SB8's scheme applies to challenges of abortion-regulating laws),[1] and the recent order in *Miller* supports *Plaintiffs'*

---

[1]Misreading SB8, in an order issued on December 1, 2022, *Miller* identified a purported difference between the California law and SB8: "a Texas prevailing plaintiff *can* be awarded his attorney's fees." Ex. A at 4-5 (emphasis added). While SB8 is less explicit than the California law, neither

*Response in Opposition to Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint*

(Dkt. 112). The Court reasoned that the purpose and effect of the California statute is to undermine

the First Amendment right to petition by "ensur[ing] the citizen cannot win and may be forced to

pay for the government's attorney's fees" in challenges to firearm-regulating laws, a disincentive

"exacerbate[d] . . . by threatening plaintiffs' lawyers with joint and several liability" for those fees.

Ex. B at 4-5. This is the same purpose and effect of SB8 here in Texas.

Judge Benitez also found, that by providing that a plaintiff can never be a "prevailing

party," the California statute "undercuts and attempts to nullify" the attorneys' fees framework set

forth in 42 U.S.C. § 1988. Ex. B at 10.[2]  The court concluded: "Plainly, because of the Supremacy

Clause, California's cramped state law must yield to the federal law." Ex. B at 13. The California

statute unconstitutionally violates both the First Amendment and the Supremacy Clause. Ex. B at

17.[3]

The rulings in both the Standing Order and the Injunction Order are entirely consistent with

the Plaintiffs' arguments in this case.  SB8's fee-shifting provision, like the California law, is

designed to insulate the statute from judicial review and thwart the intent of attorneys' fees

_____

allows a party who obtains declaratory or injunctive relief against enforcement of abortion [or
firearm] regulating laws to recover attorney's fees or costs.  *See* Dkt. 1 at 9-10 ¶¶ 23-24.

[2]Section 1988 is designed to "promote the evolution of the law by supporting the development of
legal theories that may not gain acceptance the first time around" by authorizing recovery of
attorneys' fees where a party "succeeds on any significant issue in litigation which achieves some
of the benefit sought."  Ex. B at 12. The court found that § 1021.11 "turns this approach upside
down": a "plaintiff who succeeds on the merits is *never* a prevailing party" and "anything less than
a complete success for a plaintiff becomes a win for the government coffers[.]"  Ex. B at 13.

[3] Additionally, while decided on different grounds, a Texas state district court recently dismissed
a case brought pursuant to SB8 on the basis that the SB8 plaintiff sustains no injury and therefore
has no standing (invalidating SB8 as unconstitutional).  *Gomez v. Braid,* No. 2022CI8302, in the
4th Judicial District Court for Bexar County, Texas, order attached as **Exhibit C.**

framework for civil rights claims set out in § 1988.  The fee-shifting provisions of SB8, like the California Statute, are unconstitutional.

Dated:  January 24, 2023

Respectfully submitted,

By:  */s/ Jennifer R. Ecklund*
    Jennifer R. Ecklund
    Texas Bar No. 24045626
    jecklund@thompsoncoburn.com

    Elizabeth G. Myers
    Texas Bar No. 24047767
    emyers@thompsoncoburn.com

    Allyn Jaqua Lowell
    Texas Bar No. 24064143
    alowell@thompsoncoburn.com

    John Atkins
    Texas Bar No. 24097326
    jatkins@thompsoncoburn.com

    Elizabeth Rocha
    Texas Bar No. 24127242
    erocha@thompsoncoburn.com

**THOMPSON COBURN LLP**
2100 Ross Avenue, Suite 3200
Dallas, Texas 75201
Telephone:  972/629-7100
Facsimile:  972/629-7171

Alexandra Wilson Albright
Texas Bar No. 21723500
aalbright@adjtlaw.com

Marcy Hogan Greer
Texas Bar No. 08417560
mgreer@adjtlaw.com
515 Congress Ave., Suite 2350
Austin, TX 78701-3562
Telephone:  512/482-9300
Facsimile:  512/482-9303

Kevin Dubose
Texas Bar No. 06150500
kdubose@adjtlaw.com
1844 Harvard Street
Houston, TX 77008
Telephone:  713/523-2358
Facsimile:  713/522-4553


Kirsten M. Castañeda
Texas Bar No. 00792401
kcastaneda@adjtlaw.com
8144 Walnut Hill Lane, Suite 1000
Dallas, TX 75231-4388
Telephone:  214/369-2358
Facsimile:  214/369-2359

**ALEXANDER DUBOSE &
JEFFERSON, LLP**

**ATTORNEYS FOR PLAINTIFFS**


## CERTIFICATE OF SERVICE

I certify that this document was filed electronically on January 24, 2023, with the clerk of the Court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court.


/s/ *Jennifer R. Ecklund*
Jennifer R. Ecklund