EXHIBIT B

Filed
11/8/2022 2:41 PM
Patti L. Henry
District Clerk
Chambers County, Texas
By: Hannah Barefield
Deputy

22DCV0823

Cause No. _____

|  |  |
|---|---|
| **In re Rachael Diane Jackson-Hisler**, | IN THE DISTRICT COURT |
| Petitioner | CHAMBERS COUNTY, TEXAS |
|  | _____ JUDICIAL DISTRICT |

## VERIFIED PETITION TO TAKE DEPOSITION TO INVESTIGATE A LAWSUIT

Petitioner Rachael Diane Jackson-Hisler respectfully asks the Court for permission to take a deposition by oral examination of Michael Kimbro. Ms. Jackson-Hisler seeks this testimony to investigate potential claims brought by Ms. Jackson-Hisler or others under section 171.208 of the Texas Health and Safety Code.

### PERSONS TO BE DEPOSED AND JURISDICTION

1.    Petitioner Rachael Diane Jackson-Hisler is a citizen of Texas and resident of Chambers County.

2.    Ms. Jackson-Hisler seeks to depose Michael Kimbro.

3.    Upon information and belief, Mr. Kimbro is a resident of  REDACTED  and may be served at          **REDACTED**                                                    .

4.    In accordance with Rule 202.2(b)(1) of the Texas Rules of Civil Procedure, this petition is filed in Chambers County, the county in which the venue of the anticipated suit may lie.

5.    This petition is verified by Ms. Jackson-Hisler, as required by Rule 202.2(a) of the Texas Rules of Civil Procedure.

### FACTS

6.    Michael Kimbro operates a for-profit corporation called "Abort Offshore." Kimbro's organization takes women on boats from the Galveston area to a fishing boat in the Gulf of Mexico, where they abort their unborn children. *See* Jala Washington, *'I should not be running any medical facility': Man offering abortions at sea for*

Copy from re:SearchTX

*Texas women*, KXAN Austin (Aug. 25, 2022), available at https://bit.ly/3TccJig (last visited on November 8, 2022) (attached as Exhibit 1).

7.    Kimbro has no medical experience. But he decided to launch his "Abort Offshore" business after the leak of the Supreme Court's draft opinion in *Dobbs v. Jackson Women's Health Organization*, 142 S. Ct. 2228 (2022). *See* Exhibit 1.

8.    Kimbro's "Abort Offshore" corporation has helped more than 200 Texas women kill their unborn children. *See id*. It kills eight unborn children per day on average, and charges women approximately $1,500 per abortion. *See id*.

9.    Kimbro has been accused of fraud multiple times but boasts that he has never been convicted. *See id*.

## TEXAS'S ABORTION LAWS

10.   In 2021, the Texas legislature enacted the Texas Heartbeat Act, which outlaws abortion after a fetal heartbeat is detectable, which typically occurs at around six weeks of pregnancy. The governor signed the Heartbeat Act into law on May 19, 2021, and it took effect on September 1, 2021, after the Supreme Court denied a request for emergency relief from a coalition of Texas abortion providers and funders. *See Whole Woman's Health v. Jackson*, 141 S. Ct. 2494 (2021).

11.   The Texas Heartbeat Act prohibits state officials from enforcing the law. *See* Tex. Health & Safety Code § 171.207. Instead of public enforcement by state officials, the Heartbeat Act establishes a private right of action that authorizes individuals to sue anyone who violates the statute. *See* Tex. Health & Safety Code § 171.208. These private civil-enforcement suits may be brought against anyone who "performs or induces" a post-heartbeat abortion, *see id*. at § 171.208(a)(1), as well as anyone who "knowingly engages in conduct that aids or abets the performance or inducement of an abortion, including paying for or reimbursing the costs of an abortion through insurance or otherwise, if the abortion is performed or induced in violation

Copy from re:SearchTX

of [the Heartbeat Act]," *id*. at § 171.208(a)(2). Lawsuits may also be brought against anyone who "intends" to perform or aid or abet a post-heartbeat abortion.

12.   A plaintiff who successfully sues an individual or organization under section 171.208 is entitled to injunctive relief and at least $10,000 in statutory damages for each unlawful abortion that the defendant performed or facilitated, plus costs and attorneys' fees. *See* Tex. Health & Safety Code § 171.208(b).

13.   The law was structured this way to insulate the statute from pre-enforcement judicial review and ensure that the Heartbeat Act would remain enforceable despite the existence of *Roe v. Wade*, 410 U.S. 113 (1973), which had not been overruled when the Heartbeat Act took effect. Because no state official is charged with enforcing the law, there is no one for abortion providers to sue in a pre-enforcement lawsuit that challenges the constitutionality of the statute. *See Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 535 (2021); *Whole Woman's Health v. Jackson*, 642 S.W.3d 569 (Tex. 2022). And because the law is enforced by private citizens rather than government officials, abortion providers have been unable to obtain relief that will stop private lawsuits from being initiated against them.

14.   When the Supreme Court denied emergency relief on September 1, 2021, the Texas Heartbeat Act marked the first time that a state had successfully imposed a six-week abortion ban since *Roe v. Wade*, 410 U.S. 113 (1973).

15.   When the Texas Heartbeat Act took effect on September 1, 2021, abortions performed after fetal heartbeat became acts of murder under Texas law. The Texas Penal Code defines the offense of murder to include the intentional killing of "an unborn child at every stage of gestation from fertilization until birth." Texas Penal Code §§ 1.07, 19.02(b). The murder statute exempts "lawful medical procedures" and the dispensation or administration of a drug prescribed "in accordance with law." Texas Penal Code § 19.06(2), (4). But post-heartbeat abortions ceased to be "lawful"

Copy from re:SearchTX

(and became acts of murder) when the Heartbeat Act took effect on September 1, 2021.

16.  Federal law also imposes felony criminal liability on every person who ships or receives abortion-related paraphernalia in interstate or foreign commerce, *see* 18 U.S.C. §§ 1461–62, and all such acts are predicate offenses under the federal Racketeer Influenced and Corrupt Organizations Act (RICO), *see* 18 U.S.C. § 1961. Kimbro's "Abort Offshore" organization is therefore subject to felony criminal prosecution and private civil suits under 18 U.S.C. §§ 1461–62 and RICO.

