IN THE UNITED STATES COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **Fund Texas Choice, The North Texas Equal Access Fund, The Lilith Fund for Reproductive Equity, Frontera Fund, The Afiya Center, West Fund, Jane's Due Process, Clinic Access Support Network, Ghazaleh Moayedi,**<br>*Plaintiffs*,<br>v.<br><br>**Ken Paxton, Susan R. Deski, Julie Renken, Wiley B. McAfee, José Garza, Fred H. Weber**<br>*Defendants*. | CIVIL ACTION NO. AU:22-CV-00859-RP |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO RULES 12(b)(1)

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Susan R. Deski, Julie Renken, Wiley B. "Sonny" McAfee, José Garza and Fred H. Weber, all located within the Austin Division of the Western District of Texas in the United States District Court (hereinafter collectively "Austin Division Prosecutor Defendants") files this Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1).

## A. INTRODUCTION

In Plaintiffs' Second Amended Class Action Complaint for Declaratory and Injunctive Relief filed on April 20, 2023, Plaintiffs bring this suit against "a defendant class of all Texas District Attorneys and all Texas County Attorneys similarly situated… to challenge any criminal prosecution of, or civil enforcement action against, Plaintiffs under Texas anti-abortion statutes for lawful exercise of their constitutional rights and statutory federal rights." ECF No. 129 at 2.

Prior to Plaintiffs filing their Second Amended Class Action Complaint for Declaratory and Injunctive Relief, the Court entered its order on Plaintiffs' motion for a preliminary injunction

(ECF No. 6) and Defendant Ken Paxton's motion to dismiss (ECF No. 110) on February 24, 2023. (ECF No. 120). The Court dismissed all claims asserted against Defendant Paxton and dismissed all claims asserted under S.B. 8 and H.B. 1280 against the Austin Division Prosecutor Defendants. *Id*. Further, the Court granted, in part, Plaintiffs' motion for a preliminary injunction against the Austin Division Prosecutor Defendants from enforcing the pre-*Roe* laws. *Id*.

The Order provides that "Plaintiffs contend that statements made by Paxton and *threats from local prosecutors chill their First Amendment rights to speak about and fund abortions.*" *Id*. at 1-2 (emphasis added). Further, the Court states that "Plaintiffs presented evidence that their speech and conduct has been chilled by the Defendants threatening to enforce Texas's abortion laws against those who facilitate out-of-state abortions." *Id*. at 9. The exhibits listed by the Court consisted of comments from Defendant Paxton, State Representative Briscoe Cain, and the Texas Freedom Caucus from statements, interviews, tweets, correspondence.... *Id*. at 9-10. There were no exhibits presented related to the named Prosecutor Defendants, Susan R. Deski, Julie Renken, Wiley B. "Sonny" McAfee, José Garza and Fred H. Weber. *Id*. Further, the Court discussed Plaintiffs' testimony during the preliminary injunction hearing from Anna Rupani, the Executive Director at Fund Texas Choice, Neesha Davé, Deputy Director for the Lilith Fund, Rosann Mariappuram, the Executive Director at Jane's Due Process and Dr. Ghazaleh Moayedi. *Id*. at 10-14. There was no testimony provided by any witness that the Austin Division Prosecutor Defendants had issued any statements, interviews, tweets or correspondence *threatening felony criminal prosecution*. The Court noted in its Order that named Prosecutor Defendants had not filed a motion to dismiss. *Id.* at 32; *see also*, *Id*. at 17, fn. 7 and at 31, fn. 18.

In response to the Court's Order, Austin Division Prosecutor Defendants filed their Response to Plaintiffs' Motion for Certification of Defendant Class on March 24, 2023 (ECF No.

122), and shortly thereafter, their Joint Motion to Dismiss First Amended Complaint on March 29, 2023. (ECF No. 124).

