IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **Plaintiffs Fund Texas Choice, et al.,** § § | |
| **Plaintiffs,** § § | |
| v. § § | |
| **José Garza, in his official capacity as Travis County District Attorney; Julie Renken, in her official capacity as Washington County District Attorney; Susan R. Deski, in her official capacity as Burleson County Attorney; Wiley B. "Sonny" McAfee, in his official capacity as Blanco County, Burnett County, Llano County, and San Saba County District Attorney; Fred H. Weber in his official capacity as Caldwell County District Attorney; Joe Gonzales, in his official capacity as Bexar County District Attorney; Toribio Palacios, in his official capacity as Hidalgo County District Attorney; K. Sunshine Stanek, in her official capacity as Lubbock County District Attorney; Gocha Allen Ramirez, in his official capacity as Starr County District Attorney; Bill D. Hicks, in his official capacity as Hudspeth County and El Paso County District Attorney; Ori T. White, in his official capacity as Pecos County District Attorney; Richard E. Glaser, in his official capacity as Fannin County District Attorney; Ryan Sinclair, in his official capacity as Hood County District Attorney; Jacob Putman, in his official capacity as Smith County District Attorney; Shannon D. Thomason; Sadie Weldon; Ashley Maxwell; Zach Maxwell; and Mistie Sharp** § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | **CIVIL CASE NO. 1:22-CV-00859-RP** |
| **Defendants** § | |

## DEFENDANT K. SUNSHINE STANEK'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT PURSUANT TO RULE 12(b)(1)

TO THE HONORABLE JUDGE OF SAID COURT:

  Defendant K. Sunshine Stanek, the elected District Attorney for Lubbock County, Texas,

files this Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1).

Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Rules 12(b)(1) - Page **1**

### A.      INTRODUCTION

In Plaintiffs' Second Amended Class Action Complaint for Declaratory and Injunctive Relief filed on April 20, 2023, Plaintiffs bring this suit against "a defendant class of all Texas District Attorneys and all Texas County Attorneys similarly situated…to challenge any criminal prosecution of, or civil enforcement action against, Plaintiffs under Texas anti-abortion statutes for lawful exercise of their constitutional rights and statutory federal rights." ECF No. 129 at 2.

Prior to Plaintiffs filing their Second Amended Class Action Complaint for Declaratory and Injunctive Relief, the Court entered its order on Plaintiffs' motion for a preliminary injunction (ECF No. 6) and Defendant Ken Paxton's motion to dismiss (ECF No. 110) on February 24, 2023 (ECF No. 120). The Court dismissed all claims asserted against Defendant Paxton. *Id*. Further, the Court granted, in part, Plaintiffs' motion for a preliminary injunction against the Prosecutor Defendants named in the Plaintiff's First Amended Complaint from enforcing the pre-*Roe* laws. *Id*.

The Order provides that "Plaintiffs contend that statements made by Paxton and *threats from local prosecutors chill their First Amendment rights to speak about and fund abortions.*" *Id*. at 1-2 (emphasis added). Further, the Court states that "Plaintiffs presented evidence that their speech and conduct has been chilled by the Defendants threatening to enforce Texas' abortion laws against those who facilitate out-of-state abortions." *Id*. at 9. The exhibits listed by the Court consisted of comments from Defendant Paxton, State Representative Briscoe Cain, and the Texas Freedom Caucus from statements, interviews, tweets, correspondence… *Id*. at 9-10. There were no exhibits presented related to Prosecutor Defendant K. Sunshine Stanek who was not a named party to this suit at that time. Further, the Court discussed

Plaintiffs' testimony during the preliminary injunction hearing from Anna Rupani, the Executive Director at Fund Texas Choice, Neesha Davé, Deputy Director for the Lilith Fund, Rosann Mariappuram, the Executive Director at Jane's Due Process and Dr. Ghazaleh Moayedi. *Id*. at 10-14. There was no testimony provided by any witness that District Attorney K. Sunshine Stanek had issued any statements, interviews, tweets or correspondence *threatening felony criminal prosecution*.

In response to the Court's Order, the Prosecutor Defendants named in the Plaintiff's First Amended Petition filed their Response to Plaintiffs' Motion for Certification of Defendant Class on March 24, 2023 (ECF No. 122), and shortly thereafter, filed their Joint Motion to Dismiss First Amended Complaint on March 29, 2023. (ECF No. 124).

