# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **FUND TEXAS CHOICE, et al.,** | |
| **Plaintiffs,** | |
| **v.** | **Civil Case No. 1:22-cv-859-RP** |
| **JOSÉ GARZA, in his official capacity as District Attorney of Travis County, Texas, et al.,** | |
| **Defendants.** | |

**DECLARATION OF JENNIFER R. ECKLUND**

| | |
|---|---|
| STATE OF TEXAS | § |
| DALLAS COUNTY | § |

1.     My name is Jennifer R. Ecklund.  I am over the age of 18, and suffer from no legal or mental disabilities.  I have personal knowledge of, and full capacity to testify about, the facts stated in this Declaration, which is provided as Exhibit A to Plaintiffs' Motion for Protective Order from Defendant Shannon D. Thomason's Written Discovery Requests served on all Plaintiffs Tuesday, September 12, 2023.

2.     I am a Partner at Thompson Coburn LLP and I represent Plaintiffs in the above-captioned matter.  I either served, or was served with, the originals of all of the exhibits to which I am swearing authenticity in this declaration.  As part of my duties, I also participated in the email correspondence attached to this declaration.

3.     On September 12, 2023, as part of my duties as Plaintiffs' counsel, I received Mr. Thomason's written discovery requests to Plaintiffs, served via email by his counsel Jonathan F. Mitchell.  Counsel for the remaining defendants were not copied on Mr. Mitchell's email to Plaintiffs' Counsel.

4.      Exhibit A-1 through A-10 to this declaration are true and correct copies of Mr. Thomason's written discovery requests to Plaintiffs Fund Texas Choice, The North Texas Equal Access Fund, The Lilith Fund for Reproductive Equity, Frontera Fund, The Afiya Center, West Fund, Jane's Due Process, Clinic Access Support Network, Buckle Bunnies Fund, and Dr. Ghazaleh Moayedi, DO, MPH, FACOG, respectively.  The only change to the original as-served version of these documents is that I have appended an exhibit designation page to the beginning of each document, marking them as Exhibits A-1 through A-10.  I personally compared Exhibits A-1 through A-10 to the originals and certify that, but for the exhibit page, they are true and correct copies and the substantive text is identical to the originals.

5.      On September 12, 2023, I emailed a copy of Mr. Thomason's discovery requests to counsel for Defendants Garza, McAfee, Deski, Weber, Renken, Glaser, Sinclair, Putman, Gonzales, Palacios, and Ramirez, on behalf of Plaintiffs.  In my correspondence to counsel for the above Prosector Defendants, I explained that Mr. Thomason's discovery requests to Plaintiffs relate to conduct that Mr. Thomason  asserts may form the basis for criminal or civil liability under Texas law.  Therefore, on behalf of Plaintiffs,  I requested that the Prosecutor Defendants review and respond regarding whether they believe that the conduct described in the discovery is criminal under the Trigger Ban or the pre-*Roe* statutes declared void by *Roe v. Wade*, whether they will agree not to prosecute Plaintiffs on the basis of any information revealed in response to the requests, and whether Section 87.011(3)(B) of the Texas Local Government Code had any impact on their ability to answer the prior questions.  I have personal knowledge of this email correspondence because I prepared and sent it.

6.      Between September 12 and September 15, 2023, counsel for Defendants McAfee, Deski, Weber, Renken, Glaser, Sinclair, Gonzales, Palacios, Ramirez, Putman, and Garza, respectively, responded to me that they will not answer the questions I asked in my September 12, 2023 email, in the absence of formal discovery

7.      Exhibits A-11 through A-16 are true and correct copies of the responses from counsel for Defendants McAfee, Deski, Weber, Renken, Glaser, Sinclair, Gonzales, Palacios,

Ramirez, Putman, and Garza, respectively, that I received in response to my September 12, 2023, email. I received all of these emails in the course of my representation of Plaintiffs in this matter. The copies attached as Exhibits A-11 through A-16 are true and correct copies of the emails as-sent. The only change to the original as-sent version of these documents is that I have appended an exhibit designation page to the beginning of each document, marking them as Exhibits A-11 through A-16. I personally compared Exhibits A-11 through A-16 to the originals and certify that, but for the exhibit page, they are true and correct copies and the substantive text is identical to the originals.

8.      On September 15, 2023, I replied to all counsel for the Prosecutor Defendants. I reiterated that Mr. Thomason appears to believe that Plaintiffs' conduct may be the basis for criminal liability, and much of the discovery is tailored to obtaining facts to that end. As a result, the Prosecutor Defendants' views on criminal liability under the laws at issue in this case are relevant to a 5th Amendment analysis by the Plaintiffs as well. I have personal knowledge of this email correspondence because I prepared it and coordinated its sending.

9.      A true and correct copy of my September 15, 2023, email is attached as Exhibit A-17. The only change to the original as-sent version of this document is that I have appended an exhibit designation page to the beginning, marking it as Exhibit A-17. I personally compared Exhibit A-17 to the original and certify that, but for the exhibit page, it is a true and correct copy and the substantive text is identical to the original.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 26, 2023.**

_____
Jennifer R. Ecklund