**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **FUND TEXAS CHOICE, et al.,** | |
| **Plaintiffs,** | |
| **v.** | **Civil Case No. 1:22-cv-859-RP** |
| **JOSÉ GARZA, in his official capacity as District Attorney of Travis County, Texas, et al.,** | |
| **Defendants.** | |

### PLAINTIFFS' OPPOSITION TO SB 8 DEFENDANTS' MOTION TO DEFER CONSIDERING OR SUMMARILY DENY PLAINTIFFS' SUMMARY JUDGMENT MOTION

Defendants Shannon D. Thomason, Sadie Weldon, Ashley Maxwell, Mistie Sharp, and Zach Maxwell's (collectively, "SB8 Defendants'") Motion to Defer Considering or Summarily Deny Plaintiffs' Summary Judgment Motion ("Rule 56(d) Motion") (ECF 217) asks this Court to indefinitely delay its consideration of purely legal issues—namely, whether Texas Senate Bill 8 ("SB8") passes constitutional muster. There is ample evidence already before the Court that Plaintiffs Fund Texas Choice, The North Texas Equal Access Fund, The Lilith Fund for Reproductive Equity, Frontera Fund, The Afiya Center, West Fund, Jane's Due Process, Clinic Access Support Network, Buckle Bunnies Fund, and Dr. Ghazaleh Moayedi, DO, MPH, FACOG have standing to pursue their claims for declaratory and injunctive relief against the SB8 Defendants. And the SB8 Defendants have not identified any specific discovery that would yield specific disputed material facts needed to oppose Plaintiffs' summary judgment motion ("MSJ"), which is required by Rule 56(d). *See MDK Sociedad De Responsabilidad Limitada v. Proplant Inc.*, 25 F.4th 360, 366 (5th Cir. 2022).

The SB8 Defendants' Rule 56(d) Motion is nothing more than another step in their ongoing effort to unreasonably delay this case. SB8 is, and always has been, unconstitutional. Plaintiffs established the Court's jurisdiction and put forward all of the legal reasons why that conclusion is inevitable weeks ago. SB8 Defendants seek to chill Plaintiffs' constitutional rights through unnecessary, irrelevant, and harassing discovery related to an unconstitutional law in order to further delay this Court's ruling on pure issues of law. The Rule 56(d) Motion should be denied.

## I.       RELEVANT FACTUAL BACKGROUND

Plaintiffs filed their Second Amended Complaint ("SAC") on April 20, 2023 (ECF 129). All of Plaintiffs' claims against the SB8 Defendants: (1) assert facial challenges to SB8 under the U.S. Constitution and/or other federal law; and (2) seek declaratory judgment and injunctive relief against the SB8 Defendants as the designated and self-identified enforcers of SB8. (*Id.* at 65-78.)[1] All Defendants filed motions to dismiss, including the SB8 Defendants, who claimed (1) they are improperly joined in the case and (2) venue in this Court is improper. (ECF 161-67.) Briefing on all of the motions to dismiss was completed on August 9, 2023, and those motions remain pending before the Court. (ECF 161-167, 147-78, 198-204).

On August 4, 2023, Plaintiffs sought leave to exceed the page limitations in their Motion for Summary Judgment against SB8 Defendants ("SB8 MSJ"), which the SB8 Defendants opposed. (ECF 197, 206.) Plaintiffs attached a copy of the proposed SB8 MSJ and the related appendix to their motion. (*See* ECF 197-1.) This Court granted Plaintiffs' motion and the Clerk of Court filed Plaintiffs' SB8 MSJ on September 11, 2023 (ECF 208, 209). SB8 Defendants have had Plaintiffs' MSJ for two months.

---

[1] Plaintiffs' claims against the DA Defendants raise similar legal challenges to Texas's criminal anti-abortion laws and seek similar relief against the DA Defendants who are the designated enforcers of those criminal statutes. (ECF 129 at 62-73.)

