IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| FUND TEXAS CHOICE, et al.,<br><br>　　Plaintiffs,<br>v.<br><br>JOSÉ GARZA, in his official capacity as District Attorney of Travis County, Texas, et al.,<br><br>　　Defendants. | Civil Case No. 1:22-cv-00859-RP |

PLAINTIFFS' MOTION FOR PROTECTIVE ORDER FROM,
AND REQUEST FOR STAY OF, DISCOVERY SERVED BY SB8 DEFENDANTS

Plaintiffs Fund Texas Choice, The North Texas Equal Access Fund, The Lilith Fund for Reproductive Equity, Frontera Fund, The Afiya Center, West Fund, Jane's Due Process, Clinic Access Support Network, Buckle Bunnies Fund, and Dr. Ghazaleh Moayedi, DO, MPH, FACOG ("Plaintiffs") move for (1) a protective order under Federal Rule of Civil Procedure 26(c) and (2) a related stay of all discovery served by the SB8 Defendants, and in support thereof state as follows:

I.　　INTRODUCTION AND FACTUAL BACKGROUND

Since September 12, 2023, the SB8 Defendants have served Plaintiffs with 272 interrogatories, 175 requests for production, and 542 requests for admission. Ex. A (Declaration of E. Myers).[1] More specifically, counsel for the SB8 Defendants:

---

[1] Though each set of discovery was served in the name of a single SB8 Defendant, they all include numerous requests for information related to the other SB8 Defendants, with some requests asking for information about all SB8 Defendants (*see, e.g.,* Ex. A-2, Rog Nos. 1, 12-16; RFP Nos. 1, 12-14; RFA Nos. 1, 12). Though some of these requests have now been withdrawn, they were withdrawn without prejudice and with the express intent to re-serve them at a later date. *See* Ex. A-3 (October 26, 2023 e-mail from Jonathan F. Mitchell).

- Served each Plaintiff on September 12, 2023 with discovery requests on behalf of Defendant Shannon D. Thomason ("Thomason Requests"). *See* ECF 220-2 – 220-11.[2]

- Served Plaintiffs with an additional set of interrogatories on behalf of Defendant Mistie Sharp ("Sharp Requests") on September 28, 2023. Ex. A (Dec. of E. Myers); Ex A-1 (Sharp Requests). The Sharp Requests were served two days after Plaintiffs filed their motion for protection from the Thomason Requests and, like the Thomason Requests, improperly seek private, constitutionally protected information about individuals who are not parties to this case, are overly broad and harassing given the record already before the Court, and pose direct threats to Plaintiffs' staff and volunteers' constitutional rights under both the First and Fifth Amendments. *Id.*[3]

- Served Plaintiffs with another set of discovery on behalf of Defendant Zach Maxwell ("Z. Maxwell Requests") two days later, on September 30, 2023. Ex. A (Dec. of E. Myers); Ex. A-2 (Z. Maxwell Requests). These requests, too, are overly broad and wholly irrelevant to the legal issues before this Court, and plainly intended to further harass Plaintiffs and to chill Plaintiffs' exercise of their constitutional rights.

- Re-served all Plaintiffs with amended requests on behalf of Mr. Thomason on October 10, 2023, ("Amended Thomason Requests") after withdrawing, without prejudice, the Thomason Requests. ECF 234-1; ECF 234-2.

On October 19, 2023, counsel for Plaintiffs and SB8 Defendants conferred regarding the Sharp Requests and the Z. Maxwell Requests. ECF 234-3. That conference resulted in counsel

---

[2] On September 26, 2023, Plaintiffs' moved for a protective order because the Thomason Requests were overly broad, harassing, and irrelevant to the legal issues raised in this case, and because they sought private and constitutionally protected information about pregnant Texans that the Plaintiffs have assisted, Plaintiffs' donor lists, the names of doctors who have provided care to Texans. ECF 219. Two weeks later, counsel for the SB8 Defendants withdrew, without prejudice, the initial Thomason Requests and re-served all Plaintiffs with amended requests on behalf of Mr. Thomason. ECF 234-1; ECF 234-2. Plaintiffs included the Amended Thomason Requests in their reply in support of the pending motion for protective order because the amended versions removed only the most facially egregious requests and still improperly sought almost all of the same information, despite some altered phrasing. ECF 234. Plaintiffs' first motion for protection is fully briefed and awaiting resolution by this Court.

