# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **FUND TEXAS CHOICE, et al.,** § <br> *Plaintiffs* § <br> § <br> v. § <br> § <br> **SUSAN R. DESKI, et al.,** § <br> *Defendants* § | Case No. 1:22-CV-859-RP |

## ORDER

Before the Court are:

- Plaintiffs' Motion for Protective Order from Defendant Shannon D. Thomason's Discovery Requests, filed September 26, 2023 (Dkt. 219);

- SB 8 Defendants' Motion for Leave to Exceed the 10 Deposition Limit of Rule 30(a)(1)(A)(i), filed October 1, 2023 (Dkt. 224);

- Plaintiffs' Motion for Protective Order From, and Request for Stay Of, Discovery Served by SB8 Defendants, filed October 30, 2023 (Dkt. 235);

- Plaintiff Dr. Ghazaleh Moayedi's Motion for Protective Order from SB8 Defendants' Amended Notice of Deposition, filed November 21, 2023 (Dkt. 246);

- Defendant Mistie Sharp's Motion to Compel, filed November 22, 2023 (Dkt. 247);

- Plaintiff Buckle Bunnies Fund's and Non-party Makayla Montoya-Frazier's Motion for Protective Order, Motion to Quash Subpoena, and Objections to Third-Party Subpoena of Makayla Montoya-Frazier, filed November 30, 2023 (Dkt. 250);

and the associated response and reply briefs. The District Court referred the motions to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 239; Text Orders entered November 21, 2023, November 22, 2023, and December 4, 2023.

## I.   Background

This case concerns the ability of Texas abortion advocates to fund or support abortions that take place outside the state's borders. Plaintiffs challenge the constitutionality of certain Texas statutes criminalizing abortion and Senate Bill 8 ("SB 8"), which authorizes private citizens to bring a civil action in strict liability tort against any person who performs or "aids or abets" certain abortions in Texas. TEX. HEALTH & SAFETY CODE § 171.208. Plaintiffs comprise one physician and several nonprofit Texas abortion funds, including Buckle Bunnies fund, of which non-party movant Makayla Montoya-Frazier is principal. Dkt. 250 at 2. The "SB 8 Defendants"[1] are private Texas citizens who have threatened to enforce SB 8 against certain Plaintiffs for their assistance with in- and out-of-state abortions.

The SB 8 Defendants have served nearly 1,700 written discovery requests on the ten Plaintiffs, a deposition notice on Plaintiff Dr. Ghazaleh Moayedi, and a subpoena duces tecum on Montoya-Frazier. *Id.*; Dkt. 249 at 2 n.1. The remaining defendants do not believe discovery is warranted at this time. Joint Federal Rule 26 Report, Dkt. 237 at 9-10. Plaintiffs and Montoya-Frazier ask the Court to stay the discovery sought by the SB 8 Defendants. They contend that the depositions and discovery requests are irrelevant and disproportionate to the needs of this case because their claims against the SB 8 Defendants are purely legal issues, requiring no discovery to resolve. Plaintiffs also argue that the requests "pose serious threats to core constitutional rights," Dkt. 235 at 10, including by improperly seeking information protected by the First Amendment, Dkt. 243 at 3.

## II.   Analysis

All defendants have filed motions to dismiss this case in its entirety. Dkts. 137, 161-67, 176. All of the motions to dismiss are fully briefed and ripe for adjudication.

---

[1] Shannon D. Thomason, Sadie Weldon, Ashley Maxwell, Zach Maxwell, and Mistie Sharp.

Plaintiffs also have filed a motion for summary judgment against the SB 8 Defendants. In their motion, Plaintiffs argue that: "This case presents no material fact issues. SB8 is unconstitutional as a matter of law, and any attempt to enforce its terms against Plaintiffs (or anyone else) is per se invalid. SB8's provisions violate Plaintiffs' due process, equal protection, and First Amendment rights." Dkt. 209 at 16.

The SB 8 Defendants have filed a motion under Rule 56(d) seeking discovery before they respond to Plaintiffs' summary judgment motion, including discovery into Plaintiffs' Article III standing. Dkt. 217 at 1. The Rule 56(d) motion also is fully briefed and ripe for disposition.[2] To obtain discovery under Rule 56(d), the SB 8 Defendants must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *MDK Sociedad De Responsabilidad Limitada v. Proplant Inc.*, 25 F.4th 360, 366 (5th Cir. 2022) (citation omitted).

"A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (holding that district court properly stayed discovery pending disposition of motion to dismiss); *see also Crain v City of Selma*, 952 F.3d 634, 638-39 (5th Cir. 2020) ("A district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse.") (quoting *Moore v. CITGO Ref. & Chems. Co.*, 735 F.3d 309, 315 (5th Cir. 2013)). The Court also has wide discretion to determine whether to grant a motion for protective order under Rule 26(c)(1). *See Equal Emp. Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017).

---

[2] Neither the potentially dispositive motions nor the Rule 56(d) motion are referred to this Magistrate Judge. The merits of those motions are not addressed in this Order.

There is no question that the pending motions to dismiss raise "preliminary questions that may dispose of the case" in its entirety. *Petrus*, 833 F.2d at 583; Dkt. 237 at 7-8. This Magistrate Judge also finds that Plaintiffs and Montoya-Frazier have shown good cause to issue a protective order because responding to the discovery propounded by the SB 8 Defendants and appearing for deposition at the motion to dismiss stage of this proceeding would subject them to, at a minimum, "undue burden or expense" under Rule 26(c)(1). Accordingly, the Court exercises its "broad discretion and inherent power" to stay discovery pending disposition of all pending motions to dismiss and further order of the Court. *Petrus*, 833 F.2d at 583.

### III.    Conclusion

For these reasons, this Magistrate Judge **GRANTS IN PART** Plaintiffs' Motion for Protective Order from Defendant Shannon D. Thomason's Discovery Requests (Dkt. 219), Plaintiffs' Motion for Protective Order From, and Request for Stay Of, Discovery Served by SB8 Defendants (Dkt. 235), Plaintiff Dr. Ghazaleh Moayedi's Motion for Protective Order from SB8 Defendants' Amended Notice of Deposition (Dkt. 246), and Plaintiff Buckle Bunnies Fund's and Non-party Makayla Montoya-Frazier's Motion for Protective Order, Motion to Quash Subpoena, and Objections to Third-Party Subpoena of Makayla Montoya-Frazier (Dkt. 250) **to the extent that the subpoena served by the SB 8 Defendants is QUASHED and all discovery is STAYED pending further order of the Court.** To be clear, Plaintiffs and Montoya-Frazier need not appear for deposition nor respond to any discovery requests at this time.

Because discovery is stayed, the SB 8 Defendants' Motion for Leave to Exceed the 10 Deposition Limit of Rule 30(a)(1)(A)(i) (Dkt. 224) and Defendant Mistie Sharp's Motion to Compel (Dkt. 247) are **DISMISSED** without prejudice.

It is **ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

**SIGNED** on December 8, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE