## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| FUND TEXAS CHOICE, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 1:22-cv-00859-RP |
| JOSÉ GARZA, in his official capacity as Travis County District Attorney, et al. | § § § | |
| Defendant. | § § § | |

---

## DEFENDANT GOCHA ALLEN RAMIREZ' ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

---

Pursuant to Federal Rule of Civil Procedure 12, Defendant Gocha Allen Ramirez, Criminal District Attorney of Starr County, Texas, by and through his undersigned counsel, in his official capacity ("Defendant" or "Defendant Ramirez"), answers the Second Amended Class Action Complaint (ECF No. 129):

The unnumbered preamble to the Second Amended Class Action Complaint is a characterization of this action, to which no response is required. Defendant answers the separately numbered paragraphs and prayer for relief contained in the Second Amended Class Action Complaint as follows:

1.      Admit that Plaintiffs in this action are Texas-based non-profit abortion funds and practical support networks, and an individual doctor who also serves as a board member for one of the non-profits. The remaining allegations in paragraph one and the corresponding footnote are a characterization of the action and do not require a response.

2.      Admit that on June 24, 2022, the Supreme Court of the United States issued its opinion in *Dobbs v. Jackson Women's Health Organization*, No. 19-1392, 2022 WL 2276808 (U.S. June 24, 2022), reversing its prior holdings in *Roe v. Wade*, 410 U.S. 113 (1973), and *Planned Parenthood of Southeastern Pennsylvania v. Casey*, 505 U.S. 833 (1992), as well as decades of precedent upholding a constitutional right to abortion. Defendant lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies them.

3.      Denied.

4.      Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

5.      Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

1

6.      Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

7.      Defendant is aware of Texas Senate Bill 8, enacted by the Texas Legislature in 2021, and admits that the legislation was drafted by Senator Bryan Hughes. Defendant lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies them.

8.      Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

9.      Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

10.     Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

11.     Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

12.     Admit that the Court's February 24, 2023 Order (Dkt. 120) contains the language quoted and purports to do what Plaintiffs state.

13.     Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

14.     Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

15.     This paragraph is a characterization of this action and does not require a response.

16.     Defendant denies that this Court has subject-matter jurisdiction because the Plaintiffs lack standing to assert claims against Defendant Ramirez.

2

17.   Defendant denies that this Court has the authority to provide the requested relief under the Constitution, statutes, or the Court's equitable powers.

18.   Defendant does not challenge venue.

19.   Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

20.   Admit that Plaintiffs are non-profit organizations that claim to provide assistance to pregnant women seeking an abortion. Defendant lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies them.

21.   Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

22.   Admit that Plaintiff Fund Texas Choice is a nonprofit organization incorporated in Texas. Defendant lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies them.

23.   Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

24.   Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

25.   Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

26.   Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

27.   Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

28.     Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

29.     Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

30.     Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

31.     Admit that Plaintiff Lilith Fund is a nonprofit organization incorporated in Texas. Defendant lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies them.

32.     Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

33.     Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

34.     Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

35.     Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

36.     Admit that Plaintiff Frontera Fund is a nonprofit organization incorporated in Texas. Defendant lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies them.

37.     Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

38.     Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

39.     Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

40.     Admit that Plaintiff Afiya Center is a nonprofit organization incorporated in Texas. Defendant lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies them.

41.     Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

42.     Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

43.     Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

44.     Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

45.     Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

46.     Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

47.     Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

48.     Admit that Plaintiff Jane's Due Process is a nonprofit organization incorporated in Texas. Defendant lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies them.

49.     Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

50. Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

51. Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

52. Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

53. Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

54. Admit that the Second Amended Complaint collectively refers to Plaintiffs Fund Texas Choice, TEA Fund, Lilith Fund, Frontera Fund, The Afiya Center, West Fund, Jane's Due Process, and Buckle Bunnies as the "Fund Plaintiffs."

55. Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

56. Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

57. Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

58. Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

59. Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

60. Admit that Dr. Ghazaleh Moayedi, DO, MPH, FACOG, is an OB/GYN licensed in Texas. Defendant lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies them.

61.   Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

62.   Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

63.   Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

64.   Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

65.   Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

66.   Denied that Plaintiffs have suffered a direct injury as a result of any of Defendant Ramirez' actions and denied that Defendant Ramirez has ever threatened Plaintiffs with criminal prosecution and civil penalties. Defendant lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies them.

