**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| FUND TEXAS CHOICE, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 1:22-cv-00859-RP |
| | § | |
| JOSÉ GARZA, in his official capacity as | § | |
| Travis County District Attorney, et al. | § | |
| | § | |
| Defendant. | § | |
| | § | |

---

**DEFENDANT TORIBIO PALACIOS'S ANSWER TO PLAINTIFFS'
SECOND AMENDED CLASS ACTION COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF**

---

Pursuant to Federal Rule of Civil Procedure 12, Defendant Toribio "Terry" Palacios, Criminal District Attorney of Hidalgo County, Texas, by and through his undersigned counsel, in his official capacity ("Defendant" or "Defendant Palacios"), answers the Second Amended Complaint (ECF No. 129):

The unnumbered preamble to the Second Amended Complaint is a characterization of this action, to which no response is required. Defendant answers the separately numbered paragraphs and prayer for relief contained in the Second Amended Complaint as follows:

1.     Admitted that Plaintiffs in this action are Texas-based non-profit abortion funds. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph.

2.     Admitted that on June 24, 2022, the Supreme Court of the United States issued its opinion in *Dobbs v. Jackson Women's Health Organization*, No. 19-1392, 2022 WL 2276808

(U.S. June 24, 2022), reversing its prior holdings in *Roe v. Wade*, 410 U.S. 113 (1973), and *Planned Parenthood of Southeastern Pennsylvania v. Casey*, 505 U.S. 833 (1992). Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph.

3.      Denied as to Defendant Palacios. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph.

4.      Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

5.      Defendant admits that the quoted language appears in the exhibit. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph.

6.      Defendant admits that the quoted language appears in the exhibit. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph.

7.      Admitted that SB8 was passed by the Texas Legislature in 2021 and co-authored by Senator Bryan Hughes. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph.

8.      Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

9.      Defendant admits that the quoted language appears in the exhibits. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph.

10.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

11.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

12.     Admitted.

13.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

14.     Admitted that the exhibit contains the quoted language. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph.

15.     This paragraph does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

16.     Defendant denies that this Court has subject-matter jurisdiction because the Plaintiffs lack standing to assert claims against Defendant Palacios.

17.     Denied.

18.     Defendant does not challenge venue.

19.     Defendant admits that the named Defendants maintain offices in counties located in the Austin Division. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph.

20.     Admit that Plaintiffs are non-profit organizations that claim to provide assistance to pregnant women seeking an abortion. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph.

21.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

22.     Admitted that Plaintiff Fund Texas Choice is a nonprofit organization incorporated in Texas. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph.

23.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

24.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

25.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

26.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

27.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

28.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

29.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

30.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

31.     Admitted that Plaintiff Lilith Fund is a nonprofit organization incorporated in Texas. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph

32.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

33.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

34.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

35.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

36.     Admitted that Plaintiff Frontera Fund is a nonprofit organization incorporated in Texas with operations in South Texas. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph

37.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

38.     Admitted that Defendant received a copy of the letter in question and did not respond. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph.

39.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

40.     Admitted that Plaintiff Afiya Center is a nonprofit organization incorporated in Texas. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph.

41.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

42.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

43.     Admitted that Plaintiff West Fund is a non-profit organization based in Texas. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph.

44.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

45.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

46.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

47.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

48.     Admitted that Plaintiff Jane's Due Process is a nonprofit organization incorporated in Texas. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph

49.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

50.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

51.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

52.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

53.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

54.     Admitted that the Second Amended Complaint collectively refers to Plaintiffs Fund Texas Choice, TEA Fund, Lilith Fund, Frontera Fund, The Afiya Center, West Fund, Jane's Due Process, and Buckle Bunnies as the "Fund Plaintiffs."

55.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

56.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

57.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

58.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

59.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

60.     Admitted that Dr. Ghazaleh Moayedi is a doctor licensed in Texas. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph

61.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

62.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

63.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

64.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

65.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

66.     Denied that Plaintiffs have suffered a direct injury as a result of any of Defendant Palacios's actions and denied that Defendant Palacios has ever threatened Plaintiffs with criminal prosecution and/or civil penalties. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph

67.     Denied that any Plaintiff has standing to pursue claims against Defendant Palacios.

68.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

69.     Admitted

70.     Admitted.

71.     Admitted.

72.     Admitted.

73.     Admitted.

74.     Admitted.

75.     Admitted that Defendant Joe Gonzales is an individual sued in his official capacity as the District Attorney of Bexar County, Texas. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph

76.     Admitted that Defendant Toribio Palacios is an individual sued in his official capacity as the Criminal District Attorney of Hidalgo County, Texas. Defendant may be served through his counsel of record in this matter.

