**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| FUND TEXAS CHOICE, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 1:22-cv-00859-RP |
| | § | |
| JOSÉ GARZA, in his official capacity as | § | |
| Travis County District Attorney, et al. | § | |
| | § | |
| Defendant. | § | |
| | § | |

---

**DEFENDANT JOE D. GONZALES'S ANSWER TO PLAINTIFFS'
SECOND AMENDED CLASS ACTION COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF**

---

Now comes Defendant Bexar County Criminal District Attorney Joe D. Gonzales, represented by and through the undersigned Assistant District Attorneys, in his official capacity ("Defendant Gonzales"), and files this Answer to Plaintiffs' Second Amended Class Action Complaint for Declaratory and Injunctive Relief (Docket No. 129) pursuant to Federal Rule of Civil Procedure 12, and within the extended deadline granted by this Court via text order on January 5, 2024.

The unnumbered preamble to Plaintiffs' Second Amended Class Action Complaint is a characterization of this action, to which no response is required.

**DEFENDANT GONZALES'S RESPONSES TO ALLEGATIONS IN
PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**

Defendant Gonzales answers the separately numbered paragraphs and prayer for relief contained in the Second Amended Class Action Complaint as follows:

## I.   INTRODUCTION AND PROCEDURAL BACKGROUND

1.     Defendant Gonzales admits that Plaintiffs in this action are Texas-based non-profit abortion funds and practical support networks, and an individual doctor who also serves as a board member for one of the non-profits. The remaining allegations in paragraph one and the corresponding footnote are a characterization of the action and do not require a response.

2.     Defendant Gonzales admits that on June 24, 2022, the Supreme Court of the United States issued its opinion in *Dobbs v. Jackson Women's Health Organization*, No. 19-1392, 2022 WL 2276808 (U.S. June 24, 2022), reversing its prior holdings in *Roe v. Wade*, 410 U.S. 113 (1973), and *Planned Parenthood of Southeastern Pennsylvania v. Casey*, 505 U.S. 833 (1992), as well as decades of precedent upholding a constitutional right to abortion. Defendant Gonzales is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 2.

3.     Plaintiffs' allegations in Paragraph 3 do not appear to be directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

4.     Plaintiffs' allegations in Paragraph 4 do not appear to be directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

5.     Plaintiffs' allegations in Paragraph 5 do not appear to be directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

6.          Plaintiffs' allegations in Paragraph 6 do not appear to be directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

7.          Plaintiffs' allegations in Paragraph 7 do not appear to be directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

8.          Plaintiffs' allegations in Paragraph 8 do not appear to be directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

9.          Plaintiffs' allegations in Paragraph 9 do not appear to be directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

10.          Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 10.

11.          Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 11.

12.          Admit.

13.          Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations regarding Plaintiffs' activities since February 24, 2023 that are stated in Paragraph 13. The remainder of Plaintiffs' allegations in paragraph 13 do not appear to be directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

14.          Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 14.

15.        Paragraph 15 is a characterization of this action and does not require a response.

## II.    JURISDICTION AND VENUE

16.        The allegations in Paragraph 16 state legal conclusions to which no response is required.

17.        The allegations in Paragraph 17 state legal conclusions to which no response is required.

18.        Defendant Gonzales does not challenge venue.

19.        Defendant Gonzales does not challenge this case's assignment to the Austin Division.

## III.    PARTIES

### A.    Plaintiffs

20.        Defendant Gonzales admits Plaintiffs are non-profit organizations and an individual medical provider. Defendant Gonzales is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 20.

21.        Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 21.

### The Fund Plaintiffs

22.        Defendant Gonzales admits that Plaintiff Fund Texas Choice is a non-profit organization incorporated in Texas. Defendant Gonzales is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 22.

23.        Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 23.

24.        Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 24.

25.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 25.

26.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 26.

27.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 27.

28.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 28.

29.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 29.

30.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 30.

31.     Defendant Gonzales admits that Plaintiff Lilith Fund is a non-profit organization incorporated in Texas. Defendant Gonzales is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 31.

32.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 32.

33.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 33.

34.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 34.

35.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 35.

