UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **FUND TEXAS CHOICE, et al.,**  *Plaintiffs*, | § § § | |
| v. | § § § | CIVIL ACTION NO. 1:22-CV-00859-RP |
| **KEN PAXTON, et al.,**  *Defendants*. | § § | |

### DEFENDANTS GLASER AND SINCLAIR'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

Defendants Fannin County District Attorney Richard E. Glaser and Hood County District Attorney Ryan Sinclair (hereinafter "Defendants") file this Answer in Response to Plaintiffs' Second Amended Class Action Complaint. Defendants offer the following:

### I.   ANSWER

1. Pursuant to Rule 8(b), Federal Rules of Civil Procedure, and for the express purpose of requiring Plaintiffs to meet their burden of proof herein, Defendants deny each and every allegation contained in Plaintiff's Second Amended Class Action Complaint except those expressly admitted herein.

2. Defendants admit that Plaintiffs are Texas-based non-profit abortion funds, practical support networks, and an individual doctor who also serves as a board member for one of the non-profits. Defendants deny any remaining allegations, if any, asserted in Paragraph No. 1.

3. With regards to the allegations contained in Paragraph No. 2, no reply is needed with regards to the information about the Supreme Court of the United States and the decision in *Dobbs v. Jackson Women's Health Organization*, No. 19-1392, 2022 WL 2276808 (U.S. June 24,

20222) overturning the precedent established in *Roe v. Wade*, 410 U.S. 113 (1973) and *Planned Parenthood of Southeastern Pennsylvania v. Casey*, 505 U.S. 833 (1992). Defendants deny any remaining allegations, if any, asserted in Paragraph No. 2.

4. Defendants deny the allegations asserted in Paragraphs Nos. 3-6.

5. Defendants are aware of Texas Senate Bill 8, enacted by the Texas Legislature, and admits that the legislation was drafted by Senator Bryan Huges. Defendants deny any remaining allegations, if any, asserted in Paragraph No. 7.

6. Defendants deny the allegations asserted in Paragraphs No. 8-11.

7. Defendants admit that the Court partially granted injunctive relief in its February 24, 2023 Order as alleged in Paragraphs No. 12 and 13. Defendants deny any remaining allegations, if any, asserted in Paragraph No. 13.

8. Defendants deny the allegations asserted in Paragraphs Nos. 14 and 15.

9. Defendants deny that this Court has subject-matter jurisdiction because Plaintiffs lack standing to assert claims against Defendants, asserted in in Paragraph No. 16.

10. Defendants deny the allegations asserted in Paragraphs No. 17.

11. Defendants deny that venue is appropriate as asserted in Paragraphs Nos. 18 and 19. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is not appropriate in the Western District of Texas because Defendants Glaser and Hood are not located in this district. Fannin County is located in the Eastern District of Texas, and Hood County is located in the Northern District of Texas.

12. With regards to paragraph 20, no reply is needed with regards to identifying information to the Plaintiffs. Defendants deny the remaining allegations, if any, in Paragraph No. 20.

13. Defendants deny the allegations asserted in Paragraph No. 21.

14. With regards to Paragraph No. 22, no reply is needed with regards to identifying information to the Plaintiffs. Defendants deny the remaining allegations, if any, in Paragraph No. 22.

15. Defendants deny the allegations asserted in Paragraphs No. 23-30.

16. With regards to Paragraph No. 31, no reply is needed with regards to identifying information to the Plaintiffs. Defendants deny the remaining allegations, if any, in Paragraph No. 31.

17. Defendants deny the allegations asserted in Paragraphs No. 32-35.

18. With regards to Paragraph No. 36, no reply is needed with regards to identifying information to the Plaintiffs. Defendants deny the remaining allegations, if any, in Paragraph No. 36.

19. Defendants deny the allegations asserted in Paragraphs No. 37-39.

20. With regards to Paragraph No. 40, no reply is needed with regards to identifying information to the Plaintiffs. Defendants deny the remaining allegations, if any, in Paragraph No. 40.

