**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **FUND TEXAS CHOICE, et al.,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 1:22-cv-00859-RP** |
| | § | |
| **JOSÉ GARZA, in his official capacity as** | § | |
| **Travis County District Attorney, et al.** | § | |
| **Defendants.** | § | |

---

**DEFENDANT JOSÉ GARZA'S ANSWER TO PLAINTIFFS'**
**SECOND AMENDED CLASS ACTION COMPLAINT FOR**
**DECLARATORY AND INJUNCTIVE RELIEF**

---

Pursuant to Federal Rule of Civil Procedure 12, Defendant José Garza, District Attorney of Travis County, Texas, by and through his undersigned counsel, in his official capacity ("Defendant" or "Defendant DA Garza"), timely files his Answer to Plaintiffs' Second Amended Class Action Complaint (ECF No. 129).  In support thereof, Defendant DA Garza respectfully offers the following:

### DENIAL UNDER F.R.C.P. 8(b)

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant DA Garza denies each allegation contained in Plaintiffs' Second Amended Complaint except those expressly admitted herein.

The following specific admissions and denials are made to the corresponding paragraphs of Plaintiffs' First Amended Complaint:

## RESPONSES TO ALLEGATIONS IN PLAINTIFFS' SECOND AMENDED COMPLAINT

The unnumbered preamble to the Second Amended Class Action Complaint is a characterization of this action, to which no response is required. Defendant answers the separately numbered paragraphs and prayer for relief contained in the Second Amended Class Action Complaint as follows, with the number of each response corresponding to that numbered paragraph in the Second Amended Complaint:

1.      Defendant DA Garza admits that Plaintiffs in this action are Texas-based non-profit abortion funds and practical support networks, and an individual doctor who also serves as a board member for one of the non-profits. The remaining allegations in paragraph one and the corresponding footnote are a characterization of the action and do not require a response.

2.      Defendant DA Garza admits that on June 24, 2022, the Supreme Court of the United States issued its opinion in *Dobbs v. Jackson Women's Health Organization*, No. 19-1392, 2022 WL 2276808 (U.S. June 24, 2022), reversing its prior holdings in *Roe v. Wade*, 410 U.S. 113 (1973), and *Planned Parenthood of Southeastern Pennsylvania v. Casey*, 505 U.S. 833 (1992), as well as decades of precedent upholding a constitutional right to abortion. Defendant is without sufficient information to admit or deny the remaining allegations and therefore denies them.

3.      Defendant DA Garza lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 3.  To the extent further response is required, denied.

4.      Defendant DA Garza is without sufficient information to admit or deny the allegations set forth in Paragraph 4 as they pertain to other named defendants.

5.      Defendant Garza admits the excerpt set forth in Paragraph 5 is from a letter attached as Exhibit A to the Second Amended Complaint. Defendant DA Garza is without sufficient information to admit or deny these allegations as they pertain to other named defendants.

6.     Defendant DA Garza is without sufficient information to admit or deny the allegations set forth in Paragraph 6 as they pertain to other named defendants.

7.     The allegations in Paragraph 7 amount to factual characterizations and /or legal conclusions that Defendant DA Garza lacks sufficient information to admit or deny.

8.      The allegations in Paragraph 8 amount to factual characterizations that Defendant DA Garza is without sufficient information to admit or deny.

9.     Defendant DA Garza admits copies of the letters referenced in Paragraph 9 are attached as Exhibit B, Exhibit C, and Exhibit D to the Second Amended Complaint. The remaining allegations in Paragraph 9 amount to factual characterizations that Defendant DA Garza is without sufficient information to admit or deny.

10.     The allegations in Paragraph 10 amount to factual characterizations that Defendant DA Garza is without sufficient information to admit or deny.

11.     The allegations in Paragraph 11 amount to factual characterizations that Defendant DA Garza is without sufficient information to admit or deny.

12.     Defendant DA Garza admits that the Court's February 24, 2023, Order (Dkt. 120) contains the language quoted and purports to do what Plaintiffs state.

