IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| FUND TEXAS CHOICE, et al.,<br><br>    Plaintiffs,<br>v.<br><br>JOSÉ GARZA, in his official capacity as District Attorney of Travis County, Texas, et al.,<br><br>    Defendants. | Civil Case No. 1:22-cv-00859-RP |

**PLAINTIFFS' MOTION TO SET A DEADLINE FOR SB8 DEFENDANTS TO COMPLETE AUTHORIZED LIMITED DISCOVERY**

Plaintiffs respectfully move the Court to set a deadline for Defendants Shannon D. Thomason, Sadie Weldon, Ashley Maxwell, Zach Maxwell, and Mistie Sharp ("SB8 Defendants") to complete the limited discovery permitted under the Court's December 21, 2023 Order (ECF 258), and in support thereof, show as follows:

**I.     INTRODUCTION AND RELEVANT FACTUAL BACKGROUND**

This case seeks declaratory relief (and associated injunctive relief) about the constitutionality and enforceability of Senate Bill 8 ("SB8") and Texas's other abortion statutes. (ECF 129 at 79-82). Whether a statute is constitutional is a question of law. *Miller v. Raytheon Co.*, 716 F.3d 138, 148 (5th Cir. 2013).

Plaintiffs filed their Motion for Summary Judgment against SB8 Defendants ("Motion for Summary Judgment") on September 11, 2023, explaining all of the constitutional and other legal infirmities of SB8. (ECF 209). Rather than respond to those legal arguments, SB8 Defendants repeatedly sought to defer the Court's consideration of the Motion for Summary Judgment and ultimately filed a Rule 56(d) Motion, claiming they needed discovery on two issues: standing and

venue. (ECF 217).[1]  The SB8 Defendants then undertook an extensive discovery campaign over the course of three months that included: 335 requests for production, 612 interrogatories, 745 requests for admission, three third-party subpoenas for documents and/or deposition, and a noticed deposition of Plaintiff Dr. Moayedi.[2]

The discovery requests prompted significant motion practice.[3]  During that time, counsel for Plaintiffs sought agreements to stay all pending and future discovery from SB8 Defendants until the Court ruled on: (1) the SB8 Defendants' Rule 56(d) Motion and (2) the pending motions for protection and the SB8 Defendants' related motion to compel.  Ex. A (Decl. of E. Myers); Ex. A-1 (Dec. 7, 2023, Emails); (ECF 251-1 at 3, 7-8).  SB8 Defendants' counsel refused to temporarily stay all discovery[4] and maintained that it was "doubly inappropriate [to stay discovery] when the SB8 defendants are taking discovery into the subject-matter jurisdiction of the Court, which must be resolved at the outset of the litigation and before the Court proceeds to consider a motion for summary judgment." (ECF 241 at 7).  Plaintiffs' motions for protective orders and the SB8 Defendants' motion to compel were referred to the Honorable Judge Susan J. Hightower, who on December 8, 2023, granted Plaintiffs' motions for protective orders and stayed discovery pending further order of the Court.  (ECF 256 at 3-4).

On December 21, 2023, this Court denied all of the Prosecutor Defendants' and the SB8 Defendants' pending motions to dismiss, and partially granted the SB8 Defendants' Rule 56(d)

---

[1] Specifically, the SB8 Defendants argued they were "entitled to take discovery into whether the plaintiffs satisfy Article III's requirements for a pre-enforcement challenge before responding to the[] motion for summary judgment, which does not even address the issue." (ECF 217-2 at 3).

[2] A complete list of the specific discovery served by the SB8 Defendants is included as Exhibit A-2 in the Appendix to this Motion.

[3] (ECF 219, 235, 246, 250); (ECF 234-2 at 3-4, 6; ECF 236-2 at 4-5, 9-11; 244-2 at 4).

[4] The SB8 Defendants did agree to stay the third-party subpoena of Pegasus Health Justice Center until after the forthcoming motion for protection was resolved by the Court and also agreed to move the then-scheduled deposition date of Dr. Moayedi (January 16, 2024) if the Court did not resolve that motion for protection before the noticed date.  (ECF 246; 256).

