IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FUND TEXAS CHOICE, et al., | § § § § | |
| Plaintiffs, | § § | Civil Action No. 1:22-cv-00859-RP |
| v. | § § § | |
| JOSÉ GARZA, in his official capacity as Travis County District Attorney, et al., | § § § § | |
| Defendants. | § | |

## DEFENDANT JACOB PUTMAN'S OPPOSITION TO PLAINTIFFS' EXPEDITED MOTION TO EXCEED PAGE LIMITATIONS

Defendant Jacob Putman, in his official capacity as District Attorney for Smith County, Texas, files this opposition to Plaintiffs' Expedited Motion to Exceed Page Limitations for Omnibus Reply in Support of Plaintiffs' Amended Motion for Certification of Defendant Class and Appointment of Class Representatives and Class Counsel (Dkt. 316). Plaintiffs' motion should be denied.[1]

### ARGUMENT

Plaintiffs' request for 25 pages for their reply brief is excessive. Plaintiffs filed one motion (which was only 19.5 pages long) and are allowed one reply in support of that motion (*see* L.R. 7(E)(1)), which is limited by the local rules to 10 pages. The fact that there were eight responses to Plaintiffs' motion because Plaintiffs chose to sue

---

[1] Out of professional courtesy, and as relayed by counsel to Plaintiffs' counsel when Plaintiffs sought consent, Defendant Putman does not oppose three additional pages for Plaintiffs, totaling 13 pages.

multiple unrelated defendants does not mean that Plaintiffs are entitled to file multiple replies under the Federal Rules of Civil Procedure or the Local Rules. Plaintiffs had the burden to set forth the basis for class certification in their initial motion. As explained in Defendant Putman's opposition to class certification, Plaintiffs failed to meet that burden. For example, Plaintiffs misinterpreted Rule 23(b)(1) and 23(b)(2) and cited little applicable precedent in support of their arguments, *see* Dkt. 304 at 4-9, and Plaintiffs failed to explain how their proposed subclasses would work, *see* Dkt. 304 at 15-16. Plaintiffs cannot now present new arguments (that should have been raised before) in an attempt to meet that burden in a reply brief longer than their initial motion. The Prosecutor Defendants would be prejudiced if Plaintiffs are permitted to do so because they would not get an adequate opportunity to respond.

In their motion for page extension, Plaintiffs similarly fail to meet their burden. They make the conclusory assertion that "the additional 15 pages are necessary to address the different arguments raised in the 80 pages of the eight separate responses by Prosecutor Defendants." Dkt. 316 at 2. Plaintiffs do not explain how the arguments differ or why they need additional pages to address the Prosecutor Defendants' arguments. But the arguments raised in each of the eight responses overlap. For instance, all Prosecutor Defendants argue that the adequacy requirements of Rule 23(a)(4) are not met here. *See* Dkt. 304 at 13-16, Dkt. 306 at 2-4, Dkt. 307 at 3-5, Dkt. 308 at 2-6, Dkt. 309 at 3-5, Dkt. 310 at 5-10, 11-12, Dkt. 311 at 4-8, Dkt. 312 at 14-18. Some of the Prosecutor Defendants also raise arguments about typicality, *see* Dkt. 304 at 11-12, Dkt. 307 at 3-4, Dkt. 312 at 12, and several raise arguments about Rule 23(b), *see* Dkt. 304 at 2-8, Dkt. 309 at 5-7, Dkt. 310 at 10-

11, Dkt. 312 at 18-20. And all the Prosecutor Defendants' briefs were shorter than the page limit provided by the Local Rules, some significantly so. *See* Dkt. 304 (seventeen pages), Dkt. 306 (four pages), Dkt. 307 (five pages), Dkt. 308 (eight pages), Dkt. 309 (seven pages), Dkt. 310 (twelve pages), Dkt. 311 (eight pages), Dkt. 312 (less than 20 pages).

The very premise of Plaintiffs' motion for class certification is that there are common defenses among the Prosecutor Defendants such that certification is proper. If the Prosecutor Defendants' positions are really so similar, there is no need for Plaintiffs to file a brief longer than their initial motion to respond. But if the Prosecutor Defendants' positions are so dissimilar that Plaintiffs require a reply brief 150% longer than the Local Rules allow to respond, that shows that class certification is not proper here, as all the Prosecutor Defendants correctly contend. Further, Plaintiffs should not be permitted a second bite at the apple to meet their burden to show that certification is proper when they clearly failed to do so in their motion.

## CONCLUSION

The Court should deny Plaintiffs' motion.

Respectfully submitted.

/s/ Heather Gebelin Hacker
HEATHER GEBELIN HACKER
Texas Bar No. 24103325
ANDREW B. STEPHENS
Texas Bar No. 24079396
HACKER STEPHENS LLP
108 Wild Basin Rd. South, Suite 250
Austin, Texas 78746
Tel: (512) 399-3022
heather@hackerstephens.com

*Counsel for Defendant Jacob Putman*

## CERTIFICATE OF SERVICE

I certify that on April 2, 2024, this document was served through the Court's CM/ECF Document Filing System upon all counsel of record.

/s/ Heather Gebelin Hacker
HEATHER GEBELIN HACKER