UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**Fund Texas Choice**, et al.,

    Plaintiffs,

v.

**José Garza**, et al.,

    Defendants.

Case No. 1:22-cv-00859-RP

### DEFENDANT ASHLEY MAXWELL'S MOTION FOR SUMMARY JUDGMENT AGAINST THE NORTH TEXAS EQUAL ACCESS FUND

On March 15, 2022, the North Texas Equal Access Fund sued Ashley Maxwell in Denton County district court, seeking a declaratory judgment that Senate Bill 8 is unconstitutional and an injunction to restrain Maxwell from suing the TEA Fund under SB 8's private civil-enforcement mechanism. *See* Exhibit 1 (original petition). On August 17, 2022, the district court entered a final and appealable order dismissing the TEA Fund's constitutional claims on the merits and awarding Maxwell costs and attorneys' fees. *See* Exhibit 2 (order). The Second Court of Appeals affirmed the judgment on February 29, 2024. *See Texas Equal Access Fund v. Maxwell*, No. 02-22-00347-CV, 2024 WL 853320 (Tex. App.—Fort Worth, no pet. h.).

The TEA Fund's claims against Maxwell are barred by claim preclusion (res judicata). *See Brown v. Felsen*, 442 U.S. 127, 131 (1979) ("Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding."). Every claim that the TEA Fund is asserting against Maxwell was made or could have been raised in its previous state-court lawsuit. *See* David P. Currie, *Res Judicata: The Neglected Defense*, 45 U. Chi. L. Rev. 317, 325 (1978) ("To allow a party to advance

arguments in a second proceeding that he could have made in a prior proceeding . . . imposes unnecessary costs on both opposing parties and the judicial system."). The parties in this proceeding are identical to those in the state-court lawsuit, and the state court had jurisdiction over the matter and rendered a final judgment on the merits. *See Citizens Insurance Co. of America v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007) ("For res judicata to apply, there must be: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action."). Res judicata attaches as soon the trial court enters judgment, and Ms. Maxwell's claim-preclusion defense will remain available even if the TEA Fund decides to petition for review in the Supreme Court of Texas. *See Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 467–68 (5th Cir. 2013); *Prager v. El Paso National Bank*, 417 F.2d 1111, 1112 (5th Cir. 1969).

## CONCLUSION

The Court should enter judgment for Ashley Maxwell on all claims brought by the North Texas Equal Access Fund.

Respectfully submitted.

 /s/ Jonathan F. Mitchell
Jonathan F. Mitchell
Texas Bar No. 496344
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

Dated: April 8, 2024                            *Counsel for SB 8 Defendants*

## CERTIFICATE OF SERVICE

I certify that on April 8, 2024, I served this document through CM/ECF upon:

Jennifer R. Ecklund
Elizabeth G. Myers
Allyn Jaqua Lowell
John Atkins
Elizabeth Rocha
Thompson Coburn LLP
2100 Ross Avenue, Suite 3200
Dallas, Texas, 75201
(972) 629-7100 (phone)
(972) 629-7171 (fax)
jecklund@thompsoncoburn.com
emyers@thompsoncoburn.com
alowell@thompsoncoburn.com
jatkins@thompsoncoburn.com
erocha@thompsoncoburn.com

Alex Wilson Albright
Marcy Hogan Greer
Alexander Dubose & Jefferson LLP
515 Congress Avenue, Suite 2350
Austin, Texas 78701-3562
(512) 482-9300 (phone)
(512) 482-9303 (fax)
aalbright@adjtlaw.com
mgreer@adjtlaw.com

*Counsel for Plaintiffs*

  /s/ Jonathan F. Mitchell
Jonathan F. Mitchell
*Counsel for SB 8 Defendants*