UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **Fund Texas Choice**, et al.,<br><br>     Plaintiffs,<br><br>v.<br><br>**José Garza**, et al.,<br><br>     Defendants. | Case No. 1:22-cv-00859-RP |

### Opposed Motion To Stay Discovery And Briefing On SB 8 Defendants' Rule 12(c) Motion, Defendant Ashley Maxwell's Motion For Summary Judgment, And Plaintiffs' Motion for Summary Judgment

In its order of December 21, 2023, this Court noted that "[i]t appears exceedingly likely that most of the [SB 8 defendants'] subject-matter jurisdiction arguments can be resolved on a 12(b)(1) motion prior to discovery." See Order, ECF No. 258, at 28. In response to this Court's suggestion, each of the SB 8 defendants has filed pre-discovery Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction. *See* ECF Nos. 320, 322–325. The SB 8 defendants have also moved for judgment on the pleadings, and defendant Ashley Maxwell has moved to dismiss the claims brought against her by the North Texas Equal Access Fund under the doctrine of claim preclusion (res judicata). *See* ECF Nos. 326–327.

The SB 8 defendants respectfully move to stay discovery and briefing on the SB 8 defendants' Rule 12(c) motion, as well as the motions for summary judgment filed by the plaintiffs (ECF No. 209) and defendant Ashley Maxwell, until this Court resolves the SB 8 defendants' pending Rule 12(b)(1) motions. A court is required to ensure that its jurisdiction is secure before proceeding to the merits of a case. *See Lance v. Coffman*, 549 U.S. 437, 439 (2007) ("Federal courts must determine that

they have jurisdiction before proceeding to the merits."); *B. Inc. v. Miller Brewing Co.*, 663 F.2d 545, 548 (5th Cir. 1981) ("[T]he trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits."); *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988) (similar); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."); *USPPS, Ltd. v. Avery Dennison Corp.*, 647 F.3d 274, 283 n.6 (5th Cir. 2011) ("Article III courts must always resolve true questions of jurisdiction before proceeding to the merits."); *Alabama-Coushatta Tribe of Texas v. United States*, 757 F.3d 484, 487 (5th Cir. 2014) ("When facing a challenge to subject-matter jurisdiction and other challenges on the merits, we must consider first the Rule 12(b)(1) jurisdictional challenge prior to addressing the merits of the claim.").

There is also a substantial probability that the SB 8 defendants will prevail on their Rule 12(b)(1) motions because they have disclaimed any intention to sue the plaintiffs under SB 8's private civil-enforcement mechanism. *See Whole Woman's Health v. Jackson*, 595 U.S. 30, 48 (2021); *Davis v. Sharp*, 656 F. Supp. 3d 687, 689–90 (W.D. Tex. 2023). A ruling that stays discovery and merits briefing pending a ruling on the Rule 12(b)(1) motions is therefore likely to further judicial economy and conserve litigation resources. *See In re Southern Recycling, L.L.C.*, 982 F.3d 374, 382 (5th Cir. 2020) ("Judicial economy is served by addressing the antecedent question of jurisdiction at the outset, prior to the remaining merits inquiry.").

Finally, counsel for the SB 8 defendants was preoccupied with briefing and arguing two cases before the Supreme Court of the United States during the months of January and February and had pressing deadlines in other matters during the month of March that could not be moved, so he was unable to file his clients' Rule 12(b)(1)

motions and pre-discovery motions to dismiss sooner. *See* ECF No. 291; Mitchell Decl. ¶¶ 6–9 (attached as Exhibit 1).

## CONCLUSION

The Court should stay discovery and briefing on the SB 8 defendants' motion for judgment on the pleadings (ECF No. 326), the plaintiffs' motion for summary judgment (ECF No. 209), and defendant Ashley Maxwell's motion for summary judgment (ECF No. 327), until it rules on the SB 8 defendants' Rule 12(b)(1) motions.

Respectfully submitted.

/s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
Texas Bar No. 24075463
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

Dated: April 9, 2024                    *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on April 9, 2024, I served this document through CM/ECF upon:

JENNIFER R. ECKLUND
ELIZABETH G. MYERS
ALLYN JAQUA LOWELL
JOHN ATKINS
ELIZABETH ROCHA
Thompson Coburn LLP
2100 Ross Avenue, Suite 3200
Dallas, Texas, 75201
(972) 629-7100 (phone)
(972) 629-7171 (fax)
jecklund@thompsoncoburn.com
emyers@thompsoncoburn.com
alowell@thompsoncoburn.com
jatkins@thompsoncoburn.com
erocha@thompsoncoburn.com

*Counsel for Plaintiffs*

ALEX WILSON ALBRIGHT
MARCY HOGAN GREER
Alexander Dubose & Jefferson LLP
515 Congress Avenue, Suite 2350
Austin, Texas 78701-3562
(512) 482-9300 (phone)
(512) 482-9303 (fax)
aalbright@adjtlaw.com
mgreer@adjtlaw.com

 /s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
*Counsel for Defendants*