IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FUND TEXAS CHOICE, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 1:22-CV-859-RP |
| | § | |
| SUSAN R. DESKI, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court are several motions filed by Plaintiffs Fund Texas Choice, et al. ("Plaintiffs") and Defendants Ashley Maxwell, Zach Maxwell, Mistie Sharp, Shannon D. Thomason, and Sadie Weldon (collectively, "the SB 8 Defendants"). The SB 8 Defendants move to stay discovery and merits briefing in the case, (Dkt. 328), to defer consideration of Plaintiffs' summary judgment motion, (Dkt. 334), or, in the alternative, to take discovery through certain interrogatories and requests for admission and production. (Dkt. 333). Plaintiffs oppose these motions. (Dkts. 330, 339). Having reviewed the record, the parties' briefing, and the relevant law, the Court will deny the SB 8 Defendants' motion to stay, deny their motion to defer, and grant in part their motion for discovery.

**I. BACKGROUND**

Plaintiffs filed their amended complaint against the SB 8 Defendants on April 20, 2023. (Dkt. 129). The SB 8 Defendants moved to dismiss the complaint for improper joinder and venue on June 20, 2023. (Dkt. 167). The Court denied their motion to dismiss on December 21, 2023. (Dkt. 258). While the motion to dismiss was pending, Plaintiffs filed a motion for summary judgment on September 11, 2023. (Dkt. 209). The SB 8 Defendants moved to defer consideration of Plaintiffs' summary judgment motion pursuant to Federal Rule of Civil Procedure 56(d). (Dkt. 217).

1

The SB 8 Defendants then served Plaintiffs with extensive discovery requests, including at least 272 interrogatories, 175 requests for production, and 542 requests for admission. (Mot. Protective Order, Dkt. 246, at 2). In total, this included 1,691 written requests for discovery. (Pls.' Resp., Dkt. 249, at 2 n.1).

On December 21, 2023, the Court granted the SB 8 Defendants' Rule 56(d) motion in part. (Order, Dkt. 258). The Court held that the SB 8 Defendants could take limited discovery on jurisdictional issues but would need to respond to Plaintiffs' summary judgment motion within 14 days of the close of discovery. (*Id.*). A month passed and the SB 8 Defendants took no discovery. (*See* Mot., Dkt. 280). Eventually, Plaintiffs moved to set a deadline to complete discovery, which the SB 8 Defendants opposed. (*Id.*; Defs.' Resp., Dkt. 291). The Court entered a scheduling order, requiring the SB 8 Defendants to complete discovery by May 7, 2024. (Order, Dkt. 314).[1] Again, the SB 8 Defendants took no discovery following the Court's order. Instead, on April 8, the SB 8 Defendants filed motions to dismiss, a motion for judgment on the pleadings, and a motion for summary judgment. (Dkts. 320–327). They then moved to stay discovery pending resolution of their merits briefing. (Mot. Stay, Dkt. 328). Finally, on April 16, the SB 8 Defendants moved to take discovery, seeking leave to serve interrogatories on Plaintiffs (or Plaintiffs' declarants). (Mot. Discovery, Dkt. 333). They also filed a second motion to defer consideration under Rule 56(d). (Mot. Defer, Dkt. 334).

---

[1] The SB 8 Defendants fault the Court for not violating Rule 16 by not including a deadline to amend pleadings or add partes in its scheduling order. (Mot. Defer, Dkt. 334, at 7). For the sake of clarity, the Court notes in such a highly complex constitutional challenge, the ends of justice would not be satisfied by requiring a standard scheduling order under the Local Rules. *See* Fed. R. Civ. P. 16(b); W.D. Tex. Loc. R. CV-16(b). The Court will separately enter a scheduling order as to all parties pursuant to Rule 16 once the scheduling proposals have been fully briefed. (*See* Dkt. 338).

