UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **Fund Texas Choice**, et al.,<br><br>       Plaintiffs,<br><br>v.<br><br>**José Garza**, et al.,<br><br>       Defendants. | Case No. 1:22-cv-00859-RP |

### SB 8 DEFENDANTS' OPPOSED MOTION TO STAY CASE PENDING RESOLUTION OF PETITION FOR WRIT OF MANDAMUS

Yesterday the SB 8 defendants petitioned for writ of mandamus in the U.S. Court of Appeals for the Fifth Circuit. *See In re Ashley Maxwell, et al.*, No. 24-50390 (5th Cir.). The petition asks the court of appeals to issue mandamus directing this Court to: (1) Resolve the SB 8 defendants' jurisdictional objections to this lawsuit before forcing them to respond to the plaintiffs' motion for summary judgment; (2) Allow them to take meaningful discovery from each of the plaintiffs that has sued them; and (3) Issue a scheduling order that accords with the requirements of Rule 16. *See* Exhibit 1 (mandamus petition). It also asks the court of appeals to certify the following questions to the Supreme Court of Texas before ruling on the mandamus petition:

1. Whether the Texas pre-*Roe* abortion statutes have been repealed by implication;

2. Whether every abortion and abortion-assistance activity prohibited by SB 8 is independently criminalized by the trigger ban and the pre-*Roe* abortion statutes; and

3. Whether the trigger ban, the pre-*Roe* abortion statutes, and SB 8 apply to abortions in which a patient ingests an abortion-inducing drug inside Texas after obtaining that drug from an out-of-state provider.

*See id.* at 31. The SB 8 defendants will also ask the Fifth Circuit to stay proceedings in this Court pending resolution of the mandamus petition, but they must first ask this Court for a stay before seeking this relief from the court of appeals. The SB 8 defendants therefore respectfully ask this Court to stay the case until the Fifth Circuit resolves the mandamus petition. The plaintiffs oppose this motion, but the district-attorney defendants are unopposed.

## ARGUMENT

When deciding whether to stay proceedings in a district court pending an appeal or a petition for mandamus, the Fifth Circuit employs the traditional four-part test from *Nken v. Holder*, 556 U.S. 418 (2009): "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Id.* at 426 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *see also Earl v. Boeing Co.*, 21 F.4th 895, 898 (5th Cir. 2021) (using the four-part *Nken* test when deciding whether to stay district-court proceedings pending appeal). All four factors support a stay of proceedings.

### I. The SB 8 Defendants Have Made A Strong Showing Of Likely Success On Their Mandamus Petition

To prevail on a petition for mandamus, the SB 8 defendants must show that: (1) their right to the writ is clear and indisputable; (2) there is no other adequate means to obtain relief; and (3) the writ is appropriate under the circumstances. *See In re Gee*, 941 F.3d 153 (5th Cir. 2019) (per curiam). The petition for mandamus explains how this Court clearly and indisputably erred by: (1) Refusing to resolve the SB 8 defendants' jurisdictional objections before forcing them to complete discovery and respond

to the plaintiffs' summary-judgment motion; (2) Denying the SB 8 defendants adequate discovery; and (3) Refusing to issue a scheduling order as required by Rule 16 and Local Rule 16(a). *See* Pet. for Mandamus at 22–29 (attached as Exhibit 1).

We incorporate that discussion by reference and emphasize that this Court is violating the Constitution by continuing to assert jurisdiction over a case in which the plaintiffs lack Article III standing to sue the SB 8 defendants, that and it is compounding its constitutional violation by adopting dubious interpretations of state abortion statutes that undercut the SB 8 defendants' jurisdictional objections. This Court, for example, claims that Texas's pre-*Roe* abortion statutes were "repealed by implication"[1]—despite the provisions in SB 8 that explicitly declare that pre-*Roe* abortion statutes were "never repealed"[2]—which weakens the SB 8 defendants' Article III standing objections by removing the pre-*Roe* abortion statutes' independent criminal prohibitions on the abortions (and abortion-assistance activities) outlawed by SB 8. The Court also claims that the trigger ban does not apply "extraterritorially,"[3] which might mean that the Court thinks the trigger ban inapplicable when a patient ingests an abortion drug in Texas after receiving it from an out-of-state provider. The federal judiciary must determine whether these Texas statutes actually apply to the abortions outlawed by SB 8 before assessing the SB 8 defendants' Article III standing objections, and the only way that can be done is to certify these state-law questions to the Supreme Court of Texas and stay the district-court proceedings until the state judiciary provides the authoritative answer.

---

1. App. 346.
2. *See* note **Error! Bookmark not defined.**, *supra*.
3. App. 325.

## II. The SB 8 Defendants Will Suffer Irreparable Harm Absent A Stay Of District-Court Proceedings

The SB 8 defendants will suffer irreparable harm absent a stay of proceedings because they will be forced to respond to an endless barrage of constitutional arguments in a 38-page motion for summary judgment that this Court has no jurisdiction to consider. They will also remain subject to ongoing court proceedings in a meritless, harassing lawsuit that falls outside the Article III jurisdiction of the federal judiciary as well as the cause of action created in 42 U.S.C. § 1983. The SB 8 defendants' repeated efforts to postpone summary-judgment briefing until the district court resolves their threshold jurisdictional objections have been rebuffed by this Court, and only a stay of proceedings can spare them the inconvenience and harassment imposed by the plaintiffs' tactics.

## III. A Stay Of The District-Court Proceedings Will Not Substantially Injure The Plaintiffs Or Any Other Party Interested In The Proceeding

A stay of the district-court proceedings will not "substantially injure" the plaintiffs or any other party interested in the proceeding because there is nothing that this Court can do to shield the plaintiffs from private-civil enforcement lawsuits under SB 8—even if it gives the plaintiffs everything that they ask for in this litigation.

SB 8 allows anyone[4] to sue a person that aids or abets an unlawful post-heartbeat abortion, or that intends to engage in such conduct. *See* Tex. Health & Safety Code § 171.208(a). So if this Court enters judgment for the plaintiffs and enjoins the SB 8 defendants from suing, there will still be countless others who will sue to recover the $10,000 for each illegal abortion that the plaintiffs perform or assist. An injunction that restrains only the SB 8 defendants from suing—while leaving the door open for every other person in the world to sue the plaintiffs for their violations of Senate Bill

---

4. Other than Texas government officials and individuals who impregnated the mother of the fetus through rape or some other illegal act. *See* Tex. Health & Safety Code §§ 171.208(a); 171.208(j).

8—does nothing to help the plaintiffs resume abortions or abortion-assistance activities that violate (or arguably violate) SB 8. The plaintiffs are seeking a remedy that restrains only the SB 8 defendants,[5] and this Court has no authority to bind non-parties to its constitutional pronouncements or enjoin them from enforcing SB 8. *See Osborn v. Bank of United States*, 22 U.S. 738, 802 (1824) ("An injunction binds no person but the parties to the suit."); *Okpalobi v. Foster*, 244 F.3d 405, 426 n.34 (5th Cir. 2001) (en banc) ("An injunction enjoins a defendant, not a statute.").

## IV.  A Stay Of The District-Court Proceedings Is In The Public Interest

A stay of the case serves the public interest in numerous respects. First, a stay will serve judicial economy and "avoid potentially wasteful and unnecessary litigation costs." *Earl v. Boeing Co.*, 21 F.4th 895, 900 (5th Cir. 2021). The plaintiffs are demanding that the SB 8 defendants respond to a motion for summary judgment before this Court rules on their threshold jurisdictional objections and the plaintiffs' failure to state a claim under 42 U.S.C. § 1983. The time spent litigating this motion for summary judgment will be wasted if the Fifth Circuit (or the Supreme Court of Texas) rules in a manner that compels a jurisdictional dismissal. Even if the Fifth Circuit winds up denying mandamus, it is still sensible to stay the case to prevent the possibility of wasted time and effort on a premature and patently meritless summary-judgment motion that does not even attempt to carry the plaintiffs' burden of proof on the Article III standing and state-action issues.

Second, a stay of will serve the public interest by allowing counsel to devote their full attention to briefing and arguing the mandamus petition and any proceedings that might be certified to the Supreme Court of Texas. Requiring counsel to litigate the Rule 12(b)(1) motions, the motion for judgment on the pleadings, the plaintiffs'

---

5.  App. 433–435.

summary-judgment motion, and the lingering motions to compel simultaneously with these other proceedings could lead to slapdash work product—not only in this Court but in the Fifth Circuit and the state supreme court as well. The public interest is best served by allowing the mandamus proceeding and any certified state-court proceedings to unfold while counsel is unencumbered by the persistent and often unpredictable responsibilities of trial-court practice.

Third, a stay of district-court proceedings will serve the public interest by ensuring that the Fifth Circuit and the Supreme Court of Texas can rule on the mandamus petition and certified state-law questions by eliminating any possibility that this Court might moot those proceedings by entering a sudden jurisdictional or merits-based dismissal. The parties and the Fifth Circuit will be investing considerable time and resources into the mandamus proceeding, as will the Supreme Court of Texas if the Court decides to certify the relevant state-law questions, and a stay of proceedings will ensure that those courts can take the time that they need to consider the issues and render a well-reasoned decision without having to race another court to the finish line.

## CONCLUSION

The motion to stay the case should be granted.

Respectfully submitted.

/s/ Jonathan F. Mitchell
Jonathan F. Mitchell
Texas Bar No. 24075463
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

Dated: May 21, 2024              *Counsel for Defendants*

## CERTIFICATE OF CONFERENCE

I have conferred with Alexandra Albright, counsel for the plaintiffs, and she informed me that the plaintiffs oppose this motion. We conferred in a good-faith attempt to resolve this matter by agreement but were unable to reach agreement on the issues discussed in this motion. *See* Local Rule CV-7(g). Counsel for the SB 8 defendants are unopposed to this motion.

    /s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
*Counsel for SB 8 Defendants*

## CERTIFICATE OF SERVICE

I certify that on May 21, 2024, I served this document through CM/ECF upon:

Jennifer R. Ecklund
Elizabeth G. Myers
Allyn Jaqua Lowell
John Atkins
Elizabeth Rocha
Thompson Coburn LLP
2100 Ross Avenue, Suite 3200
Dallas, Texas, 75201
(972) 629-7100 (phone)
(972) 629-7171 (fax)
jecklund@thompsoncoburn.com
emyers@thompsoncoburn.com
alowell@thompsoncoburn.com
jatkins@thompsoncoburn.com
erocha@thompsoncoburn.com

*Counsel for Plaintiffs*

Alex Wilson Albright
Marcy Hogan Greer
Alexander Dubose & Jefferson LLP
515 Congress Avenue, Suite 2350
Austin, Texas 78701-3562
(512) 482-9300 (phone)
(512) 482-9303 (fax)
aalbright@adjtlaw.com
mgreer@adjtlaw.com

 /s/ Jonathan F. Mitchell
Jonathan F. Mitchell
*Counsel for Defendants*