# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| FUND TEXAS CHOICE, et al., § § Plaintiffs, § § v. § § JOSÉ GARZA, in his official capacity as § Travis County District Attorney, et al. § § Defendants. § § | Civil Action No. 1:22-cv-00859-RP |

**REPLY IN SUPPORT OF PROSECUTOR DEFENDANTS' MOTION TO STAY, OR IN THE ALTERNATIVE, TO STAY BRIEFING ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT PENDING RESOLUTION OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION, AND MOTION TO EXPEDITE CONSIDERATION OR ADMINISTRATIVELY STAY SUMMARY JUDGMENT BRIEFING**

Plaintiffs provide little reason for the Court to deny Prosecutor Defendants Putman, Stanek, Gonzales, Palacios, and Ramirez's[1] motion to stay this case, or at minimum, stay briefing on Plaintiffs' Motion for Partial Summary Judgment Against Prosecutor Defendants (ECF. No. 357) until Plaintiffs' Amended Motion for Certification of Defendant Class (ECF. No. 279) is resolved. Plaintiffs fail to provide any explanation for their bizarre (and contradictory) choice to ask the Court to certify a novel defendant class and then move for summary judgment against the individual defendants before the class they want is certified. Plaintiffs also chiefly rely on arguments that echo their arguments in favor of class certification, which only underscores that a ruling on the class certification motion is necessary. The Court should grant the motion and stay this case pending resolution of Plaintiff's motion for class certification.

## ARGUMENT

Plaintiffs offer the following arguments against the stay: (1) class certification will not have a significant effect on this case because all the Prosecutor Defendants' arguments against summary judgment are the same, and will all be the same regardless of certification; (2) this case involves only legal issues and not factual issues because the Court has "already determined that Plaintiffs have standing," ECF No. 381 at n.10; (3) certification will not impact discovery; and (4) Plaintiffs are

---

[1] Prosecutor Defendants Garza, Renken, Deski, McAfee, Weber, Glaser, Sinclair, and Hicks did not join the motion but do not oppose the relief requested. For clarity, this reply will refer to Putman, Stanek, Gonzales, Palacios, and Ramirez as "Moving Prosecutors" where the argument refers to them only as opposed to the entire group of Prosecutor Defendants.

1

supposedly suffering irreparable harm to their rights. Each argument is incorrect and will be addressed in turn.

### I. Waste of judicial and party resources and inefficiency will result if the Court does not stay proceedings pending the ruling on class certification.

#### A. Class certification will change the way the case is litigated.

The Moving Prosecutors' motion explains the various ways class certification will affect the litigation of this case, many of which are obvious based on the way a class action proceeds. The Plaintiffs dispute that. But if class certification will not change this case at all, why have Plaintiffs asked for certification? Plaintiffs completely fail to contend with the Moving Prosecutors' arguments about the underlying purpose of class actions as promoting efficiency. Nor do they offer any law to support their contention that class certification will not change the case. Rather, "class certification is a pivotal stage in civil litigation." *Fishon v. Peloton Interactive, Inc.*, 336 F.R.D. 67, 70 (S.D.N.Y. 2020). Because of how certification impacts the way a case is litigated and decided, and recognizing the resulting inefficiency when that determination is not made at the beginning of a case, Federal Rule of Civil Procedure 23(c)(1)(A) requires that "at an *early* practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." (emphasis added). And those principles are even truer here, where the fourteen individual Prosecutor Defendants are also possible representatives of a novel defendant class and are (for the most part) separately represented—circumstances of Plaintiffs' own pleading choices.

Plaintiffs admit that demanding summary judgment before a class is certified will require two rounds of summary judgment briefing but claim that doesn't matter

2

because it will be "identical." ECF No. 381 at 8. Of course, this is mostly just repackaging the Plaintiff's arguments as to why there should be a Defendant class in the first place, which only underscores why this Court should resolve these arguments by deciding the class certification motion. As the Prosecutor Defendants already made clear in their various responses to the class certification motion (and by the varying reactions to this premature summary judgment motion, as well as the Plaintiffs' preliminary injunction motion before many of the Prosecutor Defendants were even in this case), the Prosecutor Defendants have clearly not moved in lockstep in this case, nor is there only one possible opposition to Plaintiffs' claims. *See* ECF No. 364 at 6-7. Nor can Plaintiffs claim with a straight face that it doesn't matter which attorney defends this case on behalf of the Prosecutor Defendants, something the outstanding motion to certify would resolve. Regardless, each Defendant has the due process right to make his or her own defense—especially where Plaintiffs seek monetary relief against the Prosecutor Defendants in the form of attorneys' fees—unless a class is properly certified observing all the protections necessary to safeguard those rights. The Court cannot simply assume that the Prosecutor Defendants will not do so, or will do so in exactly the same way.

### B. Factual differences remain and thus would differentiate the Prosecutor Defendants' briefing and arguments.

Plaintiffs' contention that "the legal issues raised by Plaintiffs' claims are identical across all the Prosecutor Defendants," also related to the arguments Plaintiffs made to support class certification, is wrong. ECF No. 381 at 7-8. There may obviously be differences between each defendant because each has differing authority to prosecute (only in their own jurisdiction) which does not overlap with others, and each defendant presumably has his or her own view as to the merits of

3

Plaintiffs' claims or the interpretation of the statutes at issue, which may not implicate the Plaintiffs' activities at all. And as has been pointed out numerous times already, if Plaintiffs do not offer evidence of any specific intention to engage in their supposedly desired activities in a particular prosecutor's jurisdiction, they have no credible basis to fear prosecution in that jurisdiction (and therefore no standing to sue that prosecutor).

Plaintiffs claim that they would not have to show standing to sue the members of the putative defendant class because the Court "already determined that Plaintiffs have standing," and "resolved the standing challenge on the pleadings," but that is plainly wrong. ECF No. 381 at 8 n.9. Not only do Plaintiffs forget that the Court's previous determination was only at the motion-to-dismiss stage and does not shield them from the requirement to now *prove* standing with evidence, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992), that determination was only against individual defendants, and not the entire class, *cf. Audler v. CBC Innovis, Inc.*, 519 F.3d 239, 249 (5th Cir. 2008); *Fox v. Saginaw Cty., Mich.*, 67 F.4th 284, 294 (6th Cir. 2023) (citing *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974), *Frank v. Gaos*, 586 U.S. 485, 492 (2019)); *Denney v. Deutsche Bank AG*, 443 F.3d 253, 264 (2d Cir. 2006).

    **C.**    **Class certification will clearly affect discovery.**

As the Moving Prosecutors explained, a partial stay to permit discovery is insufficient here because class certification will affect discovery too. Plaintiffs claim that the Moving Prosecutors offered "no specific reasons why" class certification would affect discovery. ECF No. 381 at 9. But that was covered in the Moving Prosecutors' motion. ECF No. 364 at 7-11. The number and identity of parties, as well as what role they will play in the litigation (as active participant or absent class

4

member) will surely impact how discovery is conducted. Instead of explaining why that is not true, Plaintiffs simply pivot to claiming that no discovery is needed. That is false. *See* ECF No. 375. The Prosecutor Defendants are entitled to test the factual allegations of the Plaintiffs in discovery if they choose, and the Plaintiffs' choice to try to rush to summary judgment based on an incomplete record does not mean that the Prosecutor Defendants must make the same choice.[2]

### II. The Prosecutor Defendants Will Suffer Undue Hardship and Inequity If Merits Proceedings Occur Before This Court Has Decided Plaintiffs' Certification Motion.

Prosecutor Defendants will suffer undue hardship and inequity if the case is not stayed because they will be forced to engage in duplicative, costly litigation that may prove to be unnecessary, as explained above and in the Motion. That goes beyond the mere burden of having to respond to motions as a litigant, as Plaintiffs argue. ECF No. 381 at 9.

### III. The Plaintiffs Will Suffer No Prejudice If the Stay Is Granted.

Plaintiffs will not suffer any prejudice if this Court grants a modest stay to allow the Court to rule on Plaintiffs' motion for certification. Plaintiffs claim that they will suffer harm because their rights are being irreparably harmed, but if they had an urgent need for relief, they could have asked for preliminary injunctive relief against the other Prosecutors not already subject to the injunction, filed their motion for class certification earlier, or they could withdraw their motion for class certification if they instead want to proceed only against the individual Prosecutor

---

[2] Plaintiffs' assertion that their motion is not premature because the Prosecutor Defendants could have started discovery on August 31, 2023 will be addressed in Defendant Putman's 56(d) reply.

Defendants. Any delay or harm the Plaintiffs suffer, therefore, is the result of their own litigation choices.

### IV. The Court Should Expedite Consideration of This Motion or Administratively Stay Summary Judgment Briefing Pending Consideration of This Motion.

The Plaintiffs do not address the request to administratively stay the response deadline pending its resolution of this motion, ECF No. 381, which is in keeping with the Court's past practice, *see* ECF No. 218. To avoid additional repeated extension requests burdening the Court, the Court should at least stay the summary judgment response deadlines while it considers this motion (and Defendant Putman's 56(d) motion, for that matter).

## CONCLUSION

This Court should grant the Moving Prosecutors' motion and stay this case until this Court resolves Plaintiffs' Amended Motion for Certification of Defendant Class. The Court should also administratively stay the MSJ response deadline pending its resolution of this motion.

    Respectfully submitted.

    /s/ Heather Gebelin Hacker
    Heather Gebelin Hacker
    Texas Bar No. 24103325
    Andrew B. Stephens
    Texas Bar No. 24079396
    HACKER STEPHENS LLP
    108 Wild Basin Road South, Suite 250
    Austin, Texas 78746
    (512) 399-3022
    heather@hackerstephens.com
    andrew@hackerstephens.com

    *Counsel for Defendant Jacob Putman*

**K. SUNSHINE STANEK**
**CRIMINAL DISTRICT ATTORNEY**
**LUBBOCK COUNTY**
*/s/ R. Neal Burt*
R. Neal Burt
Texas Bar No. 03475450
nburt@lubbockcounty.gov
Jennifer Irlbeck
Texas Bar No. 24057474
jirlbeck@lubbockcounty.gov
Assistant District Attorneys
Lubbock County CDA
P.O. Box 10536
Lubbock, Texas 79408
Telephone: (806) 775-1112
Facsimile: (806) 775-7952
**ATTORNEYS FOR DEFENDANT**
**K. SUNSHINE STANEK**

JOE D. GONZALES
Bexar County Criminal District Attorney

By:  /s/ *Lisa V. Cubriel*
**LISA V. CUBRIEL**
State Bar No. 24045731
Lisa.Cubriel@bexar.org
**ROBERT W. PIATT III**
State Bar No. 24041692
Robert.Piatt@bexar.org
Assistant District Attorneys,
Civil Division
101 W. Nueva, 7th Floor
San Antonio, Texas 78205
Telephone: (210) 335-2142
Facsimile: (210) 335-2773
***Attorneys for Defendant Bexar County District Attorney Joe D. Gonzales***

By: /s/Cynthia Contreras Gutierrez
CYNTHIA CONTRERAS GUTIERREZ
Texas Bar No. 08640550
W.D. Tex. ID No. 08640550
CONTRERAS GUTIERREZ
AND ASSOCIATES

1302 S. 10th Ave.
Edinburg, Texas 78539
Phone: (956) 683-0057
Fax: (956) 683-0059
Email: cynthia@ccglaw.net

**ATTORNEYS FOR DEFENDANT
GOCHA ALLEN RAMIREZ**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2024, this document was electronically filed and served on all counsel of record through the Court's CM/ECF system.

<u>/s/ Heather Gebelin Hacker</u>
Heather Gebelin Hacker