IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **Fund Texas Choice, et al.,** § | |
| § | |
| **Plaintiffs,** § | |
| § | |
| v. § | CIVIL CASE NO. 1:22-CV-00859-RP |
| § | |
| **José Garza, in his official capacity as Travis** § | |
| **County District Attorney, et al.,** § | |
| § | |
| **Defendants.** § | |

**DEFENDANT K. SUNSHINE STANEK'S RESPONSE TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST PROSECUTOR DEFENDANTS**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant K. Sunshine Stanek, in her official capacity as Criminal District Attorney for Lubbock County, files this Response to Plaintiffs' Motion for Partial Summary Judgment Against the Prosecutor Defendants (Doc. No. 357).

**INTRODUCTION OF FACTS RELEVANT TO RESPONSE**

On April 20, 2023, Plaintiffs filed a Second Amended Class Action Complaint for Declaratory and Injunctive Relief, which joined nine prosecutors as additional Prosecutor Defendants, including K. Sunshine Stanek ("Defendant" or "Defendant Stanek") as an individual sued in her official capacity as the Criminal District Attorney of Lubbock County, Texas (Doc. No. 129).

On July 12, 2023, Defendant Stanek filed a motion to dismiss Plaintiffs' Second Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), challenging this Court's subject matter jurisdiction and Plaintiffs' Article III standing to sue over Plaintiffs' claims related to pre-*Roe* statutes, because Plaintiffs failed to plead any causal link between an

alleged injury and Defendant Stanek (Doc. No. 176). In December of 2023, the Court denied all Prosecutor Defendants' motions to dismiss, holding that the Plaintiffs' claims are ripe, the Court has jurisdiction, and the Plaintiffs have an Article III injury and standing (Doc. No. 258). Relying on the Fifth Circuit's decision in *Speech First, Inc. v. Fenves*, 979 F.3d 319 (5th Cir. 2020), the Court ruled that Plaintiffs do not need to show specific threats of enforcement of the pre-*Roe* statutes from each prosecutor to be injured; and furthermore, the silence of a Prosecutor Defendant, including Defendant Stanek, is not compelling evidence of non-enforcement (*Id.*, pg. 13).

In response to Plaintiffs' Second Amended Complaint, Defendant Stanek filed her Answer on January 4, 2024, specifically denying that she has ever threatened Plaintiffs with criminal prosecution (Doc. No. 260).

Plaintiffs then filed a Motion for Partial Summary Judgment Against Prosecutor Defendants on May 17, 2024, seeking a permanent injunction and a declaratory judgment that (1) the pre-*Roe* statutes were impliedly repealed; (2) retroactive application of the pre-*Roe* statutes violates due process; (3) the pre-*Roe* statutes violate Plaintiffs' constitutional rights to travel, speech, and assembly; and (4) the pre-*Roe* statutes are void for vagueness (Doc. No. 357).

Finally, the Plaintiffs filed a Third Amended Complaint for Declaratory and Injunctive Relief on July 15, 2024, which primarily adds the Jane and John Doe Defendants 1-100, but continues to assert the Plaintiffs' claims against the Prosecutor Defendants, as well as seeking to enjoin Defendant Stanek from enforcing the pre-*Roe* statutes against Plaintiffs, and seeking a declaratory judgment. The requested declaratory judgment would (1) declare the pre-*Roe* statutes unconstitutional to the extent they would apply to funding or practical support for

abortion procedures occurring outside of the State of Texas and (2) declare the pre-*Roe* statutes were impliedly repealed and are unenforceable (Doc. No. 414).

### DEFENDANT STANEK'S RESPONSE AND ARGUMENTS

Defendant Stanek, sued in her official capacity as the Criminal District Attorney of Lubbock County, is a state official entitled to complete sovereign immunity from Plaintiffs' constitutional claims. Defendant respectfully submits that the Court's prior denial of her Rule 12(b)(1) Motion to Dismiss and reliance on the Fifth Circuit's *Speech First, Inc.* opinion contradicts the Fifth Circuit's recent opinion and holding in *Mi Familia Vota v. Ogg*, 105 F.4th 313 (5th Cir. 2024), where the 5th Circuit states in reference to Harris County District Attorney Ogg, "It is her privilege not to be sued over claims from which she is immune."

### *I. Sovereign immunity over the Plaintiffs' constitutional claims*

"Generally, state sovereign immunity precludes suits against state officials in their official capacities," *Texas Democratic Party v. Abbott*, 961 F.3d 389, 400 (5th Cir. 2020) (*Texas Democratic Party I*"); therefore, Defendant Stanek, as an official of the State of Texas sued in her official capacity, is entitled to and claims the protections of the Eleventh Amendment and sovereign immunity from this entire suit. The Supreme Court of the United States reasoned in *Metcalf & Eddy*, 506 U.S. at 144, that the Eleventh Amendment "effectively confers an immunity from suit," such that "[a]bsent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court." *Ex parte Young*, however, provides an exception to Eleventh Amendment sovereign immunity which permits federal courts to enjoin prospective unconstitutional conduct by "individuals who, as officers of the state, are clothed with some duty in regard to the enforcement of the laws of the state, and who threaten and are

about to commence proceedings, either of a civil or criminal nature." *Ex parte Young*, 209 U.S. at 155-56.

The *Ex parte Young* exception has three requirements: "(1) A plaintiff must name individual state officials as defendants in their official capacities; (2) the plaintiff must allege an ongoing violation of federal law; and (3) the relief sought must be properly characterized as prospective." *Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 471 (5th Cir. 2020) (*en banc*) (quotation marks and citations omitted). Defendant Stanek does not dispute that the Plaintiffs meet these general requirements, but she argues that she is not a proper defendant under *Ex parte Young*. To be a proper defendant, a state official "must have some connection with the enforcement of" the law being challenged. *Ex parte Young*, 209 U.S. at 157. In order to determine a sufficient connection to enforcement, the court considers "guideposts" to aid the decision. *Texas All. For Retired Ams. v. Scott*, 28 F.4th 669, 672 (5th Cir. 2022). Those guideposts are (1) the state official has "more than the general duty to see that the laws of the state are implemented, " *i.e.*, a "particular duty to enforce the statute in question"; (2) the state official has "demonstrated willingness to exercise that duty"; and (3) the state official, through her conduct, "compel[s] or constrain[s persons] to obey the challenged law." *Id.* (quotation marks and citation omitted).

## II.  Application of "guideposts" to Defendant Stanek

### A.  Stanek's duty to enforce the pre-*Roe* statutes

A state official may be "specially charged with the duty to enforce [a] statute," which requires a "specific duty" for *Ex parte Young* to apply. *Ex parte Young*, 209 U.S. at 158. Defendant Stanek agrees that she has the authority to enforce the pre-*Roe* statutes within her jurisdiction, but she has complete discretion over whether to bring criminal charges and no duty

to bring any prosecutions, which is distinct from the "specific duty," as in *Ogg*, for *Ex parte Young* to apply. Defendant Stanek's authority is not derived from the pre-*Roe* statutes themselves, but is rooted in the Texas Constitution, and "it shall be the primary duty of all prosecuting attorneys…to see that justice is done," TEX. CODE CRIM. Part.2.01., but that is not enough, *Texas All.*, 28 F.4th at 674, to make Defendant Stanek a proper defendant under *Ex parte Young*.

### B. Stanek's willingness to enforce the challenged provisions

For a state official to demonstrate willingness to enforce a challenged statute, "the state official[s] must have taken some step to enforce" the statute. *Texas Democratic Party I*, 961 F.3d at 401. In deciding how big the step must be, "the bare minimum appears to be 'some scintilla' of affirmative action by the state official." *Id.* (citation omitted). The Plaintiffs must allege *some* affirmative action taken by Defendant Stanek to show a demonstrated willingness to enforce the pre-*Roe* statutes, but the Plaintiffs have failed to do so. *Id.* (citation omitted).

More specifically, there has not been one scintilla of evidence or any exhibits provided by the Plaintiffs or any testimony offered by any witness that Criminal District Attorney K. Sunshine Stanek has issued any statements, interviews, comments, tweets or any other correspondence threatening any criminal prosecutions of the Plaintiffs or enforcement of the pre-*Roe* statutes. Defendant Stanek has not threatened to prosecute or taken any other action or steps against the Plaintiffs or similarly situated individuals. Defendant Stanek has not demonstrated a willingness to enforce the pre-*Roe* statutes, because she has not enforced the challenged pre-*Roe* statutes in the past**,** which is further evidence that she is not a proper *Ex parte Young* defendant.

### C. Stanek's compelling or constraining the Plaintiffs

In this case, as in *Ogg*, Plaintiffs allege that the existence of the pre-*Roe* statutes, along with Defendant Stanek's authority to enforce the statutes and prosecute criminal cases, compels and constrains the Plaintiffs because of their fear of prosecution. Even though "fear of prosecution may be sufficient for standing, it is insufficient to demonstrate compulsion or constraint under our *Ex parte Young* precedent." *Ogg* at 332. Defendant Stanek has neither enforced the challenged pre-*Roe* statutes against anyone nor threatened to do so. Plaintiffs have failed to demonstrate that she has acted or will likely act in a way that would compel or constrain the Plaintiffs in order to "strip" Defendant Stanek of her sovereign immunity. *Ostrewich v. Tatum*, 72 F.4th 94, 101.

### CONCLUSION AND PRAYER

Defendant Stanek has not waived her sovereign immunity from suit, and the "guideposts" demonstrate that Defendant Stanek is not a proper defendant under *Ex parte Young*, because the exception does not apply; therefore, Plaintiffs' constitutional claims against Defendant are barred by sovereign immunity.

WHEREFORE, PREMISES CONSIDERED, Defendant K. Sunshine Stanek prays that Plaintiffs' Motion for Partial Summary Judgment Against Prosecutor Defendants be denied, and that Plaintiffs' claims against her be dismissed in their entirety without prejudice, and for such other relief, both general and special, at law or in equity, to which she is justly entitled.

Respectfully submitted,

**K. SUNSHINE STANEK**
**CRIMINAL DISTRICT ATTORNEY**
**LUBBOCK COUNTY**

*/s/ R. Neal Burt*
R. Neal Burt
Texas Bar No. 03475450
nburt@lubbockcounty.gov
Jennifer Irlbeck
Texas Bar No. 24057474
jirlbeck@lubbockcounty.gov
Assistant District Attorneys
Lubbock County CDA
P.O. Box 10536
Lubbock, Texas 79408
Telephone: (806) 775-1112
Facsimile: (806) 775-7952

**ATTORNEYS FOR DEFENDANT K. SUNSHINE STANEK**

## CERTIFICATE OF SERVICE

      I certify that on July 23, 2024, this document was served through Certified Mail Return Receipt Requested and electronic mail, upon all counsel of record.

                                                                         /s/ R. Neal Burt
                                                                       R. Neal Burt