IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FUND TEXAS CHOICE, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 1:22-CV-859-RP |
| | § | |
| SUSAN R. DESKI, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is Defendants Jacob Putman and the SB 8 Defendants' (collectively "Defendants") Motion to Strike. (Dkt. 430). Plaintiffs Fund Texas Choice, et al., filed a response, (Dkt. 434), and Defendants filed a reply, (Dkt. 436). Having considered the record, the parties' briefing, and the relevant law, the Court will grant the motion to strike.

Plaintiffs filed their Third Amended Complaint on July 17, 2024. (Dkt. 414). Twelve days later, Defendants filed their motion to strike, arguing that the amended complaint was not properly filed because Plaintiffs did not first seek leave to file an amended complaint, as required by Federal Rule of Civil Procedure 15. (Mot. Strike, Dkt. 430). Plaintiffs argued in response that leave was unnecessary so long as they filed their amended complaint within the amended pleadings deadline as set forth in the Court's Scheduling Order. (Resp., Dkt. 434; Scheduling Order, Dkt. 401).

Defendants' argument is correct. The Federal Rules of Civil Procedure permit a party to amend its pleading "once as a matter of course," but afterward "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)–(2); *see also Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991) (noting that while a court should freely give leave when justice so requires, leave to amend "is by no means automatic"). Plaintiffs could not amend as a matter of course because they have already filed two amended complaints. (*See* Dkts. 90, 129). Under Rule

15(a)(2), Plaintiffs must therefore have sought leave to file a subsequent amended complaint. Fed. R. Civ. P. 15(a)(2) ("In all other cases, a party may amend its pleading only with . . . the court's leave.").

That Plaintiffs filed their new amended complaint within the amended pleadings deadline does not change this analysis. A scheduling order governs when a party may seek leave to amend under Rule 15,[1] but it does not govern whether leave is required. *See id.* Plaintiffs' reliance on *S&W Enterprises, L.L.C. v. Southtrust Bank of Alabama*, 315 F.3d 533, 535 (5th Cir. 2003) does not change this. (Resp., Dkt. 434). In *S&W Enterprises*, the Fifth Circuit affirmed the denial of a motion to extend a scheduling order and, in a footnote, opined that "the presence of a scheduling order renders the Rule 15 inquiry secondary." 315 F.3d at 535 n.4. Plaintiffs cite this footnote for the proposition that a Rule 16 scheduling order supplants the Rule 15 inquiry, but the footnote stands only for the proposition that the stringent test for motions to extend under Rule 16 will ordinarily supplant the more liberal standard for amendment under Rule 15. *Id.* In other words, if a party can meet the strict Rule 16 test, then they can almost certainly meet the liberal Rule 15 test too. So, *S&W Enterprises* is inapplicable, because Plaintiffs did not meet (or need to meet) the criteria for a Rule 16 extension. And even if the Rule 16 test did apply, a party must still seek leave to amend under Rule 15. As the Fifth Circuit noted in *S&W Enterprises*, "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id.* at 536.

*S&W Enterprises* does not excuse the requirement that a party file leave to amend, especially when there is no motion to extend under Rule 16. For that reason, district courts routinely strike amended complaints that are filed without leave but within the amended pleadings deadline. *See, e.g.*,

---

[1] Parties may, of course, seek leave to amend after the amended pleadings deadline by filing a motion to extend the scheduling order under Rule 16 *and* a motion for leave to amend under Rule 15. *See, e.g., Monterrosa-Flores v. Bible*, No. 1:18-CV-192-RP, 2018 WL 7291383 (W.D. Tex. Nov. 8, 2018) (granting motion to extend and motion for leave).

*Bowling v. Dahlheimer*, No. 4:18-CV-610, 2019 WL 5880590 (E.D. Tex. Aug. 7, 2019) (affirming order striking amended complaint without leave); *Carlisle v. Elite Trucking Servs., LLC*, No. 1:16-CV-257-HSO-JCG, 2016 WL 9185286, at *2 (S.D. Miss. Sept. 8, 2016) (striking amended complaint without leave); *McCalley v. Olson*, No. 421CV00511ALMCAN, 2022 WL 18141391 (E.D. Tex. Aug. 15, 2022), *report and recommendation adopted*, No. 4:21-CV-511, 2023 WL 114218 (E.D. Tex. Jan. 5, 2023) (same).

Because Plaintiffs did not first seek leave to file their Third Amended Complaint, the Court will grant the motion to strike.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Strike, (Dkt. 430), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Susan R. Deski, Richard E Glaser, Wiley B. McAfee, Julie Renken, Ryan Sinclair, Fred H. Weber's Motion to Dismiss, (Dkt. 429), is **MOOT**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **STRIKE** Plaintiffs' Amended Complaint, (Dkt. 414).

Plaintiffs may file a motion for leave to amend within 7 days of receipt of this order. Any motion filed within 7 days shall be considered timely filed under the Court's scheduling order. (Dkt. 401).

**SIGNED** on August 8, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE