IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| FUND TEXAS CHOICE, et al.,<br>*Plaintiffs*<br><br>v.<br><br>SUSAN R. DESKI, et al.,<br>*Defendants* | §<br>§<br>§<br>§   Case No. 1:22-CV-859-RP<br>§<br>§<br>§ |

**ORDER**

Now before the Court are Defendant Jacob Putman's Opposed Motion to Compel, filed September 6, 2024 (Dkt. 449); Plaintiffs' Response, filed September 13, 2024 (Dkt. 452); and Defendant's Reply, filed September 27, 2024 (Dkt. 455). By Text Order entered September 10, 2024, the District Court referred the motion to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

On October 3, 2024, the Court held a hearing on the motion, at which Putman and Plaintiffs appeared through counsel.

**I.   Background**

This case concerns several Texas abortion advocacy groups that seek to fund or support abortion care for Texans in states where it remains legal. Plaintiffs comprise several nonprofit Texas abortion funds and one physician. As part of their mission to support reproductive rights, they hope to fund and facilitate travel and lodging for Texans who seek abortions outside the state. Second Amended Complaint, Dkt. 129. Before the Supreme Court's decision in *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215 (2022), the funds provided financial, logistical, emotional, and travel assistance to pregnant Texans. They allege that they have been forced to halt many of

1

their activities since the passage of Texas Senate Bill 8 and the *Dobbs* decision, and they want to resume their prior activities as permitted by the U.S. Constitution. Dkt. 129 ¶¶ 20-21. Plaintiffs allege that TEXAS REV. STAT. ANN. §§ 4512.1-4512.6 ("pre-*Roe* laws") may criminalize facilitating out-of-state abortions and therefore infringe their constitutional rights. Plaintiffs sue fourteen Texas prosecutors ("Prosecutor Defendants"), including Smith County District Attorney Putman, seeking an injunction prohibiting them from enforcing the pre-*Roe* laws against Plaintiffs.

Relevant here, on May 17, 2024, Plaintiffs filed a Motion for Partial Summary Judgment against the Prosecutor Defendants. Dkt. 357 at 7 n.1. On May 29, 2024, Putman filed a Rule 56(d) Motion to Defer Consideration of Plaintiffs' Motion for Partial Summary Judgment, arguing:

> To adequately respond to Plaintiffs' summary judgment motion Defendant Putman requires at least limited discovery on the following issues:
>
> 1. Plaintiffs' current business operations and activities;
>
> 2. Plaintiffs' desired future activities in Smith County that Plaintiffs believe will make them susceptible to prosecution under the pre-*Roe* laws;
>
> 3. Plaintiffs' past conduct in Smith County that Plaintiffs believe violates the pre-*Roe* laws; and
>
> 4. Plaintiffs' understanding of the pre-*Roe* laws and basis for fearing prosecution in Smith County.
>
> This discovery will either create a genuine issue of material fact or support judgment as a matter of law in Defendant Putman's favor ***as to the issue of Plaintiffs' Article III standing to maintain this action against Defendant Putman***.

Dkt. 375 at 4 (emphasis added).

In an Order issued June 26, 2024, the District Court granted Putman's motion to defer and allowed him 90 days "to take limited discovery on the requested information in his motion to defer and to respond to Plaintiffs' summary judgment motion." Dkt. 399 at 12. The Court stated:

2

> The Court agrees with Putman that he is entitled to ***further discovery on Plaintiffs' alleged Article III injury. Putman's requests, especially related to Plaintiffs' operations in Smith County, are germane to their standing to sue Putman.*** In its order denying Putman's motion to dismiss, the Court noted that Plaintiffs pleaded they intend to help "Texans across the state" which included Texans from Smith County. (Order, Dkt. 258, at 14). This assertion was sufficient to show an Article III injury at the motion to dismiss stage, but could potentially be disproven with factual evidence obtained through discovery. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (elements of standing must be met "with the manner and degree of evidence required at the successive stages of the litigation."). If Plaintiffs have not or do not intend to facilitate out-of-state abortions [ ] for Texans from Smith County, then it is doubtful that they can reasonably fear a substantial risk of enforcement from Putman. In order to contest Plaintiffs' assertion of a substantial threat of enforcement, Putman is entitled to take discovery.

*Id.* at 11 (emphasis added); *see also id.* at 8 (stating that Plaintiffs' Article III injury from the Prosecutor Defendants may involve factual development as to "whether Plaintiffs have or intend to assist residents from a county with out-of-state abortions").

Although disputed by Putman at the hearing, the Court agrees with Plaintiffs that the plain language of the District Court's Order limits his Rule 56(d) discovery to the issue of Plaintiffs' Article III standing. Putman acknowledged this limitation in his Reply, stating that his discovery requests "are aimed at obtaining facts and information necessary to determine whether Plaintiffs have standing to challenge those statutes, and the Court has already ruled that Defendant Putman is entitled to discovery of information relevant to Plaintiffs' standing." Dkt. 455 at 2.

Putman served requests for admission, requests for production, and interrogatories on July 22, 2024. He now moves to compel Plaintiffs to fully respond and produce all responsive documents as to five requests for production and five interrogatories. Plaintiffs object on many grounds, contending that Putman's requests are overbroad and that they have already established standing.

3

## II.     Requests for Production

In his Motion to Compel, Putman asks the Court to overrule Plaintiffs' objections to Requests for Production Nos. 2-6.[1]

### A. Request for Production No. 2

By stipulation of the parties during the hearing, this request is **AMENDED** to state: "Documents sufficient to show Plaintiffs' operations and activities in Smith County." Plaintiffs also agreed to amend their response to identify the responsive documents already produced.

Pursuant to the parties' agreement, Putman's motion to compel is **DISMISSED AS MOOT** as to Request for Production No. 2.

### B. Requests for Production Nos. 3-6

At the hearing, Plaintiffs represented that they have produced all non-privileged documents responsive to these requests. After extensive arguments from counsel for both sides, Putman agreed that the motion to compel would be resolved as to these requests if Plaintiffs amend their responses to (1) clarify that they have produced all responsive, non-privileged documents, (2) identify any documents they have produced responsive to these requests, and (3) identify the number of documents withheld on the basis of each type of privilege asserted.

The Court **ORDERS** Plaintiffs to amend their responses to these requests accordingly and **DISMISSES AS MOOT** Putman's motion to compel as to Requests for Production Nos. 3-6.

## III.     Interrogatories

Putman asks the Court to overrule Plaintiffs' objections to Interrogatories Nos. 2-4 and 10-11.

---

[1] Putman's discovery requests to Plaintiffs and their responses are not identical. The Court cites the responses from Fund Texas Choice except where otherwise identified.

### A. Interrogatory No. 2

This interrogatory states: "Identify every Article III injury in fact that gives you standing to sue defendant Jacob Putman." Dkt. 449-1 at 26. Plaintiffs did not object, but directed Putman to four paragraphs of their Second Amended Complaint and "the declarations and testimony already made and filed in this action." *Id.* At the hearing, the parties agreed that Plaintiffs will amend their response to this interrogatory within seven days of the date of this Order to identify responsive testimony and exhibits in Plaintiffs' Appendix in Support of Motion for Summary Judgment against SB8 Defendants (Dkt. 209).

The Court **ORDERS** Plaintiffs to amend their response consistent with the parties' agreement and **DISMISSES AS MOOT** Putman's motion to compel as to Interrogatory No. 2.

### B. Interrogatory No. 3

This interrogatory states: "Explain how each of the injuries identified in your answer to Interrogatory No. 2 is 'fairly traceable' to 'allegedly unlawful conduct' of defendant Jacob Putman." Dkt. 449-1 at 26. Subject to their objections that this interrogatory is overbroad and calls for a legal conclusion, Plaintiffs answered:

> Fund Texas Choice's injuries arise from its reasonable fear of prosecution under the Pre-*Roe* Statutes because it[s] desired conduct as defined in the Second Amended Complaint is arguably proscribed by those statutes. Defendant Putman is an enforcer of those laws who has shown a willingness to enforce those laws and has refused to tell Fund Texas Choice's [sic] whether its desired conduct violates those laws or not.

*Id.* at 27. At the hearing, the parties agreed that Plaintiffs will amend their response to tie it to their response to Interrogatory No. 2.

The Court **ORDERS** Plaintiffs to amend their response consistent with the parties' agreement and **DISMISSES AS MOOT** Putman's motion to compel as to Interrogatory No. 3.

## C. Interrogatory No. 10

This interrogatory states: "Identify the 'staff and volunteers' of Fund Texas Choice who are 'afraid to continue their work,' whom you mention in paragraph 24 of the second amended complaint (ECF No. 129)." Dkt. 449-1 at 30. Plaintiffs object that the requested information is outside the limited scope of discovery, abusive and harassing, and violates their First Amendment rights. At the hearing, Putman agreed that this interrogatory should be limited to Smith County, but maintained that Plaintiffs must name the individuals as requested.

This Magistrate Judge finds the District Court's ruling on a similar interrogatory from another group of defendants dispositive. In their Opposed Motion to Allow Discovery, the SB 8 Defendants[2] asked to serve discovery requests that included: "The identity of each of the individuals that the plaintiffs claim have been 'chilled' and deterred from supporting the plaintiffs on account of the defendants' conduct." Dkt. 333 at 2. In an Order issued May 1, 2024, Judge Pitman denied the SB 8 Defendants' request to propound this interrogatory, holding:

> The second interrogatory related to donor identities is highly likely to chill Plaintiffs' free expression and association and is insufficiently justified. Forcing the disclosure of the identities of each donor to one of Plaintiffs' organizations would have a significant chilling effect on their First Amendment rights and the rights of their donors. *See NAACP v. Alabama*, 357 U.S. 449, 460-67 (1958) (holding that the NAACP did not have to produce its membership list because production would result in "the likelihood of a substantial restraint upon" the right to freely associate). "Freedom to engage in association for the advancement of beliefs and ideas is an inseparable aspect of freedom of speech." *Connection Distrib. Co. v. Reno*, 154 F.3d 281, 295 (6th Cir. 1998). . . . Given the right to freedom of association, disclosure of information may be inappropriate when such disclosure will adversely affect an organization's ability "to pursue [ ] collective efforts to foster beliefs" and may "induce members to withdraw" or "dissuade others from joining . . . ." *NAACP*, 357 U.S. at 462-63.

Dkt. 343 at 10.

---

[2] Ashley Maxwell, Mistie Sharp, Shannon D. Thomason, and Sadie Weldon.

For the same reasons, consistent with Judge Pitman's Order, the Court finds that forcing disclosure of Plaintiffs' staff and volunteers in Smith County would have a significant chilling effect on the rights to free expression and association of Plaintiffs and their volunteers. The Motion to Compel is **DENIED** as to Interrogatory No. 10.

**D. Interrogatories Nos. 4 and 11**

Interrogatory No. 4 states: "Identify and describe every act that you have taken since September 1, 2021, that you believe or fear might cause Jacob Putman to prosecute you under the criminal abortion laws of Texas." Dkt. 449-1 at 27. Interrogatory No. 11 states: "Identify every action that you have taken in Smith County that you believe or fear might have violated Texas's pre-*Roe v. Wade* abortion laws." Dkt. 449-1 at 30. Subject to objections, Plaintiffs Jane's Due Process and Texas Equal Access Fund answered both interrogatories by stating that they have "communicated with multiple people who have claimed to be residents of Smith County since September 2021." Dkt. 449-1 at 191, 194-95,[3] 255, 259-60.[4]

The other Plaintiff organizations state that they cannot answer these interrogatories.[5] They object, *inter alia*, that these interrogatories are overbroad and violate their Fifth Amendment right against self-incrimination, contending that "specifically identifying conduct in which those individuals have or have not engaged would arm prosecutors with information that might be used to prosecute Plaintiffs and individuals affiliated with them." Dkt. 452 at 9. They also object that Interrogatory No. 11 requires a legal conclusion to answer. Dkt. 449-1 at 30.

---

[3] Response to Interrogatory No. 10 by Jane's Due Process.

[4] Response to Interrogatory No. 12 by Texas Equal Access Fund.

[5] Makayla Montoya-Frazier, principal of Plaintiff Buckle Bunnies Fund ("BBF"), and Plaintiff Dr. Ghazaleh Moayedi individually assert their Fifth Amendment right against self-incrimination. Dkt. 449-1 at 60-61, 64 (Response to Interrogatory No. 10 by BBF), 159, 161 (Response to Interrogatory No. 8 by Dr. Moayedi).

A party to a civil action is not required to disclose information that she reasonably believes might be used against her in a subsequent criminal prosecution. *Wehling v. Columbia Broad. Sys.*, 608 F.2d 1084, 1086 (5th Cir. 1979). Putman argues that as corporate entities, Plaintiffs cannot assert a Fifth Amendment privilege, citing *Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 674 (5th Cir. 1999) ("Upon being served with discovery requests, a corporation must appoint agents who can, without fear of self-incrimination, furnish relevant information available to the corporation."). Plaintiffs respond that this case presents a unique situation in which everyone associated with the plaintiff nonprofit corporations could be prosecuted, citing acknowledged dicta from *U.S. v. Kordel*, 397 U.S. 1 (1970):

> The respondents press upon us the situation where no one can answer the interrogatories addressed to the corporation without subjecting himself to a "real and appreciable" risk of self-incrimination. For present purposes we may assume that in such a case the appropriate remedy would be a protective order under Rule 30(b), postponing civil discovery until termination of the criminal action.

*Id.* at 8-9 (footnotes omitted); *see also United States v. All Monies, Negotiable Instruments and Funds in Account No. ALE 2328254 F.Z., Swiss Bank Corp.*, No. 4:93CV336, 1996 WL 807890, at *3-4 (E.D. Tex. Jan. 25, 1996) (staying forfeiture proceeding when claimants under investigation asserted Fifth Amendment privilege).

This Magistrate Judge need not reach Plaintiffs' assertion of the Fifth Amendment privilege because, once again, Judge Pitman's May 1, 2024 Order is dispositive. There, the SB 8 Defendants requested permission to propound discovery requests, including: "Whether and what extent each of the plaintiffs has violated or is violating the criminal abortion laws of Texas." Dkt. 333 at 2. The District Court found that the request called on Plaintiffs to explain their legal theories of the case, holding: "Whether Plaintiffs violated . . . Texas's abortion laws calls for legal conclusions. What matters for Plaintiffs' First Amendment claim is whether Plaintiffs actually violated those

8

statutes, not their lawyers' subjective interpretations about the scope of those statutes." Dkt. 343 at 11. The District Court also held that "the requested evidence speaks to a question that is not genuinely contested. Plaintiffs have already set forth that they desire to engage in conduct that is, at the moment, arguably proscribed by Texas's abortion statutes." *Id.*

The District Court permitted Putman to take limited discovery to contest Plaintiffs' assertion of a substantial risk of enforcement from him. Dkt. 399 at 11-12. This Order provides ample opportunity for Putman to address Plaintiffs' standing and potential prosecution in Smith County through discovery on their past, present, and desired future conduct there. The Motion to Compel is **DENIED** as to Interrogatories Nos. 4 and 11 because they call for legal conclusions.

## IV. Conclusion

As detailed above, Defendant Jacob Putman's Opposed Motion to Compel (Dkt. 449) is **DENIED IN PART and DISMISSED AS MOOT IN PART**. Plaintiffs are **ORDERED** to serve amended discovery responses in conformity to this Order on or before **October 24, 2024**.

It is **FURTHER ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Robert Pitman.

**SIGNED** on October 16, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE