IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FUND TEXAS CHOICE, et al., | § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:22-CV-859-RP |
| SUSAN R. DESKI, et al., | § § | |
| Defendants. | § § | |

**ORDER**

Before the Court is Defendant Smith County District Attorney Jacob Putman's ("Putman") Motion for a Protective Order and Alternative Motion to Reconsider Magistrate Judge Hightower's August 20 Order and Amend Scheduling Order to Permit Trial-Related Discovery. (Mot. Protective Order, Dkt. 443). Plaintiffs Buckle Bunnies Fund, Clinic Access Support Network, Frontera Fund, Fund Texas Choice, Jane's Due Process, Ghazaleh Moayedi, The Afiya Center, The Lilith Fund for Reproductive Equity, The North Texas Equal Access Fund, and West Fund ("Plaintiffs") timely filed a response, (Resp., Dkt. 445), and Putman filed a reply, (Reply, Dkt. 447). Having considered the parties' briefs, the record, and the relevant law, the Court enters the following order.

**I. BACKGROUND**

This case concerns several Texas abortion advocacy groups that seek to fund or support abortion care for Texans in states where it remains legal. Plaintiffs comprise several nonprofit Texas abortion funds and one physician. As part of their mission to support reproductive rights, they hope to fund and facilitate travel and lodging for Texans who seek abortions outside the state. (2d Am. Compl., Dkt. 129). Before the Supreme Court's decision in *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215 (2022), the funds provided financial, logistical, emotional, and travel assistance to pregnant Texans. They allege that they have been forced to halt many of their activities since the passage of

Texas Senate Bill 8 ("SB 8") and the *Dobbs* decision, and they want to resume their prior activities as permitted by the U.S. Constitution. (2d Am. Compl., Dkt. 129, at 11). Plaintiffs allege that Texas Revised Statutes Annotated §§ 4512.1-4512.6 ("pre-Roe laws") may criminalize facilitating out-of-state abortions and therefore infringe upon their constitutional rights. Plaintiffs sue fourteen Texas prosecutors ("Prosecutor Defendants"), including Putman, seeking an injunction prohibiting them from enforcing the pre-Roe laws against Plaintiffs.

On May 17, 2024, Plaintiffs filed a Motion for Partial Summary Judgment against the Prosecutor Defendants. (Mot. Partial Summary Judgment, Dkt. 357). In response, Putman filed a Rule 56(d) Motion to Defer Consideration of Plaintiffs' Motion for Partial Summary Judgment, requesting limited discovery on issues related to "Plaintiffs' Article III standing to maintain this action against Defendant Putman." (Mot. Defer Consideration, Dkt. 37, at 2). Putman requested discovery on Plaintiffs' business operations, Plaintiffs' desired future activities, their past conduct in Smith County, and their understanding of the pre-Roe laws. (*Id.* at 4). Plaintiffs opposed the motion, arguing that because they seek "summary judgment on purely legal issues," the motion "requires no discovery to resolve." (Resp. Mot. Defer Consideration, Dkt. 384, at 1). The Court agreed with Putman, granting his motion to defer and allowing him 90 days "to take limited discovery on the requested information in his motion to defer and to respond to Plaintiffs' summary judgment motion." (Order, Dkt. 399, at 11–12).

On August 15, 2024, Plaintiffs noticed their own two-hour deposition of Putman. (Mot. Protective Order, Dkt. 443, at 4). Putman filed this Motion for a Protective Order in response, seeking to stop the deposition. (*See id.*). In his motion, Putman argues that the Court should allow for only the "limited discovery" it permitted when it granted Putman's 56(d) motion—that is, only the discovery necessary for him to respond to Plaintiffs' Motion for Summary Judgment. (*Id.* at 2.). Next, he argues that, under the apex doctrine, the necessity to depose him does not "justif[y] the

burden on his time." (*Id.* at 6). Finally, because Plaintiffs requested to "depose DA Putman alone among all the DA Defendants," Putman accuses Plaintiffs of seeking the deposition for a "retaliatory" and "improper purpose." (*Id.* at 7). If the Court were to allow for the deposition, however, Putman urges the Court to reopen all factual discovery. (*Id.* at 11).

In response, Plaintiffs explain that their deposition of Putman is proper because he has "uniquely claimed a need to take discovery to respond to the MSJ against him." (Resp., Dkt. 444, at 2). Because "[n]o other defendant has raised or identified any fact issues impacting summary judgment," Plaintiffs have no need to depose them. (*Id.*). Moreover, Plaintiffs argue that the Fifth Circuit's decision in *Mi Familia Vota v. Ogg*, 105 F.4th 313 (5th Cir. 2024), which was issued after the Scheduling Order was entered, may make "new factual inquiries from the DA defendants relevant," though they maintain that jurisdiction is still proper under that ruling. (Resp., Dkt. 444, at 2).

## II. LEGAL STANDARD

The scope of discovery is broad. *Crosby v. La. Health Serv. and Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). Federal Rule of Civil Procedure 26 provides that, unless otherwise limited by court order, parties

> may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Crosby*, 647 F.3d at 262 (quoting *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 820 (5th Cir. 2004)).

The Federal Rules also provide for permissive limitations on discovery requests. To that end, a court "may, for good cause, issue an order to protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). That order may—among other things—forbid the discovery, forbid inquiry into certain matters, or limit the scope of discovery to certain matters. *Id.* In such circumstances, "the burden is upon [the party seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)); *Robinson v. Dallas Cty. Cnty. Coll. Dist.*, No. 3:14-CV-4187-D, 2016 WL 1273900, at *3 (N.D. Tex. Feb. 18, 2016) (explaining that the recent amendments to Rule 26 "do not alter the burdens imposed on the party resisting discovery").

"[E]xceptional circumstances must exist before the involuntary depositions of high agency officials are permitted." *In re Off. of Inspector Gen., R.R. Ret. Bd.*, 933 F.2d 276, 278 (5th Cir. 1991) (per curiam). "Before requiring such 'apex' testimony, courts must consider: (1) the deponent's high-ranking status; (2) the substantive reasons for the deposition; and (3) the potential burden the deposition would impose on the deponent." *In re Paxton*, 60 F.4th 252, 258 (5th Cir. 2023) (*citing In re FDIC*, 58 F.3d 1055, 1060 (5th Cir. 1995); *In re Bryant*, 745 F. App'x 215, 218 n.2 (5th Cir. 2018) (per curiam)).

### III. DISCUSSION

Because further discovery is warranted in light of *Mi Familia Vota v. Ogg*, 105 F.4th 313 (5th Cir. 2024), the Court finds no good cause to grant Putman's Motion for a Protective Order. In *Mi Familia Vota*, the Fifth Circuit held that the *Ex parte Young* exception to sovereign immunity does not apply (1) when state officials have the mere discretionary authority, but no "specific duty," to bring prosecutions, *id.* at 326, (2) when they stipulate that they will not enforce a statute during the pendency of a suit, *id.* at 330, or (3) when the threat of prosecution comes from their "authority to prosecute criminal cases," rather than any specific threat of enforcement, *id.* at 332. Because *Mi*

4

*Familia Vota* clarifies what is needed for plaintiffs to bring suit against prosecutors under *Ex parte Young*, it "potentially ma[kes] new factual inquiries from the DA defendants relevant." (Resp., Dkt. 444, at 2). The Fifth Circuit issued this decision on June 20, 2024, after the Scheduling Order was already entered, (*see* Dkt. 401). The Plaintiffs were therefore unable to raise the potential need for discovery on the issues raised by *Mi Familia Vota* before the Court set the discovery deadline. And because the decision was issued close to the August 30, 2024 discovery deadline, Plaintiffs "did not and could not" motion for additional discovery in the ordinary course of appropriate discovery. (Resp., Dkt. 444, at 2).

Putman's objections under the apex doctrine are unavailing. Although the Court is sensitive to the demands of Putman's job, the deposition may be critical to determining whether he is protected by sovereign immunity. It could therefore be dispositive of whether Plaintiffs can bring suit against him at all. Given the potential importance of these facts to the case, a two-hour deposition is not overly burdensome.

Moreover, the Court does not find that Plaintiffs have sought the deposition for retaliatory or improper purposes. Defendant Putman is the only Prosecutor Defendant who has raised a need to take discovery before responding to Plaintiffs' Motion for Partial Summary Judgment. The other Prosecutor Defendants have already responded to the motion without the need for further factual discovery. Because of Putman's unique position, it is reasonable for Plaintiffs to request discovery from Putman and Putman only at this time.

Finally, in allowing for this limited discovery, it is unnecessary for the Court to reopen all factual discovery. The Court has already granted Putman limited discovery on issues he believes are relevant to his response to the Motion for Partial Summary Judgment. (*See* Order, Dkt. 399). Putman has not shown what other factual material would be relevant to his response. The Court therefore declines to grant Putman's alternative motion to reopen all factual discovery.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Putman's Motion for a Protective Order and Alternative Motion to Reconsider Magistrate Judge Hightower's August 20 Order and Amend Scheduling Order to Permit Trial-Related Discovery, (Mot. Protective Order, Dkt. 443), is **DENIED**.

**SIGNED** on November 18, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE