IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FUND TEXAS CHOICE, et al., | § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | 1:22-CV-859-RP |
| SUSAN R. DESKI, et al., | | |
| Defendants. | | |

**ORDER**

Before the Court is Defendant Smith County District Attorney Jacob Putman's ("Putman") Motion to Reconsider the Court's Order Denying Protective Order, (Mot. Recons., Dkt. 468). Plaintiffs Fund Texas Choice, The North Texas Equal Access Fund, The Lilith Fund for Reproductive Equity, Frontera Fund, Buckle Bunnies Fund, The Afiya Center, West Fund, Jane's Due Process, Clinic Access Support Network, and Ghazaleh Moayedi ("Plaintiffs") timely filed a response, (Resp., Dkt. 469). Having considered the parties' briefs, the record, and the relevant law, the Court enters the following order.

**I. BACKGROUND**

This case concerns several Texas abortion advocacy groups that seek to fund or support abortion care for Texans in states where it remains legal. Plaintiffs comprise several nonprofit Texas abortion funds and one physician. As part of their mission to support reproductive rights, they hope to fund and facilitate travel and lodging for Texans who seek abortions outside the state. (2d Am. Compl., Dkt. 129). Before the Supreme Court's decision in *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215 (2022), the funds provided financial, logistical, emotional, and travel assistance to pregnant Texans. They allege that they have been forced to halt many of their activities since the passage of Texas Senate Bill 8 ("SB 8") and the *Dobbs* decision, and they want to resume their prior activities as

1

permitted by the U.S. Constitution. (2d Am. Compl., Dkt. 129, at 11). Plaintiffs allege that Texas Revised Statutes Annotated §§ 4512.1-4512.6 ("pre-Roe laws") may criminalize facilitating out-of-state abortions and therefore infringe upon their constitutional rights. Plaintiffs sue fourteen Texas prosecutors ("Prosecutor Defendants"), including Putman, seeking an injunction prohibiting them from enforcing the pre-Roe laws against Plaintiffs.

On November 18, 2024, the Court denied Putman's motion for a protective order, which sought to stop Plaintiffs from taking a two-hour deposition of Putman. (Order, Dkt. 464). In the order, the Court agreed with Plaintiffs that the Fifth Circuit's decision in *Mi Familia Vota v. Ogg*, 105 F.4th 313 (5th Cir. 2024), may have made "new factual inquiries from the DA defendants relevant." (*Id.* at 5). In that case, the Fifth Circuit held that the *Ex parte Young* exception to sovereign immunity does not apply (1) when state officials have the mere discretionary authority, but no "specific duty," to bring prosecutions, *id.* at 326, (2) when they stipulate that they will not enforce a statute during the pendency of a suit, *id.* at 330, or (3) when the threat of prosecution comes from their "authority to prosecute criminal cases," rather than any specific threat of enforcement, *id.* at 332. The Court found that a deposition of Putman could shed light on these points and denied the motion for a protective order. Putman has now asked the Court to reconsider that order.

## II. LEGAL STANDARD

"[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration." *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). Plaintiff asserts its motion under Rule 54(b). "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the

district court to revise at any time any order or other decision that does not end the action." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (cleaned up) (citing Fed. R. Civ. P. 54(b)). "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Id.* (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)). "Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves can be more flexible, reflecting the 'inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires.'" *Id.* at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015)).

### III. DISCUSSION

Putman argues that the deposition is not necessary because Plaintiffs stated in their own depositions—which were taken after Putman's motion for a protective order was briefed—that they do not know of any specific threats he has made against them. (Mot. Recons., Dkt. 468, at 4). Putman argues that this makes it impossible for Plaintiffs to overcome sovereign immunity under *Mi Familia Vota*, so the deposition will yield no benefit that would outweigh the burdens of a deposition for a public official like him. (*Id.*). In response, Plaintiffs argue that the *Mi Familia Vota* inquiry hinges on Putman's actions, not what Plaintiffs themselves know or are aware of. (Resp., Dkt. 469, at 4). They further provide examples of Putman arguably indicating his intent to enforce the pre-*Roe* laws and refusing to disavow enforcement. (*Id.* at 4–11).

While the Court declines to decide whether these examples establish Putman as a proper defendant under *Mi Familia Vota*, it agrees with Plaintiffs that the analysis turns on the "prior or contemporaneous affirmative acts of the named official." *Mi Familia Vota*, 105 F.4th at 330. Because the issue of sovereign immunity depends on Putman's own actions, Plaintiffs' deposition of Putman

could lead to information that is dispositive in this case. The Court will therefore deny the motion to reconsider its previous order allowing Plaintiffs to take the deposition.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Putman's Motion to Reconsider the Court's Order Denying Protective Order, (Mot. Recons., Dkt. 468), is **DENIED**.

**SIGNED** on December 20, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE