IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Fund Texas Choice, et al. | § | |
| *Plaintiffs*, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 1:22-CV-00859-RP |
| | § | |
| Jose Garza, et al. | § | |
| *Defendants*. | § | |

**DEFENDANT TRAVIS COUNTY DISTRICT ATTORNEY JOSÉ GARZA'S
MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to Federal Rule of Civil Procedure 56, Defendant Travis County District Attorney

José Garza ("Defendant Garza"), moves for summary judgment and asks the Court to either deny

Plaintiffs' claims against him in their entirety or enter a judgment that Plaintiffs take nothing as a

matter of law. In support thereof, Defendant Garza offers the following:

**I. STATEMENT OF CASE**

1.      Plaintiffs are several non-profit Texas abortion funds and practical support networks and

an individual physician who wish to continue facilitating abortions for Texans outside the State of

Texas. (ECF No. 357, ¶¶ 22-64). Plaintiffs have brought this suit "to challenge any criminal

prosecution of Plaintiffs under Texas anti-abortion statutes for lawful exercise of their

constitutional and statutory federal rights." (ECF No. 129, pg. 2).

2.      Plaintiffs' Original Class Action Complaint for Declaratory and Injunctive Relief was

initiated in August 2022 against Texas Attorney General Ken Paxton, five Texas District

Attorneys, and one Texas County Attorney. (ECF No. 1, ¶¶ 34-41). Defendant Garza, Travis

County District Attorney, is named as a Defendant because of his general authority as an elected prosecutor representing the State of Texas to prosecute state-law criminal offenses within his jurisdiction, Travis County. (ECF No. 1, ¶¶ 38, 99). These same arguments have been reiterated in Plaintiffs' Second Amended Complaint (ECF No. 129, ¶¶ 75-83) and now Plaintiffs' Third Amended Complaint (ECF No. 414, ¶¶ 69, 85, 102, 150, 170).

3.      On September 19, 2022, Defendant Garza and other prosecutors entered and filed with the Court two Agreed Stipulations, wherein Defendant Garza stipulated that "he is authorized by Texas law to pursue criminal charges under the Pre-*Roe* Statutes and the Texas Trigger Ban (the "Challenged Statutes"), subject to their potential invalidity, any constitutional limits that constrain them, and the proper scope of the statutes as written." (ECF No. 31, ¶ 2; *see also,* ECF No. 32, ¶ 2). Plaintiffs made much of these Stipulations in their Second Amended Complaint (ECF No. 129, ¶¶ 69, 147) and now-stricken Third Amended Complaint (ECF No. 414, ¶¶ 69, 150) but misconstrue the impact of the statement that "Plaintiffs and DA Garza agree that he is a proper Defendant because of his authority to prosecute under the challenged statutes as stated in the Original Complaint." (ECF No. 31, ¶¶ 2, 5). In short, Defendant Garza agreed, *at the time of the Stipulations*, that he would be a proper Defendant based solely on his general authority to enforce the Challenged Statutes, in light of controlling precedent at that time. But these Stipulations were made on September 19, 2022, almost two years before the Fifth Circuit Court of Appeals, in *Mi Familia Vota v. Ogg,* 105 F.4th 313 (5th Cir. 2024), clarified that the test under *Ex parte Young* cannot be based on such general prosecutorial authority under the Texas Constitution, as discussed in detail below. These Stipulations do not provide any evidence to support Plaintiff's burden of proof to show that Defendant Garza – rather than the Attorney General, members of the Texas

Legislature, and/or other prosecutors[1] – has himself demonstrated a willingness to enforce the Challenged Statutes, or that Defendant Garza has acted or will likely act in a way that would compel or constrain the Plaintiffs, as required to strip Defendant Garza of his Eleventh Amendment immunity. *Ogg*, 105 F.4th at 332-33.

4.    The Stipulations further provided that, in order to preserve resources and judicial efficiency, Defendant Garza and other Prosecutor Defendants agreed "not to enforce the statutory provisions challenged in this lawsuit unless and until such time as a final and unappealable order has been issued in this matter." (ECF No. 31, ¶7; ECF No. 32, ¶ 7). Thereafter, Defendant Paxton moved to dismiss the Complaint against him. (ECF No. 33). The Court dismissed Defendant Paxton from the suit on February 24, 2023, and granted the Plaintiffs' request for preliminary injunctive relief, enjoining the remaining Defendants, including Defendant Garza, from enforcing the pre-*Roe* statutes, which the Court held were impliedly repealed and null and void. (ECF No. 120).

5.    Thereafter, Plaintiffs filed their Second Amended Class Action Complaint for Declaratory and Injunctive Relief on April 20, 2023,[2] naming several additional Texas District Attorneys as Defendants (hereinafter collectively, the "Prosecutor Defendants"). (ECF No. 129, ¶¶ 75-83). Defendant Garza, along with Prosecutor Defendants Deski, Renken, McAffee, and Weber, collectively referred to as the "Austin Division Prosecutor Defendants," filed their 12(b)(1) motion to dismiss, challenging Plaintiffs' Article III standing to sue the Austin Division Prosecutor

---

[1] *E.g.,* ECF No. 129, ¶¶ 135-145, 147-163. Plaintiffs' sole assertion related to Defendant Garza is that he has not disavowed the ability to pursue charges under the pre-*Roe* statutes. *Id.*, ¶ 146. This is not sufficient to meet Plaintiffs' burdens in light of the *Ogg* opinion.

[2] Plaintiffs also filed a Third Amended Complaint (ECF No. 414) but that pleading was stricken by this Court's Order dated August 8, 2024 (ECF No. 437), leaving the Second Amended Complaint as Plaintiff's "live" pleading.

Defendants (including Defendant Garza) respectively because Plaintiffs do not plead a causal connection between their alleged injuries and any actions of the Austin Division Prosecutor Defendants. (ECF No. 137 at pgs.6-8). In making this argument, the Austin Division Prosecutor Defendants asserted Plaintiffs lacked Article III standing "because there is no allegation they have suffered, or imminently will suffer, a concrete and particularized injury fairly traceable to the named Prosecutor Defendants' conduct. More specifically, there has been no evidence or testimony offered by Plaintiffs demonstrating any statements, comments, interviews, or correspondence by the Austin Division Prosecutor Defendants threatening any enforcement action in response to Plaintiffs' desired conduct-facilitating out of state abortions." (ECF No. 137 at pg. 7) (Internal citations omitted).

6.      The Austin Division Prosecutor Defendants further argued the Stipulations and the Court's preliminary injunction against enforcement pending resolution of this case constituted "credible contrary evidence" that the threat of prosecution, as it specifically relates to the Austin Division Prosecutor Defendants, is speculative and deprives Plaintiffs' Article III standing against the Austin Division Prosecutor Defendants. *Speech First, Inc. v. Fenves,* 979 F.3d 319, 335 (5th Cir. 2020). (ECF No. 137 at pgs. 7-8). The Court, relying on the Fifth Circuit's decision in *Speech First, Inc.*, denied the Prosecutor Defendants' motions to dismiss. (ECF No. 258 at pgs. 8-18; 29).

7.      In its ruling, the Court did not yet have the benefit of the recent Fifth Circuit's opinion and holding in *Mi Familia Vota v. Ogg,* 105 F.4th 313 (5th Cir. 2024) that supports a different conclusion.[3] Pursuant to *Ogg*, Plaintiffs' claims against Defendant Garza are barred by Defendant

---

[3] Plaintiffs have filed a motion for partial summary judgment against the Prosecutor Defendants seeking a declaratory judgment that: 1) the pre-*Roe* statutes were impliedly repealed; 2) retroactive application of the pre-*Roe* statutes violates due process; 3) the pre-*Roe* statutes violate Plaintiffs' constitutional rights to travel, speech, and assembly; and 4) the pre-*Roe* statutes are void for

Garza's Eleventh Amendment and sovereign immunity because Plaintiffs' allegations do not provide any basis to assert the *Ex parte Young* exception to the Eleventh Amendment's general rule precluding suits against state officials in their official capacities, nor have Plaintiffs provided evidence to support any such allegation with respect to Defendant Garza's own actions.

## II. MOTION FOR SUMMARY JUDGMENT

8.       Defendant Garza now moves, pursuant to Federal Rule of Civil Procedure 56, for summary judgment in his favor on all of Plaintiffs' claims. Plaintiffs have presented no evidence supporting their assertion that their rights, as protected by the U.S. Constitution, were violated by *Defendant Garza* and their claims are barred by Defendant Garza's Eleventh Amendment immunity and sovereign immunity in accordance with recent Fifth Circuit precedent in *Ogg*. Therefore, there are no genuine issues as to any material fact and Defendant Garza is entitled to summary judgment as a matter of law.

## A.       STANDARD OF REVIEW

9.       A party is entitled to summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Summary judgment is particularly appropriate when the questions to be decided are issues of law. *E.g., Behrens v. Pelletier*, 516 U.S. 299, 305-07 (1996) (examining defense of qualified immunity as a purely legal issue that can be resolved by summary judgment).

---

vagueness. (ECF No. 357). Defendant Garza has responded (ECF No. 416), and Plaintiffs have filed a reply in support of their motion (ECF No. 422) but this Court has not yet entered its ruling.

10.    In the usual case, the party who seeks summary judgment must show by affidavit or other evidentiary materials that there is no genuine dispute as to any fact material to resolution of the motion. *Celotex Corp.*, 477 U.S. 317. To satisfy this burden, the movant must either submit evidentiary documents that negate the existence of some material element of the nonmoving party's claim or defense or, if the crucial issue is one for which the nonmoving party will bear the burden of proof at trial, merely point out that the evidentiary documents in the record contain insufficient proof concerning an essential element of the nonmoving party's claim or defense. *Id.* A summary judgment movant who will not bear the burden of proof at trial may meet its initial burden of establishing that there is no genuine issue of material fact merely by pointing out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996).

11.    The non-moving party may not rely on mere allegations or denials but must articulate specific facts showing there is a genuine issue for trial. *Ray v. Tandem Computers, Inc.*, 63 F.3d 429, 433 (5th Cir. 1995); Fed. R. Civ. P. 56. The Fifth Circuit has made it clear that "[n]either 'conclusory allegations' nor 'unsubstantiated assertions' will satisfy the non-movants' burden." *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). A failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists. *Saunders v. Michelin Tire Corp.*, 942 F.2d 299, 301 (5th Cir. 1991). "Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736 (5th Cir. 2002) (internal citation omitted). If the non-moving party fails to make the necessary showing, the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 330.

B.    **ARGUMENT AND BRIEF IN SUPPORT**

(1)    **Defendant Garza is a State Actor Protected by Eleventh Amendment Immunity.**

12.    It is undisputed that Plaintiffs have sued Defendant Garza in his official capacity as a prosecutor for the State of Texas for claims arising out of his potential enforcement of the State's criminal laws. "The Fifth Circuit has repeatedly stated that district [and county] attorneys in Texas are agents of the state when acting in their prosecutorial capacities and entitled to Eleventh Amendment immunity from monetary damages." *Williams v. Needles*, 1:23-CV-00341-RP-SH, 2023 WL 3029278, at *4 (W.D. Tex. Apr. 20, 2023), (Hightower, J.) report and recommendation adopted, 1:23-CV-341-RP, 2023 WL 3612334 (W.D. Tex. May 23, 2023) (Pitman, J.) (citing, *Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009); *Esteves v. Brock*, 106 F.3d 674, 678 n.8 (5th Cir. 1997). Enforcing criminal laws through the "suppression of violent crime and the vindication of its victims" is a foundational aspect of state police power. *United States v. Morrison*, 529 U.S. 598,618 (2000) ("Indeed, we can think of no better example of the police power"). Texas has a strong interest in enforcing its criminal laws. *DeSpain v. Johnston*, 731 F.2d 1171, 1176 (5th Cir. 1984). A state is not a "person under Title 42 United States Code Section 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989).

13.    The 11th Amendment immunizes states, their agencies, and state officials acting in their official capacities from "any suit in law or equity" brought in federal court absent waiver by Congress or state officials. *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 2776-77 (5th Cir. 2005) (emphasis added); *Tennessee v. Lane,* 541 U.S. 509, 517 (2004). The Fifth Circuit has held that Congress did not abrogate states' immunity to suit in enacting 42 U.S.C. § 1983, and neither has Texas consented to such suits. *Sessions v. Rusk State Hosp*., 648 F.2d 1066, 1069 (5th Cir. 981); Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002). Plaintiff's claims against Defendant Garza must

be dismissed because those allegations are based entirely on the generalized discretionary ability

to perform his duties as a state official – specifically, enforcing provisions of the Texas Penal Code

by initiating and prosecuting criminal prosecutions on behalf of the State of Texas. *See Ogg*, 105

F.4th at 326-28; *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 123-25 (1984); *West

v. Clark*, 2015 WL 7571944, *2-3 (W.D. Tex.—Austin Nov. 23, 2015).

> **(2)    Plaintiffs' claims against Defendant Garza are barred by Eleventh Amendment Immunity and/or Sovereign Immunity in light of *Ogg*.**

14.    Plaintiffs' constitutional claims against Defendant Garza should be denied as a matter of

law because Defendant Garza is entitled to Eleventh Amendment and sovereign immunity under

*Ogg,* which held that the *Ex parte Young* exception does not apply to Plaintiffs' pre-enforcement

claims under the same circumstances alleged in this lawsuit.

15.    In its June 20, 2024 opinion in *Mi Familia Vota v. Ogg,* 105 F.4th 313 (5th Cir. 2024), the

Fifth Circuit drew the distinction between a prosecutor having authority to enforce criminal

statutes from a prosecutor having the legal duty to enforce a criminal statute, and held that where

a prosecutor has statutory or constitutional authority to prosecute, but also ***discretionary*** authority

to bring criminal prosecutions within her jurisdiction, absent a specific statutory duty to enforce

the statutes in question, the prosecutor's general duty to "see that justice is done," pursuant to Tex.

Code Crim. P. art. 2.01 is insufficient to be a proper defendant under the *Ex parte Young* exception

to Eleventh Amendment Immunity from suit. *See Ogg,* 105 F.4th at 326-28.

16.    Defendant Garza respectfully submits that the Court's prior rulings denying Defendant

Garza's Motion to Dismiss pursuant to Federal Rule 12(b)(6) now conflict with the *Ogg* Court's

holding that "regardless of whether the record is sufficient to establish standing, it does not support

the conclusion that Ogg has demonstrated a willingness to enforce the challenged [pre-*Roe*

abortion] provisions." *Id*. at 330. As was the case in *Ogg*, Plaintiffs have not met their burden to

demonstrate *Defendant Garza's* intent to enforce the pre-*Roe* statutes challenged by Plaintiffs against them. Plaintiffs have not made the requisite showing that *Defendant Garza* has engaged in any conduct demonstrating that he is likely to enforce the challenged abortion statutes against Plaintiffs or any other individual or entity. In fact, Plaintiffs' allegations all discuss actions and statements by "other prosecutors", other state officials, and private individuals – not Defendant Garza (ECF No. 129, ¶¶ 135-145, 147-163).

17.     *Ogg* makes it clear that Plaintiffs cannot rely upon the mere assumption that Defendant Garza is "likely" to be influenced by the Attorney General or other state officials to enforce the pre-*Roe* statutes:

> First, as noted, our focus is on Ogg's actions, not on those of other officials. Second, the Plaintiffs' arguments not only assume the Attorney General and Secretary of State will attempt to influence Ogg, but also assume she will be influenced. The Stephens court explained that the Texas constitution "mandates a vertical separation of powers between the Attorney General and the district attorneys in matters of criminal prosecution." [*State v. Stephens*, 663 S.W.3d 45, 50 (Tex. Crim. App. 2021).] It would violate this separation of powers for the Attorney General and Secretary of State to exercise undue influence over Ogg's prosecutorial discretion. *Id.* We will not presume such a violation.
>
> The Plaintiffs thus have not shown Ogg has demonstrated a willingness to enforce the contested election code provisions.

105 F.4th at 331.

18.     Similarly, Plaintiff's assertion that Defendant Garza has failed to disavow his ability to pursue any future prosecutions (ECF No. 129, ¶ 146) "is not fatal to [Defendant Garza's] claim of Eleventh Amendment immunity." *Id.* (quoting *Minnesota RFL Repub. Farmer Lab. Caucus v. Freeman*, 33 F.4th 985, 992 (8th Cir. 2022), cert. denied, *Christian Action League of Minn. V. Freeman*, --- U.S. ---, 143 S.Ct. 304, 214 L.Ed. 134 (2022)). It is clear that factually and legally Plaintiffs cannot make the requisite showing of enforcement of the challenged laws by this Defendant, aside from baseless, conclusory speculation, which is insufficient.

19.     In addition, the *Ogg* holding and rationale is even more compelling here, taking into

consideration the Agreed Stipulation not to enforce pending a ruling on the statute's

constitutionality in this case. In *Ogg,* the Plaintiffs argued that Ogg's offer to stipulate not to

enforce the Election Code was "meritless" because the stipulation "was not agreed to by the

parties" and is "severely limited in scope." In considering this argument the Fifth Circuit held that

"[t]he district court's analysis and the Plaintiffs' argument regarding Ogg's stipulation focus on

the wrong people at the wrong time." 105 F.4th at 330. The *Ogg* court instead held the proper focus

in determining "whether [the named] official has demonstrated a willingness to enforce a

challenged statute, we consider the prior or contemporaneous affirmative acts of the named

official. *Id.* This is consistent with *Ex parte Young's* foundational requirement that a violation of

federal law be *ongoing*. *See James v. Hegar*, 86 F.4th 1076, 1083 (5th Cir. 2023), cert. denied, 144

S. Ct. 1461, 218 L. Ed. 2d 691 (2024) (discussing the *Ex parte Young* exception to immunity and

listing three essential criteria including an allegation of *ongoing* violation of federal law) citing

*Green Valley Special Util. Dist. v. City of Schertz, Texas*, 969 F.3d 460, 471 (5th Cir. 2020). *See*

*also Ogg*, 105 F.4th at 325 (noting the three requirements, including an ongoing violation). Here,

Plaintiffs have not identified any prior or contemporaneous acts or statements by Defendant Garza

that would support their demonstration of Defendant Garza's alleged willingness to enforce the

Challenged Statutes.

20.     Lastly, in finding that Harris County District Attorney Ogg did not compel or constrain the

specific plaintiffs from exercising their alleged rights under the challenged Election Code

provisions, the *Ogg* court held, "the mere fact that the [state official] *has* the authority to enforce

[the challenged statute] cannot be said to 'constrain' the party challenging the statute. Furthermore,

to the extent the Plaintiffs argue Ogg's ability to *investigate* election code violations compels or

constrains their conduct, that power does not rise to the level of compulsion or constraint needed. Thus, the Plaintiffs have failed to demonstrate that Ogg has acted or will likely act in a way that would compel or constrain the Plaintiffs in order to 'strip' Ogg of her sovereign immunity." *Id.* at 332-333 (cleaned up). Again, the facts of this case require no different result – Plaintiffs have not met their burden to demonstrate Defendant Garza has acted or will in the future act in a manner that compels or constrains Plaintiffs' conduct with respect to the challenged statutes. The *Ogg* guidance is clear: "The [*Ex parte Young*] exception permits federal courts to enjoin prospective unconstitutional conduct by 'individuals who, as officers of the state, are clothed with some duty in regard to the enforcement of the laws of the state, **and** who threaten and are about to commence proceedings, either of a civil or criminal nature.'" *Ogg*, 105 F.4th at 325 (emphasis added), quoting *Ex parte Young*, 209 U.S. at 155–56. Plaintiffs and Defendant Garza agree that he is clothed with the discretionary authority to enforce the pre-*Roe* statutes, but Plaintiffs have not met the second requirement because they have not identified even a scintilla of evidence that Defendant Garza has threatened or is likely to commence such enforcement. Defendant Garza respectfully submits *Ogg* is controlling in this case, and therefore Plaintiffs' claims against Defendant Garza must fail as a matter of law because Plaintiffs have failed to provide any evidence to demonstrate either compulsion or constraint by Defendant Garza against any of them as required under *Ex parte Young*.

**(3) Defendant Garza is Entitled to State Sovereign Immunity.**

21.    As in *Ogg,* Defendant Garza occupies a constitutionally established position within the Judicial Branch of the State of Texas. *See* Tex. Const. art. V, sec. 21; Tex. Code of Crim. Proc. Art. 2.01 (providing that each district attorney shall represent the State in all criminal cases in the district courts of their district). As a State of Texas official, Defendant Garza is generally entitled

to sovereign immunity from suit. State sovereign immunity generally precludes suits against state officials in their official capacities. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity [] should be treated as suits against the State."); *Tex. Democratic Party v. Abbott*, 961 F.3d 389, 400 (5th Cir. 2020) (hereinafter "*Tex. Democratic Party I*").

22.    There are three exceptions that allow for suits against states, state agencies, and state officials in federal court: (1) clearly stated waiver or consent to suit by the state; (2) valid abrogation by Congress; or (3) the state's amenity to suit under the *Ex parte Young* doctrine. *See Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990); *Ex parte Young*, 209 U.S. 123 (1908). A state may explicitly waive its sovereign immunity. *Daigle v. Gulf State Utils. Co.*, 794 F.2d 974, 980 (5th Cir. 1986). Waiver must be unequivocal; courts require a "clear declaration" to be "certain that the State in fact consents to suit." *Sossamon v. Tex.*, 563 U.S. 277, 284 (2011). Second, Congress may abrogate sovereign immunity through a clear expression of the intent to do so if it acts "pursuant to a valid exercise of power." *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 55 (1996). Third, the *Ex parte Young* doctrine provides an "exception to Eleventh Amendment sovereign immunity" in the subset of cases to which it applies. *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019).

23.    Neither the State of Texas nor Defendant Garza have waived his sovereign immunity, and there is no allegation that Congress has abrogated immunity from Plaintiffs' claims. Finally, Defendant Garza is not a proper Defendant in this case under *Ex parte Young* as recently clarified by the Fifth Circuit in *Ogg*.

24.    Similar to *Ogg*, Plaintiffs in their Complaints (Original, First Amended, and Second Amended), named Defendant Garza solely because of his authority as an elected prosecutor representing the State of Texas to prosecute state law criminal offenses within his jurisdiction.

(ECF No. 1 at ¶¶38, 99; ECF No. 90 at ¶49; and ECF No. 129 at ¶69). However, "[a] general duty to enforce the law is insufficient" to establish the state official is a proper defendant under *Ogg,* 105 F.4th at 326. *See also Ex parte Young. Texas Democratic Party v. Abbott*, 978 F.3d 168, 181 (5th Cir. 2020) ("*Texas Democratic Party II*"). Rather, the state official must have a "particular duty to enforce the statute in question." *Tex. All. For Retired Ams. v. Scott*, 28 F.4ᵗʰ 669, 672 (5ᵗʰ Cir. 2022).

25.     Plaintiffs contend that former Defendant Paxton, by offering public statements regarding the enforceability of the pre-*Roe* statutes in his role as "chief law enforcement officer of the State of Texas," will "increase the likelihood and threat that the Pre-*Roe* Statutes will be enforced by a non-enjoined District or County Attorney". (ECF No. 129, ¶¶ 135-136). As discussed above, in *Ogg*, the Fifth Circuit rejected similar arguments that the Texas Attorney General could unduly influence the Harris County District Attorney to enforce certain Election Code provisions noting, "It would violate this separation of powers for the Attorney General … to exercise undue influence over Ogg's prosecutorial discretion. *Id*. We will not presume such a violation." *Ogg*, 105 F.4th at 331. Thus, the Plaintiffs have not shown that <u>Defendant Garza</u> has demonstrated a willingness to enforce the pre-*Roe* statutes or that he would be influenced to do so.

26.     Lastly, Plaintiffs have not met their burden to show Defendant Garza, through any of *his* conduct, has compelled or constrained them to obey the challenged statutes. As set forth above, Plaintiffs have not met their burden to establish the challenged statutes have been enforced or threatened to be enforced against anyone because Defendant Garza has stipulated not to do so until a decision on their constitutionality is made. (ECF No. 31). Under the Fifth Circuit's recent clarification in *Ogg,* the mere fact that Defendant Garza has the authority to enforce criminal laws in Travis County does not mean he has constrained Plaintiffs from their desired activities in this

particular case. *Ogg,* supra*. See also City of Austin*, 943 F.3d at 1001. Defendant Garza's mere

status as an elected prosecutor, without more, is insufficient to make a proper claim to the *Ex parte*

*Young* exception. *See Ogg*, 105 F.4th at 327 (explaining the insufficiency of a "specific duty" to

prosecute local crime to meet the "connection requirement" in *Young* and explaining that to find

otherwise "would make district attorneys the proper defendants in challenges to *all* criminal

statutes categorically." (emphasis original)); *compare Computer & Commc'ns Indus. Ass'n v.*

*Paxton*, No. 1:24-CV-849-RP, 2024 WL 4051786, at *7 (W.D. Tex. Aug. 30, 2024) (notice of

appeal filed September 13, 2024) (distinguishing the Texas Attorney General's sole and specific

statutory authority for enforcement and evidence of his expressed willingness to enforce as

different from the prosecutor in *Ogg*).

27.     For the foregoing reasons, in light of the Fifth Circuit's rulings in *Ogg*, Defendant Garza

is entitled to entry of a summary judgment dismissing and/or denying each of the Plaintiffs' claims

against him because Plaintiffs have not provided any facts that demonstrate a valid waiver of

Defendant Garza's entitlement to sovereign immunity and Eleventh Amendment Immunity.

### III. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Travis County District Attorney

José Garza prays that his Motion for Summary Judgment pursuant to FRCP 56 be granted and that

Plaintiffs' claims be dismissed with prejudice and/or that the Court enter a judgment denying

Plaintiffs' claims against him and/or that Plaintiffs take nothing by reason of their claims.

Defendant Garza further requests any and all relief, at law or in equity, to which he may be justly

entitled.

Respectfully Submitted,

DELIA GARZA
Travis County Attorney
P.O. Box 1748
Austin, Texas 78767
(512) 854-9415
(512) 854-4808 FAX

By: /s/ Cynthia W. Veidt
      **LESLIE W. DIPPEL**
      State Bar No. 00796472
      Leslie.dippel@traviscountytx.gov
      **CYNTHIA W. VEIDT**
      State Bar No. 24028092
      Cynthia.Veidt@traviscountytx.gov
      Assistant County Attorneys
      *Attorneys for Defendant Travis County*
      *District Attorney José Garza*

## CERTIFICATE OF SERVICE

I do hereby certify on the 20th day of February 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which provided electronic service upon all parties.

/s/ Cynthia W. Veidt
**CYNTHIA W. VEIDT**