UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FUND TEXAS CHOICE et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Cause No.: 1-22-CV-00859-RP |
| | § | |
| JOSE GARZA et al., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT DISTRICT ATTORNEY JAMES MONTOYA'S
MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Defendant, JAMES MONTOYA, in his Official Capacity as District Attorney for El Paso County, Culberson County, and Hudspeth County, and files this Motion for Summary Judgment and would respectfully show the Court as follows:

**I.
ARGUMENT**

**A. DISTRICT ATTORNEY MONTOYA IS ENTITLED TO SOVEREIGN IMMUNITY UNDER THE ELEVENTH AMENDMENT OF THE U.S. CONSTITUTION**

1. Plaintiffs lack a viable claim against District Attorney Montoya.[1] District Attorney Montoya is a state official entitled to sovereign immunity under the Eleventh Amendment of the U.S. Constitution. Indeed, the Fifth Circuit recently determined in *Mi Familia Vota v. Ogg*, 105

---

[1] On February 20, 2025, separate motions for summary judgment were filed by various Texas district and county attorneys, including (1) Defendant Jose Garza; (2) Defendants Deski, Glaser, McAfee, Weber, Renken, and Sinclair; (3) Defendant Joe Gonzalez; and (4) Defendant Jacob Putman. District Attorney Montoya adopts and incorporates herein all arguments and evidence raised or presented by the foregoing Texas district and county attorneys in their respective motions for summary judgment.

F.4th 313 (5th Cir. 2024), that Texas district attorneys, like District Attorney Montoya, are state officials entitled to sovereign immunity under the Eleventh Amendment.

2. In *Ogg*, the plaintiffs sought to enjoin Kim Ogg, the District Attorney of Harris County, from enforcing SB1, which modified certain Texas voting procedures during the COVID-19 pandemic. 105 F.4th at 317. District Attorney Ogg sought to dismiss all claims for lack of standing and sovereign immunity under the Eleventh Amendment. *Id.* at 318. The district court declined to dismiss the case. *Id.* at 318-19.

3. However, on appeal, the Fifth Circuit reversed the district court's holding. *Id.* at 317. The court held that District Attorney Ogg was a state official entitled to sovereign immunity under the Eleventh Amendment. *Id.* The court, moreover, found the *Ex parte Young* exception inapplicable for two reasons. *Id.* First, District Attorney Ogg had no duty to bring any prosecutions under SB1 because, as a Texas district attorney, she had "complete discretion" to decline prosecution. *Id.* at 326-27. The court rejected plaintiffs' claim that a general duty to prosecute cases is enough because that "would [mistakenly] make district attorneys the proper defendants in challenges to *all* criminal statutes categorically." *Id.* at 327 (emphasis in original). Second, the plaintiffs failed to present evidence that District Attorney Ogg demonstrated a willingness to prosecute SB1 cases. *Id.* at 327-28. Therefore, in light of *Ogg*, District Attorney Montoya is a state official entitled to sovereign immunity under the Eleventh Amendment.

B. **THE *EX PARTE YOUNG* EXCEPTION DOES NOT APPLY**

4. The *Ex parte Young* exception does not apply in this case. Although the Eleventh Amendment generally precludes suits against state officials in their official capacities, *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019), the *Ex parte Young* exception to state sovereign immunity allows private parties to bring "suits for injunctive or declaratory relief against

individual state officials acting in violation of federal law," *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013). However, for this exception to apply, a state "official must be 'statutorily tasked with enforcing the challenged law." *In re Abbott*, 956 F.3d 696, 709 (5th Cir. 2020), *cert. granted, judgment vacated sub nom. Planned Parenthood Ctr. for Choice v. Abbott*, 141 S. Ct. 161 (2021)). "[I]t is not enough that the official have a general duty to see that the laws of the state are implemented." *Tex. Democratic Party v. Abbott (Tex. Democratic Party I)*, 961 F.3d 400-01 (5th Cir. 2020) (internal quotations omitted). "If the official sued is not statutorily tasked with enforcing the challenged law, then the requisite connection is absent and [a court's] [*Ex parte*] *Young* analysis ends." *Id.* at 401. Moreover, "a mere connection to a law's enforcement is not sufficient—the state officials must have taken some step to enforce." *Id.* Plaintiffs must at least "show the defendant has 'the particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty.'" *See, e.g.*, *Tex. Democratic Party v. Abbott (Tex. Democratic Party II)*, 978 F.3d 168, 179 (5th Cir. 2020) (quoting *Morris v. Livingston*, 739 F.3d 740, 746 (5th Cir. 2014). "Enforcement typically means 'compulsion or constraint.'" *Id.* (quoting *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010)).

5.  Here, Plaintiffs have failed to show that District Attorney Montoya is statutorily tasked with enforcing the challenged laws. Plaintiffs, moreover, have failed to show District Attorney Montoya has the particular duty to enforce the statutes in question and a demonstrated willingness to exercise that duty. There is equally no evidence that District Attorney Montoya has threatened to enforce or prosecute Plaintiffs under the statutes in question. The *Ex parte Young* exception, therefore, does not apply. Because District Attorney Montoya is entitled to sovereign immunity under the Eleventh Amendment, the Court should grant summary judgment in his favor as a matter of law.

## II.
## REQUEST FOR RELIEF

Accordingly, for the foregoing reasons, Defendant District Attorney Montoya, in his Official Capacity as District Attorney for El Paso County, Culberson County, and Hudspeth County, respectfully requests the Court to grant his Motion for Summary Judgment, dismiss this action against him, and grant him any other relief, at law or in equity, to which he is justly entitled.

Respectfully submitted,

**SCOTTHULSE<sup>PC</sup>**
One San Jacinto Plaza
201 E. Main Dr., Suite 1100
P.O. Box 99123
El Paso, Texas 79999-9123
(915) 533-2493
(915) 546-8333 Telecopier

By: */s/ Francisco J. Ortega*
**FRANCISCO J. ORTEGA**
State Bar No. 24060365
fort@scotthulse.com
Attorney for James Montoya,
in his Official Capacity as District Attorney
for the 34th Judicial District of Texas

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of April, 2025, a true and correct copy of this document was filed electronically via CM/ECF and served to counsel for all parties of record.

*/s/ Francisco J. Ortega*
**FRANCISCO J. ORTEGA**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| FUND TEXAS CHOICE et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Cause No.: 1-22-CV-00859-RP |
| | § | |
| JOSE GARZA et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER GRANTING DEFENDANT DISTRICT ATTORNEY**
**JAMES MONTOYA'S MOTION FOR SUMMARY JUDGMENT**

On this day, the Court considered Defendant James Montoya's Motion for Summary Judgment in the above-captioned cause and is of the opinion that the Motion should be granted.

Accordingly, IT IS ORDERED that Defendant James Montoya's Motion for Summary Judgment is GRANTED.

SIGNED on this _____ day of April 2025.

_____
**HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**