## ANTICIPATED ACTION

17.  This petition is filed in anticipation of possible future civil actions brought under section 171.208 of the Texas Health and Safety Code, against individuals and organizations that performed or aided or abetted abortions in violation of the Texas Heartbeat Act, also known as Senate Bill 8 or SB 8. It is also filed to investigate the possibilities for future civil actions brought under section 171.208 of the Texas Health and Safety Code.

18.  Any person who performs or induces a post-heartbeat abortion may be sued by "any person," and must pay "not less than" $10,000 in statutory damages for each illegal abortion, plus costs and attorneys' fees. *See* Tex. Health & Safety Code § 171.208(a)(1), (b). Anyone who knowingly engages in conduct that aids or abets an abortion is equally liable for any abortion performed in violation of the Texas Heartbeat Act, regardless of whether the individual knew or should have known that his abortion-assisting conduct was aiding or abetting a post-heartbeat abortion. *See* Tex. Health & Safety Code § 171.208(a)(2).

19.  Kimbro is expected to have information relevant to the potential claims that Ms. Jackson-Hisler is investigating. Kimbro is operating a business in Texas that aids or abets abortions throughout pregnancy, including abortions performed after a fetal

Copy from re:SearchTX

heartbeat is detectable. Ms. Jackson-Hisler wishes to investigate whether and to what extent Mr. Kimbro has aided or abetted abortions in violation of the Heartbeat Act, and the identity of all individuals and organizations that aided or abetted illegal abortions by providing funding, insurance coverage, or logistical support.

20.  To the extent that Kimbro has exposed himself to civil liability under the Texas Heartbeat Act, he would have interests adverse to Ms. Jackson-Hisler.

21.  Additional parties are expected to have information relevant to the potential claims that Ms. Jackson-Hisler is investigating, as well as interests adverse to Ms. Jackson-Hisler's in any anticipated suit, but the identities of those parties are currently unknown.

22.  Ms. Jackson-Hisler's goal is to use the discovery sought by this petition to ascertain whether and to what extent Mr. Kimbro has aided or abetted post-heartbeat abortions, and the identity of all individuals and organizations subject to liability under section 171.208.

## NOTICE OF RELATED CASES

23.  There are no ongoing cases between Ms. Jackson-Hisler and Mr. Kimbro.

24.  There are other Rule 202 petitions pending against abortion providers and funders who have violated the Texas Heartbeat Act by performing or assisting post-heartbeat abortions in Texas. Those include: *In re Ashley Maxwell*, No. 22-1046-431 (Denton County); *In re Weldon*, No. 22-01-014 (Jack County); *In re Moore*, No. 22-1519-B (Smith County); *In re Thomason*, No. 55561 (Howard County); and *In re Zach Maxwell*, No. C2022388 (Hood County). Another Rule 202 petition is pending against a researcher who has studied illegal self-managed abortions in Texas in the aftermath of SB 8. *See In re York*, No. CV2246294 (Eastland County).

25.  A coalition of abortion providers and abortion funds has also filed suit in state court to restrain Texas Right to Life and its legislative director, John Seago, from

Copy from re:SearchTX

initiating lawsuits against them under section 171.208 of the Texas Health and Safety Code. The district judge in those cases denied the defendants' motion to dismiss under the Texas Citizens Participation Act, and the defendants have taken an interlocutory appeal from that ruling. That appeal is currently pending in the Third Court of Appeals. *See Texas Right to Life v. Van Stean*, No. 03-21-00650-CV.

## REQUEST FOR DEPOSITION

26.  Ms. Jackson-Hisler seeks a court order authorizing her to depose Mr. Kimbro because she seeks to investigate potential claims that she or others might bring under section 171.208 of the Texas Health and Safety Code against any person or organization that performed or aided or abetted a post-heartbeat abortion. *See* Tex. R. Civ. P. 202(d)(2).

27.  There is good reason for this court to find that deposing Mr. Kimbro at this time is the best way to avoid a delay or failure of justice in an anticipated suit. *See* Tex. R. Civ. P. 202.4(a). In addition, the likely benefit of allowing Ms. Jackson-Hisler to depose Mr. Kimbro to investigate a potential claim outweighs the burden or expense of the procedure. *See* Tex. R. Civ. P. 202.4(b).

28.  Ms. Jackson-Hisler is considering whether to sue individuals and organizations that performed or facilitated post-heartbeat abortions. Yet Ms. Jackson-Hisler is unwilling to sue Mr. Kimbro as this time because she is still investigating the range of potential defendants, as well as any possible defenses or substantive arguments that they might raise in the litigation. Ms. Jackson-Hisler expects to be able to better evaluate the prospects for legal success after deposing Mr. Kimbro and discovering the nature and scope of his violations of Texas law, as well as the involvement of other individuals that aided or abetted post-heartbeat abortions.

Copy from re:SearchTX

29.  Ms. Jackson-Hisler also wishes to preserve evidence of abortions performed in violation of the Texas Heartbeat Act, as well as evidence surrounding the involvement of organizations and individuals who aided or abetted post-heartbeat abortions. Ms. Jackson-Hisler seeks to depose Mr. Kimbro on the topics described in the notice of deposition, which is attached to this petition as Exhibit 2. Ms. Jackson-Hisler also seeks discovery of documents[1] that address the issues that will be covered in the depositions.

30.  Deposing Mr. Kimbro allows Ms. Jackson-Hisler to preserve evidence of great importance to the anticipated litigation. The media is reporting that Kimbro is aiding or abetting post-heartbeat abortions on Texas residents. The value of this information to any subsequent litigation, and to the policies embodied in the Texas Heartbeat Act, is extremely high.

31.  Delay in obtaining this evidence increases the chance that information about illegal abortions will be forgotten and that documentation will become more difficult to obtain. Given the widespread press coverage of the Texas Heartbeat Act, including

---

1.  The scope of a pre-suit deposition under Rule 202 is the same as a regular deposition of non-parties in litigation. *See* Tex. R. Civ. P. 202.5. This specifically allows document-production requests. *See* Tex. R. Civ. P. 199.2(b)(5) (providing for requests for production along with a deposition notice); Tex. R. Civ. P. 205.1(c) (providing for noticing document production requests to nonparties); *In re City of Tatum*, 567 S.W.3d 800, 808 (Tex. App. 2018) ("The "language of these rules when read together permits a petition seeking a pre-suit deposition under Rule 202 to also request the production of documents.'" quoting *In re Anand*, No. 01-12-01106-CV, 2013 WL 1316436, at *3 (Tex. App. Apr. 2, 2013)). *See also City of Dallas v. City of Corsicana*, No. 10-14-00090-CV, 2015 WL 4985935, at *6 (Tex. App. Aug. 20, 2015) ("Under rule 202, documents can be requested in connection with a deposition."). While some courts have refused to permit document discovery under Rule 202, *see, e.g.*, *In re Pickrell*, No. 10-17-00091-CV, 2017 WL 1452851, at *6 (Tex. App. Apr. 19, 2017), they have not analyzed the text of Rule 202.5 or its relationship to Rule 199. *See In re City of Tatum*, 567 S.W.3d 800, 808 n. 7 (Tex. App. 2018) (criticizing courts denying document production under Rule 202).

Copy from re:SearchTX

attention to the risks taken by those who choose to violate the Act's provisions,[2] there is considerable incentive for anyone who has violated the Heartbeat Act to hide or obscure evidence of their involvement in illegal abortions.

32.  Without the documentation, there would be a risk of miscarriage or delay of justice, as the law of Texas would be difficult or impossible to enforce. The policy of the state will be thwarted if it is not possible to identify the parties complicit in providing, aiding, or abetting abortions in violation of the Texas Heartbeat Act.

33.  It would also enhance judicial efficiency to allow the eventual lawsuit to consider the entire chain of events surrounding potentially illegal conduct described in the media. Waiting for discovery in the course of litigation not only runs increased risks of forgetfulness or record-keeping deficiencies. It also has costs to the administration of justice in that the courts would have to adjudicate the matters in separate proceedings, or through complaints successively amended to add additional defendants. Allowing depositions under Rule 202 would avoid this delay of justice.

34.  The burden on Mr. Kimbro is modest. To be sure, he must appear for a deposition and produce documents. But the inconvenience will only grow greater with any delay, as memories fade and documents accumulate. The value of the information sought outweighs the burden, as required by Rule 202.

35.  Ms. Jackson-Hisler seeks to depose Mr. Kimbro by oral deposition. *See* Tex. R. Civ. P. 199. The notices of deposition identifying the topics for examination are attached to this petition as Exhibit 2. This procedure will impose a minimal burden on the deponent while permitting Ms. Jackson-Hisler to preserve for future litigation information about the potentially illegal abortions reported by the media. This information is likely to be important evidence in any future litigation.

---

2.  *See* Abigail Abrams, *Inside The Small Group of Doctors Who Risked Everything to Provide Abortions in Texas*, Time (Oct. 14, 2021), available at https://bit.ly/3qxa5qx.

Copy from re:SearchTX

36.  Ms. Jackson-Hisler further requests that the court order Mr. Kimbro to pro-
duce at or before the deposition all non-privileged documents described in the sub-
poenas attached as Exhibit 3 to this petition.

## REQUEST FOR HEARING

37.  After the service of this petition and a notice of hearing, Ms. Jackson-Hisler
requests that the court conduct a hearing, in accordance with Rule 202.3(a) of the
rules of civil procedure, to determine whether to issue an order allowing the deposi-
tion.

## REQUEST FOR RELIEF

38.  For these reasons, Ms. Jackson-Hisler respectfully requests that the court set
a date for a hearing on this petition, and thereafter issue an order:

 a.  finding that the benefits of a deposition and accompanying production
of documents outweighs the burden;

 b.  finding that a deposition and accompanying production of documents
will avoid delay or failure of justice;

 c.  authorizing Ms. Jackson-Hisler to take an oral deposition of Mr. Kimbro;

 d.  requiring Mr. Kimbro to produce the documents identified by this pe-
tition, at a time and place to be agreed by the parties; and

 e.  awarding all other relief that the Court may deem just, proper, or eq-
uitable.

Respectfully submitted.

/s/ Jonathan F. Mitchell

Briscoe Cain
Texas Bar No. 24073602
Law Office of Briscoe Cain, PLLC
2318 Center Street, Suite 205
Deer Park, TX 77536
(832) 647-5117 (phone)
briscoe@attorneybriscoecain.com

Jonathan F. Mitchell
Texas Bar No. 24075463
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

Copy from re:SearchTX

THOMAS BREJCHA*
Illinois Bar No. 0288446
MARTIN WHITTAKER
Texas Bar No. 24095097
Thomas More Society
309 West Washington Street, Suite 1250
Chicago, Illinois 60606
(312) 782-1680 (phone)
(312) 782-1887 (fax)
info@thomasmoresociety.org

\* *pro hac vice* applications
  forthcoming

Dated: November 8, 2022          *Counsel for Petitioner*

Copy from re:SearchTX

Cause No. _____

| | |
|---|---|
| In re Rachael Diane Jackson-Hisler, | IN THE DISTRICT COURT |
| | CHAMBERS COUNTY, TEXAS |
| Petitioner | _____ JUDICIAL DISTRICT |

## VERIFICATION

STATE OF TEXAS

COUNTY OF Chambers

Before me, the undersigned notary public, on this day personally appeared Rachael Diane Jackson-Hisler and after being duly sworn, stated under oath that she has read the above verified petition to take deposition to investigate potential legal claims and its exhibits; that every statement of fact contained in it is within her personal knowledge and is true and correct; and that every exhibit is an authentic copy of what it purports to be.

RACHAEL DIANE JACKSON-HISLER

Subscribed and sworn to me
this 12th day of October, 2022

NOTARY

ESMERALDA CABRERA
Notary Public, State of Texas
Comm. Expires 07-24-2024
Notary ID 13258552-1

Copy from re:SearchTX

# Exhibit 1

Copy from re:SearchTX

Watch Live ▾    News ▾    COVID-19 ▾    Weather & Traffic ▾    Search

**TEXAS**

# 'I should not be running any medical facility': Man offering abortions at sea for Texas women

Advert sement. Your v deo w  resume n 10 seconds.

by: Jala Washington

Posted: Aug 25, 2022 / 05:12 PM CDT
Updated: Aug 26, 2022 / 01:46 PM CDT

SHARE    •••

*Editor's Note: This story has been updated to clarify the number of daily patients being treated. We've added more details on the schedule of appointments and where women receiving abortions are coming from.*

Copy from re:SearchTX

GALVESTON, Texas (Nexstar)    With most abortions officially being illegal in Texas as of Thursday, women are looking for options, and some are turning to "Abort Offshore." It's a for profit organization that is taking women out on boats from the Galveston area into federal waters to have abortions.

A man named Michael Kimbro said he launched Abort Offshore in mid July. He said he has family in Texas but lives in New York    going back and forth between the two states.

According to the Abort Offshore website, they're primarily providing services for women in Texas, Louisiana, Mississippi and Alabama.

Kimbro has no medical experience, he confirmed. But he said he decided to create the business after the leak of the Supreme Court opinion that overturned the Roe v. Wade precedent.

**MOST READ: Texas man 'buys' back his own stolen $10,000 mower on Facebook Marketplace, seller arrested**                                                                                          ❯

"No, I should not be running any sort of medical facility," Kimbro said.

ADVERTISEMENT



**Goodbye Cell Phone, Hello Voip (Find out Why Many Are Switching ...**

"Why should women trust you?" reporter Jala Washington asked.

What he's doing makes one thing clear: banning abortions won't stop Texas women from finding ways to get them.

FULL INTERVIEW: Michael Kimbro launched 'Abort Offshore' in mid-July

Copy from re:SearchTX



Kimbro said it's about a 40 minute boat ride to federal waters to get women to a place where abortions may be deemed legal. Still, some women are willing to take the risk.

**MOST READ: How long until we change the clocks? ❯**

"I cannot have a baby right now," one Texas woman said.

According to Kimbro, more than 200 Texas women have already gotten abortions through his for profit organization. The process, Kimbro said, now starts with a physician referral.

"There's a number of physicians that are working with us," Kimbro said. "They then give a code to the sonogram company … the sonogram company then says, 'OK, this person is real…' So it starts with a four letter and digit code, they then give them another unique identifier, and they then text our number. And then that's when we schedule them on the boat."

Kimbro said, so far, they're averaging eight patients a day, but could see up 24. Being able to perform abortions on water is dependent on weather in the Gulf, Kimbro told us. Women are being charged about $1,500, according to him.

**MOST READ: 6 plead guilty, may face life in prison for cocaine trafficking in Texas ❯**

"It sounds really covert and crazy," Kimbro said. "But, unfortunately, these laws require it."

ADVERTISEMENT

Copy from re:SearchTX

Two licensed Texas doctors are performing the abortions Sunday through Thursday, according to Kimbro.

Once a patient is verified, Abortion Offshore arranges a pre boarding meeting at a hotel with what's called a "patient advocate" in the Galveston area. Patients leave their phones behind, and a car takes them to a rental home near the water. They then go to a dock and out on the water.

If they bring someone for support, that person isn't allowed on the boat and has to stay behind at the hotel, according to Kimbro.

> **MOST READ: Big build-to-rent housing developer to make Texas debut in Hutto** ❯

"I spoke to somebody yesterday that asked me… Why would you even advertise this?" Kimbro said. "I was like, 'Well, I wanted to see how much trouble I'd get in before really, I put a lot of money in this.'"

Kimbro admits he's been accused of fraud multiple times but emphasized he's never been convicted.

"Is this something that you're doing as just another fraudulent type deal to make money? Or is this something that you're truly doing to help women?" Washington asked.

"Neither at this point, like, it's hard to say," Kimbro said. "There's a lot of other people that are going to exploit this situation."

> **MOST READ: KXAN Weather: Next cold front brings low rain chance midweek** ❯

"Are you not somebody who is exploiting this situation though?" Washington asked.

Copy from re:SearchTX

"Of course I am," Kimbro said. "That's what I'm saying."

According to Kimbro, he wants what he's doing to draw attention to the lengths women will go to now that abortions are banned in Texas. He said the business itself isn't profitable, because operating costs are so expensive.

Kimbro said he doesn't want to keep facilitating abortions but women are still being referred by physicians. He said women are still seeking the services his business offers.

"It was either this or having a kid," one Texas woman said.

Copyright 2022 Nexstar Media Inc. All rights reserved. This material may not be published, broadcast, rewritten, or redistributed.

## AROUND THE WEB



**Homeowners Are Trading in Their Doorbell Cams for This $49 Lightbulb Camera**



**Tacoma, These Are The Most Successful Lawyers**



**15 Best Dog Breeds for Seniors - No. 7 Will Surprise You**



**Symptoms of Macular Degeneration - Catching It Early Matters**



**Always Place a Bottle on Your Tire when Traveling, Here's Why**



**You Couldn't Guess What Bernadette from the Big Bang Theory Actually Looks Like**



**Wrap Foil Around Your Doorknob at Night if Alone, Here's Why**



**Hidden Signals You Have Depression. Take the Quiz Now**



**What is Psoriatic Arthritis? Signs May Be Unexpected**



**Here's What Full Mouth Dental Implants Should Cost You in 2022**



**This is How Much Tacoma Maids Charge to Clean a House in 2022**



**Flight Attendants Notice This About You As You Step On The Plane**

## WHAT DO YOU THINK?

Loading survey...

## TOP STORIES

Copy from re:SearchTX

Kickoff time announced vs.
Pokes on Oct. 22

Man 'buys'
back stolen
$10,000
mower, seller
arrested

Monarch
watch: What
to expect this
fall?

**World Mental Health Day:
Where to get help in Austin**

Top Stories

```
function renderAd(ev) { var key = ev.message ? 'message' : 'data'; var adObject = {}; try { adObject =
JSON.parse(ev[key]); } catch (e) { return; } var origin = ev.origin || ev.originalEvent.origin; if (adObject.message
&& adObject.message === 'Prebid Response' && publisherDomain === origin && adObject.adId ===
'76be004c70cb525' && (adObject.ad || adObject.adUrl)) { var body = window.document.body; var ad =
adObject.ad; var url = adObject.adUrl; var width = adObject.width; var height = adObject.height; if
```

## MORE STORIES

**World Mental Health Day: Where
to get help in Austin**

**Kickoff time announced vs. Pokes
on Oct. 22**

**Man 'buys' back stolen $10,000
mower, seller arrested**

**Monarch watch: What to expect
this fall?**

**Round Rock student writes
calculus book**

**Grads from these TX schools have
the most debt: report**

**PHOTOS: Weekend 1 of ACL Music
Fest 2022**

**How severe will this winter be?
Go ask the fruit**

More Stories

Copy from re:SearchTX

**KXAN Austin Video**



**Round Rock student writes calculus book**

3 hours ago

**Pollen and Climate Change**

5 hours ago

**What is the weather forecast in Austin? Ask the**

5 hours ago

**More Videos**

Copy from re:SearchTX

SUBSCRIBE NOW

# KXAN Daily Forecast Newsletter

Your email

SIGN UP NOW ❯

**BESTREVIEWS**

**Amazon's Prime Early Access Sale is tomorrow: These …**

Smart Home                    4 hours ago

**Start crossing off items from your holiday list with …**

Ho  day                    4 hours ago

**15 best dog Halloween costumes**

Ho  day & Costumes                    4 hours ago

More reviews

Copy from re:SearchTX

SUBSCRIBE NOW

# More Than The Score Sports Newsletter

Your email

SIGN UP NOW ›



**TRACKING THE CORONAVIRUS**



Data tracker: COVID cases, vaccine rates across Texas

Coronav rus                              3 days ago

Coronavirus Cases Tracker

## AUSTIN WEATHER

| Current | Tonight | Tomorrow |
|---|---|---|
| **85°** | **65°** | **90°** |
| **Sunny** | **Partly Cloudy** Precip: 0% | **Sun & Scattered Clouds** Precip: 0% |

## TRENDING STORIES

1  **Man 'buys' back stolen $10,000 mower, seller arrested**

2  **72-year-old Texas woman scammed out of $75,000**

3  **6 pleaded guilty to cocaine trafficking in TX**

4  **How long until we change the clocks?**

5  **Next cold front brings low rain chance midweek**

## DON'T MISS

**ACL Fest: How to register for lost and found**

| **Can I vote in the November election?**

Copy from re:SearchTX

**LIST: The new nonstop flights from Austin this year**

**3 Austin taco joints ranked on Yelp's Top 100 list**

**Why customers say Austin Whataburgers are the worst**

**WHAT DO YOU THINK?**

Loading survey...



Copy from re:SearchTX

Follow Us

News App

Weather App

News

Sports

Weather

Studio 512

Traffic

Contests

Investigations

About Us

Report It

Contact Us

| | | | | |
|---|---|---|---|---|
| About Our Ads | KBVO: FCC Publ c F le | Covers | The H ll | Journal st c Integr ty |
| KXAN: FCC Publ c F le | KBVO: Ch ldren s TV Programm ng | Do Not Sell My Personal Informat on | NewsNat on | |
| KXAN: Ch ldren s TV Programm ng | EEO Report | FCC Appl cat ons | BestRev ews | |
| KNVA: FCC Publ c F le | Pr vacy Pol cy | Publ c F le Ass stance Contact | Content L cens ng | |
| KNVA: Ch ldren s TV Programm ng | Terms Of Use | Subscr be To KXAN Push Not f cat ons | Nexstar D g tal | |

This website uses cookies

Our Propert es use cook es for the performance and funct ona ty of our s tes, to persona ze content and advert sements, to prov de soc a med a features to prov de you w th a better exper ence. By c ck ng "Accept" or by cont nu ng to use our Propert es, you accept the use of cook es. You can  earn more ab cook es and Ca forn a res dents can exerc se the r r ght to opt out of the sa e of the r data by c ck ng here.

Copy from re:SearchTX

# Exhibit 2

Copy from re:SearchTX

Cause No. _____

| | |
|---|---|
| **In re Rachael Diane Jackson-Hisler**, | IN THE DISTRICT COURT |
| Petitioner | CHAMBERS COUNTY, TEXAS |
| | _____ JUDICIAL DISTRICT |

### NOTICE OF DEPOSITION OF MICHAEL KIMBRO
### AND SUBPOENA DUCES TECUM

To:   Michael Kimbro,      REDACTED

Please take notice that the attorneys for petitioner Rachael Diane Jackson-Hisler will take the oral deposition of Michael Kimbro at 9:00 A.M. on December 13, 2022, in connection with this matter and on the topics designated in Exhibit A, which is attached to this notice. The deposition will be taken before a certified court reporter at the law offices of Mitchell Law PLLC, 111 Congress Avenue, Suite 400, Austin, Texas, 78701. The deposition will continue day-to-day, before a court reporter, until completed. The deposition may be videotaped.

Please take further notice that at the time and place of the deposition the deponent shall produce, at the commencement of the deposition, certain documents and tangible things described in the subpoena, which is attached as Exhibit 3 to the petition and incorporated by reference.

Respectfully submitted.

_/s/ Jonathan F. Mitchell_
JONATHAN F. MITCHELL
Texas Bar No. 24075463
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

Dated: November 8, 2022        *Counsel for Petitioner*

Copy from re:SearchTX

## EXHIBIT A

### I.   DEFINITIONS

For the purposes of this deposition notice, the following definitions apply:

- The terms "**Abort Offshore**," "**you**" and "**your**" refer to Michael Kimbro and any and all of the entities owned or controlled by Michael Kimbro, including Abort Offshore, and including any agent or person authorized to act for or on behalf of any of those individuals or entities, including their officers, employees, staff, and unpaid volunteers.

- The terms "**communication**" and "**communicate**" refer to any method used to transmit or exchange information, concepts, or ideas (whether verbal or nonverbal) including oral, written, typed, or electronic transmittal of any type of information or data, by the use of words, silence, numbers, symbols, images, or depictions, from one person or entity to another person or entity.

- The term "**document**" refers to the act of noting, recording, or preserving any type of information, data, or communication, without regard to the method used to note, record, or preserve such information, data, or communication. The term includes any e-mail or text message.

- The term "**entity**" means any legal entity inquired about (other than a natural person) including a partnership, professional association, joint venture, corporation, governmental agency, or other form of legal entity.

- The terms "**identify**" and "**identity**," when used in connection with a natural person, require disclosure of that person's full name, present or last known address, and present or last known telephone number. When used in connection with a legal entity, the terms require disclosure of its legal name, its address, and telephone number.

- The terms "**implement**" and "**implementation**" refer to any method, process, or action used to put a decision or plan into effect or achieve a goal or obligation.

- The term "**information**" refers to and includes documents, records, communications, facts, ideas, data, observations, opinions, photographs, slides, video recordings, audio recordings, and tangible and intangible items and evidence of any kind or sort.

Copy from re:SearchTX

- The terms "**person**" and "**persons**" mean any legal entity inquired about, whether a natural person, partnership, sole proprietorship, professional association, joint venture, corporation, governmental agency, or other form of legal entity.

- The term "**record**" means letters, words, sounds, or numbers, or the equivalent of letters, words, sounds, or numbers, that have been written, recorded, documented, or received by Defendant by:

  (A)   handwriting;
  (B)   typewriting;
  (C)   printing;
  (D)   photostat;
  (E)   photograph;
  (F)   magnetic impulse;
  (G)   mechanical or electronic recording;
  (H)   digitized optical image; or
  (I)   another form of data compilation.

- The term "**record**" also includes any communication, including an e-mail or text-message communication.

- The term "**reproduction**" means an accurate and complete counterpart of an original document or record produced by:

  (A)   production from the same impression or the same matrix as the original;
  (B)   photograph, including an enlargement or miniature;
  (C)   mechanical or electronic re-recording;
  (D)   chemical reproduction;
  (E)   digitized optical image; or
  (F)   another technique that accurately reproduces the original.

- The term "**third party**" means any person, persons, or entity other than the defendants or the attorneys of record for the defendants.

- The terms "**and**" and "**or**," when used in these definitions and in the discovery requests, include the conjunction "and/or."

## II.   DEPOSITION TOPICS

1.   Your involvement with or support for any abortions performed or completed on a Texas resident on or after September 1, 2021, in which a fetal heartbeat was

Copy from re:SearchTX

detectable (or likely to be detectable if properly tested), including abortions that occurred while Judge Pitman's injunction was in effect from October 6–8, 2021,.

2. Your role in performing, supporting, funding, or facilitating abortions performed or completed on a Texas resident on or after September 1, 2021, in which a fetal heartbeat was detectable (or likely to be detectable if properly tested), including abortions that occurred while Judge Pitman's injunction was in effect from October 6–8, 2021.

3. Your role in performing, supporting, funding, or facilitating abortions provided on any person in any location.

4. The identity of any individuals or entities, including attorneys, that you consulted or collaborated with in performing, supporting, funding, or facilitating abortions.

5. The sources of financial support for you and Abort Offshore.

6. The identity of all officers, employees, volunteers, board members, and donors of Abort Offshore.

7. The identity of any individuals, including attorneys, who aided or abetted any abortion that you performed, supported, funded, or facilitated.

8. Your communications with others regarding the abortions described in paragraph 7, including any communications between your and your attorneys that fall within the crime–fraud exception to the attorney–client privilege.

Copy from re:SearchTX

# Exhibit 3

Copy from re:SearchTX

Cause No. _____

|  |  |
|---|---|
| **In re Rachael Diane Jackson-Hisler,** | IN THE DISTRICT COURT |
| | CHAMBERS COUNTY, TEXAS |
| Petitioner | _____ JUDICIAL DISTRICT |

## SUBPOENA FOR DEPOSITION AND PRODUCTION OF DOCUMENTS

This subpoena is issued in the name of the State of Texas:

To any sheriff or constable of the State of Texas, or any other person authorized to serve and execute subpoenas as provided by Texas Rule of Civil Procedure 176, Greetings:

You are hereby commanded to summon:

MICHAEL KIMBRO

**REDACTED**

to appear at the offices of:

Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701

on December 13, 2022, at 9:00 A.M., to attend and give testimony at a deposition in this case, to produce and permit inspection and copying of documents or tangible things to be used as evidence in this case, and to remain in attendance from day to day until lawfully discharged. All documents or tangible items listed in Exhibit A must be produced.

Pursuant to Rule 176.8(a) of the Texas Rules of Civil Procedure:

**Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both.**

This subpoena is issued by Jonathan F. Mitchell, counsel of record for the petitioner in the above-styled and numbered cause.

Copy from re:SearchTX

# RETURN OF SERVICE

Came to hand this _____ day of _____, 2022, and executed this the _____ day of _____, 2022, a true and correct copy hereof in the following manner: By delivering to the within named witness _____, via

_____ USPS Priority Mail
_____ USPS Certified Mail/Return Receipt Requested
_____ Personal Service/ Hand-Served
_____ Fax/Electronic Mail

Returned this _____ day of _____, 2022.


By: _____
       Authorized Person who is not a party to the suit and is not less than 18 years of age.


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ACCEPTANCE OF SERVICE OF SUBPOENA BY WITNESS PER RULE 176 OF THE TEXAS RULES OF CIVIL PROCEDURE

I, the undersigned witness named in the Subpoena acknowledge receipt of a copy thereof, and hereby accept service of the attached subpoena.

Rule 176.8(a) Contempt. Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both.


_____        _____

SIGNATURE OF WITNESS                             DATE

Copy from re:SearchTX

## EXHIBIT A

### Documents to Be Produced by Franz Theard

## I.   Definitions and Instructions For Requests For Production

1. Each request shall operate and be responded to independently and, unless otherwise indicated, no request limits the scope of any other request.

2. Unless otherwise indicated, the relevant time period for these requests is from January 1, 2019, to the present.

3. Unless otherwise defined, the terms used should be read and construed in accordance with the English language and the ordinary meanings and definitions attached. You should, therefore: (i) construe the words "and" as well as "or" in the disjunctive or conjunctive, as necessary to make the request more inclusive; (ii) construe the term "including" to mean "including, but not limited to"; and (iii) construe the words "all" and "each" to mean all and each.

The following definitions apply to each of these requests:

- The terms "**Abort Offshore**," "**you**" and "**your**" refer to Michael Kimbro and any and all of the entities owned or controlled by Michael Kimbro, including Abort Offshore, and including any agent or person authorized to act for or on behalf of any of those individuals or entities, including their officers, employees, staff, and unpaid volunteers.

- The terms "**communication**" and "**communicate**" refer to any method used to transmit or exchange information, concepts, or ideas (whether verbal or nonverbal) including oral, written, typed, or electronic transmittal of any type of information or data, by the use of words, silence, numbers, symbols, images, or depictions, from one person or entity to another person or entity.

- The term "**document**" refers to the act of noting, recording, or preserving any type of information, data, or communication, without regard to the method used to note, record, or preserve such information, data, or communication. The term includes any e-mail or text message.

- The term "**entity**" means any legal entity inquired about (other than a natural person) including a partnership, professional association, joint

Copy from re:SearchTX

venture, corporation, governmental agency, or other form of legal entity.

- The terms **"identify"** and **"identity,"** when used in connection with a natural person, require disclosure of that person's full name, present or last known address, and present or last known telephone number. When used in connection with a legal entity, the terms require disclosure of its legal name, its address, and telephone number.

- The terms **"implement"** and **"implementation"** refer to any method, process, or action used to put a decision or plan into effect or achieve a goal or obligation.

- The term **"information"** refers to and includes documents, records, communications, facts, ideas, data, observations, opinions, photographs, slides, video recordings, audio recordings, and tangible and intangible items and evidence of any kind or sort.

- The terms **"person"** and **"persons"** mean any legal entity inquired about, whether a natural person, partnership, sole proprietorship, professional association, joint venture, corporation, governmental agency, or other form of legal entity.

- The term **"record"** means letters, words, sounds, or numbers, or the equivalent of letters, words, sounds, or numbers, that have been written, recorded, documented, or received by Defendant by:

  (A)   handwriting;
  (B)   typewriting;
  (C)   printing;
  (D)   photostat;
  (E)   photograph;
  (F)   magnetic impulse;
  (G)   mechanical or electronic recording;
  (H)   digitized optical image; or
  (I)   another form of data compilation.

- The term **"record"** also includes any communication, including an e-mail or text-message communication.

- The term **"reproduction"** means an accurate and complete counterpart of an original document or record produced by:

Copy from re:SearchTX

(A)     production from the same impression or the same matrix as the original;

(B)     photograph, including an enlargement or miniature;

(C)     mechanical or electronic re-recording;

(D)     chemical reproduction;

(E)     digitized optical image; or

(F)     another technique that accurately reproduces the original.

- The term "**third party**" means any person, persons, or entity other than the defendants or the attorneys of record for the defendants.

- The terms "**and**" and "**or**," when used in these definitions and in the discovery requests, include the conjunction "and/or."

## II.   Documents Or Tangible Things Requested

**Request No. 1**: Any and all non-privileged documents describing abortions provided by you or with your support on or after September 1, 2021, in which a fetal heartbeat was detectable (or likely to be detectable if properly tested), including abortions that occurred while Judge Pitman's injunction was in effect from October 6–8, 2021.

**Request No. 2**: Any and all non-privileged documents addressing your role in providing, supporting, funding, or facilitating abortions performed on or after September 1, 2021, in which a fetal heartbeat was detectable (or likely to be detectable if properly tested), including abortions that occurred while Judge Pitman's injunction was in effect from October 6–8, 2021.

**Request No. 3**: Any and all non-privileged documents identifying any individual or entity, including attorneys, that you consulted or collaborated with in performing supporting, funding, or facilitating abortions performed on or after September 1, 2021, in which a fetal heartbeat was detectable (or likely to be detectable if properly tested), including abortions that occurred while Judge Pitman's injunction was in effect from October 6–8, 2021.

**Request No. 4**: Any and all non-privileged documents identifying any individual or entity, including attorneys, that aided or abetted an abortion performed on or after September 1, 2021, in which a fetal heartbeat was detectable (or likely to be detectable if properly tested), including abortions that occurred while Judge Pitman's injunction was in effect from October 6–8, 2021. This includes the identify of anyone who paid for or reimbursed the costs of the abortion, including insurers, employers of the patient, and abortion funds, and any individual or entity (apart from the pregnant woman upon whom the abortion was performed) that paid for or reimbursed the costs of the abortion in whole or in part.

Copy from re:SearchTX

**Request No. 5**: Any and all non-privileged documents describing abortions provided by you or with your support on or after June 24, 2022, including abortions that occurred while Judge Weems's TRO was in effect from June 28–July 1, 2022.

**Request No. 6**: Any and all non-privileged documents addressing your role in providing, supporting, funding, or facilitating abortions performed on or after June 24, 2022, including abortions that occurred while Judge Weems's TRO was in effect from June 28–July 1, 2022.

**Request No. 7**: Any and all non-privileged documents identifying any individual or entity, including attorneys, that you consulted or collaborated with in performing supporting, funding, or facilitating abortions performed on or after June 24, 2022, including abortions that occurred while Judge Weems's TRO was in effect from June 28–July 1, 2022.

**Request No. 8**: Any and all non-privileged documents identifying any individual or entity, including attorneys, that aided or abetted an abortion performed on or after June 24, 2022, including abortions that occurred while Judge Weems's TRO was in effect from June 28–July 1, 2022. This includes the identify of anyone who paid for or reimbursed the costs of the abortion, including insurers, employers of the patient, and abortion funds, and any individual or entity (apart from the pregnant woman upon whom the abortion was performed) that paid for or reimbursed the costs of the abortion in whole or in part.

**Request No. 9**: Any and all non-privileged documents describing any abortion performed on or after September 1, 2021, if there is any possibility that the patient might have opted for a drug-induced abortion and ingested either of the abortion drugs in Texas.

**Request No. 10**: Any and all non-privileged documents addressing your role in providing, supporting, funding, or facilitating any abortion on or after September 1, 2021, if there is any possibility that the patient might have opted for a drug-induced abortion and ingested either of the abortion drugs in Texas.

**Request No. 11**: Any and all non-privileged documents identifying any individual or entity, including attorneys, that you consulted or collaborated with in performing supporting, funding, or facilitating any abortion on or after September 1, 2021, if there is any possibility that the patient might have opted for a drug-induced abortion and ingested either of the abortion drugs in Texas.

**Request No. 12**: Any and all non-privileged documents identifying any individual or entity, including attorneys, that aided or abetted any abortion performed on or after September 1, 2021, if there is any possibility that the patient might have opted for a

Copy from re:SearchTX

drug-induced abortion and ingested either of the abortion drugs in Texas. This includes the identify of anyone who paid for or reimbursed the costs of the abortion, including insurers, employers of the patient, and abortion funds, and any individual or entity (apart from the pregnant woman upon whom the abortion was performed) that paid for or reimbursed the costs of the abortion in whole or in part.

**Request No. 13**: Any and all non-privileged documents describing whether you have in any way distinguished your funding streams for advocacy and your funding streams for conduct that aids or abets abortion.

**Request No. 14**: Any and all non-privileged documents describing or identifying the sources of financial support for you and Abort Offshore.

**Request No. 15**: Any and all non-privileged documents describing or identifying any officer, employee, volunteer, board member, or donor of Abort Offshore.

**Request No. 16**: Any and all non-privileged documents describing or identifying any individual who aided or abetted: (1) any abortion performed or completed on a Texas resident on or after September 1, 2021, in which a fetal heartbeat was detectable (or likely to be detectable if properly tested), including abortions that occurred while Judge Pitman's injunction was in effect from October 6–8, 2021; (2) any abortion performed or completed on a Texas resident on or after June 24, 2022, including abortions performed while Judge Weems's TRO was in effect from June 28–July 1, 2022; or (3) any abortion performed on or after September 1, 2021, if there is any possibility that the patient might have opted for a drug-induced abortion and ingested either of the abortion drugs in Texas. This includes the identity of anyone who paid for the abortion, including insurers, employers of the patient, and abortion funds.

**Request No. 17**: Any and all non-privileged documents describing, identifying, or containing communications between you and your attorneys that fall within the crime–fraud exception to the attorney–client privilege.

Copy from re:SearchTX

## EXHIBIT B—TRCP 176.6

You are advised that under Texas Rule of Civil Procedure 176.6, a person served with a subpoena has certain rights and obligations, specifically, that rule states:

(a) Compliance required. Except as provided in this subdivision, a person served with a subpoena must comply with the command stated in the subpoena unless discharged by the court or by the party summoning such witness. A person commanded to appear and give testimony must remain at the place of deposition, hearing, or trial from day to day until discharged by the court or by the party summoning the witness.

(b) Organizations. If a subpoena commanding testimony is directed to a corporation, partnership, association, governmental agency, or other organization, and the matters on which examination is requested are described with reasonable particularity, the organization must designate one or more persons to testify on its behalf as to matters known or reasonably available to the organization.

(c) Production of documents or tangible things. A person commanded to produce documents or tangible things need not appear in person at the time and place of production unless the person is also commanded to attend and give testimony, either in the same subpoena or a separate one. A person must produce documents as they are kept in the usual course of business or must organize and label them to correspond with the categories in the demand. A person may withhold material or information claimed to be privileged but must comply with Rule 193.3. A nonparty's production of a document authenticates the document for use against the nonparty to the same extent as a party's production of a document is authenticated for use against the party under Rule 193.7.

(d) Objections. A person commanded to produce and permit inspection and copying of designated documents and things may serve on the party requesting issuance of the subpoena—before the time specified for compliance—written objections to producing any or all of the designated materials. A person need not comply with the part of a subpoena to which objection is made as provided in this paragraph unless ordered to do so by the court. The party requesting the subpoena may move for such an order at any time after an objection is made.

(e) Protective orders. A person commanded to appear at a deposition, hearing, or trial, or to produce and permit inspection and copying of designated documents and things may move for a protective order under Rule 192.6(b)—before the time specified for compliance—either in the court in which the action is pending or in a district court in the county where the subpoena was served. The person must serve the motion on all parties in accordance with Rule 21a. A person need not comply with the part of a subpoena from which protection is sought under this paragraph unless ordered to do so by the court. The party requesting the subpoena may seek such an order at any time after the motion for protection is filed.

Copy from re:SearchTX

# Exhibit 4

Copy from re:SearchTX

Cause No. _____

|  |  |
| --- | --- |
| **In re Rachel Diane Jackson-Hisler**, | IN THE DISTRICT COURT |
| | CHAMBERS COUNTY, TEXAS |
| Petitioner | _____ JUDICIAL DISTRICT |

## DECLARATION OF JONATHAN F. MITCHELL

I, Jonathan F. Mitchell, declare as follows:

1.  My name is Jonathan F. Mitchell. I am over 18 years old and fully competent to make this declaration.

2.  I have personal knowledge of the facts stated in this declaration, and all of these facts are true and correct.

3.  I represent petitioner Rachel Diane Jackson-Hisler in this litigation.

4.  The document attached as Exhibit 1 to this petition is an authentic copy of a news report that I downloaded from the internet.

This concludes my sworn statement. I declare under penalty of perjury that the facts stated in this declaration are true and correct.

Jonathan F. Mitchell

Dated: November 8, 2022                    JONATHAN F. MITCHELL

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Jonathan Mitchell on behalf of Jonathan Mitchell
Bar No. 24075463
jonathan@mitchell.law
Envelope ID: 69987362
Status as of 11/8/2022 3:00 PM CST

Associated Case Party: RachaelDianeJackson-Hisler

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Thomas Brejcha | | tbrejcha@thomasmoresociety.org | 11/8/2022 2:41:46 PM | SENT |
| Martin Whittaker | | privatrecht@gmail.com | 11/8/2022 2:41:46 PM | SENT |
| Jonathan F.Mitchell | | jonathan@mitchell.law | 11/8/2022 2:41:46 PM | SENT |
| Briscoe Cain | 24073602 | Briscoe@AttorneyBriscoeCain.com | 11/8/2022 2:41:46 PM | SENT |

Copy from re:SearchTX