On April 11, 2023, Plaintiffs filed their Motion for Leave to File their Second Amended Complaint and Join Parties. (ECF No. 126). The following day, Plaintiffs filed their Unopposed Motion for Extension of Time to Respond to Defendants' Motion to Dismiss and to File Reply in Support of Motion for Class Certification on April 12, 2023. The Court entered a text order granting Plaintiffs' Motion for Leave to File Second Amended Complaint on April 20, 2023, and mooting Austin Division Prosecutor Defendants' Motion to Dismiss. Plaintiffs' Second Amended Complaint is now the operative pleading in this matter. (ECF No. 129).

In response to Plaintiffs' Second Amended Complaint, the Austin Division Prosecutor Defendants urge that the Court lacks jurisdiction over this action asserted against them. Therefore, this Court should dismiss Plaintiffs' suit asserted against these Defendants.

### B. **MOTION TO DISMISS 12(b)(1)[1]**

**1.      Lack of Subject Matter Jurisdiction**

A motion brought pursuant to Federal Rule of Civil Procedure 12(b)(1) seeks dismissal based on the grounds that the court lacks subject matter jurisdiction over the action. FED. R. CIV. P. 12(b)(1). The federal courts' jurisdiction is limited, and federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties and the amount in controversy exceeds the jurisdictional minimum. *See* 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists in all civil actions arising under the Constitution, laws,

---

[1] In their Second Amended Complaint, Plaintiffs have only asserted official capacity claims against the Austin Division Prosecutor Defendants for prospective injunctive and declaratory relief. *See* ECF No. 129 at ¶¶ 69 - 73. To the extent Plaintiffs allegations may be interpreted as claims against the Austin Division Prosecutor Defendants in their individual capacities, each Austin Division Prosecutor Defendant asserts their entitlement to absolute prosecutorial immunity and qualified immunity, and expressly reserves their right to more fully brief these affirmative defenses as ordered by the Court or in their Reply to Plaintiffs' Response to Austin Division Prosecutor Defendants' Motion to Dismiss.

or treaties of the United States. 28 U.S.C. §1331. A claim "arises under" federal law when the federal question is presented on the face of the plaintiff's well-pleaded complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004).

A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Such a motion may be decided by the court on one of three bases: (1) the complaint alone; (2) the complaint and the undisputed facts in the record; or (3) the complaint, the undisputed facts in the record, and the court's own resolution of disputed facts. *Ynclan v. Dep't of the Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). In a Rule 12(b)(1) motion, the burden of proving that jurisdiction does exist falls to the party asserting jurisdiction. *Ramming*, 281 F.3d at 161. The motion to dismiss should only be granted "if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id*. (citation omitted).

> **(a)** ***The Court Lacks Jurisdiction over the Austin Division Prosecutor Defendants because there is No Case or Controversy.***
>
> **(i)** ***Plaintiffs' Claim against the Austin Division Prosecutor Defendants is Not Ripe.***

In determining whether to dismiss a federal declaratory judgment action, the court applies a three-step inquiry: (1) whether the declaratory action is justiciable, a threshold issue; (2) if it has jurisdiction, whether the court has the authority to grant declaratory relief in the present action; and (3) if it has jurisdiction and authority, whether to exercise its broad discretion to decide or dismiss the action. *Sherwin Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 387 (5th Cir. 2003).

If the action is not ripe for adjudication and therefore not justiciable, the court need not reach the second or third steps. *Shields v. Norton*, 289 F.3d 832, 837 (5th Cir. 2002) ("[W]e must not proceed until the issue is ripe—until we have that case or controversy."). Thus, even actions for declaratory relief, which by design permit pre-enforcement review, require the presence of an actual "case" or "controversy." *United Transp. Union*, 205 F.3d 851, 857 (5th Cir. 2000); *see also Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000) (recognizing that although "applying the ripeness doctrine in the declaratory judgment context presents a unique challenge ..., a declaratory judgment action, like any other action, must be ripe in order to be justiciable."); *Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 544 (5th Cir. 2008) ("[A] ripeness inquiry is often required when a party is seeking pre-enforcement review of a law or regulation.").

Austin Division Prosecutor Defendants assert Plaintiffs' request for declaratory relief is not ripe, and therefore not justiciable. "A court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical." *Urban Developers LLC v. City of Jackson, Miss.*, 468 F.3d 281, 295 (5th Cir. 2006)(*quoting New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 833 F.2d 583, 586 (5th Cir. 1987)). Further, "[a] claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Id*. (*quoting Texas v. United States*, 523 U.S. 296 (1998)).

At present, this has only allegations of contingencies and speculation that impede judicial review. The Court noted that at the time of the ruling (ECF No. No. 120) on Plaintiffs' motion for a preliminary injunction (ECF No. 6) and Defendant Ken Paxton's motion to dismiss (ECF No. 110), the Austin Division Prosecutor Defendants had not yet filed motions to dismiss. Further, the Order demonstrates the speculative nature of Plaintiffs' claims as "[t]he extent to which local prosecutors intend to prosecute abortion funds for facilitating out-of-state abortions will become

clear as this litigation progresses." *Id*. at 33. There is no allegation and no evidence alleged in the Second Amended Complaint that any Austin Division Prosecutor Defendant has stated such an intent. Accordingly, the allegations set forth in the Second Amended Complaint still fail to state a claim against the Austin Division Prosecutor Defendants for which this Court has jurisdiction.

      *(ii)*    ***Plaintiffs Lack Article III Standing Because They Have Failed to Plead a Causal Connection Between Their Alleged Injury and Any Actions of the Austin Division Prosecutor Defendants.***

The subject-matter jurisdiction of federal courts is limited to "Cases" and "Controversies." U.S. CONST. art. III, § 2. "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, (1992). To establish standing, the plaintiff must show "(1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." *Daves v. Dallas Cnty., Tex.*, 22 F.4th 522, 541–42 (5th Cir. 2022) (*quoting Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615, 1618 (2020). Specifically, Plaintiffs "must demonstrate 'personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" *Id.*; *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006).

The courts have determined that the plaintiff "bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561). At the preliminary-injunction stage, "the plaintiffs must make a 'clear showing' that they have standing to maintain the preliminary injunction." *Id*. (*quoting Barber v. Bryant*, 860 F.3d 345, 352 (5th Cir. 2017). "[A] plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Id.* (quoting *Davis v. Federal Elec. Comm'n*, 554 U.S. 724, 734 (2008)(internal citation omitted). As the Fifth Circuit states, in a class action suit, "for each *named* defendant, at least one named plaintiff must have

standing to sue." *Id*. (*citing Calzone v. Hawley*, 866 F.3d 866, 869 (8th Cir. 2017) (emphasis added); *NECA–IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 159 (2d Cir. 2012). "Standing to sue one defendant does not, on its own, confer standing to sue a different defendant." *Id*.

Plaintiffs lack standing to bring their claims against the Austin Division Prosecutor Defendants because there is no allegation they have suffered, or imminently will suffer, a concrete and particularized injury fairly traceable to the named Prosecutor Defendants' conduct. *See generally* ECF No. 129, Plaintiffs' Second Amended Class Action Complaint. More specifically, there has been no evidence or testimony offered by Plaintiffs demonstrating any statements, comments, interviews or correspondence by the Austin Division Prosecutor Defendants threatening any enforcement action in response to Plaintiffs' desired conduct—facilitating out of state abortions.

Moreover, the Austin Division Prosecutor Defendants' have each entered into agreed stipulations acknowledging that they will be bound by (1) any preliminary injunctive relief; and (2) any final judgment entered by the Court." ECF No. 31, Agreed Stipulation, page 3 ¶ 6; ECF No. 32, Agreed Stipulation, at page 3 ¶ 6; *see Texas State LULAC v. Elfant,* 52 F. 4th 248, 2022 WL 14782530 (5th Cir. October 26, 2022); *see contra Longoria v. Paxton*, 585 F. Supp. 3d 907 (W.D. Tex. 2022), vacated and remanded, No. 22-50110, 2022 WL 2208519 (5th Cir. June 21, 2022).[2] These stipulations represent "credible contrary evidence" that the threat of prosecution, as it specifically relates to the Austin Division Prosecutor Defendants, is speculative and deprives

---

[2] In *Longoria v. Paxton*, 585 F. Supp. 3d 907 (W.D. Tex. 2022), vacated and remanded, No. 22-50110, 2022 WL 2208519 (5th Cir. June 21, 2022), the Court evaluated standing and held the Defendant District Attorney's agreed stipulation not to prosecute under the challenged statute did not defeat standing because it was temporary and did not affirmatively state that she would comply with any future court order enjoining the statutes enforcement. *Longoria v. Paxton*, 585 F. Supp. 3d 907, 922 (W.D. Tex. 2022), vacated and remanded, No. 22-50110, 2022 WL 2208519 (5th Cir. June 21, 2022).

Plaintiffs' Article III standing against the Austin Division Prosecutor Defendants. *Speech First, Inc. v. Fenves*, 979 F.3d 319, 335 (5th Cir. 2020).

This argument is buttressed by the fact that Plaintiffs have not even alleged that the Austin Division Prosecutor Defendants have taken any steps against the Plaintiffs and there is also clear credible evidence that the Austin Division Prosecutor Defendants acknowledge and respect the Court's jurisdiction to be bound by the final judgment of this Court, as well as any injunctive or declaratory relief rendered under the judgment. See, ECF No. 31 at page 3, ¶¶ 6,7; ECF No. 32, Agreed Stipulation, at page 3 ¶¶ 6,7.

Overall, Plaintiffs have failed to assert non-speculative facts within their Second Amended Complaint supporting an irreparable injury that is both great and immediate and that is traceable to the Austin Division Prosecutor Defendants. Accordingly, the Court lacks subject matter jurisdiction to hear the Complaint against the Austin Division Prosecutor Defendants.

### D. CONCLUSION

This Court lacks subject matter jurisdiction over Plaintiffs' claim related to pre-*Roe* laws against these Defendants because their claim is not ripe and because they have failed to plead any causal link between an alleged injury and these Defendants. Therefore, the Court should dismiss Plaintiffs' claim against the Austin Division Prosecutor Defendants.

WHEREFORE, PREMISES CONSIDERED, Austin Division Prosecutor Defendants Susan R. Deski, Julie Renken, Wiley B. "Sonny" McAfee, José Garza and Fred H. Weber pray that their motion be granted, that Plaintiffs' claim(s) be dismissed without prejudice, and for such relief, both general and special, at law or in equity, to which they are justly entitled.

Respectfully submitted,

/s/ J. Eric Magee
J. Eric Magee
SBN: 24007585
e.magee@allison-bass.com
**ALLISON, BASS & MAGEE, L.L.P.**
A.O. Watson House
402 W. 12th Street
Austin, Texas 78701
(512) 482-0701 telephone
(512) 480-0902 facsimile

**DELIA GARZA**
**TRAVIS COUNTY ATTORNEY**
P. O. Box 1748
Austin, Texas 78767
(512) 854-9415
(512) 854-4808 FAX

By: */s/ Leslie W. Dippel*
Leslie W. Dippel
State Bar No. 00796472
Leslie.Dippel@traviscountytx.gov
Anthony J. Nelson
State Bar No. 14885800
Tony.Nelson@traviscountytx.gov
Patrick T. Pope
State Bar No. 24079151
Patrick.Pope@traviscountytx.gov
**ATTORNEYS FOR DEFENDANT**
**TRAVIS COUNTY DISTRICT**
**ATTORNEY, JOSÉ GARZA**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 4th day of May, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send notification of such filing to each attorney who has made an appearance in this case.

*/s/ J. Eric Magee*
J. Eric Magee