On April 11, 2023, Plaintiffs filed their Motion for Leave to File their Second Amended Complaint and Join Parties. (ECF No. 126). The following day, Plaintiffs filed their Unopposed Motion for Extension of Time to Respond to Defendants' Motion to Dismiss and to File Reply in Support of Motion for Class Certification on April 12, 2023. The Court entered a text order granting Plaintiffs' Motion for Leave to File Second Amended Complaint on April 20, 2023, and mooting the then named Prosecutor Defendants' Motion to Dismiss. Plaintiffs' Second Amended Complaint is now the operative pleading and added District Attorney K. Sunshine Stanek as a Defendant party for the first time in this matter. (ECF No. 129).

In response to Plaintiffs' Second Amended Compliant, Defendant Stanek urges that the Court lacks jurisdiction over this action asserted against her. Therefore, this Court should dismiss Plaintiffs' suit asserted against Defendant Stanek.

## B. MOTION TO DISMISS PURSUANT TO 12(b)(1)[1]

**1. Lack of Subject Matter Jurisdiction**

A motion brought pursuant to Federal Rules of Civil Procedure 12(b)(1) seeks dismissal based on the ground that the court lacks subject matter jurisdiction over the action. FED. R. CIV. P. 12(b)(1). The federal courts' jurisdiction is limited, and federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties and the amount in controversy exceeds the jurisdictional minimum. *See* 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. §1331. A claim "arises under" federal law when the federal question is presented on the face of the plaintiff's well-pleaded complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004).

A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Such a motion may be decided by the court on one of three bases: (1) the complaint alone; (2) the complaint and the undisputed facts in the record; or (3) the complaint, the undisputed facts in the record, and the court's own resolution of disputed facts. *Ynclan v. Dep't of the Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). In a Rule 12(b)(1) motion, the burden of proving that jurisdiction does exist falls to the party asserting jurisdiction. *Ramming*, 281 F.3d at 161. The motion to dismiss should only be granted "if it

---

[1] In their Second Amended Complaint, Plaintiffs have only asserted official capacity claims against Defendant Stanek for prospective injunctive and declaratory relief. *See* ECF No. 129 at ¶¶ 69 - 73. To the extent Plaintiffs' allegations may be interpreted as claims against Defendant Stanek in her individual capacity, Defendant Stanek asserts her entitlement to absolute prosecutorial immunity and qualified immunity, and expressly reserves her right to more fully brief these affirmative defenses as ordered by the Court or in her Reply to Plaintiffs' Response to Defendant Stanek's Motion to Dismiss.

appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.* (citation omitted).

### (a) The Court Lacks Jurisdiction over Defendant Stanek because there is No Case or Controversy.

#### (i) Plaintiffs' Claim against Defendant Stanek is Not Ripe.

In determining whether to dismiss a federal declaratory judgment action, the court applies a three-step inquiry: (1) whether the declaratory action is justiciable, a threshold issue; (2) if it has jurisdiction, whether the court has the authority to grant declaratory relief in the present action; and (3) if it has jurisdiction and authority, whether to exercise its broad discretion to decide or dismiss the action. *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 387 (5th Cir. 2003).

If the action is not ripe for adjudication and therefore not justiciable, the court need not reach the second or third steps. *Shields v. Norton*, 289 F.3d 832, 837 (5th Cir. 2002) ("[W]e must not proceed until the issue is ripe—until we have that case or controversy."). Thus, even actions for declaratory relief, which by design permit pre-enforcement review, require the presence of an actual "case" or "controversy." *United Transp. Union*, 205 F.3d 851, 857 (5th Cir. 2000); *see also Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000) (recognizing that although "applying the ripeness doctrine in the declaratory judgment context presents a unique challenge..., a declaratory judgment action, like any other action, must be ripe in order to be justiciable."); *Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 544 (5th Cir. 2008) ("[A] ripeness inquiry is often required when a party is seeking pre-enforcement review of a law or regulation.").

Defendant Stanek asserts Plaintiffs' request for declaratory relief is not ripe, and therefore not justiciable. "A court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical." *Urban Developers LLC v. City of Jackson, Miss.*, 468 F.3d 281, 295 (5th Cir. 2006) (*quoting New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 833 F.2d 583, 586 (5th Cir. 1987)). Further, "[a] claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Id*. (*quoting Texas v. United States*, 523 U.S. 296 (1998)).

At present, Plaintiffs' claims only have allegations of contingencies and speculation that impede judicial review. The Court noted that at the time of the ruling (ECF No. No. 120) on Plaintiffs' motion for a preliminary injunction (ECF No. 6) and Defendant Ken Paxton's motion to dismiss (ECF No. 110), the speculative nature of Plaintiffs' claims as "[t]he extent to which local prosecutors intend to prosecute abortion funds for facilitating out-of-state abortions will become clear as this litigation progresses." *Id*. at 33. There is no allegation and no evidence alleged in the Second Amended Complaint that Defendant Stanek has stated or demonstrated such an intent in any manner. Accordingly, the allegations set forth in the Second Amended Complaint still fail to state a claim against Defendant Stanek for which this Court has jurisdiction.

> *(ii)* ***Plaintiffs Lack Article III Standing Because They Have Failed to Plead a Causal Connection Between Their Alleged Injury and Any Actions of Defendant Stanek.***

The subject-matter jurisdiction of federal courts is limited to "Cases" and "Controversies." U.S. CONST. art. III, § 2. "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, (1992). To establish standing, the plaintiff must show "(1) that he or she

suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." *Daves v. Dallas Cnty., Tex.*, 22 F.4th 522, 541–42 (5th Cir. 2022) (*quoting Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615, 1618 (2020). Specifically, Plaintiffs "must demonstrate 'personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" *Id.*; *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006).

The courts have determined that the plaintiff "bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561). At the preliminary-injunction stage, "the plaintiffs must make a 'clear showing' that they have standing to maintain the preliminary injunction." *Id.* (*quoting Barber v. Bryant*, 860 F.3d 345, 352 (5th Cir. 2017). "[A] plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Id.* (quoting *Davis v. Federal Election Comm'n*, 554 U.S. 724, 734 (2008) (internal citation omitted). As the Fifth Circuit states, in a class action suit, "for each *named* defendant, at least one named plaintiff must have standing to sue." *Id.* (*citing Calzone v. Hawley*, 866 F.3d 866, 869 (8th Cir. 2017) (emphasis added); *NECA–IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 159 (2d Cir. 2012). "Standing to sue one defendant does not, on its own, confer standing to sue a different defendant." *Id*.

Plaintiffs lack standing to bring their claims against Defendant Stanek because there is no allegation they have suffered, or imminently will suffer, a concrete and particularized injury fairly traceable to Defendant Stanek's conduct. *See generally* ECF No. 129, Plaintiffs' Second Amended Class Action Complaint. More specifically, there has been no evidence or testimony offered by Plaintiffs demonstrating any statements, comments, interviews, correspondence, or

other action by Defendant Stanek threatening any enforcement action in response to Plaintiffs' desired conduct—facilitating out of state abortions. Defendant Stanek has not taken any steps against the Plaintiffs.

Overall, Plaintiffs have failed to assert non-speculative facts within their Second Amended Complaint supporting an irreparable injury that is both great and immediate and that is traceable to Defendant Stanek. Accordingly, the Court lacks subject matter jurisdiction to hear the Complaint against Defendant Stanek.

### D. CONCLUSION

This Court lacks subject matter jurisdiction over Plaintiffs' claims related to pre-*Roe* laws against Defendant Stanek because their claims are not ripe and because they have failed to plead any causal link between an alleged injury and Defendant Stanek. Therefore, the Court should dismiss Plaintiffs' claims against Defendant Stanek.

WHEREFORE, PREMISES CONSIDERED, Defendant K. Sunshine Stanek prays that her motion be granted, that Plaintiffs' claims be dismissed without prejudice, and for such relief, both general and special, at law or in equity, to which she is justly entitled.

Respectfully submitted,

**K. SUNSHINE STANEK**
**CRIMINAL DISTRICT ATTORNEY**
**LUBBOCK COUNTY**


*/s/ R. Neal Burt*_____
R. Neal Burt
Texas Bar No. 03475450
nburt@lubbockcounty.gov
Jennifer Irlbeck
Texas Bar No. 24057474
jirlbeck@lubbockcounty.gov
Assistant District Attorneys
Lubbock County CDA

P.O. Box 10536
Lubbock, Texas 79408
Telephone:  (806) 775-1112
Facsimile:  (806) 775-7952

**ATTORNEYS FOR DEFENDANT
K. SUNSHINE STANEK**

## CERTIFICATE OF SERVICE

I certify that on June 20, 2023, this document was served through Certified Mail Return Receipt Requested and electronic mail, upon all counsel of record.

/s/ R. Neal Burt
R. Neal Burt