Rather than respond to the legal arguments made in the SB8 MSJ, the SB8 Defendants filed their Rule 56(d) Motion, requesting that the Court defer consideration of the SB8 MSJ until the Court rules on *all* pending motions to dismiss, and until the completion of *all* discovery, and until after the Court rules on a 12(b)(1) motion that the SB8 Defendants have not yet filed.  (ECF 217 at 2-3, 6.)  Alternatively, the SB8 Defendants urge the Court to deny the SB8 MSJ as premature. (ECF 217 at *1).  The Court administratively stayed the SB8 Defendants' deadline to respond to the SB8 MSJ so that it could consider their Rule 56(d) Motion.  (ECF 218).

## II.      ARGUMENT AND AUTHORITIES

None of the arguments in the Rule 56(d) Motion has any merit because (1) Plaintiffs have already submitted significant and sufficient evidence of their Article III standing, and (2) the SB8 Defendants have not even attempted to satisfy their burden under Rule 56(d), let alone done so.

## A.      Plaintiffs have repeatedly established standing under Article III.

The SB8 Defendants' sole argument in support of their request for summary denial of the SB8 MSJ is that they believe Plaintiffs "refuse even to acknowledge their obligation to prove Article III standing" and that their "failure to present any argument or evidence for standing in their brief—is an affront to the Court." (ECF 217 at 1, 7).  At the risk of being redundant, Plaintiffs respectfully direct the Court to the evidence they have already repeatedly provided to establish their standing under Article III, including the evidence contained in the Appendix to the SB8 MSJ. (ECF  4-3 - 4-11; ECF 86-1 at 11-16, 42-44, 47, 54-58, 60-63, 71, 84-87, 114-18, 120-21, 126-30, 153-54, 164-65, 168-69, 189-94, 197, 199-208, 210-12; ECF 177-1; ECF 209 at 60-169, 175-89, 194-95, 200-201, 206-207, 212-13, 217-18, 222-24, 228-30, 234-35, 337-49).  Plaintiffs also included a five-page factual background section in the SB8 MSJ itself that details the very information the SB8 Defendants claim they need to know—(1) whether any Plaintiff has violated

SB8's terms in the past and (2) whether any Plaintiff intends to do so in the future.  The SB8 MSJ

confirms this, and that the SB8 Defendants have all threatened to enforce SB8 against Plaintiffs:

> SB8 became law on September 1, 2021, before the U.S. Supreme Court's decision in *Dobbs v. Jackson Women's Health Org*., 142 S. Ct. 2228 (2022). ECF 120 at 6; Senate Bill 8, 87th Leg., Reg. Sess. (Tex. 2021).
>
> . . .
>
> During the two days that this Court's injunction [in *U.S. v. Texas*] was in effect, 'post-cardiac' abortions resumed in Texas, as Defendants Thomason, Weldon, and A. Maxwell have pleaded in actions seeking pre-litigation discovery to support potential SB8 claims in Texas state court. See TEX. R. CIV. P. 202; Exs. A-1 – A-3.  During that time, certain Plaintiffs assisted Texans in obtaining abortions (in Texas) without regard to whether cardiac activity may have been detectable. *See* Exs. A-3 – A-5, A-9 (threat to TEA Fund regarding abortions funded during injunction); A-1, A4 – A-5, A-8 (threat to Lilith Fund regarding abortions funded during injunction), A-4 – A-6.  When the Fifth Circuit stayed this Court's injunction, post-cardiac activity abortions in Texas largely stopped, as did Plaintiffs' efforts to assist Texans to obtain abortions in Texas.
>
> At that time (while SB8 was in effect, but before *Dobbs* was decided), Plaintiffs started to undertake limited work helping pregnant Texans seeking to obtain abortions in states where abortion remained legal. *See* ECF 120 at 10–13, 19 (summarizing the testimony of Anna Rupani of Fund Texas Choice, Neesha Davé of the Lilith Fund, and Rosann Mariappuram of Jane's Due Process).  Following the release of the *Dobbs* opinion, virtually every Plaintiff either restricted its activities to advocacy or to advocacy plus helping Texans access legal non-abortion care in Texas.  While Plaintiffs only provided assistance for post-cardiac activity abortions in Texas during the injunction period in *U.S. v. Texas* or for abortions occurring in other states where they remain legal, this did not stop the SB8 Defendants' threats to enforce SB8 against Plaintiffs (and others like them):
>
> > • On May 31, 2022, Ms. Sharp submitted a sworn declaration to this Court in *Davis v. Sharp* . . . stating that she was 'interested only in suing the abortion funds – the actual entities rather than the individuals – that pay for abortions in violations of [SB8].' Ex. A-7 at ¶ 7.
> >
> > • The same day, Ms. Weldon submitted a sworn declaration to this Court in *Davis v. Sharp*, explaining that she had 'no interest in suing anyone other than the individuals or organizations that aided or abetted the illegal post-heartbeat abortions described in Ms. Dave's sworn declaration' and that she had 'no interest in suing any abortion fund or individuals involved with abortion funds apart from the Lilith Fund and those who aided or abetted the illegal post-heartbeat abortions described in Ms. Dave's sworn declaration.' Ex. A-8 at ¶ 9.3

• Also on the same day, Ms. Maxwell submitted a sworn declaration to this Court in *Davis v. Sharp* that was virtually identical to the declaration that Ms. Weldon submitted except that her intentions are to sue 'TEA Fund and those who aided or abetted the illegal post-heartbeat abortions described in Ms. Conner's sworn declaration.' Ex. A-9 at ¶ 9.4

• On July 7, 2022, several members of the Texas House of Representatives calling themselves 'the Texas Freedom Caucus' sent a letter to the law firm of Sidley Austin, claiming that assisting Texans who access legal abortion care outside the state violates the Pre-Roe Statues and that paying for out-of-state post-cardiac abortions or the related travel violates SB8 if 'the patient ingested the second drug in Texas after receiving the drugs from an out-of-state provider.' Ex. A-10.

• Also on July 7, 2022, Jonathan Mitchell—who is counsel for the SB8 Defendants in this lawsuit (and other court cases initiated by the SB8 Defendants )—sent three letters from his office in Austin, Texas on behalf of SB8 Defendant Thomason to counsel for Plaintiffs. Exs. A-4 – A-6. These letters mirrored the July 7, 2022 Texas Freedom Caucus Letter, including a lengthy direction to Plaintiffs (and counsel)5 that all documents and information related to certain abortions must be retained. *See* Exs. A-4- A-6, A-10.6.

• On September 1, 2022, Defendant Zach Maxwell filed a Rule 202 Petition in Texas state court seeking pre-suit discovery from Makayla Montoya-Frazier of Plaintiff Buckle Bunnies in order to investigate potential SB8 claims against Buckle Bunnies and Ms. Montoya-Frazier based on his assertion that 'if any Texas resident beyond the six-week limit ingested either of those two [medication abortion drugs] in Texas, then the abortion violated the Texas Heartbeat Act, and any abortion fund that aided or abetted the abortion is liable[.]' *See* Ex. A-11 at 6.

(ECF 209 at 9-13.)

All of this evidence confirms that Plaintiffs' injuries are "fairly traceable" to the complained-of conduct undertaken by the SB8 Defendants and that the relief sought is "likely" to redress the plaintiffs' alleged injuries.[2] *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)

---

[2] The Plaintiffs also put forward evidence of their standing in their briefing on the SB8 Defendants' Motion to Dismiss just two months ago. ECF 177-1 at 54:16-55:7; 61:9-62:2; 79:8-21; 85:12-25; 95:16-96:9. In the face of Plaintiffs' repeated submissions of evidence on these issues, the SB8 Defendants' continued accusations that Plaintiffs are "refus[ing] even to acknowledge their

(explaining requirements of constitutional standing).[3]  SB8 Defendants now want to gather every document and depose every witness that might have information about an abortion that they believe violates SB8 or Texas's other abortion laws—their campaign to obtain this information is what underlies this very lawsuit.  And their threats to use such information to enforce SB8 against Plaintiffs (and others) is yet another source of the ongoing chilling of constitutional rights.

The SB8 Defendants' offhanded suggestion that the SB8 MSJ cannot be considered until all discovery is complete is also incorrect.  "The Federal Rules of Civil Procedure give district courts the power to grant summary judgment motions before the parties have completed discovery."  *Proplant Inc.*, 25 F.4th at 366 (citing Fed. R. Civ. P. 56(b)); *see also Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) ("This Court has long recognized that a [party's] entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the [nonmovant] to withstand a motion for summary judgment.").  In fact, "Rule 56 does not require that any discovery take place before summary judgment can be granted." *Mendez v. Poitevent*, 823 F.3d 326, 336 (5th Cir. 2016) (citations omitted).[4]"

---

obligation to prove Article III standing" and the like are at best disingenuous.  Plaintiffs also respectfully submit that future misstatements of this kind would warrant a consideration of sanctions.

[3] Standing for a single Plaintiff is sufficient to confer standing for all Plaintiffs. *McAllen Grace Brethren Church v. Salazar*, 764 F.3d 465, 471 (5th Cir. 2014).

[4] The SB8 Defendants' protestations that no discovery regarding Article III standing has occurred and their patently false assertions that Plaintiffs have not provided evidence of their allegations related to standing are also insufficient to satisfy the Rule 56(d) requirements discussed in Section B below.  *See Proplant Inc.*, 25 F.4th at 366-67 (affirming district court's denial of Rule 56(d) motion because "[i]t simply asserted that no depositions have been held, nor have interrogatories, requests for admission, nor requests for documents been exchanged between the parties," and that the "[movant] has repeatedly failed to provide evidence of its allegations despite numerous opportunities to do so").

**B.      The SB8 Defendants have not satisfied Rule 56(d)'s requirements.**

Under Federal Rule of Civil Procedure 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  The party resisting summary judgment must demonstrate two things: "1) why he needs additional discovery, and 2) how the additional discovery will likely create a genuine issue of material fact.  *Chenevert v. Springer*, 431 F. App'x 284, 287 (5th Cir. 2011).

The nonmovant is not entitled to any sort of continuance under Rule 56(d) if it "fail[s] to explain what discovery [it] did have, why it was inadequate, and what [it] expected to learn from further discovery" and only provides "vague assertions of the need for additional discovery." *Bauer v. Albemarle Corp*., 169 F.3d 962, 968 (5th Cir. 1999) (citing *Reese v. Anderson*, 926 F.2d 494, 499 n. 5 (5th Cir. 1991)) (internal quotation marks omitted).  "Instead, the non-moving party must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'"  *Proplant Inc*., 25 F.4th 360, at 366 (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)).  The SB8 Defendants do not, and cannot, do so.

*First*, the SB8 Defendants have not identified any specific facts that they believe probably or plausibly exist or that could be adduced from specific discovery.  They merely state – albeit repeatedly – that they will pursue discovery about categories of information on standing and venue in a rolling fashion in between yet-to-be filed, but definitely forthcoming motions.  (ECF 217 at

2-4, 6).[5]  But the SB8 Defendants never explain *what* specific facts they are looking for, *why* they need them, or *how* any fact that they seek to uncover and believe exists would impact this Court's jurisdictional or venue analyses or analysis of the legal arguments in the SB8 MSJ.  *Proplant Inc.*, 25 F.4th at 366 ("Non-moving parties requesting Rule 56(d) relief may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts.").

*Second*, the SB8 Defendants claim generally that they need to know whether any of the Plaintiffs violated SB8 in the past, or whether they intend to do so in the future.  (ECF 217 at 3). Again, they already have this information, provided multiple times, and included in the Appendix to the SB8 MSJ itself.  (ECF 4-3 - 4-11; ECF 42-1; ECF 58-1; ECF 86-1 at 11-16, 42-44, 47, 54-58, 60-63, 71, 84-87, 114-18, 120-21, 126-30, 153-54, 164-65, 168-69, 189-94, 197, 199-208, 210-12; ECF 129-1, 129-2, 129-3, 129-4, 129-25, 129-26, 129-27, 129-28, 129-29, 129-30, 129-31, 129-32, 129-33; ECF 177-1; ECF 209 at 60-169, 175-89, 194-95, 200-201, 206-207, 212-13, 217-18, 222-24, 228-30, 234-35, 337-49).[6]  The SB8 Defendants do not explain how any other information could impact the Court's standing analysis.

---

[5] The SB8 Defendants have followed through on their threat to pursue discovery, requesting 18 depositions of Plaintiffs and serving 220 RFPS, 477 Interrogatories (including subparts), and 460 RFAs on Plaintiffs since September 12, 2023.  None of the discovery served is proper or relevant. The vast majority of it impermissibly seeks information protected from disclosure by the First Amendment and other federal law, is wholly irrelevant to any issue in the case, seeks privileged communications between Plaintiffs and their lawyers, and/or improperly seeks legal conclusions. Plaintiffs have already filed a motion for protection related to some of this discovery and will file additional motions for protection related to the SB8 Defendants' ongoing abuse of the discovery process.  Examples of the additional discovery served by SB8 Defendants are included in the Appendix to this Opposition.
[6] The SB8 Defendants' statement (and their counsel's related sworn testimony) that "[t]he SB 8 defendants *will* move to dismiss the plaintiffs' claims for lack of Article III standing and lack of subject-matter jurisdiction *after* they complete discovery into these jurisdictional matters" and that "a Rule 12(b)(1) motion *will be* forthcoming, and the Court will be obligated to resolve these soon-to-be-filed jurisdictional objections before considering the plaintiffs' summary-judgment motion" (ECF at 217 at 6, 217-1 at 4 (emphasis added)), only further confirm the point that discovery is not needed.  The clear implication of these statements is *that no matter what discovery reveals*, the SB8 Defendants will continue their dilatory tactics of filing baseless motions attacking the Court's

*Third*, while SB8 Defendants assert that they "intend to contest venue under 28 U.S.C. § 1391(b)(2) when responding to the plaintiffs' motion for summary judgment" and therefore need vague and unspecified discovery about: (a) whether and to what extent the "events or omissions giving rise to" the plaintiffs' claims occurred in the western district of Texas . . . ; and (b) the location of the plaintiffs' alleged Article III injuries," (ECF at 217 at 2), they—again—already have these facts and evidence.  They raised their venue challenges in their Motion to Dismiss and those issues are fully briefed on the record that already exists, including "evidence" submitted by SB8 Defendants (ECF 167 at 10-12; ECF 167-3 – 167-7).[7]  The fact that the SB8 Defendants seemingly intend to repeatedly challenge this Court's determination of venue once that determination is made does not satisfy Rule 56(d).

*Fourth*, the SB8 Defendants nonsensically claim they are "entitled to know" this Court's conclusions and rulings about their already-briefed venue challenges before they propound discovery "so they can know how they should contest venue and build a factual case against it" (ECF 217 at 3).  Whatever legal conclusions this Court reaches based on the settled law of venue and the factual record before it, those conclusions cannot change the facts relevant to venue.[8]  Nor is there a strategic way to propound discovery in a manner that will change venue (or any other) facts.  Simply put, the SB8 Defendants have not identified any specific discovery that would

---

jurisdiction.  Regardless, such vague assertions of a general future litigation plan and need for discovery are not sufficient under Rule 56(d).  *Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) ("[N]on-moving parties requesting Rule 56(d) relief may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." (cleaned up)).

[7] Plaintiffs provided evidence related to venue in their briefing, too.  (ECF 177-1).

[8] *See Proler Steel Corp. v. Luria Bros. & Co.*, 225 F. Supp. 412, 413 (S.D. Tex. 1964) ("It is well settled that venue and jurisdiction are determined by the facts as they exist at the time the action is filed."); *Horihan v. Hartford Ins. Co. of the Midwest*, 979 F. Supp. 1073, 1076 (E.D. Tex. 1997) (same); *Fernandez-Lopez v. Hernandez*, No. DR-19-CV-46-AM/CW, 2020 WL 9396487, at *16 (W.D. Tex. Nov. 20, 2020) (same).

change the already established facts that each of the SB8 Defendants took actions in this district, and often in this very Court, that inflicted harm on the Plaintiffs, and that several Plaintiffs reside in this district and therefore felt the threats and associated injuries where they reside.

*Finally*, the SB8 Defendants claim that the Court should defer its consideration of the SB8 MSJ until after the Court issues its decisions on the DA Defendants' motions to dismiss. But the SB8 MSJ only seeks summary judgment on the purely legal claims asserted against the *SB8 Defendants*. Setting aside the bizarre nature of the request, Plaintiffs may—and in fact should— continue to prosecute their claims while awaiting a ruling on pending motions to dismiss. FED. R. CIV. P. 41(b). The Court is fully capable of determining the appropriate order in which to rule on pending issues while having dispositive motions from all parties before it. *Daniels v. Jackson*, No. 3:20-cv-00842, 2021 WL 4142398 (N.D. Tex. Aug. 26, 2021) (ruling on Defendants' pending motions to dismiss concurrently with ruling on Plaintiff's motion for partial summary judgment and motion for default judgment). Similarly, the Court is fully empowered to grant partial summary judgment should it determine that only certain of Plaintiffs' claims against the SB8 Defendants can be fully resolved now as a matter of law.

## CONCLUSION

The SB8 Defendants' bare desire that this Court hold this case in indefinite limbo without offering any specifics about what disputed material fact they believe may be adduced in discovery is insufficient to warrant any relief under Rule 56(d)—particularly when the extension subjects Plaintiffs to the ongoing injury at the core of Plaintiffs' claims. Plaintiffs' constitutional rights are being violated every day that SB8 Defendants are authorized to enforce SB8, and there is no justification for delay when there are no material fact issues and the Court is more than capable of evaluating any legal issues raised by the SB8 MSJ in appropriate order.

Dated: October 2, 2023

Respectfully submitted,

By: */s/ Jennifer R. Ecklund*

Jennifer R. Ecklund
Texas Bar No. 24045626
jecklund@thompsoncoburn.com

Elizabeth G. Myers
Texas Bar No. 24047767
emyers@thompsoncoburn.com

Nicole L. Williams
Texas Bar No. 24041784
nwilliams@thompsoncoburn.com

Allyn Jaqua Lowell
Texas Bar No. 24064143
alowell@thompsoncoburn.com

John Atkins
Texas Bar No. 24097326
jatkins@thompsoncoburn.com

Elizabeth Rocha
Texas Bar No. 24127242
erocha@thompsoncoburn.com

Sarah E. Hillier
Texas Bar No. 24130087
shillier@thompsoncoburn.com

**THOMPSON COBURN LLP**
2100 Ross Avenue, Suite 3200
Dallas, Texas 75201
Telephone: 972/629-7100
Facsimile: 972/629-7171

Alexandra Wilson Albright
Texas Bar No. 21723500
aalbright@adjtlaw.com

Marcy Hogan Greer
Texas Bar No. 08417560
mgreer@adjtlaw.com

- 11 -

515 Congress Ave., Suite 2350
Austin, TX 78701-3562
Telephone: 512/482-9300
Facsimile: 512/482-9303


Kevin Dubose
Texas Bar No. 06150500
kdubose@adjtlaw.com
1844 Harvard Street
Houston, TX 77008
Telephone: 713/523-2358
Facsimile: 713/522-4553

Kirsten M. Castañeda
Texas Bar No. 00792401
kcastaneda@adjtlaw.com
8144 Walnut Hill Lane, Suite 1000
Dallas, TX 75231-4388
Telephone: 214/369-2358
Facsimile: 214/369-2359

**ALEXANDER DUBOSE &
JEFFERSON, LLP**

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2023, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.

*/s/ Jennifer R. Ecklund*
Jennifer R. Ecklund