[3] The majority of the Sharp Requests also improperly call for legal conclusions, and all of them seek information that is irrelevant to the legal issues raised by Plaintiffs' claims and the SB8 Defendants' asserted legal defenses. *Id.*

for the SB8 Defendants: (1) withdrawing five of the Z. Maxwell Requests with prejudice; and (2) withdrawing 20 of the Z. Maxwell Requests *without* prejudice to reserving them at a future date, leaving 32 Z. Maxwell Requests pending per Plaintiff. Ex. A-3. Counsel for the SB8 Defendants refused to withdraw any of the Sharp Requests. Ex. A (Dec. of E. Myers). Because all of the still-pending Z. Maxwell Requests and all of the Sharp Requests are improper, irrelevant, overly broad, and infringe core constitutional rights, Plaintiffs respectfully request a protective order relieving them of any obligation to respond to them. Plaintiffs also respectfully submit that the SB8 Defendants and their counsel have repeatedly abused the discovery process in this case, that they will continue to propound unnecessary and clearly harassing discovery. Plaintiffs therefore respectfully request a stay of all pending and future discovery served by the SB8 Defendants until at least one week after this Court rules on Plaintiffs' first Motion for Protective Order (ECF 219) and the instant Motion.[4]

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) permits a court to, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Good cause requires the movant to "show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (citation omitted).

---

[4] Counsel for Plaintiffs conferred in good faith with counsel for SB8 Defendants regarding the request to stay all discovery served by the SB8 Defendants via email and were not able to reach an agreement. *See* Exhibit A (Dec. of E. Myers).

### III.    ARGUMENT AND AUTHORITIES

The Sharp Requests and the still-pending Z. Maxwell Requests are all objectionable and improper.

**A.    The Sharp and Z. Maxwell Requests are irrelevant to the claims and defenses in this matter, and the burden imposed by them is not proportional to the needs of the case.**

Plaintiffs' claims against the SB8 Defendants pose pure legal questions regarding the constitutionality of SB8.  ECF 129 at 197-267.  There is no material fact issue in dispute because the SB8 Defendants have already made clear their intentions to enforce SB8 against Plaintiffs.  ECF 209 at 60-140, 142-151, 160, 166, 171-73, 175-89.  Defendant Z. Maxwell specifically invoked SB8 as the basis for a Rule 202 petition against the founder of Plaintiff Buckle Bunnies.  ECF 129-31.  And Defendant Sharp has repeatedly confirmed her intention to enforce SB8 against Plaintiffs in sworn statements before this Court.  ECF 129-32 ("I am interested in suing only the abortion funds—the actual entities rather than the individuals—that pay for abortions in violation of Senate Bill 8.").[5]  There is simply no doubt that Defendants Sharp and Z. Maxwell believe SB8 is a valid law that they intend to enforce.

Nor is there any serious doubt that Plaintiffs have standing against the SB8 Defendants to bring their claims asserting SB8 is constitutionally void.  Every single Plaintiff has sworn under oath either that: (1) they facilitated an abortion without regard to SB8 during this Court's injunction of SB8; (2) they want to engage in behavior that arguably violates the terms of SB8; and/or (3) they have refrained from undertaking certain activities because they fear the enforcement of SB8.  ECF 4-3 - 4-11; ECF 86-1 at 11-16, 42-44, 47, 54-58, 60-63, 71, 84-87, 114-18, 120-21, 126-30, 153-54, 164-65, 168-69, 189-94, 197, 199-208, 210-12; ECF 177-1.  Nothing more is needed.

---

[5] *See also* ECF 129-33 ("I have an interest in preserving my state-law right to sue abortion funds that violate the Texas Heartbeat Act [SB8] … Specifically, I intend to sue only abortion funds who pay for other's peoples abortions in violation of Senate Bill 8.").

Therefore, all of the Sharp and Z. Maxwell Requests are irrelevant, and the time and expense it would cost Plaintiffs to respond to such requests is disproportionate to any potential benefit, which is zero.[6]

None of the information sought in the Sharp and Z. Maxwell Requests has any bearing on the legal issues before the Court. Defendant Sharp, like Defendant Thomason before her, is essentially seeking the identities of pregnant Texans who have obtained care, and those who helped them access the care they needed—and by proxy, who donates to the Plaintiffs, who volunteers with the Plaintiffs, who works for and with the Plaintiffs, and which out-of-state medical providers help Texans get needed abortion care. Ex. A-1, Rog Nos. 2-6. This information has nothing to do with whether SB8 can withstand constitutional scrutiny. That information will not, and cannot, make SB8 more or less constitutionally valid. As a result, Defendant Sharp's requests are irrelevant and harassing, and the Court should not countenance them.[7]

Similarly, Z. Maxwell's still-pending requests for admission focus on a completely different case, *Lilith Fund for Reproductive Equity v. Dickson*, 662 S.W.3d 355 (Tex. 2023). Ex. A-2, RFA Nos. 18-27. In that case, Plaintiffs Lilith Fund, TEA Fund, and the Afiya Center sued Mark Lee Dickson in Texas state courts for defamation arising from his public statements in 2019 that those organizations were "criminal organizations." *Dickson*, 662 S.W.3d at 358-60. Mr. Dickson filed a motion to dismiss under the Texas Citizen Protection Act, which was denied by

---

[6] *Fed. Trade Comm'n ex rel. Yost v. Educare Ctr. Services, Inc.*, No. EP-19-CV-196-KC, 2020 WL 4334119, at *3 (W.D. Tex. Apr. 15, 2020) ("Proportionality is determined based on a 'calculation' of the factors listed in Rule 26(b): 'the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.'" (citing *Mir v. L-3 Comms. Integrated Sys., L.P.*, 319 F.R.D. 220, 226 (N.D. Tex. 2016))).

[7] *See Fret v. Melton Truck Lines, Inc.*, No. SA-15-CV-00710-OLG, 2018 WL 6220128, at *1 (W.D. Tex. Apr. 4, 2018) (granting defendant's motion for protective order from plaintiff's overbroad and harassing discovery requests).

two state district courts. *Id.* at 360. One of those decisions was upheld on appeal; the other was reversed; and the Texas Supreme Court consolidated the cases for argument and submission. *Id.* The Texas Supreme Court then determined that the motions to dismiss should have been granted because Mr. Dickson's statements were merely "subjective belief" and "invok[ing] a moral premise," and therefore not factual statements that could give rise to a defamation claim. *Id.* at 368-69. Simply put, the *Dickson* case has nothing to do with the instant case, claims, or parties before this Court.[8]

**B.     The Sharp and Z. Maxwell Requests improperly call for legal conclusions.**

Defendant Sharp seeks information on people who "have knowledge of any past violation of the Texas Heartbeat Act" and "have knowledge of any person that intends to violate the Texas Heartbeat Act[.]" Ex. A-1, Rog Nos. 2-3. The answers to those questions are immaterial to the claims lodged in this case, and turn on ultimate legal conclusions about what behavior violates that statute. The requests are therefore improper. *See Warnecke v. Scott*, 79 Fed. App'x. 5, 6 (5th Cir. 2003).[9] Defendant Z. Maxwell's requests go further, asking Plaintiffs to "admit" ultimate legal issues related to a completely separate case in which none of the SB8 Defendants were a party and no overlap of claims exists. *See, e.g.*, Ex. A-2, RFA Nos. 18-27.

While Rule 36 allows litigants to request admissions related to the application of law to facts, it does not allow for requests for admission regarding pure legal conclusions. *In re Carney*,

---

[8] No party in the *Dickson* cases asserted an SB8 claim or challenge to that statute (the statute had not even been passed when the case began). No party asserted a claim under Section 1983. No party challenged the constitutionality of the enforcement of any state statute. No party raised any issue of standing. None of the SB8 Defendants were parties in the case. Counsel for the SB8 Defendants did, however, represent Mark Lee Dickson in that case.

[9] *See also Alvarado v. State Farm Lloyds*, No. 7:14-CV-166, 2015 WL 12941979, at *4 (S.D. Tex. Jan. 29, 2015) ("In effect, Plaintiff's requests either seek admission of legal conclusions or central facts in dispute, rather than undisputed issues of fact or peripheral matters in an effort to expedite proceedings, . . . attempting to use these requests as a discovery device, a tactic clearly prohibited by the Federal Rules and admonished in this circuit.").

258 F.3d 415, 419 (5th Cir. 2001) (citing *Playboy Enterprises, Inc. v. Welles*, 60 F.Supp.2d 1050, 1057 (S.D.Cal. 1999) ("Requests for admissions cannot be used to compel an admission of a conclusion of law.")).  Nor can parties write legal conclusions into their interrogatories.  *See Kassell v. Crafton*, No. A-12-CA-669 LY, 2013 WL 12076484, at *2 (W.D. Tex. Apr. 5, 2013) (denying motion to compel response to interrogatory finding that the question requests a legal conclusion).

C. **The Sharp Requests improperly seek information protected by the First Amendment.**

"A party who objects to a discovery request as an infringement of the party's First Amendment rights is in essence asserting a First Amendment privilege." *La Union Del Pueblo Entero v. Abbott*, No. SA-21-CV-00844-XR, 2022 WL 17574079, at *6 (W.D. Tex. Dec. 9, 2022). The privilege protects a party from compelled disclosure that would chill the associational rights at issue. *Nat'l Ass'n for Advancement of Colored People v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 462-63 (1958).[10]  A party asserting the privilege must make a prima facie showing of an objectively reasonable probability of a chilling effect on their First Amendment rights if the discovery is permitted. *Wal-Mart Stores, Inc. v. Texas Alcoholic Beverage Comm'n*, No. A-15-CV-134-RP, 2016 WL 5922315, at *6 (W.D. Tex. Oct. 11, 2016).  Once that showing is made, the evidentiary burden shifts to the requesting party to establish that its interest in the information sought is sufficient to justify the deterrent effect on the constitutionally protected right of association. *La Union Del Pueblo Entero*, 2022 WL 17574079, at *6.

---

[10] Because Plaintiff Ghazaleh Moayedi is an individual, many of the Sharp Requests also implicate her Fifth Amendment rights.  *See, e.g.*, Ex. A-1, Rog Nos. 2-6.  And all of the individual donors, staff members, and volunteers that associate with the Plaintiffs also have their own First and Fifth Amendment rights.  *See Wehling v. Columbia Broad. Sys.*, 608 F.2d 1084, 1086 (5th Cir. 1979) ("Even if the rules did not contain specific language exempting privileged information, it is clear that the Fifth Amendment would serve as a shield to any party who feared that complying with discovery would expose him to a risk of self-incrimination. The fact that the privilege is raised in a civil proceeding rather than a criminal prosecution does not deprive a party of its protection.").

1. <u>The Sharp Requests aim directly at the Plaintiffs' rights to free association and free speech.</u>

Defendant Sharp seeks, among other things, private and constitutionally protected information about pregnant Texans the Plaintiffs have assisted, Plaintiffs' donors, staff, and volunteers, and the names of doctors who have provided care to Texans outside of the state.[11] While the Sharp Requests do not specifically mention Plaintiffs' clients, staff, donors, board members, or organizational partners in the same way the prior Thomason Requests did, it is obvious that Defendant Sharp and counsel for all of the SB8 Defendants is seeking precisely the same information, which is the identity of Plaintiffs' clients, donors, staff, board members and organization partners that Plaintiffs "believe" may have engaged in certain activities. *See, e.g.*, Ex. A-1, Rog No. 2 ("Identify all persons who you believe have knowledge of any past violation of the Texas Heartbeat Act…").[12]

---

[11] The Sharp Requests are, in essence, the same as the previously served Thomason Requests that are the subject of Plaintiffs' first motion for protection, but phrased more broadly. *Compare* ECF 234-2, Thomason Rog No. 1 ("Identify every person that you believe may have violated the Texas Heartbeat Act (also known as Senate Bill 8), since the statute took effect on September 1, 2021, and explain the conduct that you believe may have violated the Texas Heartbeat Act (also known as Senate Bill 8)."); *with* Ex. A-1, Rog No. 2 ("Identify all persons who you believe have knowledge of any past violation of the Texas Heartbeat Act (also known as Senate Bill 8), and identify the issues upon which you believe they have knowledge."). *Compare* ECF 234-2, Thomason Rog No. 2 ("Identify every person that you believe may have violated the criminal abortion laws of Texas, and explain the conduct that you believe may have violated the state's criminal abortion laws."); *with* Ex. A-1, Rog No. 4 ("Identify all persons … that dispense abortion-inducing drugs to pregnant women residing in Texas and allow or instruct any one of those pregnant women to complete any part of the abortion process in Texas … ); *and* Ex. A-1, Rog No. 5 (Identify all persons … that aid or abet, or assist in any way, the activities described in Interrogatory No. 4 and identify the manner in which they aid or abet or assist those activities.").
[12] *See also* Rog No. 3 ("Identify all persons who you believe have knowledge of any person that intends to violate the Texas Heartbeat Act…"); Rog No. 4 ("Identify all persons of whom you are aware … that dispense abortion-inducing drugs to pregnant women residing in Texas …"); Rog No. 5 (Identify all persons of whom you are aware … that aid or abet, or assist in any way, the activities described in Interrogatory No. 4…"); Rog No. 6 ("Identify all persons who you believe have knowledge of the activities described in Interrogatory No. 4 and Interrogatory No. 5…").

In addition to being an improper and threatening fishing expedition about people not before the Court, the Sharp Requests still plainly seek information protected from disclosure by the First Amendment and other privileges. *See NAACP*, 357 U.S. at 466 (absent a controlling justification a trial court could not compel a political organization to turn over its member lists in civil discovery).[13] This Court has already found that speaking about and fundraising for Texans who seek abortions in other states are "plainly afforded constitutional interests [protected] by the First Amendment." ECF 120 at 19, *citing Riley v. Nat'l Fed'n of the Blind of N. Carolina, Inc.*, 487 U.S. 781, 789 (1988); *Citizens United v. Fed. Election Comm'n,* 558 U.S 310, 365 (2010). The discovery sought by Defendant Sharp undeniably demands information related to Plaintiffs' First Amendment rights.

    2.    <u>Plaintiffs' rights are chilled by the Sharp Requests.</u>

Because the Sharp Requests seek information affected by First Amendment interests, Plaintiffs' only remaining burden is to demonstrate that there is an objective probability of the discovery chilling their First Amendment rights. *Wal-Mart Stores, Inc.*, 2016 WL 5922315, at *6. Here, the evidence of chilling is already in the Court's record, in many different forms, including:

- Declarations provided in support of Plaintiffs' Request for Preliminary Injunction (ECF 4, Exhibits C-K);

- Testimony provided by various Plaintiffs' representatives at the Hearing on Preliminary Injunction on September 27, 2022 (*see, e.g.,* Hr'g Tr., ECF 86-1, at 14, 17-18, 55, 79-90, 94-95); and

- Exhibits contained in Plaintiffs' Supplemental Appendix in Support of Motion for Preliminary Injunction (ECF 57-58).

---

[13] *See also Sierra Club v. Energy Future Holdings Corp.*, No. 5:10CV156, 2013 WL 12244352, at *3 (E.D. Tex. Dec. 30, 2013) (denying the defendants' motion to compel disclosure of the names and contact information of the plaintiff's members).

Additionally, this Court found in its February 24, 2023, Order that "Plaintiffs presented evidence that their speech and conduct has been chilled by the Defendants threatening to enforce Texas's abortion laws against those who facilitate out-of-state abortions." ECF 120 at *9. Counsel for the SB8 Defendants is still plainly seeking a "hit list" to be used in other civil litigation, and potentially to provide to those tasked with enforcing the criminal laws in Texas.

3. <u>None of the Sharp Requests are necessary and thus the First Amendment harm is the paramount concern.</u>

As was the case with the Thomason Requests, none of the information requested by Defendant Sharp and her counsel is necessary to confirm (again) the jurisdiction of this Court or to resolve the legal issues raised by the declaratory judgments and injunctive relief sought. The discovery is another attempt to chill the First Amendment rights of Plaintiffs and their supporters, and to utilize discovery in this action to obtain the SB8 Defendants' desired ends in other venues.

**D.  A stay of the SB8 Defendants' pending and future discovery is warranted.**

Despite having multiple opportunities to describe the specific limited discovery they believe they need to respond to Plaintiffs' legal arguments, the SB8 Defendants have never adequately done so. Instead, they—through their counsel—have chosen to repeatedly serve improper discovery requests and then "withdraw" some of them amid the threat of re-serving them again, all while ignoring and refusing to grapple with the evidence already provided by Plaintiffs. The legal issues in the claims asserted against the SB8 Defendants do not require any discovery to resolve, let alone nearly 1,000 discovery requests that also pose serious threats to core constitutional rights.

Plaintiffs respectfully submit that the SB8 Defendants' abuse of the discovery process in this Court should be immediately stopped, at least until this Court: (1) has the opportunity to rule on Plaintiffs' pending motion for protection (ECF 219) and the instant Motion; and (2) provide

much-needed guidance to the parties regarding the proper scope of discovery (if any) in this case. Plaintiffs therefore respectfully request that the Court stay all deadlines for Plaintiffs to respond to any pending and future discovery served by the SB8 Defendants until one week after the Court rules on Plaintiffs' motions for protection.[14]

## IV.    CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant this motion for protection

Dated: October 30, 2023

Respectfully submitted,

By: /s/ Jennifer R. Ecklund
Jennifer R. Ecklund
Texas Bar No. 24045626
jecklund@thompsoncoburn.com

Elizabeth G. Myers
Texas Bar No. 24047767
emyers@thompsoncoburn.com

Nicole L. Williams
Texas Bar No. 24041784
nwilliams@thompsoncoburn.com

Allyn J. Lowell
Texas Bar No. 24064143
alowell@thompsoncoburn.com

John P. Atkins
Texas Bar No. 24097326
jatkins@thompsoncoburn.com

---

[14] *See Xenex Healthcare Services, LLC v. LaRochelle*, No. 5:17-CV-328-DAE, 2017 WL 11236966, at *2 (W.D. Tex. Apr. 27, 2017) ("A district court has discretion to stay discovery for good cause shown. Good cause may exist if the party seeking the stay demonstrates that annoyance, embarrassment, oppression, or undue burden or expense would result absent the stay. A stay may also be appropriate where the disposition of a motion to dismiss might preclude the need for discovery altogether thus saving time and expense." (cleaned up) (quoting *U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 766, 768 (W.D. Tex. 2008))).

Elizabeth B. Rocha
Texas Bar No. 24127242
erocha@thompsoncoburn.com

Sarah E. Hillier
Texas Bar No. 24130087
shillier@thompsoncoburn.com

**THOMPSON COBURN LLP**
2100 Ross Avenue, Suite 3200
Dallas, Texas 75201
Telephone: 972/629-7100
Facsimile: 972/629-7171


Alexandra Wilson Albright
Texas Bar No. 21723500
aalbright@adjtlaw.com

Marcy Hogan Greer
Texas Bar No. 08417560
mgreer@adjtlaw.com

515 Congress Ave., Suite 2350
Austin, TX 78701-3562
Telephone: 512/482-9300
Facsimile: 512/482-9303


Kevin Dubose
Texas Bar No. 06150500
kdubose@adjtlaw.com
1844 Harvard Street
Houston, TX 77008
Telephone: 713/523-2358
Facsimile: 713/522-4553


Kirsten M. Castañeda
Texas Bar No. 00792401
kcastaneda@adjtlaw.com
8144 Walnut Hill Lane, Suite 1000
Dallas, TX 75231-4388
Telephone: 214/369-2358
Facsimile: 214/369-2359

**ALEXANDER DUBOSE &  
JEFFERSON, LLP**

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(G), I conferred with counsel for the SB8 Defendants via video conference on October 19, 2023 in a good faith attempt to resolve the matters raised by the foregoing motion. During that conference, counsel for the SB8 Defendants agreed to consider withdrawing certain of the Z. Maxwell Requests, and counsel for the SB8 Defendants later confirmed by email on October 26, 2023 which requests were withdrawn with prejudice, which were withdrawn without prejudice, and which would not be withdrawn. Despite our efforts, counsel for the SB8 Defendants were not able to reach any agreements regarding the Sharp Requests or the non-withdrawn Z. Maxwell Requests.

On October 27, 2023, I sent an email to counsel for the SB8 Defendants, restating Plaintiffs' intention to file a motion for protection and requesting that SB8 Defendants agree to stay or abate Plaintiffs' current discovery response deadlines until one week after the Court rules on Plaintiffs' motions for protection. SB8 Defendants' counsel responded on October 30, 2023, and we were unable to reach agreement because counsel for the SB8 Defendants "sees no need to abate the discovery response deadline when the plaintiffs can simply object to the discovery requests that they find objectionable."

*/s/ Elizabeth G. Myers*  
Elizabeth G. Myers

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2023, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.

*/s/ Jennifer R. Ecklund*  
Jennifer R. Ecklund