67.   Denied that any Plaintiff has standing to pursue claims against Defendant Ramirez.

68.   Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

69.   Admit that Defendant José Garza is an individual sued in his official capacity as the District Attorney of Travis County, Texas, that he has appeared in this case, and that the quoted information is contained in the ECF entry stated. Any other allegation is denied.

70.   Admitted.

71.   Admitted.

7

72.     Admitted.

73.     Admitted.

74.     Admitted that the quoted information is contained in the ECF entry stated. Any other allegation is denied.

75.     Admit that Defendant Joe Gonzales is an individual sued in his official capacity as the District Attorney of Bexar County, Texas. Defendant lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies them.

76.     Admit that Defendant Toribio Palacios is an individual sued in his official capacity as the District Attorney of Hidalgo County, Texas. Defendant lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies them.

77.     Admit that Defendant K. Sunshine Stanek is an individual sued in her official capacity as the District Attorney of Lubbock County, Texas. Defendant lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies them.

78.     Admit that Defendant Gocha Allen Ramirez is an individual sued in his official capacity as the District Attorney of Starr County, Texas. Admit that 401 Britton Ave, Rio Grande City, Texas 78582 is his business address.

79.     Admit that Defendant Bill D. Hicks is an individual sued in his official capacity as the District Attorney of Hudspeth County, Texas and El Paso County, Texas. Defendant lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies them.

80.     Admit that Defendant Ori T. White is an individual sued in his official capacity as the District Attorney of Pecos County, Texas. Defendant lacks information

8

sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies them.

81.    Admit that Defendant Richard E. Glaser is an individual sued in his official capacity as the District Attorney of Fannin County, Texas. Defendant lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies them.

82.    Admit that Defendant Ryan Sinclair is an individual sued in his official capacity as the District Attorney of Hood County, Texas. Defendant lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies them.

83.    Admit that Defendant Putman is an individual sued in his official capacity as the District Attorney of Smith County, Texas. Admit that 100 N. Broadway Avenue #400, Tyler, Texas 75702 is his business address. Defendant Putman additionally states that he is the Criminal District Attorney of Smith County. *See* Tex. Gov't Code §44.001.

84.    Admit that the Second Amended Class Action Complaint refers to all of the Defendant District or County Attorneys sued in their official capacities as the "Prosecutor Defendants."

85.    The first two sentences of this paragraph are legal statements which do not require a response, but to the extent a response is required, denied. Admit that each Prosecutor Defendant (as defined by the Second Amended Class Action Complaint) has the authority to file and pursue criminal charges in his or her respective districts for criminal acts committed within his or her district. Denied as to any other allegation.

86.     Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

87.     Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

88.     Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

89.     Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

90.     Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

91.     Admit that the Second Amended Class Action Complaint refers to Defendants Thomason, Weldon, Ms. Max[w]ell, and Mr. Maxwell collectively as the "SB8 Enforcer Defendants."

92.     Denied because Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

93.     The allegations in this paragraph contain Plaintiffs' conclusions of law, not allegations of fact, and no response is required. To the extent a response is deemed required, denied that all the SB8 Enforcer Defendants are acting under color of state law, denied that the Legislature delegated the State's enforcement power in SB8, admitted that the Texas Supreme Court determined that state officials do not have authority to bring or participate in SB8 enforcement actions in *Whole Woman's Health v. Jackson*, 642 S.W.3d 569, 583 (Tex. 2022), and any other allegation is denied.

94.     The allegations in this paragraph contain Plaintiffs' conclusions of law, not allegations of fact, and no response is required. To the extent a response is

required, denied that Plaintiffs' declaratory judgment claims are appropriate, and Defendant lacks information sufficient to form a belief as to the remaining allegations and therefore denies them.

95.     The allegations in this paragraph contain a statement of law to which no response is required.

96.     The allegations in this paragraph contain a statement of law to which no response is required.

97.     The allegations in this paragraph contain a statement of law to which no response is required.

98.     The allegations in this paragraph contain a statement of law to which no response is required. Defendant Ramirez additionally states that *Fondren* expressly rejected the argument that paying for an abortion was "furnishing the means" within the meaning of article 1192 of the Texas Penal Code.

99.     The allegations in this paragraph contain a statement of law to which no response is required.

100.     The allegations in this paragraph contain a statement of law to which no response is required.

101.     The allegations in this paragraph contain Plaintiffs' conclusions of law to which no response is required. To the extent a response is required, denied. To the extent this paragraph includes factual allegations, Defendant lacks sufficient information to form a belief as to the truth or falsity of these allegations and therefore denies them.

102.     The allegations in this paragraph contain a statement of law to which no response is required.

103.   The allegations in this paragraph contain a statement of law to which no response is required.

104.   The allegations in this paragraph contain a statement of law to which no response is required.

105.   The allegations in this paragraph contain a statement of law to which no response is required.

106.   The allegations in this paragraph contain Plaintiffs' conclusions of law to which no response is required. To the extent a response is required, denied.

107.   The allegations in this paragraph contain Plaintiffs' conclusions of law to which no response is required. To the extent a response is required, denied.

108.   The allegations in this paragraph contain Plaintiffs' conclusions of law to which no response is required. To the extent a response is required, denied.

109.   The allegations in this paragraph contain Plaintiffs' conclusions of law to which no response is required. To the extent a response is required, denied.

110.   The allegations in this paragraph contain Plaintiffs' conclusions of law to which no response is required. To the extent a response is required, denied.

111.   The allegations in this paragraph contain Plaintiffs' conclusions of law to which no response is required. To the extent a response is required, denied.

112.   The allegations in this paragraph contain Plaintiffs' conclusions of law to which no response is required. To the extent a response is required, denied.

113.   The allegations in this paragraph contain Plaintiffs' conclusions of law to which no response is required. To the extent a response is required, denied. To the extent that this paragraph contains a factual allegation about statements Jonathan Mitchell was quoted as making, Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of these allegations and therefore denies them.

114.   The allegations in this paragraph contain a statement of law to which no response is required.

115.   The allegations in this paragraph contain a statement of law to which no response is required.

116.   The allegations in this paragraph contain a statement of law to which no response is required.

117.   The allegations in this paragraph contain a statement of law to which no response is required.

118.   The allegations in this paragraph contain a statement of law to which no response is required.

119.   The allegations in this paragraph contain Plaintiffs' conclusions of law to which no response is required. To the extent a response is required, denied.

120.   The allegations in this paragraph contain Plaintiffs' conclusions of law to which no response is required. To the extent a response is required, denied.

121.   The allegations in this paragraph contain Plaintiffs' conclusions of law to which no response is required. To the extent a response is required, denied.

122.   The allegations in this paragraph contain Plaintiffs' conclusions of law to which no response is required. To the extent a response is required, denied.

123.   The allegations in this paragraph contain Plaintiffs' conclusions of law to which no response is required. To the extent a response is required, denied.

124.   The allegations in this paragraph contain Plaintiffs' conclusions of law to which no response is required. To the extent a response is required, denied.

125.   The allegations in this paragraph contain Plaintiffs' conclusions of law to which no response is required. To the extent a response is required, denied.

126.   The allegations in this paragraph contain Plaintiffs' conclusions of law to which no response is required. To the extent a response is required, denied.

127.   The allegations in this paragraph contain Plaintiffs' conclusions of law to which no response is required. To the extent a response is required, denied.

128.   The allegations in this paragraph contain Plaintiffs' conclusions of law to which no response is required. To the extent a response is required, denied.

129.   The allegations in this paragraph contain Plaintiffs' conclusions of law to which no response is required. To the extent a response is required, denied.

130.   The allegations in this paragraph contain Plaintiffs' conclusions of law to which no response is required. To the extent a response is required, denied.

131.   The allegations in this paragraph contain a statement of law to which no response is required. To the extent a response is required, denied.

132.   The allegations in this paragraph contain Plaintiffs' conclusions of law to which no response is required. To the extent a response is required, denied.

133.   The allegations in this paragraph contain Plaintiffs' conclusions of law to which no response is required. To the extent a response is required, denied.

134.   The allegations in this paragraph contain Plaintiffs' conclusions of law to which no response is required. To the extent a response is required, denied.

135.   Admitted that AG Paxton is no longer in this lawsuit. Denied as to the remaining allegations.

136.   Admitted that AG Paxton issued an advisory containing the quoted language on June 24, 2022. Defendant lacks sufficient information to form a belief as to the truth or falsity of any remaining allegations in this paragraph and therefore denies them.

137.   Defendant lacks sufficient information to form a belief as to the allegations in this paragraph and therefore denies them. Defendant additionally states that the referenced website returns an error message and does not contain the information cited.

138.   Admitted that the referenced website and exhibit appears to contain the statements quoted. Denied that AG Paxton in the cited interview stated anything about the applicability of criminal laws to companies paying for employees' abortions. Defendant additionally states that it appears that AG Paxton actually stated only that his office was looking into whether the language of civil statutes would cover companies paying for employees' abortions.

139.   Admitted that the exhibit and the cited link appears to contain the language quoted in this paragraph. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegation that this information was viewable at the time of the filing of the Second Amended Class Action Complaint and therefore denies it.

140.   Admitted that the exhibit and the cited link appears to contain the language quoted in this paragraph. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegation that this information was viewable at the time of the filing of the Second Amended Class Action Complaint and therefore denies it.

141.   Admitted that the exhibit and the cited link appears to contain the language quoted in this paragraph. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegation that this information was viewable at the time of the filing of the Second Amended Class Action Complaint and therefore denies it.

142.    Admitted that the exhibit and the cited link appears to contain the language quoted in this paragraph and that AG Paxton was listed on the cc line of the referenced letter. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegation that this information was viewable at the time of the filing of the Second Amended Class Action Complaint, and that each of the Plaintiffs saw it, and that AG Paxton received a copy of the letter, and therefore denies them.

143.    Admitted that the referenced exhibit contains the advisory described. Defendant lacks sufficient information to form a belief as to the allegations in this paragraph and therefore denies them. Defendant additionally states that the referenced website returns an error message and does not contain the information cited.

144.    Admitted that the ECF document cited contains the quoted statements.

145.    The allegations in this paragraph contain Plaintiffs' conclusions of law to which no response is required. To the extent a response is required, Defendant denies that AG Paxton is denoted the "chief legal officer" of Texas by State law and denies the implication that any such designation or colloquial use of that term means that AG Paxton has any authority over the Prosecutor Defendants' interpretation and enforcement of State law in their respective districts.

146.    Denied on the basis that who is being referred to as the "Named DA Defendants" is vague and ambiguous, as that term appears nowhere else in the Second Amended Class Action Complaint, and thus Defendant lacks sufficient information to form a belief about the truth or falsity of these allegations. Denied on the basis that Defendant lacks sufficient information as to what other prosecutors have "disavowed" to form a belief about the truth or falsity of these allegations. Denied on the basis that because what is meant by the term "ability" is vague and

ambiguous, Defendant lacks sufficient information to form a belief about the truth or falsity of these allegations. Any other allegation in this paragraph is denied.

147.    The allegations in this paragraph contain Plaintiffs' conclusions of law to which no response is required. To the extent a response is required, denied.

148.    Denied because Defendant lacks sufficient information to form a belief about the truth or falsity of these allegations. Denied on the basis that who is being referred to as "other district attorneys" is vague and ambiguous, and thus Defendant lacks sufficient information to form a belief about the truth or falsity of these allegations.

149.    Defendant lacks sufficient knowledge to form a belief about the truth or falsity of the remaining allegations and therefore denies them.

150.    Denied.

151.    Admitted that the exhibit and link appears to include the quoted language. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegation that this information was viewable at the time of the filing of the Second Amended Class Action Complaint and therefore denies it.

152.    Denied.

153.    Denied.

154.    Denied.

155.    Denied because Defendant lacks information sufficient to form a belief about the truth or falsity of these allegations.

156.    Denied because Defendant lacks information sufficient to form a belief about the truth or falsity of these allegations.

157.    Denied because Defendant lacks information sufficient to form a belief about the truth or falsity of these allegations.

17

158.   Denied because Defendant lacks information sufficient to form a belief about the truth or falsity of these allegations.

159.   Denied because Defendant lacks information sufficient to form a belief about the truth or falsity of these allegations.

160.   Denied because Defendant lacks information sufficient to form a belief about the truth or falsity of these allegations.

161.   Denied because Defendant lacks information sufficient to form a belief about the truth or falsity of these allegations.

162.   Denied because Defendant lacks information sufficient to form a belief about the truth or falsity of these allegations.

163.   Denied because Defendant lacks information sufficient to form a belief about the truth or falsity of these allegations.

164.   Denied.

165.   Denied.

166.   Denied.

167.   Denied.

168.   Denied because Defendant lacks information sufficient to form a belief about the truth or falsity of these allegations.

169.   Denied.

170.   This allegation is a characterization of the action and does not require a response.

171.   This allegation is a characterization of the action and does not require a response.

172.   Denied.

173.   Denied.

18

174.   Denied.

175.   Denied.

176.   Denied.

177.   Denied.

178.   Denied.

179.   Denied.

180.   Denied.

181.   This allegation is a characterization of the action and does not require a response.

182.   This allegation is a conclusion of law and does not require a response.

183.   This allegation is a conclusion of law and does not require a response.

184.   This allegation is Plaintiffs' conclusion of law and does not require a response. To the extent a response is required, denied.

185.   Denied because Defendant lacks information sufficient to form a belief about the truth or falsity of this allegation.

186.   Denied because Defendant lacks information sufficient to form a belief about the truth or falsity of this allegation.

187.   Denied because Defendant lacks information sufficient to form a belief about the truth or falsity of this allegation.

188.   Denied.

189.   Denied.

190.   Denied.

191.   Denied.

192.   Denied.

193.   Denied.

19

194.   Denied.

195.   Denied.

196.   Denied.

197.   This allegation is a characterization of the action and does not require a response.

198.   This allegation is a conclusion of law and does not require a response.

199.   Denied.

200.   Denied because Defendant lacks information sufficient to form a belief about the truth or falsity of this allegation.

201.   Denied.

202.   Denied.

203.   Denied.

204.   Denied.

205.   Denied.

206.   Denied.

207.   Denied.

208.   Denied.

209.   Denied.

210.   Denied.

211.   Denied.

212.   This allegation is a characterization of the action and does not require a response.

213.   Denied.

214.   This allegation is Plaintiffs' conclusion of law and does not require a response. To the extent a response is required, denied.

215.   This allegation is a conclusion of law and does not require a response.

216.   Denied.

217.   Denied because Defendant lacks information sufficient to form a belief about the truth or falsity of this allegation.

218.   This allegation is part of a claim that is not asserted against Defendant Ramirez, so no response is required. To the extent a response is required, denied.

219.   This allegation is part of a claim that is not asserted against Defendant Ramirez, so no response is required. To the extent a response is required, denied.

220.   This allegation is a characterization of the action and does not require a response.

221.   Denied.

222.   Denied.

223.   Denied.

224.   Denied.

225.   This allegation is part of a claim that is not asserted against Defendant Ramirez, so no response is required. To the extent a response is required, denied.

226.   This allegation is part of a claim that is not asserted against Defendant Ramirez, so no response is required. To the extent a response is required, denied.

227.   This allegation is part of a claim that is not asserted against Defendant Ramirez, so no response is required. To the extent a response is required, denied.

228.   Denied.

229.   This allegation is a characterization of the action and does not require a response.

230.   Denied.

231.   Denied.

232.   This allegation is Plaintiffs' conclusion of law and does not require a response. To the extent a response is required, denied.

233.   This allegation is part of a claim that is not asserted against Defendant Ramirez, so no response is required. To the extent a response is required, denied.

234.   This allegation is part of a claim that is not asserted against Defendant Ramirez, so no response is required. To the extent a response is required, denied.

235.   This allegation is a characterization of the action and does not require a response.

236.   Denied because Defendant lacks sufficient information to form a belief as to the truth or falsity of this allegation.

237.   Denied because Defendant lacks sufficient information to form a belief as to the truth or falsity of this allegation.

238.   This allegation is Plaintiffs' conclusion of law and does not require a response. To the extent a response is required, denied.

239.   Denied.

240.   Denied.

241.   Denied.

242.   Denied.

243.   Denied.

244.   Denied.

245.   This allegation is Plaintiffs' conclusion of law and does not require a response. To the extent a response is required, denied.

246.   Denied.

247.   This allegation is a characterization of the action and does not require a response.

248.    This allegation is part of a claim that is not asserted against Defendant Ramirez, so no response is required. To the extent a response is required, denied.

249.    This allegation is part of a claim that is not asserted against Defendant Ramirez, so no response is required. To the extent a response is required, denied.

250.    This allegation is part of a claim that is not asserted against Defendant Ramirez, so no response is required. To the extent a response is required, denied.

251.    This allegation is part of a claim that is not asserted against Defendant Ramirez, so no response is required. To the extent a response is required, denied.

252.    This allegation is part of a claim that is not asserted against Defendant Ramirez, so no response is required. To the extent a response is required, denied.

253.    This allegation is part of a claim that is not asserted against Defendant Ramirez, so no response is required. To the extent a response is required, denied.

254.    This allegation is part of a claim that is not asserted against Defendant Ramirez, so no response is required. To the extent a response is required, denied.

255.    This allegation is part of a claim that is not asserted against Defendant Ramirez, so no response is required. To the extent a response is required, denied.

256.    This allegation is part of a claim that is not asserted against Defendant Ramirez, so no response is required. To the extent a response is required, denied.

257.    This allegation is a conclusion of law and does not require a response. It also asserted in support of a claim involving SB8, which Defendant Ramirez has no authority to enforce. To the extent that a response is required, denied.

258.    This allegation is Plaintiffs' conclusion of law and does not require a response. It also asserted in support of a claim involving SB8, which Defendant Ramirez has no authority to enforce. To the extent that a response is required, denied.

259.   This allegation is Plaintiffs' conclusion of law and does not require a response. It also asserted in support of a claim involving SB8, which Defendant Ramirez has no authority to enforce. To the extent that a response is required, denied.

260.   This allegation is Plaintiffs' conclusion of law and does not require a response. It also asserted in support of a claim involving SB8, which Defendant Ramirez has no authority to enforce. To the extent that a response is required, denied.

261.   This allegation is a characterization of the action and does not require a response.

262.   This allegation is part of a claim that is not asserted against Defendant Ramirez, so no response is required. To the extent a response is required, denied.

263.   This allegation is part of a claim that is not asserted against Defendant Ramirez, so no response is required. To the extent a response is required, denied.

264.   This allegation is part of a claim that is not asserted against Defendant Ramirez, so no response is required. To the extent a response is required, denied.

265.   This allegation is part of a claim that is not asserted against Defendant Ramirez, so no response is required. To the extent a response is required, denied.

266.   This allegation is part of a claim that is not asserted against Defendant Ramirez, so no response is required. To the extent a response is required, denied.

267.   This allegation is part of a claim that is not asserted against Defendant Ramirez, so no response is required. To the extent a response is required, denied.

The remaining paragraphs of the Second Amended Class Action Complaint contain Plaintiffs' requested relief, to which no response is required. To the extent a response is required, Defendant Ramirez denies the allegations contained in the

remaining paragraphs of the Second Amended Class Action Complaint and further avers that Plaintiffs are not entitled to any relief.

Defendant Ramirez hereby denies all allegations in the Second Amended Class Action Complaint not expressly admitted or denied.

## DEFENSES

1.  The Court lacks subject matter jurisdiction over the claims against Defendant Ramirez because Plaintiffs lack standing.

2.  Plaintiffs' fail to state a claim against Defendant Ramirez under Federal Rule of Civil Procedure 12(b)(6).

3.  The proposed defendant class fails to meet the requisite standards under Federal Rule of Civil Procedure 23.

4.  Defendant reserves the right to assert any affirmative defense, including those in Federal Rule of Civil Procedure 8(c), not currently known, which he may have or through discovery learn may be applicable.

Respectfully submitted,

By: /s/Cynthia Contreras Gutierrez
CYNTHIA CONTRERAS
GUTIERREZ
Texas Bar No. 08640550
W.D. Tex. ID No. 08640550
CONTRERAS GUTIERREZ
AND ASSOCIATES
1302 S. 10th Ave.
Edinburg, Texas 78539
Phone: (956) 683-0057
Fax: (956) 683-0059
Email: cynthia@ccglaw.net

**ATTORNEYS FOR DEFENDANT,
GOCHA ALLEN RAMIREZ**

**CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2024, this document was electronically filed and served via the Court's CM/ECF system.

<u>/s/ Cynthia Contreras Gutierrez</u>
Cynthia Contreras Gutierrez