77.     Admitted that Defendant K. Sunshine Stanek is an individual sued in her official capacity as the District Attorney of Lubbock County, Texas. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph

78.     Admitted that Defendant Gocha Allen Ramirez is an individual sued in his official capacity as the District Attorney of Starr County, Texas. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph

79.     Admitted that Defendant Bill D. Hicks is an individual sued in his official capacity as the District Attorney of Hudspeth County, Texas and El Paso County, Texas. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph

80.     Admitted that Defendant Ori T. White is an individual sued in his official capacity as the District Attorney of Pecos County, Texas. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph

81.     Admitted that Defendant Richard E. Glaser is an individual sued in his official capacity as the District Attorney of Fannin County, Texas. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph

82.     Admitted that Defendant Ryan Sinclair is an individual sued in his official capacity as the District Attorney of Hood County, Texas. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph

83.     Admitted that Defendant Jacob Putman is an individual sued in his official capacity as the District Attorney of Smith County, Texas. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph

84.     Admitted that the Second Amended Complaint refers to all of the Defendant District or County Attorneys sued in their official capacities as the "Prosecutor Defendants."

85.     This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure. Admitted that each Prosecutor Defendant (as defined by the Second Amended Complaint) has the authority to file and pursue criminal charges in his or her respective district for criminal acts committed within that district.

86.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

87.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

88.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

89.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

90.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

91.     Admitted that the Second Amended Complaint refers to Defendants Thomason, Weldon, Ms. Maxwell, and Mr. Maxwell collectively as the "SB8 Enforcer Defendants."

92.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

93.     This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

94.     This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

95.     This paragraph contains a statement of law that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

96.     This paragraph contains a statement of law that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

97.     This paragraph contains a statement of law that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

98.     This paragraph contains a statement of law that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

99.     This paragraph contains a statement of law that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

100.    This paragraph contains a statement of law that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

101.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure. To the extent this paragraph includes factual allegations, Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

102.    This paragraph contains a statement of law that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

103.    This paragraph contains a statement of law that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

104.    This paragraph contains a statement of law that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

105.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

106.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

107.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

108.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

109.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

110.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

111.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

112.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

113.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph.

114.    This paragraph contains a statement of law that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

115.    This paragraph contains a statement of law that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

116.    This paragraph contains a statement of law that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

117.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

118.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

119.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

120.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

121.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

122.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

123.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

124.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

125.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

126.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

127.     This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

128.     This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

129.     This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

130.     This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

131.     This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

132.     This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

133.     This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

134.     This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

135.     Admitted that AG Paxton is no longer a party in this lawsuit. Denied as to the remaining allegations.

136.     Admitted that AG Paxton issued an advisory containing the quoted language on June 24, 2022. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph.

137.     Admitted that the referenced statutes are available at the provided web address, with the quoted language. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph.

138.     Admitted that the referenced website and exhibit contain the statements quoted. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph.

139.     Admitted that the exhibit contains the language quoted in this paragraph. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph.

140.     Admitted that the exhibits contain the language quoted in this paragraph. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph.

141.     Admitted that the exhibit contains the language quoted in this paragraph. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph.

142.     Admitted that the exhibit contains the language quoted in this paragraph. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph.

143.     Admitted that the referenced exhibit contains the advisory described. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph.

144.     Admitted that the ECF document cited contains the quoted statements.

145.     This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure. To the extent a response is required, Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph.

146.     Admitted that Defendant Palacios has not publicly disavowed the ability to pursue such charges. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph.

147.     Admitted that the referenced stipulation is as described. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph.

148.     Admitted that Defendant Palacios received the letter included as an exhibit to Plaintiffs' Second Amended Complaint and did not respond. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph.

149.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

150.     Admitted that the exhibit contains the quoted language. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph.

151.     Admitted that the exhibits include the quoted language. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph.

152.     Denied.

153.     Denied.

154.     Denied.

155.     Admitted that the exhibit contains the quoted language. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph.

156.     Admitted that the exhibit contains the quoted language. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph.

157.     Admitted that the exhibit contains the quoted language. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph.

158.     Admitted that the exhibit contains the quoted language. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph.

159.   Admitted that the exhibit contains the quoted language. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph.

160.   Admitted that the exhibit contains the quoted language. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph.

161.   Admitted that the exhibit contains the quoted language. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph.

162.   Admitted that the exhibit contains the quoted language. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph.

163.   Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

164.   Denied.

165.   Denied.

166.   Denied.

167.   Denied.

168.   This allegation is part of a claim that is not asserted against Defendant Palacios, so no response is required. This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph.

169.   Denied.

170.   This allegation is a characterization of the action and does not require a response.

171.   This allegation is a characterization of the action and does not require a response.

172.   This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

173.   This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

174.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

175.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

176.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

177.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

178.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

179.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

180.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

181.    This allegation is a characterization of the action and does not require a response.

182.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

183.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

184.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

185.    Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

186.    Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

187.    Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

188.    Denied.

189.    Denied.

190.    Denied.

191.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

192.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

193.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

194.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

195.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

196.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

197.    This allegation is a characterization of the action and does not require a response.

198.    This paragraph contains a statement of law that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

199.    Denied.

200.    Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

201.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

202.    Denied.

203.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

204.    Denied that Defendant Palacios has attempted to chill Plaintiffs' relationships with their donors, employees, and volunteers. This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph.

205.    Denied that Defendant Palacios has threatened enforcement of the pre-*Roe* statutes or SB8 against Plaintiffs. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in  this paragraph.

206.    Denied that Defendant Palacios has threatened enforcement of the pre-*Roe* statutes or SB8 against Plaintiffs. This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph.

207.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure. Defendant lacks the knowledge to admit or deny the allegations and characterizations in the last sentence of this paragraph.

208.    Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph.

209.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

210.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

211.    This allegation is a characterization of the action and does not require a response.

212.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

213.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

214.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

215.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

216.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

217.    Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

218.    This allegation is part of a claim that is not asserted against Defendant Palacios, so no response is required. This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

219.    This allegation is part of a claim that is not asserted against Defendant Palacios, so no response is required. This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

220.    This allegation is a characterization of the action and does not require a response.

221.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

222.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

223.     Admitted that "furnishing the means" is not a defined term in the statute. This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

224.     This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

225.     This allegation is part of a claim that is not asserted against Defendant Palacios, so no response is required. This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

226.     This allegation is part of a claim that is not asserted against Defendant Palacios, so no response is required. This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

227.     This allegation is part of a claim that is not asserted against Defendant Palacios, so no response is required. This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

228.     This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

229.     This allegation is a characterization of the action and does not require a response.

230.     This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

231.     This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

232.     This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

233.     This allegation is part of a claim that is not asserted against Defendant Palacios, so no response is required. This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

234.     This allegation is part of a claim that is not asserted against Defendant Palacios, so no response is required. This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

235.     This allegation is a characterization of the action and does not require a response.

236.     Admitted that Dr. Moayedi is licensed in Texas. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in this paragraph.

237.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

238.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

239.     This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

240.     This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

241.     This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

242.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

243.     Defendant lacks the knowledge to admit or deny the allegations and characterizations in this paragraph.

244.     This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

245.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

246.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

247.    This allegation is a characterization of the action and does not require a response.

248.    This allegation is part of a claim that is not asserted against Defendant Palacios, so no response is required. This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

249.    This allegation is part of a claim that is not asserted against Defendant Palacios, so no response is required. This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

250.    This allegation is part of a claim that is not asserted against Defendant Palacios, so no response is required. This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

251.    This allegation is part of a claim that is not asserted against Defendant Palacios, so no response is required. This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

252.    This allegation is part of a claim that is not asserted against Defendant Palacios, so no response is required. This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

253.    This allegation is part of a claim that is not asserted against Defendant Palacios, so no response is required. This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

254.    This allegation is part of a claim that is not asserted against Defendant Palacios, so no response is required. This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

255.    This allegation is part of a claim that is not asserted against Defendant Palacios, so no response is required. This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

256.    This allegation is part of a claim that is not asserted against Defendant Palacios, so no response is required. This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

257.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

258.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

259.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

260.    This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

261.    This allegation is a characterization of the action and does not require a response.

262.    This allegation is part of a claim that is not asserted against Defendant Palacios, so no response is required. This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

263.    This allegation is part of a claim that is not asserted against Defendant Palacios, so no response is required. This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

264.     This allegation is part of a claim that is not asserted against Defendant Palacios, so no response is required. This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

265.     This allegation is part of a claim that is not asserted against Defendant Palacios, so no response is required. This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

266.     This allegation is part of a claim that is not asserted against Defendant Palacios, so no response is required. This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

267.     This allegation is part of a claim that is not asserted against Defendant Palacios, so no response is required. This paragraph contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

The remaining paragraphs of the Second Amended Complaint contain Plaintiffs' requested relief, to which no response is required. To the extent a response is required, Defendant Palacios denies the allegations contained in the remaining paragraphs of the Second Amended Complaint and further avers that Plaintiffs are not entitled to any relief against Defendant Palacios.

Defendant Palacios hereby denies all allegations in the Second Amended Complaint not expressly admitted or denied.

## DEFENSES

1.     The Court lacks subject matter jurisdiction over the claims against Defendant Palacios because Plaintiffs lack standing.

2.     The proposed defendant class fails to meet the requisite standards under Federal Rule of Civil Procedure 23.

3.    Defendants reserve the right to assert any affirmative defense, including those in Federal Rule of Civil Procedure 8(c), not currently known, which it may have or through discovery learn may be applicable.

Respectfully submitted,

TORIBIO "TERRY" PALACIOS
CRIMINAL DISTRICT ATTORNEY
HIDALGO COUNTY, TEXAS

*/s/ Josephine Ramirez-Solis*
Josephine Ramirez-Solis
Assistant District Attorney
Texas Bar No.  24007894
josephine.ramirez@da.co.hidalgo.tx.us
Leigh Ann Tognetti
Assistant District Attorney
Texas Bar No. 24083975
leigh.tognetti@da.co.hidalgo.tx.us
Jacqueline Villarreal
Assistant District Attorney
Texas Bar No. 24093302
jacqueline.villarreal@da.co.hidalgo.tx.us

100 E. Cano, First Floor
Hidalgo County Courthouse Annex III
Edinburg, Texas 78539
Tel: (956) 292-7609
Fax: (956) 318-2301

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2024, this document was served through the Court's CM/ECF Document Filing System upon all counsel of record.

*/s/ Josephine Ramirez-Solis*
Josephine Ramirez-Solis
Assistant District Attorney

26