36.          Defendant Gonzales admits that Plaintiff Frontera Fund is a non-profit organization incorporated in Texas. Defendant Gonzales is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 36.

37.          Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 37.

38.          Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 38.

39.          Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 39.

40.          Defendant Gonzales admits Plaintiff The Afiya Center is a non-profit organization incorporated in Texas. Defendant Gonzales is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 40.

41.          Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 41.

42.          Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 42.

43.          Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 43.

44.          Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 44.

45.          Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 45.

46.          Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 46.

47.         Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 47.

48.         Defendant Gonzales admits that Plaintiff Jane's Due Process is a non-profit organization incorporated in Texas. Defendant Gonzales is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 48.

49.         Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 50.

50.         Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 50.

51.         Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 51.

52.         Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 52.

53.         Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 53.

54.         Defendant Gonzales admits the Plaintiffs' Second Amended Class Action Complaint collectively refers to Plaintiffs Fund Texas Choice, TEA Fund, Lilith Fund, Frontera Fund, The Afiya Center, West Fund, Jane's Due Process, and Buckle Bunnies as the "Fund Plaintiffs."

**CASN**

55.         Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 55.

56.         Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 56.

57.          Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 57.

58.          Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 58.

59.          Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 59.

**Dr. Moayedi**

60.          Defendant Gonzales admits that Plaintiff Dr. Ghazaleh Moayedi, DO, MPH, FACOG, is a board-certified OB/GYN licensed in Texas. Defendant Gonzales is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 60.

61.          Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 61.

62.          Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 62.

63.          Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 63.

64.          Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 64.

65.          Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 65.

66.          Defendant Gonzales denies that Plaintiffs have suffered a direct injury as a result of any of Defendant Gonzales' actions and denies that he has ever threatened Plaintiffs with criminal prosecution. The remainder of the allegations in Paragraph 66 do

not appear to be directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

67.      Defendant Gonzales denies that he has threatened Plaintiffs with criminal prosecution. Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 67.

68.      Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 68.

**B. Named Defendants**

### The Prosecutor Defendants

69.      Defendant Gonzales admits that Defense Jose Garza is an individual sued in his official capacity as the District Attorney of Travis County, Texas; Defendant Garza has appeared in this case; and the quoted information is contained in Docket No. 31.

70.      Admitted.

71.      Admitted.

72.      Admitted.

73.      Admitted.

74.      Defendant Gonzales admits that the quoted information is contained in Docket Mo. 32.

75.      Admitted.

76.      Admitted.

77.      Admitted.

78.      Admitted.

79.      Admitted.

80.      Admitted.

81.      Admitted.

82.        Admitted.

83.        Admitted.

84.        Defendant Gonzales admits that Plaintiffs refer to the named Defendant District or County Attorneys sued in their official capacities as the "Prosecutor Defendants."

85.        The first two statements in Paragraph 85 are legal conclusions which do not require a response. Defendant Gonzales admits that each Prosecutor Defendant has the authority to file and pursue criminal charges in his or her respective districts for criminal acts committed within his or her district.

### The SB8 Enforcer Defendants

86.        Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 86.

87.        Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 87.

88.        Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 88.

89.        Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 89.

90.        Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 90.

91.        Defendant Gonzales admits the Plaintiffs collectively refer to Defendants Thomason, Weldon, Maxwell, Maxwell, and Sharp as the "SB8 Enforcer Defendants."

92.        Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 92.

93.         The allegations in Paragraph 93 state legal conclusions to which no response is required.

94.         The allegations in Paragraph 94 state legal conclusions to which no response is required.

## IV. FACTUAL ALLEGATIONS

95.         The allegations in this paragraph contain a conclusion of law, to which no response is required.

96.         The allegations in this paragraph contain a conclusion of law, to which no response is required.

97.         The allegations in this paragraph contain a conclusion of law, to which no response is required.

98.         The allegations in this paragraph contain a conclusion of law, to which no response is required.

99.         The allegations in this paragraph contain a conclusion of law, to which no response is required.

100.        The allegations in this paragraph contain a conclusion of law, to which no response is required.

101.        Plaintiffs' allegations in Paragraph 101 do not appear to be directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

### Texas Senate Bill 8

102.        The allegations in this paragraph contain a conclusion of law, to which no response is required.

103.        The allegations in this paragraph contain a conclusion of law, to which no response is required.

104.     The allegations in this paragraph contain conclusions of law, to which no response is required.

105.     The allegations in this paragraph contain conclusions of law, to which no response is required.

106.     The allegations in this paragraph contain conclusions of law, to which no response is required.

107.     The allegations in this paragraph contain conclusions of law, to which no response is required.

108.     The allegations in this paragraph contain conclusions of law, to which no response is required.

109.     The allegations in this paragraph contain conclusions of law, to which no response is required.

110.     The allegations in this paragraph contain conclusions of law, to which no response is required.

111.     The allegations in this paragraph contain conclusions of law, to which no response is required.

112.     The allegations in this paragraph contain conclusions of law, to which no response is required.

113.     The first sentence Paragraph 113 contains a conclusion of law, to which no response is required. Defendant Gonzales is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 113.

114.     The allegations in this paragraph contain conclusions of law, to which no response is required.

115.     The allegations in this paragraph contain conclusions of law, to which no response is required.

116.      The allegations in this paragraph contain conclusions of law, to which no response is required.

117.      The allegations in this paragraph contain conclusions of law, to which no response is required.

118.      The allegations in this paragraph contain conclusions of law, to which no response is required.

119.      The allegations in this paragraph contain conclusions of law, to which no response is required.

120.      The allegations in this paragraph contain conclusions of law, to which no response is required.

121.      The allegations in this paragraph contain conclusions of law, to which no response is required.

122.      The allegations in this paragraph contain conclusions of law, to which no response is required.

123.      The allegations in this paragraph contain conclusions of law, to which no response is required.

124.      The allegations in this paragraph contain conclusions of law, to which no response is required.

125.      The allegations in this paragraph contain conclusions of law, to which no response is required.

126.      The allegations in this paragraph contain conclusions of law, to which no response is required.

127.      The allegations in this paragraph contain conclusions of law, to which no response is required.

128.     The allegations in this paragraph contain conclusions of law, to which no response is required.

129.     The allegations in this paragraph contain conclusions of law, to which no response is required.

130.     The allegations in this paragraph contain conclusions of law, to which no response is required.

131.     The allegations in this paragraph contain conclusions of law, to which no response is required.

132.     The allegations in this paragraph contain conclusions of law, to which no response is required.

133.     The allegations in this paragraph contain conclusions of law, to which no response is required.

134.     The allegations in this paragraph contain conclusions of law, to which no response is required.

135.     Defendant Gonzales admits that Texas Attorney General Ken Paxton is no longer a party to this lawsuit. The remainder of Plaintiffs' allegations in Paragraph 135 do not appear to be directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

136.     Plaintiffs' allegations in Paragraph 136 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

137.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 137.

138.        Plaintiffs' allegations in Paragraph 138 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

139.        Plaintiffs' allegations in Paragraph 139 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

140.        Plaintiffs' allegations in Paragraph 140 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

141.        Plaintiffs' allegations in Paragraph 141 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

142.        Plaintiffs' allegations in Paragraph 142 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

143.        Plaintiffs' allegations in Paragraph 143 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

144.        Defendant Gonzales admits that the portion of Docket No. 33 cited by Plaintiffs in Paragraph 144 contains the quoted statements.

145.        Plaintiffs' allegations in Paragraph 145 contain Plaintiffs' conclusions of law to which no response is required.

146.        Defendant Gonzales is unsure what is meant by Plaintiffs' allegation in Paragraph 146 that: "[n]one of the Named DA Defendants has disavowed their ability to pursue such charges." Defendant Gonzales admits neither he nor the Bexar County

District Attorney's Office has adopted a policy of refusing to prosecute a class or type of criminal offense under State law. Defendant Gonzales is unable to admit or deny what other Prosecutor Defendants have disavowed, if anything.

147.        The allegations in this paragraph contain Plaintiffs' conclusion of law, to which no response is required.

148.        Defendant Gonzales admits he received a letter from attorneys representing Fund Texas Choice and Jane's Due Process with a copy of the referenced order along with a cover letter asking about resuming their operations. Defendant Gonzales is without knowledge or information to admit or deny whether Plaintiffs sent other Prosecutor Defendants the same materials. Defendant Gonzales admits he did not respond to the letter sent by Plaintiffs. Defendant Gonzales is without knowledge or information to admit or deny whether other Prosecutor Defendants responded to the letters sent by Plaintiffs.

149.        Plaintiffs' allegations in Paragraph 149 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

150.        Plaintiffs' allegations in Paragraph 150 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

151.        Plaintiffs' allegations in Paragraph 151 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

152.        Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 152.

153.        Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 153.

154.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 154.

155.     Plaintiffs' allegations in Paragraph 155 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

156.     Plaintiffs' allegations in Paragraph 156 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

157.     Plaintiffs' allegations in Paragraph 157 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

158.     Plaintiffs' allegations in Paragraph 158 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

159.     Plaintiffs' allegations in Paragraph 159 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

160.     Plaintiffs' allegations in Paragraph 160 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

161.     Plaintiffs' allegations in Paragraph 161 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

162.        Plaintiffs' allegations in Paragraph 162 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

163.        Plaintiffs' allegations in Paragraph 163 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

164.        Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 164.

165.        Defendant Gonzales denies that he has taken any actions that violated Plaintiffs' rights. Defendant Gonzales is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 165.

166.        Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 166.

167.        Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 167.

168.        Plaintiffs' allegations in Paragraph 168 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

169.        Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 169.

170.        This allegation is a characterization of the action and does not require a response.

171.        This allegation is a characterization of the action and does not require a response.

172.        The allegations in Paragraph 172 state legal conclusions to which no response is required.

173.        The allegations in Paragraph 173 state legal conclusions to which no response is required.

174.        The allegations in Paragraph 174 state legal conclusions to which no response is required.

175.        The allegations in Paragraph 175 state legal conclusions to which no response is required.

176.        The allegations in Paragraph 176 state legal conclusions to which no response is required.

177.        The allegations in Paragraph 177 state legal conclusions and a characterization of Plaintiffs' action to which no response is required.

178.        Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 178.

179.        The allegations in Paragraph 179 state legal conclusions and a characterization of Plaintiffs' action to which no response is required.

180.        The allegations in Paragraph 180 state legal conclusions and a characterization of Plaintiffs' action to which no response is required.

## IV.    CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER 42 USC § 1983 AND DECLARATORY JUDGMENT ACT

**Count I: The Pre-Roe Statutes Violate Dr. Moayedi's and CASN's Staff's and Volunteers' Rights to Travel**

181.        The allegation in Paragraph 181 is a characterization of the action and does not require a response.

182.        The allegations in Paragraph 182 state legal conclusions to which no response is required.

183.        The allegations in Paragraph 183 state legal conclusions to which no response is required.

184.        The allegations in Paragraph 184 state legal conclusions to which no response is required.

185.        Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 185.

186.        Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 186.

187.        Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 187.

188.        The allegations in Paragraph 188 state legal conclusions to which no response is required.

189.        Plaintiffs' allegations in Paragraph 189 do not appear to be directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

190.        Defendant Gonzales denies any allegations in Paragraph 190 that could pertain to him.

191.        The allegations in Paragraph 191 state legal conclusions to which no response is required.

192.        The allegations in Paragraph 192 state legal conclusions to which no response is required.

193.        The allegations in Paragraph 193 state legal conclusions to which no response is required. To the extent the allegations in Paragraph 193 are directed at Defendant Gonzales, he denies any allegations that could pertain to him.

194.        The allegations in Paragraph 194 state legal conclusions to which no response is required. To the extent the allegations in Paragraph 194 are directed at Defendant Gonzales, he denies any allegations that could pertain to him.

195.        The allegations in Paragraph 195 state legal conclusions to which no response is required.

196.        The allegations in Paragraph 196 state legal conclusions to which no response is required.

**Count II:    Threatened Enforcement of the pre-*Roe* Statutes and SB8 Violates Plaintiffs' First Amendment Free Speech Rights**

197.        The allegation in Paragraph 197 is a characterization of the action and does not require a response.

198.        The allegations in Paragraph 198 state legal conclusions to which no response is required.

199.        Plaintiffs' allegations in Paragraph 199 do not appear to be directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

200.        Plaintiffs' allegations in Paragraph 200 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

201.        The allegations in Paragraph 201 state legal conclusions to which no response is required.

202.        The allegations in Paragraph 202 state legal conclusions to which no response is required.

203.        The allegations in Paragraph 203 state legal conclusions to which no response is required.

204.        Defendant Gonzales denies Plaintiffs' allegations in Paragraph 204 to the extent they are directed at him.

205.        Defendant Gonzales denies Plaintiffs' allegations in Paragraph 205 to the extent they are directed at him.

206.        Defendant Gonzales denies Plaintiffs' allegations in Paragraph 206 to the extent they are directed at him.

207.        The allegations in Paragraph 207 state legal conclusions to which no response is required.

208.        The allegations in Paragraph 208 state legal conclusions to which no response is required.

209.        The allegations in Paragraph 209 state legal conclusions to which no response is required.

210.        The allegations in Paragraph 210 state legal conclusions to which no response is required.

211.        The allegations in Paragraph 211 state legal conclusions and a characterization of their action to which no response is required.

## Count III:   Retroactive Application of the pre-*Roe* Statutes and SB8 is Unconstitutional

212.        The allegations in Paragraph 212 are a characterization of the action and do not require a response.

213.        The allegations in Paragraph 213 state legal conclusions to which no response is required.

214.        The allegations in Paragraph 214 state legal conclusions to which no response is required.

215.       The allegations in Paragraph 215 state legal conclusions to which no response is required.

216.       The allegations in Paragraph 216 state legal conclusions to which no response is required.

217.       Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 217. The last allegation in Paragraph 217 is a legal conclusion to which no response is required.

218.       The allegations in Paragraph 218 state legal conclusions to which no response is required.

219.       The allegations in Paragraph 219 state legal conclusions to which no response is required.

## Count IV:   The Texas Pre-*Roe* Furnishing Statute and SB8 are Void for Vagueness

220.       The allegations in Paragraph 220 are a characterization of the action and do not require a response.

221.       The allegations in Paragraph 221 state legal conclusions to which no response is required.

222.       The allegations in Paragraph 222 state legal conclusions to which no response is required.

223.       The allegations in Paragraph 223 state legal conclusions to which no response is required.

224.       The allegations in Paragraph 224 state legal conclusions to which no response is required.

225.       The allegations in Paragraph 225 state legal conclusions to which no response is required.

226.     The allegations in Paragraph 226 state legal conclusions to which no response is required.

227.     The allegations in Paragraph 227 state legal conclusions to which no response is required.

228.     The allegations in Paragraph 228 state legal conclusions to which no response is required.

**Count V:    The Texas Pre-*Roe* Statutes and SB8 Cannot Apply to Abortion Care Obtained Outside of Texas**

229.     This allegation is a characterization of the action and does not require a response.

230.     The allegations in Paragraph 230 state legal conclusions to which no response is required.

231.     The allegations in Paragraph 231 state legal conclusions to which no response is required.

232.     The allegations in Paragraph 232 state legal conclusions to which no response is required.

233.     The allegations in Paragraph 233 state legal conclusions to which no response is required.

234.     The allegations in Paragraph 234 state legal conclusions to which no response is required.

**Count VII:  The Pre-*Roe* Statutes and SB8 Cannot Reach Medical Care Provided to Patients Outside of Texas Via Telemedicine**

235.     This allegation is a characterization of the action and does not require a response.

236.        Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 236.

237.        Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 237.

238.        The allegations in Paragraph 238 state legal conclusions to which no response is required.

239.        The allegations in Paragraph 239 state legal conclusions to which no response is required.

240.        The allegations in Paragraph 240 state legal conclusions to which no response is required.

241.        The allegations in Paragraph 241 state legal conclusions to which no response is required.

242.        Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 242.

243.        Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 243.

244.        The allegations in Paragraph 244 state legal conclusions to which no response is required.

245.        The allegations in Paragraph 245 state legal conclusions to which no response is required.

246.        The allegations in Paragraph 246 state legal conclusions to which no response is required.

**Count VI:    SB8 Deprives Plaintiffs of Due Process By Denying Them Meaningful Access to Courts.**

247.        This allegation is a characterization of the action and does not require a response.

248.        The allegations in Paragraph 248 state legal conclusions to which no response is required.

249.        These allegations are part of a claim that is not asserted against Defendant Gonzales, so no response is required.

250.        These allegations are part of a claim that is not asserted against Defendant Gonzales, so no response is required.

251.        These allegations are part of a claim that is not asserted against Defendant Gonzales, so no response is required.

252.        These allegations are part of a claim that is not asserted against Defendant Gonzales, so no response is required.

253.        These allegations are part of a claim that is not asserted against Defendant Gonzales, so no response is required.

254.        These allegations are part of a claim that is not asserted against Defendant Gonzales, so no response is required.

255.        These allegations are part of a claim that is not asserted against Defendant Gonzales, so no response is required.

256.        These allegations are part of a claim that is not asserted against Defendant Gonzales, so no response is required.


**Count VII:  SB8's Provisions Violate the Equal Protection Clause.**

257.        The allegations in Paragraph 257 state legal conclusions to which no response is required. It is also asserted in support of a claim involving SB8, which

Defendant Gonzales has no authority to enforce. To the extent that a response is required, denied.

258.        The allegations in Paragraph 258 state legal conclusions to which no response is required. It is also asserted in support of a claim involving SB8, which Defendant Gonzales has no authority to enforce. To the extent that a response is required, denied.

259.        The allegations in Paragraph 259 state legal conclusions to which no response is required. It is also asserted in support of a claim involving SB8, which Defendant Gonzales has no authority to enforce. To the extent that a response is required, denied.

260.        The allegations in Paragraph 260 state legal conclusions to which no response is required. It is also asserted in support of a claim involving SB8, which Defendant Gonzales has no authority to enforce. To the extent that a response is required, denied.

## Count VIII: SB8's Joint and Several Liability Attorney Fee Provision is Preempted.

261.        This allegation is a characterization of the action and does not require a response.

262.        These allegations are part of a claim that is not asserted against Defendant Gonzales, so no response is required.

263.        These allegations are part of a claim that is not asserted against Defendant Gonzales, so no response is required.

264.        These allegations are part of a claim that is not asserted against Defendant Gonzales, so no response is required.

265.        These allegations are part of a claim that is not asserted against Defendant Gonzales, so no response is required.

266.        These allegations are part of a claim that is not asserted against Defendant Gonzales, so no response is required.

267.        These allegations are part of a claim that is not asserted against Defendant Gonzales, so no response is required.

## VI.    RELIEF REQUESTED

Defendant Gonzales denies that he has taken any action that violated Plaintiffs' rights or that Plaintiffs are entitled to relief against him.

Defendant Gonzales hereby denies all allegations in the Second Amended Class Action Complaint not expressly admitted or denied.

## DEFENSES

1.      The Court lacks subject matter jurisdiction over the claims against Defendant Gonzales because the Plaintiffs lack standing.

2.      Plaintiffs' claims against Defendant Gonzales fail to state a claim under Federal Rule of Civil Procedure 12(b)(6).

3.      Defendant Gonzales reserves the right to assert any affirmative defense, including those in Federal Rule of Civil Procedure 8(c), not currently known, which he may have.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Gonzales prays that Plaintiffs take nothing from Defendant Gonzales or Bexar County by way of their suit.

Respectfully Submitted,

JOE D. GONZALES
Bexar County Criminal District Attorney

By:     /s/ *Lisa V. Cubriel*
           **LISA V. CUBRIEL**
           Bar No. 24045731
           **ROBERT W. PIATT III**
           Bar No. 24041692
           Assistant District Attorneys, Civil Division
           101 W. Nueva, 7th Floor
           San Antonio, Texas 78205
           Telephone: (210) 335-2142
           Lisa.Cubriel@bexar.org
           robert.piatt@bexar.org
           *Attorneys for Defendant Bexar County*
           *Criminal District Attorney Joe D. Gonzales*

## CERTIFICATE OF SERVICE

I do hereby certify that, on the 11th day of January, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which provided electronic service upon all parties.

/s/ *Lisa V. Cubriel*
**LISA V. CUBRIEL**