21. Defendants deny the allegations asserted in Paragraphs No. 41-47.

22. With regards to Paragraph No. 48, no reply is needed with regards to identifying information to the Plaintiffs. Defendants deny the remaining allegations, if any, in Paragraph No. 48.

23. Defendants deny the allegations asserted in Paragraphs No. 49-53.

24. With regards to referring to Plaintiffs FTC, TEA Fund, Lilith Fund, Frontera Fund, The Afiya Center, West Fund, JDP, and Buckle Bunnies collectively as the "Fund Plaintiffs," no reply is needed in Paragraph 54.

25. Defendants deny the allegations asserted in Paragraphs 55-59.

26. With regards to Paragraph No. 22, Defendants admit that Dr. Ghazaleh Moayedi, DO, MPH, FACOG, is a board-certified OB/GYN who is licensed in Texas. Defendants deny the remaining allegations, if any, in Paragraph No. 60.

27. Defendants deny the allegations asserted in Paragraphs No. 61-65.

28. Defendants deny that Plaintiffs have suffered a direct injury as a result of any of Defendants' actions and deny that Defendants have ever threatened Plaintiffs with criminal prosecution

and civil penalties. Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph No. 66 and therefore deny them.

29. Defendants deny the allegations asserted in Paragraphs No. 67 and 68.

30. Defendants admit that Jose Garza is an individual sued in his official capacity as the district attorney of Travis County, Texas. Defendants deny the remaining allegations, if any, in Paragraph No. 69.

31. Defendants admit the party information stated in Paragraphs No. 70-73.

32. Defendants admit that the quoted information is contained in the ECF entry stated in Paragraph 74. Defendants deny the remaining allegations, if any, in Paragraph No .74.

33. Defendants admit the party information stated in Paragraphs No. 75-83.

34. With regards to referring the Defendant District or Count attorneys collectively as the "Prosecutor Defendants," no reply is needed to Paragraph No. 84.

35. The first two sentences in Paragraph 85 are legal statements which do not require a response, but to the extent a response is required, denied. Admit that each Prosecutor Defendant (as defined by the Second Amended Class Action Complaint) has the authority to file and pursue criminal charges in his or her respective districts for criminal acts committed within his or her district. Defendants deny the remaining allegations, if any in Paragraph No. 85.

36. Defendants deny the allegations asserted in Paragraphs No. 86-90.

37. With regards to referring to the individual defendants collectively as the "SB8 Enforcer Defendants," no reply is needed to Paragraph No. 91.

38. Defendants denies the allegations asserted in Paragraph 92-94.

39. The allegations asserted in Paragraphs 95-134 contain statements of law and Plaintiffs' legal conclusions. To the extent that a reply is required, Defendants deny the allegations asserted, if any, in Paragraphs No. 95-134.

40. Defendants admit that AG Paxton is no longer a party to the suit. Defendants deny the remaining allegations, if any, in Paragraph No. 135.

41. Defendants admit that AG Paxton issued an advisory that is quoted in Paragraph No. 136. Defendants deny the remaining allegations, if any, in Paragraph No. 136.

42. Defendants deny the allegations asserted in Paragraph No. 137.

43. Defendants admit that the referenced websites and exhibits appear to contain the statements quoted in Paragraphs No. 138-143. Defendants deny the remaining allegations, if any, in Paragraphs No. 138-143.

44. Defendants admit that the ECF document cited in Paragraph 144 contains the quoted statements.

45. Defendants admit that AG Paxton is the chief legal officer of Texas. Defendants deny the remaining allegations, if any, in Paragraphs No. 145.

46. Defendants deny the allegations asserted in Paragraph No. 146-150.

47. Defendants admit that the referenced websites and exhibits appear to contain the statements quoted in Paragraph No. 151. Defendants deny the remaining allegations, if any, in Paragraph No. 151.

48. Defendants deny the allegations asserted in Paragraphs No. 152-169.

49. Paragraphs No. 170 and 171 are a characterization of the action and do not require a response.

50. Defendants deny the allegations asserted in Paragraphs No. 172-180.

51. Paragraphs No. 181-184 are legal conclusions and do not require a response.

52. Defendants deny the allegations asserted in Paragraphs No. 185-196.

53. Paragraphs No. 197 and 198 are a characterization of the action and do not require a response.

54. Defendants deny the allegations asserted in Paragraphs No. 199-211.

55. Paragraph 212 is a characterization of the action and does not require a response.

56. Defendants deny the allegations asserted in Paragraph No. 213.

57. Paragraphs 214 and 215 are a conclusion of law and does not require a response.

58. Defendants deny the allegations asserted in Paragraphs No. 216-217.

59. Paragraphs No. 218 and 219 are not alleged against these Defendants, so no response is required.

60. Paragraph No. 220 is a characterization of the action and does not require a response.

61. Defendants deny the allegations asserted in Paragraphs No. 221-224.

62. Paragraphs No. 226 and 227 are not alleged against these Defendants, so no response is required.

63. Defendants deny the allegations asserted in Paragraph No. 228.

64. Paragraph No. 229 is a characterization of the action and does not require a response.

65. Defendants deny the allegations asserted in Paragraphs 230 and 231.

66. Paragraph No. 232 is a conclusion of law and does not require a response.

67. Paragraphs No. 233-234 are not alleged against these Defendants, so no response is required.

68. Paragraph No. 235 is a characterization of the action and does not require a response.

69. Defendants deny the allegations asserted in Paragraphs No. 236-237.

70. Paragraph No. 238 is a conclusion of law and does not require a response.

71. Defendants deny the allegations asserted in Paragraphs No. 239-244.

72. Paragraph No. 245 is a conclusion of law and does not require a response.

73. Defendants deny the allegations asserted in Paragraph No. 246.

74. Paragraph No. 247 is a characterization of the action and does not require a response.

75. Paragraphs No. 248-256 are not alleged against these Defendants, so no response is required.

76. Paragraphs No. 257-260 are conclusions of law and do not require a response.

77. Paragraph No. 261 is a characterization of the action and does not require a response.

78. Paragraphs No. 262-267 are not alleged against these Defendants, so no response is required.

79. The remaining paragraphs outline the relief requested, to which no response is required. To the extent that a response is required, Defendants deny that Plaintiffs are entitled to relief.

80. Defendants deny all allegations in the Second Amended Class Action Complaint not expressly admitted or denied.

## II.   AFFIRMATIVE DEFENSES

81. Defendants assert that this Court lacks subject matter jurisdiction over the claims against them because Plaintiffs lack standing.

82. Plaintiffs' claims against Defendants failed to state a claim under Federal Rules of Civil Procedure 12(b)(6).

83. The proposed defendant class fails to meet the requisite standards under Federal Rules of Civil Procedure 23.

84. Defendants reserve the right to assert any affirmative defenses, including those in Federal Rule of Civil Procedure 8(c), not currently known, which it may have or through discovery learn may be applicable.

## III.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants Glaser and Sinclair pray that the Court deny Plaintiffs all relief, dismiss Plaintiffs' claims in their entirety, and for such other relief as the court deems just and proper.

Respectfully submitted,

*/s/ J. Eric Magee*
J. Eric Magee
SBN: 24007585
e.magee@allison-bass.com
**ALLISON, BASS & MAGEE, L.L.P.**
1301 Nueces Street, Suite 201
Austin, Texas 78701

(512) 482-0701 telephone
(512) 480-0902 facsimile
**ATTORNEY FOR DEFENDANTS RICHARD E. GLASER AND RYAN SINCLAIR**

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of January, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ J. Eric Magee*
J. Eric Magee