13.     The allegations in Paragraph 13 amount to factual characterizations and/ or legal conclusions that Defendant DA Garza is without sufficient information to admit or deny.

14.     The allegations in Paragraph 14 amount to factual characterizations that Defendant DA Garza is without sufficient information to admit or deny.

15.     The allegations in Paragraph 15 amount to factual characterizations and/ or legal conclusions that Defendant DA Garza is without sufficient information to admit or deny.

16.     Defendant DA Garza denies that this Court has subject-matter jurisdiction because the Plaintiffs lack standing to assert claims against him.

17.     Defendant DA Garza denies that this Court has the authority to provide the requested relief under the Constitution, statutes, or the Court's equitable powers under the facts alleged herein.

18.     Defendant DA Garza does not challenge venue. Defendant DA Garza is without sufficient information to admit or deny the remaining allegations regarding threats and where they originated from and therefore denies them.

19.     Defendant Da Garza admits that he maintains an office within the Austin Division. Defendant is without sufficient information to admit or deny remaining allegations in Paragraph 19.

20.     Defendant DA Garza admits that Plaintiffs are non-profit organizations.

21.     Defendant DA Garza is without sufficient information to admit or deny the remaining allegations set forth in Paragraphs 20-59, inclusive. Defendant DA Garza further asserts that the allegations set forth in Paragraphs 20-59, inclusive contain factual characterizations and/or legal conclusions that do not require a response.

22.     As to Paragraph 60, Defendant DA Garza admits that Dr. Ghazaleh Moayedi, DO, MPH, FACOG, is an OB/GYN licensed in Texas.

23.     Defendant DA Garza is without sufficient information to admit or deny the remaining allegations set forth in Paragraphs 60-64, inclusive. Defendant DA Garza further asserts that the allegations set forth in Paragraphs 60-64, inclusive contain factual characterizations and/or legal conclusions that do not require a response.

24.     Defendant DA Garza asserts that the allegations set forth in Paragraphs 65-68, inclusive, contain factual characterizations and/or legal conclusions that do not require a response. Defendant DA Garza further is without sufficient information to admit or deny the remaining allegations set forth in Paragraphs 65-68, inclusive.

25.     Defendant DA Garza lacks sufficient information to admit or deny allegations set forth in Paragraphs 60 -68, inclusive, and therefore denies them.

26.     Defendant DA Garza admits the allegations set forth in Paragraph No. 69 and to the Stipulation filed in this matter as ECF No. 31.

27.     Defendant DA Garza admits to Paragraphs 70 – 73, inclusive.

28.     Defendant DA Garza admits Defendants Renkin, Deski, McAfee, and Weber filed the Stipulation filed in this matter as ECF No. 32 as set forth in Paragraph 74.

29.     Defendant DA Garza admits that Defendant Joe Gonzales is an individual sued in his official capacity as the District Attorney of Bexar County, Texas. Defendant DA Garza is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 75.

30.     Defendant DA Garza admits that Defendant Toribio Palacios is an individual sued in his official capacity as the District Attorney of Hidalgo County, Texas. Defendant DA Garza is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 76.

31.     Defendant DA Garza admits that Defendant K. Sunshine Stanek is an individual sued in her official capacity as the District Attorney of Lubbock County, Texas. Defendant DA Garza is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 77.

32.     Defendant DA Garza admits that Defendant Gocha Allen Ramirez is an individual sued in his official capacity as the District Attorney of Starr County, Texas. Defendant DA Garza is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 78.

33.     Defendant DA Garza admits that Defendant Bill D. Hicks is an individual sued in his official capacity as the District Attorney of Hudspeth County, Texas and El Paso County, Texas. Defendant DA Garza is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 79.

34.     Defendant DA Garza admits that Defendant Ori T. White is an individual sued in his official capacity as the District Attorney of Pecos County, Texas. Defendant DA Garza is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 80.

35.     Defendant DA Garza admits that Defendant Richard E. Glaser is an individual sued in his official capacity as the District Attorney of Fannin County, Texas. Defendant DA Garza is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 81.

36.     Defendant DA Garza admits that Defendant Ryan Sinclair is an individual sued in his official capacity as the District Attorney of Hood County, Texas. Defendant DA Garza is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 82.

37.     Defendant DA Garza admits that Defendant Putman is an individual sued in his official capacity as the District Attorney of Smith County, Texas. Defendant DA is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 83.

38.     Defendant DA Garza admits that the Second Amended Class Action Complaint refers to all of the Defendant District or County Attorneys sued in their official capacities as the "Prosecutor Defendants" As set forth in Paragraph 84.

39.     Defendant DA Garza admits the allegations as set forth in Paragraph 85 as it pertains to Defendant DA Garza but is without sufficient information to admit or deny the remaining allegations.

40.     Defendant DA Garza is without sufficient information to admit or deny the allegations set forth in Paragraphs 86-90.

41.     Defendant DA Garza admits the allegations set forth in Paragraph 91 that the Second Amended Class Action Complaint refers to Defendants Thomason, Weldon, Ms. Max[w]ell, and Mr. Maxwell collectively as the "SB8 Enforcer Defendants."

42.     Defendant DA Garza is without sufficient information to admit or deny of the allegations set forth in Paragraphs 92 -94, inclusive.

43.     The allegations contained in Paragraphs Nos. 95–100, inclusive, consist of legal conclusions not subject to admission or denial. To the extent a response is required, Defendant DA Garza denies the allegations.

44.     Defendant DA Garza is without sufficient information to admit or deny the allegations set forth in Paragraph No. 101.

45.     The allegations set forth in Paragraphs 102-113, inclusive, contain statements of law, and / or factual characterizations to which no response is required.

46.     The allegations set forth in Paragraphs 114-121, inclusive, contain statements of law, and / or factual characterizations to which no response is required.

47.     The allegations set forth in Paragraphs 122-126, inclusive contain a statement of law, and / or factual characterizations to which no response is required.

48.     The allegations set forth in Paragraphs 127-134, inclusive, contain a statement of law, and / or factual characterizations to which no response is required.

49.     Defendant DA Garza admits that AG Paxton has been dismissed as a party to this lawsuit. Defendant DA Garza denies knowledge or sufficient information to admit or deny the allegations in the remainder of Paragraph 135.

50.     Defendant DA Garza is without sufficient information to admit or deny the allegations in Paragraph 136.

51.     The allegations set forth in Paragraphs 137–145, inclusive, do not address the conduct or action of Defendant DA Garza or his office. Defendant DA Garza is without sufficient information to admit or deny the allegations in Paragraph 137-145, inclusive. Further, the allegations set forth in Paragraphs 137–145, inclusive, contain conclusions of law, and /or factual characterizations that do not require a response.

52.     Admit that the ECF 33 document cited contains the quoted statements set forth in Paragraph No. 144.

53.     The allegations in Paragraph 145 contain Plaintiffs' conclusions of law to which no response is required. To the extent a response is required, Defendant DA Garza denies the allegations.

54.     Defendant DA Garza admits that he filed the Stipulation filed in this matter as ECF No 31 referenced in Paragraph 146 and 147.  Defendant DA Garza is without sufficient information to admit or deny the remaining allegations in this paragraph.

55.     The allegations set forth in Paragraphs 148–163, inclusive, do not address the conduct or action of Defendant DA Garza or his office.  Defendant DA Garza is without sufficient information to admit or deny the allegations set forth in these paragraphs.

56.     The allegations set forth in Paragraphs 164–169, inclusive, set forth legal conclusions and/or factual characterizations that do not require a response. To the extent that further response is required, Defendant DA Garza denies.

57.     The allegations set forth in Paragraph 170- 180, inclusive, state legal conclusions and factual characterizations for which no response is required. To the extent further response is required, the allegations are denied.

58.     The allegations set forth in Paragraph 181 is a characterization of the action and does not require a response.

59.     The allegations in Paragraph 182 state legal conclusions for which no response is required.

60.     The allegations in Paragraph 183 state legal conclusions for which no response is required.

61.     The allegations in Paragraph 184 state legal conclusions for which no response is required.

62.     Defendant DA Garza is without sufficient information to admit or deny the allegations set forth in Paragraphs 185-187, inclusive.

63.     The allegations in Paragraph 188 state legal conclusions and factual characterizations for which no response is required. Further, Defendant DA Garza is without sufficient information to admit or deny these allegations.  To the extent further response is required, the allegations are denied.

64.     The allegations in Paragraph 189 state factual characterizations for which no response is required. Further, Defendant DA Garza is without sufficient information to admit or deny these allegations.  To the extent further response is required, the allegations are denied.

65.     The allegations in Paragraph 190 state factual characterizations for which no response is required by Defendant DA Garza. Further, Defendant DA Garza is without sufficient information to admit or deny the allegations.  To the extent further response is required, the allegations are denied.

66.     The allegations set forth in Paragraph 191-196, inclusive, state legal conclusions for which no response is required.

67.     Defendant DA Garza admits the allegations set forth in Paragraph 197.

68.     The allegations set forth in Paragraph 198 state legal conclusions for which no response is required.

69.     The allegations in Paragraph 199 state factual characterizations for which no response is required by Defendant DA Garza. Further, Defendant DA Garza is without sufficient information to admit or deny these allegations.  To the extent further response is required, denied.

70.     The allegations in Paragraph 200 state factual characterizations for which no response is required by Defendant DA Garza. Further, Defendant DA Garza is without sufficient information to admit or deny these allegations.

71.     The allegations set forth in Paragraph 201-203, inclusive, state legal conclusions for which no response is required. To the extent further response is required, the allegations are denied.

72.     Plaintiffs' allegations in Paragraph 204-208, inclusive, are not specifically directed toward Defendant DA Garza.  Defendant DA Garza denies any allegations that could pertain to

him with respect to alleged violation of Plaintiffs' rights.  Further, the allegations in Paragraph 204-208, inclusive, state legal conclusions for which no response is required. To the extent further response is required, they are denied.

73.    The allegations in Paragraph 209-211, inclusive, state legal conclusions for which no response is required. To the extent further response is required, they are denied.

74.    Defendant DA Garza admits the allegations set forth in Paragraph 212.

75.    The allegations in Paragraph 213 state legal conclusions for which no response is required. To the extent a response is required, they are denied.

76.    The allegations in Paragraph 214-216, inclusive, state legal conclusions for which no response is required.

77.    Defendant DA Garza is without sufficient information to admit or deny these allegations.  Further, the allegations in Paragraph 217-219, inclusive, state legal conclusions for which no response is required.   To the extent a response is required, Denied.

78.    Defendant DA Garza is without sufficient information to admit or deny allegations set forth in Paragraph 220.

79.    The allegations in Paragraphs 221-224, inclusive, state legal conclusions for which no response is required.

80.    Defendant DA Garza is without sufficient information to admit or deny these allegations set forth in Paragraphs 225-227, inclusive. Additionally, the allegations in Paragraphs 225-227, inclusive, state legal conclusions for which no response is required.

81.    The allegations in Paragraph 228 state legal conclusions and a characterization of the lawsuit claims for which no response is required.

82.    Defendant DA Garza admits as to claims set forth in Paragraph 229 against Prosecutor Defendants.  Defendant DA Garza lacks sufficient information to form a belief about the truth or falsity of the remaining allegations.

83.    The allegations in Paragraph 230 -234, inclusive, state legal conclusions for which no response is required. To the extent a response is required, they are denied.

84.    Defendant DA Garza is without sufficient information to admit or deny the remaining allegations.

85.    Defendant DA Garza is without sufficient information to admit or deny the allegations set forth in Paragraph 236.

86.    The allegations in Paragraph 237-244, inclusive, state legal conclusions and a characterization of the lawsuit claims for which no response is required. To the extent a response is required, they are denied.

87.    The allegations in Paragraph 245-246, inclusive, state legal conclusions and /or characterization of the lawsuit claims for which no response is required. To the extent a response is required, they are denied.

88.    Plaintiffs' allegations in Paragraphs 247–256, inclusive, are not specifically directed toward Defendant DA Garza and Defendant DA Garza is without sufficient information to admit or deny these allegations.

89.    The allegations in Paragraphs 248-253, inclusive, state legal conclusions for which no response is required.

90.    The allegations set forth in Paragraphs 254-256, inclusive, set forth claims against the SB 8 Defendants, and do not assert any claim against Defendant DA Garza, so no response is required. To the extent a response is required, they are denied.

91.     The allegations asserted in Paragraphs 257 -260, inclusive, is a conclusion of law and does not require a response. It also asserted in support of a claim involving SB8, which Defendant DA Garza has no authority to enforce. To the extent that a response is required, they are denied.

92.     The allegations asserted in Paragraph 261 are characterizations of the action and do not require a response.

93.     The allegations asserted in Paragraph 262 are part of a claim that is not asserted against Defendant DA Garza, so no response is required. To the extent a response is required, they are denied.

94.     Plaintiffs' allegations in Paragraphs 257–260, inclusive are not specifically directed toward Defendant DA Garza.  Defendant DA Garza is without sufficient information to admit or deny these allegations. Furthermore, the allegations in Paragraph 257 state legal conclusions for which no response is required.

95.     Plaintiffs' allegations in Paragraphs 261-267, inclusive, are not specifically directed toward Defendant DA Garza.  The allegations in Paragraph 261-267 state legal conclusions and /or characterization of the lawsuit's claims for relief, for which no response is required.  To the extent a response is required, they are denied.


## VI. RELIEF REQUESTED

The remaining paragraphs of the Second Amended Class Action Complaint set forth in Section contain Plaintiffs' requested relief, to which no response is required. To the extent a response is required, Defendant DA Garza denies the allegations contained in the remaining

paragraphs of the Second Amended Class Action Complaint and further asserts that Plaintiffs are not entitled to any relief.

Defendant DA Garza hereby denies all allegations in the Second Amended Class Action Complaint not expressly admitted or denied.

## AFFIRMATIVE DEFENSES

1.      The Court lacks subject matter jurisdiction over the claims against Defendant DA Garza because Plaintiffs lack standing.

2.      Plaintiffs' claims against Defendant DA Garza fail to state a claim under Federal Rule of Civil Procedure 12(b)(6).

3.      The proposed defendant class fails to meet the requisite standards under Federal Rule of Civil Procedure 23.

4.      Defendants reserve the right to assert any affirmative defense, including those in Federal Rule of Civil Procedure 8(c), not currently known, which it may have or through discovery learn may be applicable.

/ / /

Respectfully submitted,

**DELIA GARZA**
County Attorney, Travis County
P. O. Box 1748
Austin, Texas 78767
Telephone:     (512) 854-9513
Facsimile:     (512) 854-4808

By: _/s/ Anthony J. Nelson_
    Leslie W. Dippel
    State Bar No. 00796472
    Leslie.Dippel@traviscountytx.gov
    Amy S. Ybarra
    State Bar No. 24013573
    amy.ybarra@traviscountytx.gov
    Anthony J. Nelson
    State Bar No. 14885800
    Tony.Nelson@traviscountytx.gov
    Sameer S. Birring
    State Bar No. 24087169
    Sameer.Birring@traviscountytx.gov
    **ATTORNEYS FOR DEFENDANT TRAVIS COUNTY DISTRICT ATTORNEY, JOSÉ GARZA**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 11, 2024, this document was electronically filed and served via the Court's CM/ECF system.

/s/ *Anthony J. Nelson*
Anthony J. Nelson
Assistant County Attorney