Motion. (ECF 258 at 29). In that order, the Court ruled that the SB8 Defendants could complete limited discovery before responding to the pending Motion for Summary Judgment. (*Id*. at 26-29). Specifically, the Court ordered that the SB8 Defendants could (1) serve eight interrogatories on each declarant that offered a declaration in support of the Motion for Summary Judgment and (2) conduct a deposition of no more than two hours of each of those declarants. (*Id*. at 29). The Court also ordered the SB8 Defendants to file a response to the Motion for Summary Judgment two weeks after completing the limited discovery. (*Id*.).

Since the Court's December 21, 2023 Order, the SB8 Defendants have not served a single interrogatory and have not noticed a single deposition (or even conferred about proposed dates). Counsel for Plaintiffs began inquiring about a reasonable schedule to complete the limited discovery on January 10, 2023, and initially proposed March 15, 2024, as a reasonable deadline by which the limited discovery could be completed.[5] (*See* Decl. at ¶¶ 4-8). In response, Counsel for the SB8 Defendants indicated they could not agree to that deadline and that the SB8 Defendants do not intend to conduct the limited discovery until *after* they move for dismissal under Rule 12(b)(1) and for judgment on the pleadings under Rule 12(b)(c). (Decl. at ¶¶ 4-9). Thus, despite serving nearly 1,700 discovery requests before the Court's December 21, 2023 Order and arguing to the Court that discovery was necessary to respond to the Motion for Summary Judgment (and address the Court's subject matter jurisdiction), the SB8 Defendants now maintain that they should

---

[5] Plaintiffs originally proposed a March 15, 2024 deadline, but are now requesting an April 1, 2024 deadline, which is more than three months after the Court's December 21, 2023 Order. Counsel for Plaintiffs conveyed to the SB8 Defendants' counsel during their video conference on January 26, 2024 that Plaintiffs would request a deadline of "the end of March." Counsel for the SB8 Defendants confirmed that his clients still oppose any date and did not offer an alternative. (*See* Decl. at ¶ 9). Because March 31, 2024, is a Sunday, Plaintiffs propose that the "end of March" deadline be moved to the following business day of April 1, 2024.

**PLAINTIFFS' MOTION TO SET A DEADLINE FOR SB8 DEFENDANTS TO COMPLETE AUTHORIZED LIMITED DISCOVERY – PAGE 3**

not be required to conduct the very discovery they sought in a manner that will allow this case to proceed expeditiously.

During multiple attempts to confer regarding this Motion, counsel for SB8 Defendants' Jonathan F. Mitchell stated that demands in other cases would prevent him from serving any discovery or setting any depositions in this case before February 8, 2024. (Decl. at ¶¶ 5-9). He also stated that his briefing and argument schedule was so busy that he would not even be able to respond to this Motion before that date. (*See id.*).[6] Yet, since this Court's December 21, 2023 Order Mr. Mitchell has:

- Filed notice of third-party discovery targeting three of the Plaintiffs in this case and one of the declarants in a matter pending in state court in Bexar County, Texas;[7]

- Served Plaintiff Lilith Fund and declarant Neesha Davé with that third-party discovery;[8] and

- Filed almost 60 pages of briefing and more than 1,300 pages of evidence seeking fee awards and/or sanctions of $1 million against Plaintiffs Afiya Center, TEA Fund, and Lilith Fund in another set of cases pending in Travis County and Dallas County district courts.[9]

---

[6] In order to prevent further unnecessary delay, Plaintiffs are filing this Motion, but Plaintiffs' counsel has conveyed to counsel for the SB8 Defendants that Plaintiffs will confer about a short extension to the response deadline if such an extension is needed due to scheduling conflicts. (Decl. at ¶¶ 8-9).
[7] *San Antonio Family Association et al. v. City of San Antonio et al.*, Cause No. 2023CI22459, (438th Judicial District of Bexar County); (ECF 209 at Ex. A-24).
[8] *San Antonio Family Association et al. v. City of San Antonio et al.*, Cause No. 2023CI22459, (438th Judicial District of Bexar County); (ECF 209 at Ex. A-24).
[9] *The Afiya Center v. Mark Lee Dickson, et al.*, Cause Nos. DC-20-08104, DC-20-08113 (116th Judicial District of Dallas County) and (Decl. at ¶ 13).

It is obvious that the SB8 Defendants are simply trying to delay the progress of this case and improperly evade the reasonable discovery limits imposed by this Court's December 21, 2023 Order. The time required to serve eight interrogatories on each declarant and to agree to dates and locations for 9 two-hour depositions is not significant.[10] It is certainly less than the time required to undertake third-party discovery efforts targeting some of the very same organizations and individuals before this Court. Plaintiffs submit that counsel for SB8 Defendants does not want to be subject to the reasonable discovery limitations imposed by this Court's Order and does not ever want to respond to the legal arguments presented in the Motion for Summary Judgment. Neither of those reasons warrants unending delay of Plaintiffs' claims.

Plaintiffs respectfully request that the Court set a reasonable deadline for SB8 Defendants to complete the limited discovery authorized in the Court's December 21, 2023 Order. Specifically, Plaintiffs ask that the Court set a deadline of April 1, 2024, for SB8 Defendants to complete their limited discovery.

## II.     LEGAL STANDARD

"District courts have broad discretion in all discovery matters." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006) (internal quotations omitted). As part of its inherent powers under Rule 16, the Court has "broad discretion to control and limit discovery." *Shaver v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, 593 F. App'x 265, 274 (5th Cir. 2014).[11] Among that broad discretion is the power to "issue scheduling orders limiting the time for, among other things, completing discovery." *Weathered v. Fam. Dollar Stores of Texas LLC*, No. 3:22-CV-2409-K-BN, 2023 WL 8606811, at *3 (N.D. Tex. Dec. 12, 2023). Similarly, discovery may

---

[10] (*See* ECF 209 at 190-235, 301-08).
[11] Deadlines, including discovery deadlines, in any given case before a federal court are generally governed by the scheduling order for that case. *See* Fed. R. Civ. P. 16(b). The Court has not yet entered a formal scheduling order in this matter.

be limited if dilatorily delay occurs. *Paul Kadair, Inc. v. Sony Corp. of Am.*, 694 F.2d 1017, 1031 (5th Cir. 1983).[12]

### III.   ARGUMENTS & AUTHORITIES

Plaintiffs' pending Motion for Summary Judgment presents questions of law. It puts forward five legal arguments regarding why SB8 is unconstitutional and therefore void. (ECF 209 at 16, 18, 31, 35, 39). It also puts forward arguments regarding statutory construction, which are also questions of law. (*Id.* at 28-31); *see also Oliver v. Arnold*, 3 F.4th 152, 161 (5th Cir. 2021) (noting that a question of statutory construction is purely a legal matter) (citing *Kemp v. G.D. Searle & Co.*, 103 F.3d 405, 407 (5th Cir. 1997) ("Questions of statutory interpretation are questions of law and thus reviewed de novo.")).

Despite the purely legal issues, SB8 Defendants repeatedly argued that they needed discovery before they could adequately respond to the Motion for Summary Judgment and served nearly 1,700 discovery requests in the course of just three months.[13] (ECF 255 at 2-4). But after serving an exorbitant amount of discovery in a very short period of time, the SB8 Defendants are now unilaterally delaying resolution of the Motion for Summary Judgment by refusing to engage in the limited discovery the Court determined they could conduct. This intentional delay directly contradicts the SB8 Defendants' previous position that if "the Court denies the SB 8 defendants' pending motion to dismiss for improper joinder and lack of venue, then the SB 8 defendants will seek discovery from the plaintiffs" on standing and venue. (ECF 217-2 at 4). The SB8 Defendants

---

[12] The relevant factors to determine whether delay is dilatory include: whether and when the need for the requested discovery could have been anticipated; the previous efforts, if any, to obtain the needed information either through discovery or otherwise; the degree and nature of discovery already undertaken; and any limitations placed upon discovery previously by the court. *See Paul Kadair, Inc.*, 694 F.2d at 1031.

[13] (*See* ECF 217-1; 230 at 5; 231-1 at 8-10; 241 at 6-7; 242 at 2; 247-1 at ¶ 7; 248 at 3-8; 254 at 1-2; 255 at 3-4).

...
...
...
...

obtained relief they requested on the basis of their prior representations to this Court and they should not be allowed to unreasonably further delay the progress of this case after having obtained the relief they sought.

The SB8 Defendants' refrain for why they sought all of this discovery before this Court issued its December 21, 2023 Order was that they needed it to establish a purported lack of standing or defend against Plaintiffs' First Amendment claims. (ECF 217 at 3-4; 231 at 7-10; 232 at 1-3; 241 at 3-6; 248 at 3-4, 7). They have now had almost six weeks since the Court granted them the relief they requested to draft eight interrogatories or select and/or revise any of the 612 interrogatories originally served on Plaintiffs. They have not done so, and based on their counsel's current position, it appears they have no intention of doing so any time soon.

The SB8 Defendants have also had over a month to begin scheduling depositions of the declarants. They have not proactively sought to do so. Nor have they offered any meaningful response or alternative options to Plaintiffs' counsel's suggestion that the depositions could be conducted on three days in geographic locations that would be most convenient for the witnesses and counsel. (Decl. at ¶ 4). The SB8 Defendants have not even suggested an alternative deadline by which the authorized discovery could be completed. (Decl. at ¶ 5).

The SB8 Defendants' refusal to agree to a reasonable discovery deadline makes clear that their goal has always been, and continues to be, delay and avoidance of this Court's orders. Indeed, counsel for the SB8 Defendants has simultaneously spent the last two and a half weeks insisting that he cannot conduct any discovery in this matter, while filing multiple motions against Plaintiffs in other pending matters and seeking unlimited third-party discovery from several Plaintiffs and declarants in even more pending matters. (Decl. at ¶¶ 7, 11, 13). Time restraints and work demands on counsel are clearly not the reason the SB8 Defendants are not diligently pursuing the

discovery authorized by this Court.  They rejected Plaintiffs' proposed deadline of March 15, 2024, which would have allotted SB8 Defendants almost three months from this Court's order granting limited discovery and six months from the filing of Plaintiffs' Motion for Summary Judgment to complete the discovery, and offered no alternative deadline of their own.  (*See* ECF 209; 258, *see also* Decl. at ¶¶ 4-6).

Until the purely legal issues raised by Plaintiffs claims can be addressed by this Court, the threat of SB8 being enforced against them is causing Plaintiffs to refrain from speech and conduct they have engaged in previously and wish to engage in again.  (*See* ECF 4-3 - 4-11; ECF 86-1 at 11-16, 42-44, 47, 54-63, 84-87, 98-99, 114-18, 120-21, 126-30, 153-54, 157-58, 164-65, 168-69, 188-94, 197, 199-208, 210-12; ECF 177-1; ECF 120 at 10-13, 19 (summarizing testimony of Anna Rupani of Fund Texas Choice, Neesha Davé of Lilith Fund, and Rosann Mariappuram of Jane's Due Process)).  The prejudice of ongoing delay to Plaintiffs is the continued deprivation of their fundamental constitutional rights.  "Given the ongoing chilling effect of the state law, the District Court should resolve this litigation and enter appropriate relief without delay."  *Whole Woman's Health v. Jackson*, 595 U.S. 30, 60 (2021) (Roberts, J., concurrence in part) (discussing chilling effect of SB8).

In contrast, the SB8 Defendants will not be prejudiced at all if this Court sets a reasonable deadline to complete the authorized discovery because they will have had ample time to engage in discovery to defend against the Motion for Summary Judgment.  *Cf. Naranjo v. Cont'l Airlines, Inc.*, No. CV H-12-657, 2013 WL 12156436, at *1 (S.D. Tex. July 24, 2013); *Springs Window Fashions LP v. Novo Indus., L.P.*, 323 F.3d 989, 997 (Fed. Cir. 2003) ("When a party fails to secure discoverable evidence due to his own lack of diligence, it is not an abuse of discretion for

the trial court to refuse to grant a continuance to obtain such information.").[14] The SB8 Defendants are represented by two counsel of record – Mr. Mitchell and John Clay Sullivan. (ECF 160, 240). No attempt has been made by either to engage in discovery since this Court's December 21, 2023 Order. (*See* Decl. at ¶¶ 5-7). The discovery authorized by this Court is not excessive; it is eight interrogatories directed to each declarant and a total of 18 hours of depositions. There is no reason such limited discovery requires more than a few months to complete.

## IV.  CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Court enter a scheduling order that sets a deadline for the completion of the limited discovery authorized by the Court's December 21, 2023 Order. Specifically, Plaintiffs request that this Court (1) order that the limited discovery be completed on or before April 1, 2024, and (2) order that SB8 Defendants' response to the Motion for Summary Judgment be filed on or before April 15, 2024.

---

[14] "A party who fails to pursue discovery with diligence is not entitled to Rule 56(d) relief[.]" *Lillie v. Off. of Fin. Insts. of State of La.*, 997 F.3d 577, 586 (5th Cir. 2021) (collecting cases).

Dated: January 30, 2024         Respectfully submitted,

By: */s/ Jennifer R. Ecklund*
    Jennifer R. Ecklund
    Texas Bar No. 24045626
    jecklund@thompsoncoburn.com

    Elizabeth G. Myers
    Texas Bar No. 24047767
    emyers@thompsoncoburn.com

    Nicole L. Williams
    Texas Bar No. 24041784
    nwilliams@thompsoncoburn.com

    John P. Atkins
    Texas Bar No. 24097326
    jatkins@thompsoncoburn.com

    Allyn J. Lowell
    Texas Bar No. 24064143
    alowell@thompsoncoburn.com

    Elizabeth B. Rocha
    Texas Bar No. 24127242
    erocha@thompsoncoburn.com

    Sarah E. Hillier
    Texas Bar No. 24130087
    shillier@thompsoncoburn.com

    **THOMPSON COBURN LLP**
    2100 Ross Avenue, Suite 3200
    Dallas, Texas 75201
    Telephone: 972/629-7100
    Facsimile: 972/629-7171


    Alexandra Wilson Albright
    Texas Bar No. 21723500
    aalbright@adjtlaw.com

    Marcy Hogan Greer
    Texas Bar No. 08417560
    mgreer@adjtlaw.com

515 Congress Ave., Suite 2350
Austin, TX 78701-3562
Telephone: 512/482-9300
Facsimile: 512/482-9303


Kevin Dubose
Texas Bar No. 06150500
kdubose@adjtlaw.com
1844 Harvard Street
Houston, TX 77008
Telephone: 713/523-2358
Facsimile: 713/522-4553


Kirsten M. Castañeda
Texas Bar No. 00792401
kcastaneda@adjtlaw.com
8144 Walnut Hill Lane, Suite 1000
Dallas, TX 75231-4388
Telephone: 214/369-2358
Facsimile: 214/369-2359

**ALEXANDER DUBOSE & JEFFERSON, LLP**

**ATTORNEYS FOR PLAINTIFFS**

### CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(G), undersigned counsel conferred in good faith with counsel for the SB8 Defendants on January 10, 2024, and on January 17, 2024, by email to discuss a proposed discovery deadline for the SB8 Defendants to complete the limited discovery permitted in this Court's December 21, 2023 Order. Counsel for Plaintiffs and the SB8 Defendants also conferred by video conference on January 26, 2024, to further discuss the contents of the foregoing Motion and the relief requested. During these conferences, counsel for the SB8 Defendants indicated his clients are opposed to the requested relief.

*/s/ Elizabeth G. Myers*
Elizabeth G. Myers

## CERTIFICATE OF SERVICE

    I hereby certify that on January 30, 2024, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.

                                                  */s/ Elizabeth G. Myers*
                                                  Elizabeth G. Myers