## II. LEGAL STANDARD

### A. Motion to Stay

A district court has the inherent power to stay proceedings, which is incidental to its power to control the disposition of its docket. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936); *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983). "The proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708. In determining whether a stay is proper, the district court should consider three factors: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. *See La. Stadium & Exposition Dist. v. Fin. Guar. Ins.,* Civ. A. No. 09-CV-235, 2009 WL 926982, at * 1 (E.D. La. Apr. 2, 2009). When exercising its discretion, the Court is "guided by the policies of justice and efficiency." *Boudreaux v. Metro. Life Ins.,* Civ. A. No. 95-CV-138, 1995 WL 83788, at *1 (E.D. La. Feb. 24, 1995). When there is a possibility that a stay will work damage to the non-movant, "the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward." *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983).

### B. Rule 56(d) Motion

Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). The party resisting summary judgment must demonstrate two things: "1) why he needs additional discovery, and 2) how the additional discovery will likely create a genuine issue of material fact." *Chenevert v. Springer*, 431 F. App'x 284, 287 (5th Cir. 2011).

### III.  DISCUSSION

### A. Motions to Stay or Defer

The Court begins with the motions for a stay or to defer consideration of summary judgment. (Dkts. 328, 334). In their motions, the SB 8 Defendants argue that the case and all merits briefing should be stayed until the Court determines it has jurisdiction under Article III.

1.  The Motions to Stay or Defer Are Untimely

These motions are untimely and unwarranted. The Court already addressed the SB 8 Defendants' Rule 56(d) motion in December. (Order, Dkt. 258). It found that the SB 8 Defendants must respond to the motion for summary judgment, but that they may first seek limited discovery. (*Id.*). The SB 8 Defendants did not move for reconsideration of this order. They did not seek any stay following the order's issuance. Instead, the SB 8 Defendants waited four months and moved to stay the case on the eve of their responsive deadline.

A decision to stay must be "guided by the policies of justice and efficiency." *Boudreaux,* 1995 WL 83788, at *1. Here, the SB 8 Defendants have had a year since the suit began to file a motion to stay pending resolution of their jurisdictional arguments. They had four months to move for reconsideration of the Court's previous Rule 56(d) order. It would be tremendously inefficient to undergo an entire year of litigation only to stay the case at the close of discovery. And it would be likewise inefficient to undergo several months of discovery only to defer dispositive motions briefing at the eleventh hour because a party failed to timely pursue discovery *during the discovery period*.

Even if the motions were timely, this Court views stays pending a motion to dismiss with disfavor. It has noted that "in practice such stays are very rare, and almost never wise." *YETI Coolers, LLC v. Magnum Solace, LLC*, No. 1:16-CV-663-RP, 2016 WL 10571903, at *1 (W.D. Tex. Oct. 19, 2016). The Court has denied motions to stay pending resolution of a Rule 12 motion even where the

motion was unopposed by all parties. *See Luckey v. Conopco, Inc.*, No. 1:23-cv-723-DII (W.D. Tex. filed June 26, 2023) (Order, Dkt. 28). Having filed their motion to dismiss a year into litigation, the SB 8 Defendants do not meet the high threshold to justify a stay pending resolution of their motion.

2. Merits Briefing May Continue While Jurisdictional Arguments are Pending

Further, the SB 8 Defendants suggest the Court should stay merits briefing because the Court must "ensure that its jurisdiction is secure before proceeding to the merits of a case." (Mot. Stay, Dkt. 328, at 1 (citing *Lance v. Coffman*, 549 U.S. 437, 439 (2007))). Whether the Court may proceed to the merits is a separate question than whether a defendant must respond to a motion on the merits. The Court intends to address all jurisdictional arguments before ruling on the merits, but that does not require holding merits briefing in abeyance pending that decision.[2] Courts regularly allow cases to proceed while standing is contested, and may even rule on the motions to dismiss concurrently with summary judgment. *Faulkner v. Dep't of State Health Services*, No. CIVA 307-CV-2074-D, 2009 WL 722983, at *1 n.1 (N.D. Tex. Mar. 19, 2009) ("Defendants filed a motion to dismiss concurrently with their motion for summary judgment. Because the court is granting summary judgment for defendants, it need not address the motion to dismiss."); *Thibodeaux v. Transit Mix Concrete & Materials Co.*, 3 F. Supp. 2d 743, 744 (E.D. Tex. 1998) (finding that the defendants' motion to dismiss and motion for summary judgment were both based on the same premise and "[t]hese two motions will therefore, be addressed concurrently."). In this very case, the Court has ruled on jurisdictional and merits arguments simultaneously. (Order, Dkt. 120). The SB 8 Defendants' jurisdictional arguments do not automatically warrant a stay of this case. *See Von Drake*

---

[2] In the event the Court denies the motions to dismiss, it will be able to quickly reach a decision on Plaintiffs' motion for summary judgment as the SB 8 Defendants will have already responded. If the Court stays or defers summary judgment briefing, Plaintiffs must wait several more months to obtain relief. Basic equitable principles suggest that Plaintiffs should not risk undue burdens because the SB 8 Defendants delayed filing their Rule 12 motions.

*v. Nat'l Broad. Co.*, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) (stays are "by no means automatic").

In addition to their contention that the Court must stay the case until it determines jurisdiction, the SB 8 Defendants raise two arguments: (1) they have now filed their motions to dismiss, and (2) counsel was occupied with other litigation. Neither argument justifies a stay.

The SB 8 Defendants make much of the fact they have finally filed their Rule 12 motions. (*See* Mot. Stay, Dkt. 328). But the time at which these motions could have warranted a stay of merits briefing has long since passed.[3] Although courts ordinarily resolve 12(b)(1) motions prior to summary judgment briefing, that is because parties ordinarily file their 12(b)(1) motions toward the outset of a case. Here, by waiting an entire year to file their motions to dismiss, the SB 8 Defendants have run the risk that they must respond to merits briefing before the Court rules on their jurisdictional arguments.[4]

### 3. Counsel's Schedule Does Not Show Good Cause

Next, the SB 8 Defendants argue that their counsel was "preoccupied" and had other "pressing deadlines." The Court finds this to be of no relevance. (*Id.* at 2–3). Plaintiffs should not face delays because counsel for the SB 8 Defendants was busy with other matters. The Court expects counsel to timely prosecute and defend their cases, and the SB 8 Defendants' counsel's discretionary choice to prioritize other cases over this one has no bearing on the timeliness of their motion. The SB 8 Defendants' motions to stay or defer should have been filed far sooner to minimize prejudice to Plaintiffs and inefficiencies with the Court. The SB 8 Defendants cannot cite

---

[3] The SB 8 Defendants initially contended that they required discovery before filing a motion to dismiss. (*See* Dkt. 217). However, they have since filed multiple motions to dismiss, which do not reference discovery or any facts uncovered from discovery. (*See* Dkts. 320–325).
[4] The SB 8 Defendants Given that the SB 8 Defendants waited six months after Plaintiffs' summary judgment motion to file their motions to dismiss, the Court finds it reasonable to order a response.

6

counsel's deliberate decision to maintain a busy docket as an excuse to retroactively render their motions timely.

### 4. Rule 56(d) Motion to Defer

Last, the SB 8 Defendants ask the Court to postpone their summary judgment response until they have been able to take discovery on Plaintiffs. (Mot. Defer, Dkt. 334). This motion is duplicative—the SB 8 Defendants already filed a highly similar Rule 56(d) motion in September. (Dkt. 217). The Court ruled on that motion in December. (Dkt. 258). Again, the SB 8 Defendants chose not to move for reconsideration of that order and have instead opted to wait until the eve of their responsive deadline to rehash the same arguments they previously made.[5]

The SB 8 Defendants repeatedly complain that it is "unreasonable and wasteful to demand that the SB 8 defendants complete all of their discovery . . . and respond to [Plaintiffs']" motion for summary judgment before the Court rules on the SB 8 Defendants' motion to dismiss. (Mot. Defer, Dkt. 334, at 6–7). The Court disagrees. Plainly, this is a case that involves extensive briefing, and it is difficult to believe that responding to summary judgment constitutes special prejudice to the SB 8 Defendants. In the last two weeks alone, the SB 8 Defendants have filed over 90 pages of motions and briefing. (Resp., Dkt. 340, at 10). Over just a few months last fall, the SB 8 Defendants previously served 1,691 discovery requests, presumably expecting Plaintiffs to respond to these requests. (*Id.*). And the SB 8 Defendants have had seven months to prepare a response to the summary judgment motion. After months of briefing involving hundreds of pages of briefing and serving over a thousand discovery requests, the SB 8 Defendants cannot now complain they will suffer special harm by responding to a 38-page motion for summary judgment.

---

[5] Plaintiffs timely filed their response on April 25, 2024, (Dkt. 340), meaning that the motion to defer became ripe with barely a week before the close of discovery.

Nor is the Court persuaded that it must again defer the SB 8 Defendants' responsive deadline so that they may take more discovery. Again, this is an issue of timing—the SB 8 Defendants have been able to take discovery over the past year. The Court delineated the scope of the discovery they may take in December. (Dkt. 258). The SB 8 Defendants offer no explanation as to why they have not conducted discovery during these several months, and the apparent reason for the delay appears to be that counsel chose to focus on other cases. (Mot. Stay, Dkt. 328, at 2–3); *see also Sistrunk v. TitleMax, Inc.*, No. 5:14-CV-628-RP, 2017 WL 2392436 (W.D. Tex. June 2, 2017) (denying Rule 56(d) motion where "Defendants never explained why they did not take advantage of clearly evident opportunities to act sooner"). After the Court narrowed the scope of their production requests, the SB 8 Defendants unilaterally opted to halt discovery entirely, and then waited until the eve of their responsive deadline to seek discovery again. Rule 56(d) "will not be applied to aid a party who has been lazy or dilatory. Thus, . . . a request for relief under Rule 56(d) is extremely unlikely to succeed when the party seeking the delay has failed to take advantage of discovery." 10B Fed. Prac. & Proc. Civ. (Wright & Miller) § 2741 (4th ed. 2022). The SB 8 Defendants cannot delay pursuing discovery by several months and then, just prior to their responsive deadline, suggest that they cannot respond because they must take more discovery. "A party suspends discovery and [their] own risk" and the SB 8 Defendants' arguments to seek an eleventh-hour delay of their response is unavailing. *Dominick v. Mayorkas*, 52 F.4th 992, 995 (5th Cir. 2022) (affirming denial of Rule 56(d) motion) (quotations omitted).

Overall, the SB 8 Defendants chose to wait a year before filing their 12(b)(1) motions and chose to unilaterally pause discovery by several months knowing a summary judgment motion was pending against them. As a result, the Court finds that the SB 8 Defendants have failed to make a clear case of hardship or inequity. For the reasons given above, the Court will not stay this action or again defer their summary judgment response.

**B. Motion for Discovery**

In the alternative to a stay, the SB 8 Defendants seek leave of court to serve interrogatories, requests for production, and requests for admission on Plaintiffs. (Mot., Dkt. 333). These include:

1. Whether and what extent each of the plaintiffs has ever violated SB 8 in a manner that could expose itself to private civil-enforcement lawsuits;
2. The identity of each of the individuals that the plaintiffs claim have been "chilled" and deterred from supporting the plaintiffs on account of the defendants' conduct.
3. Interrogatories that require each plaintiff to identify the specific arguments and evidence that they intend to rely upon to prove:
   (a) The existence of Article III injury in fact;
   (b) How the Article III injuries alleged by the plaintiffs are "fairly traceable" to "allegedly unlawful conduct" of each of the defendants;
   (c) How it is likely, as opposed to merely speculative, that any of the plaintiffs' Article III injuries will be redressed by the relief that they are seeking against the SB 8 defendants;
   (d) How each of the SB 8 defendants is engaged in state action within the meaning of the Fourteenth Amendment; and
   (e) How each of the SB 8 defendants is acting "under color" of state law within the meaning of 42 U.S.C. § 1983.
4. Whether and what extent each of the plaintiffs has violated or is violating the criminal prohibitions in 18 U.S.C. §§ 1461–1462 by aiding or abetting the shipment or receipt of abortion-related paraphernalia.
5. Whether and what extent each of the plaintiffs has violated or is violating the criminal abortion laws of Texas.

(*Id.* at 1–2).

The Court will allow leave for the SB 8 Defendants to serve their first request. Plaintiffs' exposure to liability under SB 8 is relevant to their Article III injury and this Court's jurisdiction. Plaintiffs correctly note that the request is duplicative—the entire purpose of the suit is that they wish to resume activities implicated by SB 8. Still, because specific facts about their past violations of

9

SB 8 may weigh on their current standing, the Court will allow interrogatories on this first question. Plaintiffs may have "already put forward evidence" on this point, but the Court will not stop the SB 8 Defendants from seeking this same evidence.

The remainder of the SB 8 Defendants' requests are unnecessary or overly burdensome. The second interrogatory related to donor identities is highly likely to chill Plaintiffs' free expression and association and is insufficiently justified. Forcing the disclosure of the identities of each donor to one of Plaintiffs' organizations would have a significant chilling effect on their First Amendment rights and the rights of their donors. *See NAACP v. Alabama*, 357 U.S. 449, 460–67 (1958) (holding that the NAACP did not have to produce its membership list because production would result in "the likelihood of a substantial restraint upon" the right to freely associate). "Freedom to engage in association for the advancement of beliefs and ideas is an inseparable aspect of freedom of speech." *Connection Distrib. Co. v. Reno*, 154 F.3d 281, 295 (6th Cir. 1998). The freedom to associate encompasses the ability to make financial contributions in order to further a common goal. *See Beckley v. Valeo*, 424 U.S. 1, 22 (1976) (holding that contribution limitations impinged on protected associational freedoms). Given the right to freedom of association, disclosure of information may be inappropriate when such disclosure will adversely affect an organization's ability "to pursue [ ] collective efforts to foster beliefs" and may "induce members to withdraw" or "dissuade others from joining . . . ." *NAACP*, 357 U.S. at 462–63. That is especially true here, as disclosure could expose donors to liability under SB 8, a law that provides no protection from frivolous lawsuits or repeat filings and requires no injury in order to sue. This Court has already found that SB 8 was designed to circumvent judicial review to deter aiding legal abortions. (Order, Dkt. 120, at 6). Plaintiffs would face a significant chilling effect if the Court compelled them to turn over information that subjects its donors to unlimited, unreviewable liability.

10

Such disclosure is especially unnecessary because the SB 8 Defendants do not explain why the detailed, intrusive discovery is necessary. The Court previously ordered that requests to take written discovery must state why they are necessary to the SB 8 Defendants' defense. (Order, Dkt. 258, at 26) ("[S]hould the SB 8 Defendants seek document production, they must first file a motion to compel. Such a motion *shall describe in specific detail why the documents are necessary* to contest Plaintiffs' assertion of subject-matter jurisdiction or defend the case on the merits.") (emphasis added). The SB 8 Defendants provide no explanation for why the identity of donors is necessary to their defense.[6] Because the SB Defendants failed to abide by the Court's directive and because the discovery would be overly burdensome, the Court will deny their motion as to Request No. 2.

As to Requests 3, 4, and 5, these items call on Plaintiffs to explain their legal theories for the case. Whether Plaintiffs violated 18 U.S.C. § 1461 or Texas's abortion laws calls for legal conclusions. What matters for Plaintiffs' First Amendment claim is whether Plaintiffs actually violated those statutes, not their lawyers' subjective interpretations about the scope of those statutes. *See Kassell v. Crafton*, No. A-12-CA-669 LY, 2013 WL 12076484, at *2 (W.D. Tex. Apr. 5, 2013) (denying motion to compel response to interrogatory finding that the question requests a legal conclusion).

Moreover, the requested evidence speaks to a question that is not genuinely contested. Plaintiffs have already set forth that they desire to engage in conduct that is, at the moment, arguably proscribed by Texas's abortion statutes. These injuries have been repeated throughout the case. (*See* Dkts. 86-1 at 15:6–24, 16:7–20, 47:2–24, 48:2–16, 60:15–25, 61:2–16, 76:8–24, 116:20–25, 117:7–25, 132:9–25, 133:4–23; 120 at 11, 37–38). The very point of this case is that Texas's laws prohibit

---

[6] Plaintiffs note this deficiency in their response. (Dkt. 340) ("The SB 8 Defendants have not made any attempt to comply with the procedures and requirements set out in the Court's December 21, 2023 Order."). However, even in their reply, the SB 8 Defendants do not add specific reasons why this request is necessary, much less proportional to the needs of the case. (Reply, Dkt. 341).

Plaintiffs from facilitating abortions. The SB 8 Defendants do not need extensive discovery to prove what Plaintiffs themselves assert.[7] The SB 8 Defendants fail to set forth why separate discovery requests are necessary to respond to Plaintiffs' motion for summary judgment. Accordingly, the Court will deny the SB 8 Defendants' motion as to Request Nos. 3, 4, and 5.

Finally, in their reply brief, the SB 8 Defendants complain that the Court's December order "does not allow the SB 8 defendants sufficient discovery to defend themselves against the plaintiffs' claims." (Reply, Dkt. 341, at 1). They contend that it is "unheard of" for a court to limit interrogatories or depositions on the opposing party. (*Id.* at 2). This argument is highly misleading— the Court never barred this discovery. The Court's order clearly stated, "This order shall not bar the SB 8 Defendants from seeking additional discovery" and it explicitly allowed the SB 8 Defendants to take depositions and interrogatories on Plaintiffs' declarants. (Order, Dkt. 258, at 29).

The SB 8 Defendants' substantive complaint appears to be that this order references Plaintiffs' declarants rather than Plaintiffs themselves. But the Plaintiffs are nonprofit organizations (with the exception of Dr. Moayedi), so their corporate representatives are presumably the same as their declarants (as they have been since the inception of this case). The SB 8 Defendants identify no discrepancies between these Plaintiffs' representatives and their declarants. Nor did the SB 8 Defendants apparently ever timely depose or seek leave to depose any Plaintiff, their declarants, or their representatives.

Had the SB 8 Defendants diligently pursued discovery efforts following the Court's order, they could have obtained rulings on their motions for leave, and they could conceivably have some basis at that time to complain of the Court's restrictions. But that is not what happened. Following

---

[7] The SB 8 Defendants argue that this information is related to the First Amendment challenge because the First Amendment does not protect speech in aid of criminal conduct. Again, this deliberately misses the point. The constitutionality of Texas's interstate abortion restrictions is the key question in this case, and there is no factual question that they desire to violate these restrictions if they are found to be unconstitutional.

the Court's order that set forth a mechanism for a more orderly discovery process, the SB 8 Defendants waited several months without pursuing any discovery at all. The SB 8 Defendants never sought leave of the Court to conduct discovery, never sought leave to depose Plaintiffs (instead of Plaintiffs' declarants), and never sought document production during this discovery period.[8] Only at the very close of discovery have they sought interrogatories and requests for admission. Having failed to timely pursue discovery, they now claim that it is the Court's order that restricts them. It is the SB 8 Defendants' own dilatory actions and refusal to seek timely discovery that has restricted the scope of what they can obtain.

## IV. CONCLUSION

**IT IS ORDERED** that the SB 8 Defendants' motion to stay, (Dkt. 328), and motion to defer, (Dkt. 334), are **DENIED**. The motion for discovery, (Dkt. 333), is **GRANTED IN PART** and **DENIED IN PART** as set forth in this order. Plaintiffs shall respond to Interrogatory No. 1 by May 14, 2024. All other discovery shall close on May 7, 2024, as previously set forth in this Court's order. (Dkt. 314).

Plaintiffs' Motion for Entry of Briefing Schedule, (Dkt. 331), is **MOOT**.

---

[8] The SB 8 Defendants apparently took no discovery because their counsel chose to prioritize briefing in other cases. (*See* Defs.' Resp., Dkt. 291, at 2–3) ("The plaintiffs' accusation that the SB 8 defendants are engaged in 'delaying' tactics is baseless. . . . Plaintiffs' counsel knows full well that Mr. Mitchell was retained to brief and argue *Trump v. Anderson* at the Supreme Court and that Mr. Mitchell's responsibilities in the *Trump* litigation precluded him from conducting depositions in January."); (*id.* at 2) ("Mr. Mitchell also has three appellate briefs due in the next seven days[.]").

The SB 8 Defendants shall respond to Plaintiffs' motion for summary judgment on or before May 28, 2024, to allow them two weeks to respond following Plaintiffs' production. In the event that Plaintiffs require more time to respond to the SB 8 Defendants' Interrogatory No. 1, they may file a motion for extension of time. If this discovery deadline is extended, the SB 8 Defendants' responsive deadline shall remain two weeks after the close of such discovery.

**SIGNED** on May 1, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE